FILED

JAN 23 AM 9: 15

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM B. ROSTOV, State Bar No. 184528
KEVIN GOLDEN, State Bar No. 233378
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Emails: wrostov@icta; kgolden@icta.org

PAUL H. ACHITOFF (Applicant for Admission Pro Hac Vice)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

GREGORY C. LOARIE, State Bar No. 215859
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
T: (510) 550-6725 / F: (510) 550-6749
Email: gloarie@earthjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**JSW**

| | |
|---|---|
| CENTER FOR FOOD SAFETY, ORGANIC SEED ALLIANCE, SIERRA CLUB, and HIGH MOWING ORGANIC SEEDS,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES CONNOR, in his official capacity as Acting Secretary of the United States Department of Agriculture; and CINDY SMITH, in her official capacity as Administrator of the Animal Plant Health and Inspection Service,<br><br>Defendants. | Case No.:<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED<br><br>(Civ. L.R. 3-12 & 7-11) |

Pursuant to Civil Local Rules 3-12 and 7-11, plaintiffs Center for Food Safety *et al.* move the Court to consider whether the above-entitled action is related to an action already on file in this district before the Honorable Charles R. Breyer: *Geertson Seed Farms, et al. v. Johanns, et al.*, No. C 06-1075 CRB (N.D. Cal.). As detailed below, plaintiffs respectfully submit that relating the instant case to *Geertson Seed Farms* is appropriate, because both cases involve substantially the same parties and events, and it appears likely that there will be an unduly burdensome duplication of labor and expense and possibly conflicting results if the cases are conducted before different judges.

## STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

### I. This Case and *Geertson Seed Farms* Involve Substantially the Same Parties and Events.

This case and *Geertson Seed Farms* involve substantially the same parties and events. In the instant case, the Center for Food Safety, Sierra Club, Organic Seed Alliance and High Mowing Organic Seeds challenge a decision by the United States Department of Agriculture, through the Animal and Plant Health Inspection Service ("APHIS"), to deregulate a variety of sugar beet that has been genetically engineered by Monsanto Company to resist glyphosate, the active ingredient in the herbicide Roundup. In *Geertson Seed Farms*, the Center for Food Safety, Sierra Club and others challenged a similar decision by the Department of Agriculture to deregulate a variety of alfalfa that had likewise been genetically engineered by Monsanto to resist Roundup. The deregulation decisions and associated environmental assessments at issue in both this case and *Geertson Seed Farms* are substantially similar in structure and content.

### II. Relating this Case to *Geertson Seed Farms* Will Avoid Unduly Burdensome Duplication of Labor and Expense and Conflicting Results.

The instant case and *Geertson Seed Farms* involve many of the same questions of law and fact, such that their assignment to the same judge is likely to conserve significant judicial resources and avoid the possibility of conflicting results. In *Geertson Seed Farms*, the Court resolved "a close question of first impression: whether the introduction of a genetically engineered crop . . . is a 'significant environmental impact' requiring the preparation of an environmental impact statement." *Geertson Seed Farms v. Johanns*, 2007 WL 518624, *1 (N.D. Cal. Feb. 13, 2007). After reviewing an extensive administrative record and the parties' cross-motions for summary judgment, the Court found ample evidence that the commercialization of Roundup resistant crops could result in genetic

1  contamination of conventional varieties, as well as the proliferation of Roundup resistant weeds. *Id.*
2  at *5-10. The Court therefore held that the Department of Agriculture's decision to deregulate
3  Roundup resistant alfalfa was a major federal action significantly affecting the environment
4  requiring the preparation of an environmental impact statement under National Environmental
5  Policy Act ("NEPA"). *Id.* at *12.[1]

6        The instant case challenges the Department of Agriculture's deregulation of a different
7  Roundup resistant crop (sugar beets), but it raises equivalent legal claims under NEPA based on
8  essentially the same environmental concerns. As in *Geertson Seed Farms,* the plaintiffs in the
9  instant case allege that the Department of Agriculture failed to consider evidence that deregulating a
10 Roundup resistant crop will result in genetic contamination of conventional varieties and breed
11 herbicide resistant weeds. Consistent with the legal precedent established by *Geertson Seed Farms*,
12 plaintiffs in this case therefore allege that the Department of Agriculture violated NEPA by failing to
13 prepare an environmental impact statement in connection with its deregulation decision.

14       Because this case and *Geertson Seed Farms* involve nearly identical questions of law and
15 very similar questions of fact, the assignment of this case to Judge Breyer will conserve judicial
16 resources and ensure that there are consistent outcomes in both cases. Judge Breyer is already
17 familiar with the highly technical scientific and agricultural issues of first impression surrounding
18 the introduction of crops that have been genetically engineered by Monsanto to resist Roundup.
19 Judge Breyer is also familiar with the complex legal process through which the Department of
20 Agriculture decides whether genetically engineered plants meet the criteria for deregulation under
21 the Plant Protection Act and NEPA.

22 //
23 //
24 //
25 //

---

[1] The Department of Agriculture and Defendant-Intervenors have appealed the Court's permanent injunction in favor of the plaintiffs in *Geertson Seed Farms*. The Court stayed the plaintiffs' pending motion for attorneys fees and costs pending appeal.

## CONCLUSION

Because the instant case and *Geertson Seed Farms* involve substantially the same parties and events, and it appears likely that there will be an unduly burdensome duplication of labor and expense and possibly conflicting results if the cases are conducted before different judges, the cases are related within the meaning of Civil Local Rule 3-12.

Respectfully submitted,

WILLIAM B. ROSTOV, State Bar No. 184528
KEVIN GOLDEN, State Bar No. 233378
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Emails: wrostov@icta; kgolden@icta.org

PAUL H. ACHITOFF (Pro Hac Vice Applicant)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

Dated: January 22, 2008

GREGORY C. LOARIE, State Bar No. 215859
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
T: (510) 550-6725 / F: (510) 550-6749
Email: gloarie@earthjustice.org

*Counsel for Plaintiffs*