RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado   80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
Email:  lori.caramanian@usdoj.gov

CHARLES MICHAEL O'CONNOR
Office of the US Attorney
Civil Division - ENR
450 Golden Gate Ave, 10th Floor
PO Box 36055
San Francisco, CA 94102-3495
415-436-7180
Fax: 415-436-6748
Email: Charles.OConnor@usdoj.gov

ATTORNEYS FOR UNITED STATES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, ORGANIC SEED ALLIANCE, SIERRA CLUB, and HIGH MOWING ORGANIC SEEDS,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES CONNOR, in his official capacity as Acting Secretary of the united States Department of agriculture; and CINDY SMITH, in her official capacity as Administrator of the Animal and Plant Health Inspection Service,<br><br>Defendants, | FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED<br><br>Case No. 3:08-cv-00484-JSW<br><br>Judge: Hon. Jeffrey S. White |

On January 23, 2008, Plaintiffs in <u>Center for Food Safety, et al. v. Connor, et al.</u>, 3:08-cv-00484-JSW filed their complaint, and on the same date, an administrative motion to consider whether that case should be related to <u>Geertson Seed Farms, et al. v. Johanns, et al.</u>, 3:06-cv-01075-CRB, because both cases allegedly involve "substantially the same parties and events," and because relating the cases will supposedly avoid "unduly burdensome duplication of labor and expense and potentially conflicting results..."  Plfs. Motion to Relate Cases at 1.  Contrary to Plaintiffs' assertions, the cases do not meet the definition of related cases set forth in Local Rule 3-12 because they do not "concern substantially the same parties, property, transaction or event" and do not create a likelihood of "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Plaintiffs' motion to consider whether the cases should be related should be denied.

**I.    The Parties, Events and Transactions Are Different**.

Plaintiffs claim that <u>Geertson Seed Farms</u> and <u>Center for Food Safety</u> involve substantially the same parties and events because both cases involve challenges to decisions by the Department of Agriculture, which Plaintiffs argue are "similar" in that they involve deregulation of genetically engineered alfalfa in the first case and sugar beets in the second.  Plfs. Motion to Relate Cases at 1.  In other words, it should be dispositive of their motion that Plaintiffs admit that the challenge in <u>Center for Food Safety</u> involves an entirely different agency decision, and therefore a different event or transaction, than the challenge in <u>Geertson Seed Farms.</u>

The Local Rules state that actions are related when the challenged event is "substantially the same."  L.R. 3-12.  Thus, in <u>McGee v. Ross Stores, Inc.</u>, 2007 WL 2900507, *1 (N.D. Cal. 2007), this Court concluded that actions were related where the "alleged claims and events giving rise to the alleged claims are the same" because in both cases the plaintiffs alleged the same specific facts in claiming violations of the Fair and Accurate Credit Transactions Act.  Plaintiffs cannot, and do not, allege that the facts here are the same.  Nor could they.  The decision to deregulate alfalfa and the decision to deregulate sugar beets are two entirely separate

1    and distinct decisions, which involve separate environmental assessments.  The administrative

2    records for the two decisions are also different.  Indeed, although they weakly allege that the

3    decisions and environmental assessments are "substantially similar in structure and content,"

4    Plfs. Motion to Relate at 1, it is telling that Plaintiffs make little effort to identify any common

5    facts or issues.  The allegations of facts in each complaint also illustrates the differences between

6    the cases.  See, e.g., Geertson Seed Farms Complaint, ¶¶ 74-86 (background on alfalfa) and

7    Center for Food Safety Complaint ¶¶ 38-41 (background on sugar beets).  The administrative

8    record and agency decision in the alfalfa case will be irrelevant to the Court's resolution of the

9    issues in the sugar beets case.  Because they cannot show that the two challenges arise out of

10   substantially the "same," transaction or event, which is the standard in the Local Rules, the Court

11   should deny the Plaintiffs' motion to consider whether the cases should be related.

12        The absence of common parties provides a separate reason to deny the motion to relate.

13   Plaintiffs state that the two cases involve substantially the same parties, but the record shows that

14   the parties are not "substantially" the same, even though there are a couple of common plaintiffs,

15   the Sierra Club and the Center for Food Safety, both of which are national organizations.  Unlike

16   the Center for Food Safety case, the Geertson Seed Farms challenge primarily involves entities

17   interested in alfalfa, such as Geertson Seed Farms and Trask Family Seeds, both of which are

18   family farmers.  Geertson Seed Farms Complaint, ¶¶ 11-14.  Geertson Seed Farms also involves

19   a number of other organizational Plaintiffs, including Beyond Pesticides, Cornucopia Institute,

20   the Dakota Resource Council, the National Family Farm Coalition, and the Western

21   Organization of Resource Councils, none of whom are Plaintiffs in Center for Food Safety, and

22   each of whom alleges different interests to the Plaintiffs in Center for Food Safety.  See, e.g.,

23   Geertson Complaint, ¶¶ 27, 31, 35 (Beyond Pesticides alleges the alfalfa deregulation decision

24   affects it and its members "because the action will allow genetically engineered alfalfa to be

25   placed in the stream of commerce. . ."); (Cornucopia Institute alleges that "[s]ince alfalfa is used

26   as a primary feed for cows, USDA's actions allowing the introduction of genetically engineered

27   glyphosate tolerant alfalfa into the environment may result in the contamination of organic

28

1   dairies and meats. . ."); (Dakota Resource Council also alleges that because alfalfa is a primary

2   feed for cows, the alfalfa deregulation decision may contaminate milk and meats.).

3        Further highlighting the differences among the various plaintiffs in the two cases, in

4   Center for Food Safety, there are two organizational Plaintiffs that emphasize their interests in

5   sugar beets, High Mowing Organic Seeds and Organic Seed Alliance.  High Mowing Organic

6   Seeds alleges that it supplies commercial growers with organic vegetable, flower, and herb

7   seeds, including "nine varieties of table beets..."  Center for Food Safety Complaint at ¶¶  23, 25.

8   It alleges that the decision to deregulate sugar beets will cause economic and aesthetic injury to

9   the "beet and chard seed industry."  Id. at ¶ 25.  Similarly, Organic Seed Alliance alleges that it

10  is concerned that deregulation of "sugar beets will contaminate organic varieties of related

11  species."  ¶ 17.  Neither organization alleges any interest in alfalfa.  Thus, merely because the

12  Center for Food Safety and the Sierra Club, two national organizations, are plaintiffs in both

13  cases, the Court should not conclude that the cases are related, where the interests of the majority

14  of the plaintiffs in the two cases are different.

15  **II.    Denial of Plaintiffs' Motion to Consider Relating the Two Cases Will Not Cause
          Undue Burden, Nor Will It Create a Risk of Conflicting Results.**

16

17        Plaintiffs also argue that the Court should relate the cases because they "involve many of

    the same questions of law and fact..."  Plfs. Motion to Relate at 1.  But, as they point out, the

18
    Court's resolution of Geertson Seed Farms required review of "an extensive administrative
19
    record. . ."  Id. at 1.  Under the Administrative Procedure Act (APA), "[t]he task of the reviewing
20
    court is to apply the appropriate APA standard of review, 5 U.S.C. § 706(2), to the agency
21
    decision based on the record the agency presents to the reviewing court."  Florida Power & Light
22
    Co. v. Lorion, 470 U.S. 729, 743-44 (1985).  Plaintiffs claim that because this Court is "already
23
    familiar with the highly technical scientific and agricultural issues surrounding the introduction
24
    of crops that have been genetically engineered," Plfs. Motion to Relate at 2, relation of the cases
25
    will conserve judicial resources.  But, Plaintiffs ignore the central fact that resolution of the
26
    Plaintiffs' challenge to the sugar beets decision will likewise require review of an extensive--but
27
    entirely separate--administrative record.  Moreover, the cases are in different procedural
28

1   postures. The claims in Geertson Seed Farms have been adjudicated and are on appeal, while the

2   complaint in Center for Food Safety was filed on January 23, 2008.  The fact that the plaintiffs in

3   the two cases both allege NEPA violations does not change the outcome because review of the

4   distinct questions raised in the challenge to the sugar beets decision will require the judge

5   assigned to consider the adequacy of the administrative record associated with the sugar beets

6   decision.[1]/   Therefore, duplication of effort is not an issue.  Finally, there is no risk of

7   inconsistent judgments because, as Plaintiffs admit, they are challenging a different decision in

8   Center for Food Safety.

9                                        **CONCLUSION**

10          Because Plaintiffs have not shown that they have met the requirements of Local Rule 3-

11  12 defining related cases, the Court should deny their motion to consider whether the cases

12  should be related.

13

14                                  CHARLES MICHAEL O'CONNOR
                                    Office of the US Attorney
                                    Civil Division - ENR
15                                  450 Golden Gate Ave, 10th Floor
                                    PO Box 36055
16                                  San Francisco, CA 94102-3495
                                    415-436-7180
17                                  Fax: 415-436-6748
                                    Email: Charles.OConnor@usdoj.gov
18
                                    RONALD J. TENPAS
19                                  Assistant Attorney General
                                    Environment and Natural Resources Division
20
                                    /s/ Lori Caramanian
21                                  LORI CARAMANIAN
                                    Environment & Natural Resources Division
22                                  U.S. Department of Justice
                                    1961 Stout Street, 8th Floor
23                                  Denver, Colorado   80294
                                    Telephone: (303) 844-1499
24                                  Fax: (303) 844-1350
                                    Email:  lori.caramanian@usdoj.gov
25

26                              _____

27  [1]/       In Geertson Seed Farms, plaintiffs also alleged violations of the Endangered Species Act,
    claims absent in Center for Food Safety.  See Geerston Complaint, Fourth and Fifth Claims.
28

1   RONALD J. TENPAS
    Assistant Attorney General
2   Environment and Natural Resources Division
    LORI CARAMANIAN
3   Environment & Natural Resources Division
    U.S. Department of Justice
4   1961 Stout Street, 8th Floor
    Denver, Colorado   80294
5   Telephone: (303) 844-1499
    Fax: (303) 844-1350
6   Email:  lori.caramanian@usdoj.gov

7
    CHARLES MICHAEL O'CONNOR
8   Office of the US Attorney
    Civil Division - ENR
9   450 Golden Gate Ave, 10th Floor
    PO Box 36055
10  San Francisco, CA 94102-3495
    415-436-7180
11  Fax: 415-436-6748
    Email: Charles.OConnor@usdoj.gov
12

13  ATTORNEYS FOR UNITED STATES

14  _____

15              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
16                 SAN FRANCISCO DIVISION

17  _____

18  CENTER FOR FOOD SAFETY, ORGANIC          | [PROPOSED] ORDER DENYING
    SEED ALLIANCE, SIERRA CLUB, and          | PLAINTIFFS' ADMINISTRATIVE
19  HIGH MOWING ORGANIC SEEDS,               | MOTION TO CONSIDER WHETHER
                                             | CASES SHOULD BE RELATED
20              Plaintiffs,
                                             | Case No. 3:08-cv-00484-JSW
21          v.
                                             | Judge: Hon. Jeffrey S. White
22  CHARLES CONNOR, in his official capacity
    as Acting Secretary of the united States
23  Department of agriculture; and CINDY
    SMITH, in her official capacity as
24  Administrator of the Animal and Plant Health
    Inspection Service,
25
                Defendants,
26

27          Upon review of Plaintiffs' administrative motion to consider whether cases should be

28
    _____
    08CV484 - [PROPOSED] ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO
    CONSIDER WHETHER CASES SHOULD BE RELATED

1   related, and consideration of the Federal Defendants' response thereto, the Court denies the

2   motion because Plaintiffs failed to demonstrate that the cases are related as defined in Local Rule

3   3-12.

4   **IT IS SO ORDERED.**

5   Dated: _____, 2008.

6                                                           _____
                                                            JEFFREY S. WHITE
7                                                           UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28