RONALD J. TENPAS
Assistant Attorney General

LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado   80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
Email:  lori.caramanian@usdoj.gov

CHARLES MICHAEL O'CONNOR
Office of the US Attorney
Civil Division - ENR
450 Golden Gate Ave, 10th Floor
PO Box 36055
San Francisco, CA 94102-3495
415-436-7180
Fax: 415-436-6748
Email: Charles.OConnor@usdoj.gov
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JAMES J. GILLIGAN
Assistant Director, Federal Programs Branch
JOHN R. COLEMAN (Va. Bar # 70908)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8460
Email: john.coleman3@usdoj.gov

ATTORNEYS FOR UNITED STATES

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, *et al.* | ) |
| Plaintiffs, | ) ANSWER TO COMPLAINT |
| vs. | ) Case No.  3:08-cv-0484-JSW |
| EDWARD T. SCHAFER, *et al.* | ) |
| Defendants. | ) |

08CV484 FEDERAL DEFENDANTS' ANSWER        1

Defendants in this lawsuit, consisting of Edward T. Schafer in his capacity as Secretary of the United States Department of Agriculture and Cindy Smith, in her capacity as Administrator, Animal and Plant Health Inspection Service, hereby answer the complaint as follows:

<u>RESPONSES TO INDIVIDUAL AVERMENTS</u>

In response to the correspondingly numbered paragraphs of the complaint, defendants state as follows:

1. The first sentence of sets forth plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants deny the second sentence.

2. Defendants deny the allegations and aver that the environmental impacts associated with growing genetically engineered sugar beets are discussed in the environmental assessment. Defendants further aver that it is possible for sugar beets genetically engineered to be resistant to glyphosate to cross-pollinate with chard and table beets.

3. Defendants deny the allegations in the first, third and fourth sentences. Defendants deny allegations in the second sentence and aver that Roundup in certain formulations may contain chemicals that can be harmful if used improperly.

4. Defendants deny the allegations.

5. This paragraph sets forth plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. To the extent a response is required, defendants deny that plaintiffs are entitled to any of the relief requested.

6. The allegations in paragraph 6 are legal conclusions, to which no response is required.

7. The allegations in paragraph 7 are legal conclusions, to which no response is required.

8. The allegations in paragraph 8 are legal conclusions, to which no response is required.

9. The first sentence sets forth plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants lack knowledge or information sufficient to form a response as to the allegations in the second sentence. Defendants deny the allegations in the third sentence.

10. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph.

11. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph.

12. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph.

13. Defendants deny the allegations in the first and second sentences. Defendants lack sufficient information on which to either admit or deny the allegations contained in the third and fourth sentences. Defendants deny the allegations in the fifth sentence. Defendants deny the allegations in the sixth sentence and aver that the cultivation of Roundup Ready sugar beets is likely to lead to an increase in the use of glyphosate. Defendants deny the remaining allegations.

14. Defendants lack sufficient information on which to either admit or deny the allegations contained in the first sentence. Defendants deny the allegations in the second sentence.

15. Defendants deny the allegations.

16. The first sentence sets forth plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants deny the second sentence. Defendants lack sufficient information on which to either admit or deny the allegations contained in the remainder of the paragraph.

17. Defendants lack sufficient information on which to either admit or deny the allegations contained in the first sentence. Defendants deny the allegations in second and third sentences.

18. Defendants deny the allegations.

19. The first sentence sets forth plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants deny the allegations in the second sentence. Defendants lack sufficient information to either admit or deny the allegations contained in the third and fourth sentences.

20. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph.

21. Defendants deny the allegations in the first sentence. Defendants lack sufficient information on which to either admit or deny the remainder of the paragraph, except to deny that Sierra Club members will be injured by the challenged action.

08CV484 FEDERAL DEFENDANTS' ANSWER        3

22. Defendants deny the allegations.

23. The first sentence sets forth plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph.

24. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph.

25. Defendants lack sufficient information on which to either admit or deny the allegations in the first sentence. Defendants deny the remaining allegations.

26. Defendants deny the allegations. Charles F. Conner was the Acting Secretary of United States Department of Agriculture on the date the complaint was filed. Edward T. Schafer was confirmed on January 28, 2008, and is the current Secretary of United States Department of Agriculture.

27. Defendants admit the allegations.

28. This paragraph sets forth characterizations of the nature and basis of their lawsuit to which no response is required.

29. The allegations in this paragraph are legal conclusions, to which no response is required.

30. The allegations in this paragraph are legal conclusions, to which no response is required.

31. The allegations in this paragraph are legal conclusions, to which no response is required.

32. The allegations in this paragraph are legal conclusions, to which no response is required.

33. The allegations in this paragraph are legal conclusions, to which no response is required.

34. The allegations in this paragraph are legal conclusions, to which no response is required.

35. The allegations in this paragraph are legal conclusions, to which no response is required.

36. The allegations in this paragraph are legal conclusions, to which no response is required.

37. The allegations in this paragraph are legal conclusions, to which no response is required.

38. Defendants deny the allegations in the first sentence and aver that sugar beets are grown on approximately 1.3 million acres. Defendants deny the allegations in the second sentence and

aver that 30,710,000 tons of sugar beets were produced in the U.S.

39. Defendants admit the allegations in the first sentence. Defendants deny the allegations in the second sentence and aver that sugar beets are currently grown in eleven states, California, Colorado, Idaho, Michigan, Minnesota, Montana, Nebraska, North Dakota, Oregon, Washington and Wyoming, have been grown in Ohio in the past, and account for a little more than half of all refined sugar produced domestically.

40. Defendants deny the allegations and aver that while sugar beets are grown in California, and a related species (*Beta macrocarpa*) that could potentially cross-pollinate with sugar beets also occurs there, cross pollination is unlikely because sugar beets grown in California do not typically flower and produce pollen, which would be necessary for cross pollination to occur.

41. Defendants admit the allegations in the first and second sentences. Defendants deny the allegations in the third sentence.

42. Defendants admit the allegations in the first sentence. The remaining allegations in this paragraph contain characterizations of the Environmental Assessment and Finding of No Significant Impact which speak for themselves and are the best evidence of their contents. Defendants deny any characterizations that not consistent with the EA and Finding of No Significant Impact.

43. The allegations in this paragraph are legal conclusions, to which no response is required.

44. Defendants admit the allegations.

45. Defendants admit the allegations in the first sentence. Defendants lack sufficient information to either admit or deny the allegations in the second sentence.

46. This paragraph contains characterizations of 64 F.R. 18360 which speaks for itself and is the best evidence of its contents. Defendants deny any characterizations that are not consistent with 69 F.R. 18360.

47. This paragraph contains characterizations of 69 F.R. 61466 which speaks for itself and is the best evidence of its contents. Defendants deny any characterizations that are not consistent with 69 F.R. 61466. Defendants admit that APHIS made the EA available for public comment on October 19, 2004.

48. Defendants deny the allegations and aver that Center for Food Safety submitted

1  comments on the EA. Those comments speak for themselves and are the best evidence of their
2  contents. No further response is required. Defendants further aver that, although "others"
3  submitted comments on the EA, none of the other Plaintiffs in this action submitted any comments.

4   49. This paragraph contains characterizations of 70 F.R. 13007 which speaks for itself and
5  is the best evidence of its content. Defendants deny any characterizations that are not consistent
6  with 70 F.R. 13007. Defendants admit that APHIS announced the deregulation decision on March
7  17, 2005.

8   50. Defendants deny the allegations in the first sentence and second sentences. The third
9  sentence contains characterizations of the Environmental Assessment which speaks for itself and
10 is the best evidence of its contents. Defendants deny any characterizations that are not consistent
11 with the EA.

12  51. The first sentence contains characterizations of the EA which speaks for itself and is the
13 best evidence of its contents. Defendants deny any characterizations that are not consistent with the
14 EA. Defendants deny the allegations in the second sentence.

15  52. Defendants deny the allegations in the first and second sentences. Defendants lack
16 knowledge or information sufficient to form a response as to the allegations in the third sentence.

17  53. Defendants deny the allegations in the first sentence and aver that the cultivation of
18 Roundup Ready sugar beets is likely to lead to an increase in the use of glyphosate. Defendants deny
19 the allegations in the second sentence.

20  54. Defendants deny the allegations in the first sentence. Defendants lack knowledge or
21 information sufficient to form a response as to the allegations in the second and third sentences.
22 Defendants deny the remaining allegations.

23  55. Defendants deny the allegations.

24  56. Defendants deny the allegations.

25  57. Defendants deny the allegations and aver that sugar beets can cross pollinate with other
26 beets and swiss chard.

27  58. Defendants deny the allegations.

28  59. Defendants deny the allegations in the first sentence. Defendants deny the allegations

1 in the second sentence and aver that the United States Department of Agriculture has no duty to
2 establish or analyze rules that would require farmers who plant Roundup Ready seeds to create
3 refuge or buffer areas to avoid cross-pollination of surrounding crops or weeds.

4     60. Defendants deny the allegations in the first sentence. The remaining allegations in this
5 paragraph are legal conclusions, to which no response is required.

6     61. Defendants lack sufficient information to either admit or deny the allegations in this
7 paragraph.

8     62. Defendants deny the allegations in the first sentence and aver that phenotypically,
9 Roundup Ready sugar beets will be substantially equivalent to any other sugar beet and the sugar
10 produced from the Roundup Ready beets will be indistinguishable from any other sugar. Defendants
11 deny the allegations in the second sentence and aver that Roundup Ready crops that have been
12 deregulated by USDA have been widely adopted by U.S. farmers. Defendants admit the allegations
13 in the third and fourth sentences. Defendants deny the allegations in the fifth sentence.

14     63. Defendants deny the allegations.

15     64. Defendants deny the allegations and aver that although Federal agencies such as the
16 Food and Drug Administration, the Environmental Protection Agency and the United States
17 Department of Agriculture do not independently duplicate testing conducted by applicants or their
18 contractors, these agencies thoroughly analyze extensive data packages submitted by applicants
19 before making any decisions.

20     65. Defendants deny the allegations in the first sentence. Defendants deny the allegations
21 in the second sentence and aver that since APHIS began its regulatory program for GE plants 21
22 years ago, APHIS has not prepared an EIS for any petition for the deregulation of an individual plant
23 because it has not made any findings that the impacts of the proposed action would be significant.
24 The allegations in the third sentence are legal conclusions, to which no response is required.
25 Defendants admit the allegations in the fourth sentence. Defendants deny the allegations in the last
26 sentence.

27     66. Defendants deny the allegations.

28     67. Defendants incorporate by reference their responses to paragraph 1-66 above.

1    68. Defendants deny the allegations.

2    69. Defendants deny the allegations.

3    70. Defendants deny the allegations.

4    71. Defendants deny the allegations.

5    72. Defendants deny the allegations.

6    73. Defendants incorporate by reference their responses to paragraphs 1-72 above.

7    74. The allegations in this paragraph are legal conclusions, to which no response is required.

8    75. Defendants deny the allegations.

9    76. Defendants deny the allegations.

10   77. Defendants incorporate by reference their responses to paragraphs 1-76 above.

11   78. This paragraph contains characterizations of the Determination of Nonregulated Status of Sugar Beet Genetically Engineered for Tolerance to the Herbicide Glyphosate, 70 F.R. 13,007, 13,008 (March 17, 2005) which speaks for itself and is the best evidence of its contents. Defendants deny any characterizations that are not consistent with the Determination of Nonregulated Status of Sugar Beet Genetically Engineered for Tolerance to the Herbicide Glyphosate.

16   79. Defendants deny the allegations.

The remainder of the complaint consists of plaintiffs' prayer for relief, to which no answer is required, but in the event that an answer is deemed required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

### GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

### DEFENSES

The Complaint fails to state a claim on which relief can be granted.

The Court lacks jurisdiction over the complaint because Plaintiffs lack standing.

The Court lacks jurisdiction over the complaint because Plaintiffs' claims are barred by laches.

Some of Plaintiffs' claims are barred by the doctrine of waiver.

Some of Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

Wherefore, Defendants respectfully pray that this Court deny in all respects Plaintiffs' prayer for relief, dismiss the complaint, enter judgment for defendants, and grant such other relief as may be appropriate.

DATED: March 24, 2008                    Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

 /s/ Lori Caramanian
LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado 80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
Email: lori.caramanian@usdoj.gov

CHARLES MICHAEL O'CONNOR
Office of the US Attorney
Civil Division - ENR
450 Golden Gate Ave, 10th Floor
PO Box 36055
San Francisco, CA 94102-3495
415-436-7180
Fax: 415-436-6748
Email: Charles.OConnor@usdoj.gov

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JAMES J. GILLIGAN
Assistant Director, Federal Programs Branch
JOHN R. COLEMAN
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8460
Email: John.Coleman3@usdoj.gov

ATTORNEYS FOR UNITED STATES