KEVIN GOLDEN, State Bar No. 233378
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Email:  kgolden@icta.org

PAUL H. ACHITOFF (Admitted Pro Hac Vice)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

GREGORY C. LOARIE, State Bar No. 215859
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
T: (510) 550-6725 / F: (510) 550-6749
Email: gloarie@earthjustice.org

*Counsel for Plaintiffs*

RONALD J. TENPAS
Assistant Attorney General
LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado 80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
Email: lori.caramanian@usdoj.gov

CHARLES MICHAEL O'CONNOR
Office of the US Attorney
Civil Division - ENR
450 Golden Gate Ave, 10th Floor
PO Box 36055
San Francisco, CA 94102-3495
415-436-7180
Fax: 415-436-6748
Email: Charles.OConnor@usdoj.gov

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JAMES J. GILLIGAN

1

2

Assistant Director, Federal Programs Branch
JOHN R. COLEMAN (Va. Bar # 70908)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8460
Email: john.coleman3@usdoj.gov

3

4

5

6

7    *Counsel for Defendants*

8

9                     UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                         SAN FRANCISCO DIVISION

11   CENTER FOR FOOD SAFETY, ORGANIC          )
     SEED ALLIANCE, SIERRA CLUB, and          )   Case No.:  3:08-cv-0484-JSW
12   HIGH MOWING ORGANIC SEEDS,               )
                                              )
13                                            )
                     Plaintiffs,              )   JOINT CASE MANAGEMENT
14                                            )   STATEMENT
                                              )
15              vs.                           )   and
                                              )
16   EDWARD T. SCHAFER,[1] in his official    )   [PROPOSED] ORDER
     capacity as Secretary of the United States )
17   Department of Agriculture; and CINDY     )
     SMITH, in her official capacity as       )
18   Administrator of the Animal and Plant Health )
     Inspection Service,                      )
19                                            )
                                              )
20                   Defendants.              )
                                              )
21                                            )
                                              )
22   _____)

23                  JOINT CASE MANAGEMENT STATEMENT AND
                      PROPOSED CASE MANAGEMENT ORDER
24

25          Pursuant to this Court's Order of January 23, 2008 (Doc. #2), the parties submit their Joint

26   Case Management Statement in this matter.

27

28   _____
     [1] Secretary Schafer has been substituted as a party defendant in his official capacity pursuant to Fed.
     R. Civ. P. 25(d)(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    1. <u>Subject-matter jurisdiction, personal jurisdiction & venue</u>.

    Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 2201-02 (declaratory relief), 5 U.S.C. § 702 (Administrative Procedure Act), and 28 U.S.C. § 2201 (declaratory judgments).  Plaintiffs further allege that this Court has personal jurisdiction over the defendant officers of federal agencies under 28 U.S.C. § 1391(e).

    Venue in this Court is proper, 28 U.S.C. § 1391(e).  All parties have been served.

    2. <u>Brief description of case, defenses, and related proceedings</u>.

    This lawsuit challenges a decision by defendants to deregulate a variety of sugar beet, known as "Roundup Ready" sugar beets, that has been genetically engineered by Monsanto Company to resist glyphosate, the active ingredient in the herbicide Roundup.  Plaintiffs allege that defendants' deregulation determination is unsupported by the evidence in the record and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law, and without observance of procedures required by law, in violation of the Plant Protection Act and the Administrative Procedure Act.  Plaintiffs also allege that defendants violated the National Environmental Policy Act ("NEPA") in connection with the deregulation determination, in that defendants arbitrarily and capriciously failed to conclude that their determination may have significant environmental impacts, requiring preparation of an Environmental Impact Statement.  Plaintiffs also allege that defendants violated NEPA by issuing an Environmental Assessment that inadequately evaluates the determination's environmental impacts.

    Defendants assert that they have not taken any actions that violate NEPA, the Plant Protection Act or the Administrative Procedure Act.

3. <u>Disputed legal issues</u>.

The principal issues include:

a. Whether defendants violated NEPA by issuing an inadequate Environment Assessment and/or by failing to prepare an Environmental Impact Statement; and

b. Whether defendants violated the Plant Protection Act by arbitrarily and capriciously deregulating the Roundup Ready sugar beets.

4. <u>Motions</u>.

Plaintiffs' Complaint was filed on January 23, 2008.  Defendants answered the Complaint on March 24, 2008.  No motions have been filed by either party.  Plaintiffs anticipate filing a motion for summary judgment.  Defendants anticipate filing a cross-motion for summary judgment.  *See* Section 16, *infra*.

5. <u>Amendment of Pleadings</u>.

The parties at this time do not anticipate amending their pleadings, and propose a deadline of June 1, 2008 to do so.

6. <u>Evidence Preservation</u>.

See item 8.

7. <u>Disclosures</u>.

The parties agree that the claims in this case are exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1) by Rule 26(a)(1)(E)(i), in that the claims alleged are to be determined on review of an administrative record, as supplemented if appropriate.

8. <u>Discovery</u>.

Defendants' view is that Plaintiffs are not entitled to discovery or to submit extra-record evidence because this case is governed by the provisions of the Administrative Procedure Act, with

certain limited judicially recognized exceptions.  Defendants' position is that the merits issues should be resolved based on the administrative record Defendants will lodge with the Court and briefing on summary judgment.  Defendants will produce the administrative record to plaintiffs on or before April 18, 2008 and lodge it with the Court.  Plaintiffs will review the record and determine as soon as practicable whether they believe discovery or supplementation of the record is appropriate.  If they do, or if they determine there are other issues concerning the completeness of the record, plaintiffs will meet and confer with defendants in a good faith effort to resolve any such issues before seeking relief from the Court.

9. Class Actions.

The parties do not seek certification as a class action.

10. Related Cases.

Plaintiffs believe Geertson Seed Farms, et al. v. Johanns, et al., No. C 06-1075 CRB (N.D. Cal.), decided by the Hon. Charles R. Breyer and currently on appeal to the Ninth Circuit Court of Appeals, is related, in that two of the four plaintiffs challenged a determination by the same defendants to deregulate a variety of alfalfa that, like the sugar beets in this case, Monsanto had genetically engineered to be resistant to glyphosate.  In that case as here, plaintiffs alleged defendants had violated NEPA and the Plant Protection Act, based on similar concerns.  Judge Breyer granted summary judgment in the plaintiffs' favor and issued a permanent injunction.  See Geertson Seed Farms v. Johanns, 2007 WL 518624 (N.D. Cal. Feb. 13, 2007).  Defendants' appeal of the permanent injunction is pending.  Plaintiffs moved for consideration of related case status, which motion Judge Breyer denied by order filed February 1, 2008.

Defendants' position is that, because Judge Breyer denied plaintiffs' motion to relate the cases, the cases are not, and should not be considered related.

11. <u>Relief Sought</u>.

Plaintiffs seek declaratory and prospective injunctive relief vacating defendants' determination to deregulate Roundup Ready sugar beets, requiring defendants to prepare an EIS in connection with any determination to deregulate Roundup Ready sugar beets, and protecting the environment until such time as defendants have complied with these requirements. Plaintiffs also seek costs, fees and other appropriate relief. Defendants seek dismissal of plaintiffs' Complaint and any other relief the Court may deem proper.

12. <u>Settlement and ADR</u>.

The parties believe that the nature of plaintiffs' claims and requested relief are such that settlement is unlikely, and that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources consumed by its use.

13. <u>Consent to Magistrate Judge For All Purposes</u>.

The parties respectfully do not consent to assignment to a magistrate judge.

14. <u>Other References</u>.

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>.

The parties believe that the issues will appropriately be resolved on motions for summary judgment. Plaintiffs believe it may be appropriate to bifurcate consideration of the merits from consideration of appropriate relief. Defendants' view is that plaintiffs are not entitled to any relief whatsoever, but agree that bifurcation of the merits from the question of relief is appropriate.

//

//

1

2     16. <u>Scheduling</u>.

3         Plaintiffs do not anticipate that trial will be necessary.  Defendants' position is that trial is

4     inappropriate in this case because, as described in item 8, this challenge is before the Court based on

5     the limited waiver of sovereign immunity contained in the Administrative Procedure Act, which

6     requires that review of agency administrative action be based on the administrative record.  In the

7     event trial is to be scheduled, plaintiffs propose that experts be designated on January 2, 2009; that

8     any discovery be completed by February 2, 2009; and that a bench trial be set as soon thereafter as

9
      the Court's schedule will allow.
10
          The parties have agreed that defendants will lodge the certified administrative record in
11
12    electronic format with the Court and serve a copy on each of plaintiffs' counsels of record on April

13    18, 2008.  In the event plaintiffs have concerns regarding the content or completeness of the

14    administrative record, they will raise those concerns to defendants prior to summary judgment

15    briefing and attempt to resolve those concerns in good faith.  In the event those concerns cannot be

16    adequately resolved, plaintiffs may seek relief from this Court by motion.  Plaintiffs reserve the right
17
      subsequently to raise concerns regarding the content or completeness of the record.
18
          In the event there is no pending dispute over the content of the administrative record, the
19
20    parties propose the following schedule for summary judgment motions, responses and replies:

21        (a) Plaintiffs' motion for summary judgment to be filed on June 2, 2008;

22        (b) Defendants' opposition to Plaintiffs' motion for summary judgment and defendants'
23
24    cross-motions for summary judgment to be filed on July 2, 2008;

25        (c) Plaintiffs' opposition to defendants' cross-motions for summary judgment and reply in

26    support of plaintiffs' motion for summary judgment to be filed on August 1, 2008;
27

28

1    (d) Defendants' replies in support of cross-motions for summary judgment to be filed on

2  August 27, 2008.

3
       Plaintiffs will not file any motion for emergency injunctive relief prior to August 27, 2008.
4
       The parties request that the Court set their motions for summary judgment for hearing on
5
6  September 19, 2008, or as soon thereafter as the Court's schedule will allow.

7       17. Disclosure of Non-Party Interested Entities or Persons.

8       Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local
9
10  Rule 3-16 with the Complaint.

11       Plaintiffs are not aware of any persons, firms, partnerships, corporations (including parent

12  corporations) or other entities having either  (i) a financial interest in the subject matter in

13  controversy or in a party to the proceeding, or (ii) any other kind of interest that could be

14
15  substantially affected by the outcome of the proceeding.

16       The provisions of Civil Local Rule 3-16 do not apply to any governmental entity or its

17  agencies.

18                                    Respectfully submitted,
19
20  Dated: April 9, 2008              /s/ John R. Coleman (authorized 4/9/08)
                                      JOHN R. COLEMAN (Va. Bar # 70908)
21                                    Trial Attorney, U.S. Department of Justice
                                      Civil Division, Federal Programs Branch
22                                    20 Massachusetts Ave., N.W., Room 6118
23                                    Washington, D.C. 20530
                                      Telephone: (202) 514-4505
24                                    Facsimile: (202) 616-8460
                                      Email: john.coleman3@usdoj.gov
25
26  Dated: April 9, 2008              /s/ Lori Caramanian (authorized 4/9/08)
                                      LORI CARAMANIAN
27                                    Environment & Natural Resources Division
                                      U.S. Department of Justice
28                                    1961 Stout Street, 8th Floor

1    Denver, Colorado   80294
     Telephone: (303) 844-1499
2    Fax: (303) 844-1350
     Email: lori.caramanian@usdoj.gov
3

4    Attorneys for Defendants

5

6    KEVIN GOLDEN, State Bar No. 233378
     Center for Food Safety
7    2601 Mission St., Suite 803
     San Francisco, CA 94110
8    T: (415) 826-2770 / F: (415) 826-0507
     Email:  kgolden@icta.org
9

10   Dated: April 9, 2008            /s/ Gregory C. Loarie
                                     GREGORY C. LOARIE, State Bar No. 215859
11                                   Earthjustice
12                                   426 17th Street, 5th Floor
                                     Oakland, CA 94612
13                                   T: (510) 550-6725 / F: (510) 550-6749
                                     Email: gloarie@earthjustice.org
14

15

16                                   PAUL H. ACHITOFF (admitted *pro hac vice*)
                                     Earthjustice
17                                   223 South King Street, Suite 400
                                     Honolulu, Hawaiʻi 96813
18                                   T: (808) 599-2436
                                     F: (808) 521-6841
19                                   Email: achitoff@earthjustice.org
20
                                     Attorneys for Plaintiffs
21

22

23   IT IS SO ORDERED.

24

25   Dated: _____.        _____

26                                        Jeffrey Steven White
                                          United States District Judge
27

28