1

LOWELL M. ROTHSCHILD
VENABLE LLP

2

575 7th Street N.W.
Washington, D.C. 20004-1601

3

Telephone: 202.344.4065; Facsimile: 202.344.8300
lmrothschild@venable.com

4

5

TIMOTHY J. GORRY  (CA SBN 143797)
CHRISTOPHER T. WILLIAMS  (CA SBN 171907)

6

VENABLE LLP
2049 Century Park East, Suite 2100

7

Los Angeles, CA 90067

8

Telephone:310.229.9922; Facsimile: 310.229.9901
tjgorry@venable.com

9

10

NANCY BRYSON (Pro Hac Vice Motion Pending)
THE BRYSON GROUP, PLLC

11

575 7th Street N.W.
Washington, D.C. 20004-1601

12

Telephone: 202.344.4731; Facsimile: 202.344.4028
nbryson@agfoodlaw.com

13

14

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15

**SAN FRANCISCO DIVISION**

16

CENTER FOR FOOD SAFETY, ORGANIC
SEED ALLIANCE, SIERRA CLUB, and HIGH

17

MOWING ORGANIC SEEDS,

18

Plaintiffs,

19

v.

20

CHARLES CONNOR, in his official capacity as
Acting Secretary of the United States Department

21

of Agriculture; and CINDY SMITH, in her official
capacity as Administrator of the Animal and Plant

22

Health Inspection Service,

23

Defendants,

24

and

25

SYNGENTA SEEDS, INC.,

26

Proposed Defendant-Intervenor.

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No: 3:08-cv-00484-JSW

**PROPOSED DEFENDANT-**
**INTERVENOR SYNGENTA**
**SEEDS, INC.'S NOTICE OF MOTION**
**AND MOTION TO INTERVENE;**
**MEMORANDUM IN SUPPORT**
**THEREOF**

Date: June 6, 2008
Time: 9:00 a.m.
Place: 17th Floor, Courtroom 2
Judge: Hon. Jeffrey S. White

TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that on June 6, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 2 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, before the Honorable Jeffrey S. White, Judge presiding, SYNGENTA SEEDS, INC. ("Syngenta") will move to intervene as a defendant in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure ("FRCP"). Syngenta has notified the Parties' counsel of its intent to move to intervene.

Syngenta seeks leave to intervene as a matter of right under FRCP 24(a)(2) on all of Plaintiffs' claims, except on the merits of the NEPA claims, to protect its significantly protectable interests related to the property and transaction that are the subject of this suit. Additionally, in conformance with the Ninth Circuit ruling that a third party may not intervene as a matter of right in the merits portion of a NEPA challenge, Syngenta seeks permissive intervention under FRCP 24(b)(2) on the merits of Plaintiffs' NEPA claims. In the alternative, Syngenta seeks permissive intervention under FRCP 24(b)(2) on all the aforementioned claims.

This motion is and will be based upon this Notice of Motion and Motion to Intervene, the attached Memorandum of Points and Authorities, the Declaration of Patrick Spadin filed concurrently herewith, and on such other evidence and argument as the Court may consider in ruling on this Motion.

Dated: April 17, 2008

Respectfully submitted,

/s/ Lowell M. Rothschild
LOWELL M. ROTHSCHILD
VENABLE LLP
575 7th Street N.W.
Washington, D.C. 20004-1601
Phone: 202.344.4065; Fax: 202.344.8300
lmrothschild@venable.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TIMOTHY J. GORRY
CHRISTOPHER T. WILLIAMS
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:310.229.2299; Facsimile: 310.229.9950
tjgorry@venable.com

NANCY BRYSON (Pro Hac Vice Motion Pending)
THE BRYSON GROUP, PLLC
575 7th Street N.W.
Washington, D.C. 20004-1601
Telephone: 202.344.4731; Facsimile: 202.344.4028
nbryson@agfoodlaw.com

Attorneys for Proposed Defendant-Intervenor
SYNGENTA SEEDS, INC.

# MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION TO INTERVENE ........................................................ i

MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES ...................................... iv

TABLE OF AUTHORITIES .................................................................................................... v

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ....................................................................................................... 1

III.  SUMMARY OF ARGUMENT .................................................................................. 4

IV.   ARGUMENT ............................................................................................................. 5

     A.    SYNGENTA IS ENTITLED TO INTERVENE AS A
         MATTER OF RIGHT PURSUANT TO FRCP 24(A). .................................. 5

         1.   Syngenta Has A "Significantly Protectable" Interest In
            The Transactions That Are The Subject Matter Of This
            Action.......................................................................................... 6

         2.   Syngenta Must Be A Party To This Action In Order To
            Protect These Interests ............................................................... 10

         3.   Syngenta's Application Is Timely ............................................. 10

         4.   Syngenta's Interests Are Not Adequately Represented
            By The Parties Presently Before The Court................................ 11

     B.    SYNGENTA SHOULD BE PERMITTED TO
         INTERVENE PERMISSIVELY ON THE MERITS OF
         PLAINTIFFS' NEPA CLAIMS ..................................................... 12

     C.    IN THE ALTERNATIVE, SYNGENTA SHOULD BE
         ALLOWED TO INTERVENE PERMISSIVELY ON ALL
         OF PLAINTIFFS' CLAIMS........................................................... 14

V.    CONCLUSION......................................................................................................... 14

## TABLE OF AUTHORITIES

**CASES** ............................................................................................... **PAGE(S)**

*Arakaki v. Cayetano,*
    324 F.3d 1078 (9th Cir. 2003) ...................................................................... 7

*Beckman Indus., Inc. v. Int'l Ins. Co.*
    966 F.2d 470 (9th Cir. 1992) ................................................................. 5, 13

*Cactus Corner v. USDA*
    346 F.Supp.2d 1075 (E.D. Cal. 2004) ......................................................... 7

*County of Orange v. Air California*
    799 F.2d 535 (9th Cir. 1986) ....................................................................... 6

*Didrickson v. DOI,*
    796 F. Supp. 1281 (D. Alaska 1991) ......................................................... 14

*Didrickson v. DOI,*
    982 F.2d 1332 (9th Cir. 1992) ................................................................... 14

*Donnelly v. Glickman*
    159 F.3d 405 (9th Cir. 1998) ............................................................... 4,7,13

*Forest Conservation Council v. U.S. Forest Serv.*
    66 F.3d 1489 (9th Cir. 1995) ............................................................... 4,7,11

*Greene v. Babbitt*
    64 F.3d 1266 (9th Cir. 1995) ....................................................................... 7

*Greene v. United States*
    996 F.2d 973 (9th Cir. 1993) ....................................................................... 7

*Kootenai Tribe of Idaho v. Veneman*
    313 F.3d 1094 (9th Cir. 1998) ............................................................. passim

*Nat'l Parks & Conservation Ass'n v. Babbitt*
    241 F.3d 722 (9th Cir. 2001) ....................................................................... 9

*Natural Res. Def. Council v. EPA*
    99 F.R.D. 607(D.D.C. 1983) ....................................................................... 9

*Nat. Res. Def. Council v. Gutierrez*

2007 LEXIS 40895, **24, 27 (N.D. Cal. May 22, 2007) ........................................................ 10

*Nw. Forest Res. Council v. Glickman*
    82 F.3d 825 (9th Cir. 1996) ............................................................................................. 4, 14

*Sierra Club v. EPA*
    995 F.2d 1478 (9th Cir. 1993) .................................................................................................... 8

*Sierra Club v. Espy*
    18 F.3d 1202 (5th Cir. 1994) ................................................................................................ 8, 12

*Sw. Ctr. for Biological Diversity v. Berg*
    268 F.3d 810 (9th Cir. 2001) ...........................................................................................…passim

*Trbovich v. United Mine Workers*
    404 U.S. 528 (1972) .......................................................................................................... 4,11,12

*United States v. Alisal Water Corp.*
    370 F.3d 915 (9th Cir. 2004) ..................................................................................................... 7

*United States v. City of Los Angeles*
    288 F.3d 391 (9th Cir. 2002) ..................................................................................................... 6

*United States v. Stringfellow*
    783 F.2d 821 (9th Cir. 1986) ..................................................................................................... 6

*Wetlands Action Network v. U.S. Army Corps of Eng'rs*
    222 F.3d 1105 (9th Cir. 2000) ................................................................................................... 5

**STATUTES**
    7 U.S.C. § 7711, *et seq.* .......................................................................................................... 2


**REGULATIONS**

    Fed. R. Civ. P. 24(a) ...................................................................................................... passim

    Fed. R. Civ. P. 24(a)(2) ................................................................................................. passim

    Fed. R. Civ. P. 24(b) ...................................................................................................... passim

    Fed. R. Civ. P. 24(b)(2) ................................................................................................. passim

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The outcome of this litigation will significantly affect the ability of proposed Defendant-Intervenor SYNGENTA SEEDS, INC. ("Syngenta") to protect its intellectual property rights related to and economic interest in the development, cultivation, and distribution of ROUNDUP READY ("RR") Sugar Beet seeds.  Syngenta has spent over a decade perfecting the technology required for the creation, development and cultivation of RR Sugar Beets.  Moreover, in reliance upon the decision of the United States Department of Agriculture ("USDA") and the Animal and Plant Health Inspection Service ("APHIS") (collectively, "The Agency") to deregulate the RR Sugar Beets at issue, Syngenta has invested considerable resources in identifying and developing markets for RR Sugar Beets, entering into orders to supply RR Sugar Beets seeds for those markets and producing and conditioning the necessary RR Sugar Beet seeds for cultivation.  Syngenta seeks to intervene under Federal Rule of Civil Procedure ("FRCP") 24(a)(2) and FRCP 24(b)(2) as Defendant in the instant litigation brought by the CENTER FOR FOOD SAFETY, *et al.* (collectively, "Plaintiffs") challenging The Agency's decision to deregulate Event H7-1 RR Sugar Beets.

### II.  BACKGROUND

As the Court is aware, this case involves a dispute concerning RR Sugar Beets, which are genetically modified to be tolerant to glyphosate, the active ingredient in Monsanto's Roundup herbicide.  Complaint, ¶1.  According to APHIS, Event H7-1 was engineered to be glyphosate-tolerant by inserting a gene into the sugar beet genome that was derived from a common soil organism *Agrobacterium sp.* Strain CP4.  This gene is introduced into the sugar beets via

*Agrobacterium*-mediated transformation. *Id*. at ¶42. Because APHIS, under the Plant Protection Act ("PPA"), 7 U.S.C. § 7711, *et seq.*, lists *Agrobacterium* as a "plant pest", Event H7-1 RR Sugar Beets qualified as a "regulated article" and could not be introduced into the environment without a permit. *Id*. at ¶43.

Over three years ago, on March 17, 2005, APHIS determined that Event H7-1 RR Sugar Beets no longer qualified as a regulated article and deregulated them. *Id*. at ¶49. In conjunction with that decision, APHIS prepared an Environmental Assessment ("EA"), as required under the National Environmental Policy Act ("NEPA"), finding that there would be no significant environmental impact as a result of its decision. *Id*. at ¶¶47 and 49. Plaintiffs take issue with APHIS's decision under the PPA and the adequacy of its EA. *Id*. at ¶¶67 – 69.

Syngenta AG is a world-leading agribusiness committed to sustainable agriculture through innovative research and technology. Spadin Decl., ¶4. The company ranks third in the worldwide commercial seeds market. *Id.* Syngenta Seeds, Inc. is a secondary subsidiary of Syngenta AG. *Id*. at ¶5. Based in Minnesota, Syngenta's business covers all aspects of seed production and marketing, from research and development to sales and distribution. *Id.* Syngenta's products are available worldwide. *Id.*

Syngenta also controls certain intellectual property, know-how, and technology relating to the transformation and regeneration of plants referred to as the Barton-Chilton process. *Id*. at ¶11. This process covers the method of insertion of genes into dicot plants, including insertion of the gene that imparts tolerance to glyphosate into Sugar Beets. *Id.* (Dicots are one of the two main groups of flowering plants.). *See, e.g.*, http://www.ucmp.berkeley.edu/glossary/gloss8/monocotdicot.html. Syngenta's Barton-Chilton transformation technology was used to

develop Event H7-1. *Id.* The other two primary producers of RR Sugar Beets seeds also use Sugar Beet seeds that contain Event H7-1 which was transformed using the Barton-Chilton process. *Id.* at ¶12.

The first commercial planting of RR sugar beets containing Event H7-1 occurred in 2006. *Id.* at ¶15  Approximately 50% of the sugar beet seeds produced during 2008 will be RR Sugar Beet seeds.  Spadin Decl., ¶16.  RR Sugar Beet technology is in high demand from sugar beet growers and processors because it will significantly decrease their costs.  *Id.* at ¶17.  This is especially important in today's market, as these growers and producers are under increasing financial strain and competition given the rising prices of corn and wheat. *Id.*

Sugar Beet seeds take two full years to produce from initial planting and germination to harvesting and conditioning for commercial planting by growers for beet production.  *Id.* at ¶13. At the beginning of the first year (in August), seeds are planted and germinated under longstanding comprehensive seed stewardship practices designed to maintain seed purity.  *Id.* at ¶14.  By the middle of the second year, these plants produce seeds, which are ready, after processing, treating and coating, to be planted by sugar beet growers at the beginning of the third year.  *Id.*  Thus, the commercial seeds to be planted by growers in spring 2008 were initially planted and germinated for seed production in summer 2006, *Id.*, and those to be planted by growers in spring 2009 were initially planted and germinated for seed production in summer 2007. *Id.*  Syngenta has invested the three years since APHIS's decision to deregulate RR Sugar Beets identifying and developing markets for RR Sugar Beets, entering into orders to supply RR Sugar Beets seeds for those markets and producing and conditioning the necessary RR Sugar Beet seeds for cultivation.  *Id.* at ¶18.

The RR Sugar Beet seeds sold by Syngenta in 2008 are expected to sell for an approximately five to ten percent premium over conventional sugar beet seeds. *Id.* at ¶19. In addition, purchasers of RR Sugar Beet seeds will pay a technology fee approximately equal to the price of the seed. *Id.* at ¶20. The owner of the technology (in this case, Monsanto) rebates a portion of the fee to the seed company. *Id.* Should Plaintiff succeed in obtaining the preliminary and permanent injunctive relief it seeks, Syngenta will be deprived of its income from the sale of RR Sugar Beets seeds and from its share of the technology fee. Moreover, the value of Syngenta's intellectual property rights would be diminished until such an injunction were lifted.

### III. SUMMARY OF ARGUMENT

Syngenta moves under FRCP 24(a)(2) to intervene as of right on all of Plaintiffs' claims except the merits of their NEPA claims. Syngenta satisfies the four-part test for intervention of right. *Donnelly v. Glickman.* 159 F.3d 405, 409 (9th Cir. 1998). First, Syngenta's intellectual property and contract rights in RR Sugar Beets – the product at issue in this matter – constitute "significantly protectable interest[s]." *See id.; Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir. 1995) (hereinafter "*FCC*"). Second, disposition of this matter may impair or impede Syngenta's ability to protect these interests, as Plaintiffs seek to prevent the commercial distribution and planting of RR Sugar Beets. *See Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 822 (9th Cir. 2001). Third, Syngenta's motion is timely in all respects. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996). Finally, Syngenta's interests will not be adequately represented by the Agency. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). In the alternative, Syngenta seeks permissive intervention under FRCP 24(b)(2) on these claims because 1) its defense shares a common

question of law or fact with the main action; 2) its motion is timely; and 3) the court has an

independent basis for jurisdiction over the applicant's claims. *See Beckman Indus., Inc. v. Int'l*

*Ins. Co.,* 966 F.2d 470, 473 (9th Cir. 1992).

In conformance with Ninth Circuit precedent that a third party may not intervene as a

matter of right in the merits portion of a NEPA claim, *see Kootenai Tribe of Idaho v. Veneman*,

313 F.3d 1094, 1108 (9th Cir. 1998), Syngenta seeks permissive intervention under FRCP

24(b)(2) on the merits portion of Plaintiffs' NEPA claims. Such intervention is appropriate

under precedent such as *Kootenai. Id.* at 1111.

## IV. ARGUMENT

### A. SYNGENTA IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO FRCP 24(A).

Syngenta is entitled to intervene as a matter of right under FRCP 24(a)(2) to protect its

interests with regard to the claims asserted by the Plaintiffs under the PPA, Administrative

Procedure Act ("APA"), 5 U.S.C. § 702, et seq. and the remedy portion of Plaintiffs' NEPA

claims, "upon timely application" if it "claims an interest relating to the property or transaction

which is the subject of the action," "is so situated that the disposition of the action may as a

practical matter impair or impede the applicant's ability to protect that interest," and that interest

is not "adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2); *see also Wetlands*

*Action Network v. U.S. Army Corps of Eng'rs,* 222 F.3d 1105, 1114 (9th Cir. 2000) (private

parties may intervene of right in the remedial phase of NEPA actions, provided the applicants

otherwise meet the requirements of FRCP 24(a)(2)).[1]

---

[1] In *Kootenai*, 313 F.3d at 1108, the Ninth Circuit limited intervention as of right for third parties

In the Ninth Circuit, this test requires a showing by the proposed intervenor that:

> (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Glickman*, 159 F.3d at 409; *County of Orange v. Air California et al.*, 799 F.2d 535, 537 (9th Cir. 1986). In considering a motion to intervene, the district court must accept as true all nonconclusory allegations in the motion, the proposed answer in intervention, and declarations supporting the motion, "absent sham, frivolity or other objections." *Berg*, 268 F.3d at 819. The Ninth Circuit construes FRCP 24(a) "liberally in favor of potential intervenors." *Id.* at 818; *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002). "In addition to mandating broad construction, [the court's] review is 'guided primarily by practical considerations,' not technical distinctions." *Berg,* 268 F.3d at 818, *quoting, United States v. Stringfellow,* 783 F.2d 821, 826 (9th Cir. 1986), *vacated on other grounds sub. nom.* Syngenta meets these requirements and should be allowed to intervene as a matter of right.

**1.  Syngenta Has A "Significantly Protectable" Interest In The Transactions That Are The Subject Matter Of This Action.**

A proposed intervenor must show that it has a "significant protectable interest" relating to the property or transaction that is the subject of the action. *FCC,* 66 F.3d at 1493. "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law and (2) there is a 'relationship' between its legally protected interest and the

in the non-remedial stage of NEPA actions. Syngenta therefore requests permissive intervention

plaintiff's claims." *Donnelly*, 159 F.3d at 409; *City of Los Angeles,* 288 F.3d at 398.  This

"practical threshold inquiry … is primarily a practical guide to disposing of lawsuits by

involving as many apparently concerned persons as is compatible with efficiency and due

process." *City of Los Angeles,* 288 F.3d at 398.  Importantly, "[a]n applicant demonstrates a

'significant protectable interest' when 'the injunctive relief sought by the plaintiffs will have

direct, immediate, and harmful effects upon a third party's legally protectable interests.'"  *Berg,*

268 F.3d at 818, *quoting, FCC,* 66 F.3d at 1494.  Syngenta's substantial, legally protectable

interests in the property and transaction that are the subjects of this suit – which would be

directly and immediately harmed by the injunctive relief sought by Plaintiffs – easily satisfy this

standard.

　　　　"Contract rights are traditionally protectable interests."  *Berg,* 268 F.3d at 820; *FCC,* 66

F.3d at 1494-95 (parties possessing contracts and other legally cognizable interests granted

intervention of right).  *See also Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)

(intervention of right granted based on "legally protectable property interests in existing timber

contracts"); *Cactus Corner v. USDA,* 346 F.Supp.2d 1075, 1079 (E.D. Cal. 2004) (corporations

intervened of right as defendants in challenge to the validity of rulemaking by the USDA

pursuant to the PPA).  In addition to protectable contractual rights, the Ninth Circuit "ha[s] held

that a non-speculative, economic interest may be sufficient to support a right of intervention."

*United States v. Alisal Water Corp*., 370 F.3d 915, 919 (9th Cir. 2004), *citing, Arakaki v.*

*Cayetano,* 324 F.3d 1078, 1088 (9th Cir. 2003) (in a lawsuit by taxpayers challenging the

provisions of benefits by the State of Hawaii, Native Hawaiians had a protectable interest in the

_____

under FRCP 24(b)(2) with regard to the merits of Plaintiffs' NEPA claims, as discussed below.
_____

continued receipt of benefits).  "To trigger a right to intervene. . . an economic interest must be

concrete and related to the underlying subject matter of the action." *Id.*  Intellectual property

rights, and substantial, non-speculative economic interests therefore constitute "significant

protectable interests."  *See*, *e.g.*, *Nat. Res. Def. Council v. Gutierrez,* 2007 LEXIS 40895, **24,

27 (N.D. Cal. May 22, 2007) (finding that Association comprised of seafood distributors, retail

sellers of fishing supplies and seafood retailers, among others, had a significant protectable

interest in the subject of the action, where plaintiff was "likely to continue to seek new

regulations restricting fishing of Pacific groundfish… [and] the Associations members [we]re

bound by the regulations at issue in th[e] lawsuit.); *Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th

Cir. 1993) (intervention appropriate where suit would "affect the use of real property owned by

the intervenor by requiring the defendant to change the terms of permits it issue[d] to the would-

be intervenor[.]").

      As described above, Syngenta has significant intellectual property and economic interests

that are directly related to the property and transactions that are the subject of this case.

Syngenta owns the intellectual property rights in the transformation technology through which

RR Sugar Beets Event H7-1 was created and has entered into licensing agreements with other

seed company producers of RR Sugar Beet seeds for rights under Syngenta's patented

technology.  Syngenta has invested considerable resources in developing this technology and in

obtaining legal protection for it under patent laws.  These rights and investments will be affected

should Plaintiffs obtain the relief they seek, particularly were this Court to vacate APHIS'

determination of nonregulated status of RR Sugar Beets.[2]  Syngenta has a strong interest in maintaining the continued validity of this determination.  *See, e.g., Natural Res. Def. Council v. EPA,* 99 F.R.D. 607, 609 (D.D.C. 1983) ("If plaintiffs succeed in this case, these regulatory decisions, which are obviously in the intervenors' interest, will be set aside. Thus, the intervenors can be said to have a substantial and direct interest in the subject of this litigation.").

Further, Syngenta has identified and developed markets for RR Sugar Beet seeds and entered into orders to supply seeds for those markets.  Since 2006, Syngenta has also invested considerable sums of money, both in terms of time and direct outlays, in developing, producing and conditioning RR Sugar Beet seeds.  The relief Plaintiffs seek would cause Syngenta to suffer a monetary loss, both in terms of resources expended, and by denying Syngenta the non-speculative profits in RR Sugar Beet seed sales and its share of the associated technology fees for 2008 and 2009.

It is well established that regulatory approvals or assurances of this nature, as well as economic interests stemming from them, constitute "significantly protectable interests" for purposes of  FRCP 24(a)(2).  *See, e.g.*, *Berg*, 268 F.3d at 818-20 (contractors who had developed land in reliance on the take authority in a city's incidental take permit under the Endangered Species Act were current third-party beneficiaries of assurances under a challenged agreement and whose interests could be affected if the agreement were invalidated, were granted intervention of right); *Nat'l Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722, 730-31 (9th Cir. 2001) (cruise ship operators granted intervention as of right in NEPA suit challenging

---

[2] The intellectual property rights may not be permanently lost, but, at a minimum, their value will be temporarily diminished.

Agency plan authorizing an increase in the number of ships to enter Glacier Bay); *Sierra Club*, 995 F.2d at 1483 (intervention appropriate because "the lawsuit would affect the use of real property owned by the intervenor by requiring the defendant to change the terms of permits it issues to the would-be intervenor, which permits regulate the use of that real property.").

Given its intellectual property and economic rights and its relationship to the litigation at issue, Syngenta satisfies the "significant protectable interest" test.

### 2. Syngenta Must Be A Party To This Action In Order To Protect These Interests

FRCP 24(a) requires that an applicant be "so situated that the disposition of the action *may* as a practical matter impair or impede the applicant's ability to protect that interest[.]" Fed. R. Civ. P. 24(a)(2) (emphasis added). Because Rule 24 "refers to impairment 'as a practical matter' . . . the court is not limited to consequences of a strictly legal nature." *FCC*, 66 F.3d at 1498 (quotations omitted). "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg,* 268 F.3d at 822 (citing advisory committee note to Fed. R. Civ. P. 24).

Plaintiffs' attempt to prevent the distribution and planting of RR Sugar Beets on a commercial scale throughout the United States poses a direct and fundamental threat to Syngenta's interests as outlined above. Disposition of this matter in Plaintiffs' favor would impair – and effectively deny – Syngenta's ability to protect those interests.

### 3. Syngenta's Application Is Timely.

"[I]n determining whether a motion to intervene is timely [the Court considers]: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Glickman*, 82 F.3d at 836. Each of these factors weighs in favor

---

CASE NO. 3:08-cv-00484-JSW
**NOTICE OF MOTION & MOTION TO INTERVENE;**
**MEMORANDUM IN SUPPORT THEREOF**

-10-

of the Court finding that Syngenta's application is timely.

Here, Syngenta's intervention is being filed at the outset of the case. There are no court briefing or scheduling orders in place at this time. Syngenta has lodged its Answer with the Court and is prepared to file it upon the Court's granting of this motion. Syngenta is also prepared to abide by the Court's briefing and procedural scheduling orders when issued. *See Kootenai*, 313 F.3d at 1111 n.10 ("Because the intervention motions were filed near the case outset and the defendant-intervenors said they could abide the court's briefing and procedural scheduling orders, there was no issue whatsoever of undue delay."). Syngenta's intervention will not prejudice the existing parties in any way, and Syngenta did not delay in moving to intervene. Thus, this motion is timely.

### 4. Syngenta's Interests Are Not Adequately Represented By The Parties Presently Before The Court.

The Supreme Court has established a fairly low standard for a showing of "inadequate representation." *FCC*, 66 F.3d at 1498 (citing, *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."). In determining the adequacy of representation, the court must "consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Id.* at 1498-99.

Syngenta's interests in this litigation do not coincide entirely with those interests of the Agency. The Agency will not necessarily make the arguments necessary to protect Syngenta's

interests.  In suits such as this involving challenges to agency action, the courts consistently have held that the government does not adequately represent the narrower economic and other interests of private parties affected by the challenged action.  *Id.* at 1499; *see*, *e.g.*, *Berg*, 268 F.3d at 823-24; *Espy*, 18 F.3d at 1208.  It cannot be said that the Agency will "undoubtedly make all of . . . [Syngenta's] arguments," *see FCC*, 66 F.3d at 1498-99, in favor of ensuring that commercial production, sale, and cultivation of RR Sugar Beet seeds can continue.

Finally, as the owner of the transformation technology used to create Event H7-1 RR Sugar Beet seeds and one of three primary developers and producers of such seeds, Syngenta has unique factual expertise and information that will assist this court in determining the outcome of this lawsuit.  These are also "necessary elements" that will not be adequately addressed absent Syngenta's intervention.  Thus, there is more than "'sufficient doubt about the adequacy of representation to warrant intervention.'"  *Berg*, 268 F.3d at 824, *quoting, Trbovich,* 404 U.S. at 538; *see also Kootenai*, 313 F.3d at 1111 (where the impacts of the case were large and varied, the presence of intervenors assisted the court with the orderly resolution of the case).

## B.  SYNGENTA SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY ON THE MERITS OF PLAINTIFFS' NEPA CLAIMS

The Ninth Circuit has held that third parties are not entitled to intervention as of right on the merits of NEPA claims.  *Kootenai*, 313 F.3d at 1108.  District courts, however, may grant timely applicants permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P.  24(b)(2) (allowing for permissive intervention "when an applicant's claim or defense and [that raised in] the main action have a question of law or fact in common."); *see also Kootenai*, 313 F.3d at 1111 (the Ninth Circuit upheld the District Court's ruling allowing the permissive intervention of environmental groups on the merits of NEPA claims.).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Permissive intervention should be allowed under FRCP 24(b)(2) as long as the applicant seeking intervention establishes that: "1) it shares a common question of law or fact with the main action; 2) its motion is timely; and 3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 411-12; *see Beckman*, 966 F.2d at 473.

Under this standard, neither the inadequacy of representation nor a direct interest in the subject matter of the action need be shown. *Kootenai*, 313 F.3d at 1108. Once the party seeking to intervene has demonstrated a common question of law or fact, it is within the discretion of the court to allow intervention. *Id.* at 1110. Where parties share similar interests in the outcome of the litigation, a district court may grant intervention where the court believes the party seeking intervention will assist in the resolution of the case. In *Kootenai*, the Ninth Circuit held that the District Court's recognition that "the presence of intervenors would assist the court in its orderly procedures leading to the resolution of the case, which impacted large and varied interests" was within the District Court's discretion. *Id.* at 1111.

Syngenta meets all of the requirements for permissive intervention in the Plaintiffs' NEPA claim under this rule. As discussed above, this motion is timely and Syngenta's intervention will not delay the resolution of the case, or unfairly prejudice the existing parties. *See Glickman,* 82 F.3d at 836. Syngenta's defenses in this action will raise questions of law and fact that are in common with those already raised, and will undoubtedly contribute to the equitable resolution of the case. *See Kootenai*, 313 F.3d at 1111. In addition, because the action involves a federal question, and because Syngenta's interests derive from the federal question presented, the Court has an independent basis for jurisdiction in this matter. *See, e.g,*.

1   *Didrickson v. DOI*, 796 F. Supp. 1281, 1283 n.4 (D. Alaska 1991) (environmental groups

2   permitted to intervene as defendants in support of Agency regulation), *aff'd*, *Didrickson v. DOI*,

3   982 F.2d 1332, 1339 (9th Cir. 1992) ("Not only the Government or one in an analogous position

4   ... may defend Government regulations.").

5

6

7   **C.  IN THE ALTERNATIVE, SYNGENTA SHOULD BE ALLOWED TO
        INTERVENE PERMISSIVELY ON ALL OF PLAINTIFFS' CLAIMS**

8

9         If the Court finds that Syngenta does not meet the requirements for intervention as of

10  right in the PPA and non-merits phase of Plaintiffs' NEPA claims, Syngenta requests that the

11  Court grant it permissive intervention on all Plaintiffs' claims pursuant to FRCP 24(b)(2).  First,

12  as discussed above, there is no question that this motion is timely.  *See Glickman,* 82 F.3d at 836.

13  Second, Syngenta's defenses on all of Plaintiffs' claims will raise questions of law and fact that

14  are common with those already raised.  *See Kootenai*, 313 F.3d at 1111.  Syngenta has a

15  significant interest in, and knowledge of, the deregulation of RR Sugar Beets and can ably brief

16  the Court on questions of law and fact which will aid it in the resolution of this case.  *Id.*

17  Syngenta does not intend to raise new or collateral issues not already raised in the complaint.

18  Third, this court has jurisdiction because this action involves a federal question and because

19  Syngenta's interests derive from the federal questions presented.  *Didrickson*, 796 F. Supp. at

20  1283.

21

22        **V.  CONCLUSION**

23        For the reasons stated above, Syngenta respectfully requests that the Court grant its

24  motion to intervene of right pursuant to FRCP 24(a)(2) with regard to Plaintiffs' claims under the

25  APA, PPA, and on the remedy phase of the claims raised under NEPA.  In addition, Syngenta

26

27

28

1  respectfully requests that the Court grant permissive intervention pursuant to FRCP 24(b)(2) to

2  address the merits of Plaintiffs' NEPA claims.  In the alternative, Syngenta respectfully requests

3  that the Court grant Syngenta permissive intervention on all Plaintiffs' claims pursuant to FRCP

4  24(b)(2).

5

6

7

8                                         Respectfully submitted,

9  Dated:  April 17, 2008

10                                    /s/  Lowell M. Rothschild

11                                    LOWELL M. ROTHSCHILD
                                      VENABLE LLP
12                                    575 7th Street N.W.
                                      Washington, D.C. 20004-1601
13                                    Phone: 202.344.4065; Fax: 202.344.8300
                                      lmrothschild@venable.com
14

15                                    TIMOTHY J. GORRY
                                      CHRISTOPHER T. WILLIAMS
16                                    VENABLE LLP
                                      2049 Century Park East, Suite 2100
17                                    Los Angeles, CA 90067
                                      Telephone:310.229.9922; Facsimile: 310.229.9901
18                                    tjgorry@venable.com

19                                    NANCY BRYSON (Pro Hac Vice Motion Pending)
20                                    THE BRYSON GROUP, PLLC
                                      575 7th Street N.W.
21                                    Washington, D.C. 20004-1601
                                      Telephone: 202.344.4731; Facsimile: 202.344.4028
22                                    nbryson@agfoodlaw.com

23

24

25

26

27
   CASE NO. 3:08-cv-00484-JSW
28 NOTICE OF MOTION & MOTION TO INTERVENE;
   MEMORANDUM IN SUPPORT THEREOF

                                        -15-

1   LOWELL M. ROTHSCHILD (DC Bar No. 476826)
    VENABLE LLP
2   575 7th Street NW
    Washington, D.C. 20004-1601
3   Telephone: 202.344.4065; Facsimile: 202.344.8300
    lmrothschild@venable.com
4

5   TIMOTHY J. GORRY  (CA SBN 143797)
    CHRISTOPHER T. WILLIAMS  (CA SBN 171907)
6   VENABLE LLP
    2049 Century Park East, Suite 2100
7   Los Angeles, CA 90067
    Telephone:310.229.9900; Facsimile: 310.229.9901
8   tjgorry@venable.com

9
    NANCY BRYSON (Pro Hac Vice Motion Pending)
10  THE BRYSON GROUP, PLLC
    575 7th Street NW
11  Washington, D.C. 20004-1601
    Telephone: 202.344.4731; Facsimile: 202.344.4028
12  nbryson@agfoodlaw.com

13
                    UNITED STATES DISTRICT COURT
14            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
15  _____

16  CENTER FOR FOOD SAFETY, ORGANIC          )
    SEED ALLIANCE, SIERRA CLUB, and HIGH     )   Case No: 3:08-cv-00484-JSW
17  MOWING ORGANIC SEEDS,                    )
                                             )
18              Plaintiffs,                  )   **[PROPOSED] ORDER GRANTING**
                                             )   **DEFENDANT-INTERVENOR**
19         v.                                )   **SYNGENTA SEEDS, INC.'S MOTION**
                                             )   **TO INTERVENE**
20  CHARLES CONNOR, in his official capacity as )
    Acting Secretary of the United States Department )
21  of Agriculture; and CINDY SMITH, in her official )
    capacity as Administrator of the Animal and Plant )   Judge: Hon. Jeffrey S. White
22  Health Inspection Service,               )
                                             )
23              Defendants,                  )
                                             )
24         and                               )
                                             )
25  SYNGENTA SEEDS, INC.,                    )
                                             )
26              Proposed Defendant-Intervenor. )
    _____
27

28  **Case No: 3:08-cv-00484-JSW**
    **[PROPOSED] ORDER GRANTING**
    **MOTION TO INTERVENE**

1    The Motion for Leave to Intervene (the "Motion") filed by proposed Defendant-

2   Intervenor SYNGENTA SEEDS, INC. ("Syngenta") came on for hearing on June 6, 2008 at 9:00

3   a.m. before this Court, the Honorable Jeffrey White, presiding.  After full consideration of the

4   Motion, including the supporting Memorandum of Points and Authorities and Declaration of

5   Patrick Spadin, any opposition thereto, and the arguments offered by each party, the Court finds

6   that Syngenta has shown that, pursuant to the Federal Rules of Civil Procedure, Syngenta may

7   intervene as a defendant in this matter.

8    Accordingly, IT IS HEREBY ORDERED THAT  DEFENDANT-INTERVENOR

9   SYNGENTA'S MOTION FOR LEAVE TO INTERVENE IS GRANTED.

10

11  Dated: _____    By:_____

12                                     Honorable Judge Jeffery S. White
                                       United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28