LOWELL M. ROTHSCHILD (DC Bar No. 476826)
VENABLE LLP
575 7th Street NW
Washington, D.C. 20004-1601
Telephone: 202.344.4065; Facsimile: 202.344.8300
lmrothschild@venable.com

TIMOTHY J. GORRY  (CA SBN 143797)
CHRISTOPHER T. WILLIAMS  (CA SBN 171907)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:310.229.9900; Facsimile: 310.229.9901
tjgorry@venable.com

NANCY BRYSON (Pro Hac Vice Motion Pending)
THE BRYSON GROUP, PLLC
575 7th Street NW
Washington, D.C. 20004-1601
Telephone: 202.344.4731; Facsimile: 202.344.4028
nbryson@agfoodlaw.com

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR FOOD SAFETY, ORGANIC SEED ALLIANCE, SIERRA CLUB, and HIGH MOWING ORGANIC SEEDS, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES CONNOR, in his official capacity as Acting Secretary of the United States Department of Agriculture; and CINDY SMITH, in her official capacity as Administrator of the Animal and Plant Health Inspection Service, <br><br> Defendants, <br> and <br><br> SYNGENTA SEEDS, INC., <br><br> Proposed Defendant-Intervenor. | Case No: 3:08-cv-00484-JSW <br><br> **DEFENDANT-INTERVENOR SYNGENTA SEEDS, INC.'S ANSWER TO COMPLAINT** <br><br> **LODGED PENDING DISPOSITION OF MOTION TO INTEREVENE** <br><br> Judge: Hon. Jeffrey S. White |

**DEFENDANT-INTERVENOR SYNGENTA'S
ANSWER TO COMPLAINT**

COMES NOW Intervenor SYNGENTA SEEDS, INC. ("Syngenta" or "Intervenor"), by and through its undersigned counsel, Venable LLP and The Bryson Group, PLLC, and respectfully files the following Answer.

## INTRODUCTION

1. With regard to Paragraph 1 of the Complaint, Intervenor states that the Complaint speaks for itself as to the nature of this action and that therefore the allegations contained in the first sentence of the Complaint are neither admitted nor denied. Intervenor denies all other allegations contained in this paragraph of the Complaint.

2. With regard to Paragraph 2 of the Complaint, Intervenor admits that the impacts associated with growing genetically engineered ("GE") ROUNDUP READY ("RR") crops are well documented. Intervenor denies all other allegations contained in this paragraph of the Complaint.

3. With regard to Paragraph 3 of the Complaint, the "scientific studies" referred to in the first sentence of this paragraph, to the extent they can be identified based on the allegations contained therein, would speak for themselves and therefore would be neither admitted nor denied. Intervenor states that, as to the allegations regarding Roundup's toxicity, Roundup is a pesticide registered with the United States and that registration speaks for itself. Intervenor denies the remaining allegations in this paragraph.

4. With regard to Paragraph 4 of the Complaint, Intervenor denies the allegations contained in this paragraph.

5. With regard to Paragraph 5 of the Complaint, Intervenor states that the Complaint speaks for itself as to the nature of this action and the relief sought therein and that therefore the allegations contained in this paragraph are neither admitted nor denied.

## JURISDICTION AND VENUE

6. With regard to Paragraph 6 of the Complaint, Intervenor states that the allegations are legal conclusions that require no answer.

7. With regard to Paragraph 7 of the Complaint, Intervenor states that the allegations are legal conclusions that require no answer.

## INTRADISTRICT ASSIGNMENT

8. With regard to Paragraph 8 of the Complaint, Intervenor states that the allegations are legal conclusions that require no answer.

## PARTIES

9. With regard to Paragraph 9 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

10. With regard to Paragraph 10 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

11. With regard to Paragraph 11 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

12. With regard to Paragraph 12 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

13. With regard to Paragraph 13 of the Complaint, Intervenor denies that the interests of Center for Food Safety ("CFS") and its members are being or will be adversely affected by the

United States Department of Agriculture's ("USDA") actions complained of in the Complaint. Intervenor denies that CFS members are, or will be, injured by the spread of GE food. Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding CFS' members growth of, ingestion of, or desire for, organic seed crops or foods and therefore denies these allegations. Intervenor denies the remaining allegations in this paragraph.

14. With regard to Paragraph 14 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the concerns of CFS's members and therefore denies these allegations. Intervenor denies the remaining allegations in this paragraph.

15. With regard to Paragraph 15 of the Complaint, Intervenor denies the allegations contained in this paragraph.

16. With regard to Paragraph 16 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

17. With regard to Paragraph 17 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the concerns of Organic Seed Alliance ("OSA") or its primary mission and therefore denies these allegations. Intervenor denies the remaining allegations in this paragraph.

18. With regard to Paragraph 18 of the Complaint, Intervenor denies the allegations contained in this paragraph.

19. With regard to Paragraph 19 of the Complaint, Intervenor states that the Complaint speaks for itself as to the nature of this action and that therefore the allegations contained in the first sentence of the Complaint are neither admitted nor denied. Intervenor denies that Sierra Club or its members are being or will be adversely affected by USDA's actions complained of in the Complaint. Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

20. With regard to Paragraph 20 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

21. With regard to Paragraph 21 of the Complaint, Intervenor denies that Sierra Club's members are being or will be injured by the spread of RR sugar beets. Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

22. With regard to Paragraph 22 of the Complaint, Intervenor denies the allegations contained in this paragraph.

23. With regard to Paragraph 23 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

24. With regard to Paragraph 24 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

25. With regard to Paragraph 25 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the distribution of table beets and chard by High Mowing Organic Seeds and therefore denies these allegations. Intervenor denies the remaining allegations in this paragraph.

26. With regard to Paragraph 26 of the Complaint, Intervenor denies that Charles F. Conner is currently Acting Secretary of USDA and states that Ed Schafer is currently Secretary of USDA.

27. With regard to Paragraph 27 of the Complaint, Intervenor admits that Cindy Smith is the Administrator for the USDA's Animal and Plant Health Inspection Service ("APHIS").

28. With regard to Paragraph 28 of the Complaint, Intervenor states that the Complaint speaks for itself as to the way it refers to defendants Conner and Smith and that therefore these allegations are neither admitted nor denied.

## STATUTORY BACKGROUND

*The Plant Protection Act*

29. With regard to Paragraph 29 of the Complaint, Intervenor states that the Plant Protection Act ("PPA") and 7 U.S.C. § 7711(a) speak for themselves as to their contents and requirements and that therefore these allegations are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

30. With regard to Paragraph 30 of the Complaint, Intervenor states that the PPA and 7 C.F.R. §§ 340.0(a)(2), n.1 and 340.2(a) speak for themselves as to their contents and

**DEFENDANT-INTERVENOR SYNGENTA'S**
**ANSWER TO COMPLAINT**

requirements and that therefore these allegations are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

31. With regard to Paragraph 31 of the Complaint, Intervenor states that the PPA and 7 C.F.R. § 340.6 speak for themselves as to their contents and requirements that therefore these allegations are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

32. With regard to Paragraph 32 of the Complaint, Intervenor states that the statutory scheme under the PPA, including APHIS's position regarding its duties within that scheme, speak for themselves and therefore the allegations contained in this paragraph are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

*The National Environmental Policy Act*

33. With regard to Paragraph 33 of the Complaint, Intervenor states that the National Environmental Policy Act ("NEPA"), 40 C.F.R. § 1500.1(a) and 42 U.S.C. § 4331(a)(4) speak for themselves as to their content and requirements and therefore the allegations contained in this paragraph are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

34. With regard to Paragraph 34 of the Complaint, Intervenor states that NEPA and 42 U.S.C. § 4332(2)(c) speak for themselves as to their content and requirements and therefore the allegations contained in this paragraph are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

35. With regard to Paragraph 35 of the Complaint, Intervenor states that NEPA, 40 C.F.R. § 1508.9 and 40 C.F.R. § 1508.27(b)(1) speak for themselves as to their content and

**DEFENDANT-INTERVENOR SYNGENTA'S**
**ANSWER TO COMPLAINT**

requirements and therefore the allegations contained in this paragraph are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

36. With regard to Paragraph 36 of the Complaint, Intervenor states that NEPA, 40 C.F.R. § 1508.27(b)(3) and 40 C.F.R. § 1508.27(b)(4), (5), and (7), speak for themselves as to their content and requirements and therefore the allegations contained in this paragraph are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

37. With regard to Paragraph 37 of the Complaint, Intervenor states that NEPA and 40 C.F.R. § 1508.14 speak for themselves as to their content and requirements and therefore the allegations contained in this paragraph are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

## FACTUAL BACKGROUND

*Background on Sugar Beets*

38. With regard to Paragraph 38 of the Complaint, Intervenor states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

39. With regard to Paragraph 39 of the Complaint, Intervenor admits that sugar beets are grown in temperate climates where the growing season is approximately five months long. Intervenor admits that sugar beets are grown in the states of California, Colorado, Idaho, Michigan, Minnesota, Montana, Nebraska, North Dakota, Oregon, Washington and Wyoming and account for approximately 50% of the refined sugar produced in the United States. Intervenor denies the remaining allegations in this paragraph.

40. With regard to Paragraph 40 of the Complaint, Intervenor admits that there are sugar beets grown in the Imperial Valley of California, where there exists a weed (*Beta Macrocarpa*) that can cross-pollinate with sugar beets but avers that such cross-pollination is unlikely given that sugar beets grown in California do not typically flower. Intervenor denies the remaining allegations in this paragraph.

41. With regard to Paragraph 41 of the Complaint, Intervenor admits that the majority of sugar beet seeds produced in the United States are grown in the Willamette Valley of Oregon. Intervenor admits that most of the sugar beet seed production for the winter of 2007-2008 will be Roundup Ready sugar beets. Intervenor denies the remaining allegations in this paragraph.

*Deregulation of Roundup Ready Sugar Beets*

42. With regard to Paragraph 42 of the Complaint, Intervenor admits that the RR sugar beets at issue in this case (referred to as "Event H7-1") have been engineered to resist the active ingredient in Roundup, glyphosate. As to the portion of this paragraph quoting from the EA, the EA speaks for itself and therefore this portion of the paragraph is nether admitted nor denied. Intervenor denies the remaining allegations in this paragraph

43. With regard to Paragraph 43 of the Complaint, Intervenor states that the PPA and 7 C.F.R. § 340.2(a) speak for themselves as to their contents and requirements and that therefore these allegations are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

44. With regard to Paragraph 44 of the Complaint, Intervenor admits that, in a petition dated November 19, 2003, Monsanto and KWS asked APHIS to deregulate Event H7-1 Roundup Ready sugar beets.

45. With regard to Paragraph 45 of the Complaint, Intervenor admits that APHIS previously granted a petition to deregulate Event GTSB77, which was a different variety of Roundy Ready sugar beet. Intervenor avers that Event GTSB77 sugar beets were never grown commercially for sugar beet production. Intervenor denies the remaining allegations in this paragraph.

46. With regard to Paragraph 46 of the Complaint, Intervenor states that EPA's regulation published at 64 Fed. Reg. 18360 speaks for itself as to its contents and therefore these allegations are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

47. With regard to Paragraph 47 of the Complaint, Intervenor states that APHIS's notice published at 69 Fed. Reg. 61466 speaks for itself as to its contents and therefore these allegations are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

48. With regard to Paragraph 48 of the Complaint, Intervenor admits that the Center for Food Safety and others submitted limited comments on the Environmental Assessment ("EA"). Those comments speak for themselves and therefore the portions of this paragraph summarizing those comments are neither admitted nor denied. Intervenor denies the remaining allegations in this paragraph.

49. With regard to Paragraph 49 of the Complaint, Intervenor states that APHIS's notice published at 70 Fed. Reg. 13007 speaks for itself as to its contents and therefore these allegations are neither admitted nor denied. Alternatively, the allegations present legal conclusions that require no response.

50. With regard to Paragraph 50 of the Complaint, Intervenor states that the EA speaks for itself and therefore the allegations contained in the sentence citing to the EA are neither admitted nor denied. Alternatively, these allegations present legal conclusions that require no response. The remainder of the allegations contained in this paragraph are denied.

51. With regard to Paragraph 51 of the Complaint, the EA speaks for itself as to the alternatives evaluated therein and therefore the allegations in this paragraph citing to the EA are neither admitted nor denied. Alternatively, these allegations present legal conclusions that require no response. The remainder of the allegations contained in this paragraph are denied.

*The Effects of Deregulation*

52. With regard to Paragraph 52 of the Complaint, Intervenor states that the allegations contained therein are denied.

53. With regard to Paragraph 53 of the Complaint, Intervenor states that the allegations contained therein are denied and avers that the cultivation of Roundup Ready sugar beets will minimally increase the use of Roundup, given the relatively small acreage on which sugar beets are planted, compared to other crops and uses for which Roundup is already used.

54. With regard to Paragraph 54 of the Complaint, Intervenor states that, as to the last sentence, the Environmental Assessment speaks for itself and therefore these allegations are neither admitted nor denied. The remaining allegations contained in this paragraph are denied.

55. With regard to Paragraph 55 of the Complaint, Intervenor states that the allegations contained therein are denied.

56. With regard to Paragraph 56 of the Complaint, Intervenor states that the allegations contained therein are denied.

**DEFENDANT-INTERVENOR SYNGENTA'S ANSWER TO COMPLAINT**

57. With regard to Paragraph 57 of the Complaint, Intervenor states that the allegations contained therein are denied.

58. With regard to Paragraph 58 of the Complaint, Intervenor states that the allegations contained therein are denied.

59. With regard to Paragraph 59 of the Complaint, Intervenor states that the allegations contained therein are denied.

60. With regard to Paragraph 60 of the Complaint, Intervenor states that 7 C.F.R. § 205.204 speaks for itself as to its contents and requirements and therefore the allegations contained in this paragraph related to that provision are neither admitted nor denied. Alternatively, these allegations present legal conclusions that require no response. The remainder of the allegations contained in this paragraph are denied.

61. With regard to Paragraph 61 of the Complaint, Intervenor states that, after a reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. The remainder of the allegations and implications contained in this paragraph are denied.

62. With regard to Paragraph 62 of the Complaint, Intervenor admits that USDA's decision to deregulate GE sugar beets will likely result in the adoption by a significant number of U.S. growers of RR sugar beets. Intervenor avers that RR crops that have been deregulated by USDA have become a significant portion of the individual crops grown. As to the allegations in this paragraph citing to the EA, the EA speaks for itself and therefore this allegations are neither admitted nor denied. Alternatively, these allegations present legal conclusions that require no response. Intervenor admits that approximately half of the sugar grown in the US is derived from sugar beets. Intervenor denies the remainder of the allegations contained in this paragraph.

63. With regard to Paragraph 63 of the Complaint, Intervenor states that the allegations contained in this paragraph are denied.

64. With regard to Paragraph 64 of the Complaint, Intervenor states that the statutory and regulatory scheme under which FDA regulates GE foods speaks for itself and that therefore no answer is required regarding the nature of the tests and data review required by FDA. Alternatively, these allegations present legal conclusions that require no response. Intervenor states that FDA complied with the statutory and regulatory scheme in this case. Intervenor denies the remaining allegations in this paragraph.

65. With regard to Paragraph 65 of the Complaint, Intervenor states that, since implementing its regulatory program for genetically engineered products, USDA has not made any findings that its actions on any petition would be significant and therefore has not prepared an EIS for those actions. Intervenor admits that the U.S. District Court for the District of Northern California rejected USDA's use of an EA in conjunction with the deregulation of RR alfalfa. Intervenor admits that USDA is preparing an EIS for the deregulation of RR Bentgrass. Intervenor states that the requirements of NEPA speak for themselves and that therefore the allegations related to those requirements are neither admitted nor denied. Intervenor denies the remaining allegations in this paragraph.

66. With regard to Paragraph 66 of the Complaint, Intervenor states that the allegations present legal conclusions that require no response.

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Violation of the National Environmental Policy Act
and Administrative Procedure Act)**

67. With regard to Paragraph 67 of the Complaint, Intervenor hereby incorporates the responses set forth in the foregoing Paragraphs 1 through 66, inclusive, by reference, as if set forth in their entirety.

68. With regard to Paragraph 68 of the Complaint, Intervenor denies the allegations contained in this paragraph.

69. With regard to Paragraph 69 of the Complaint, Intervenor denies the allegations contained in this paragraph.

70. With regard to Paragraph 70 of the Complaint, Intervenor denies the allegations contained in this paragraph.

71. With regard to Paragraph 71 of the Complaint, Intervenor denies the allegations contained in this paragraph.

72. With regard to Paragraph 72 of the Complaint, Intervenor denies the allegations contained in this paragraph.

WHEREFORE, Intervenor respectfully requests that this Court enter judgment in favor of Defendants and against Plaintiff on the First Cause of Action of the Complaint, together with costs, fees and such other and further relief as this Court shall deem just and proper.

## SECOND CLAIM FOR RELIEF

**(Violation of the National Environmental Policy Act and Administrative Procedure Act)**

73. With regard to Paragraph 73 of the Complaint, Intervenor hereby incorporates the responses set forth in the foregoing Paragraphs 1 through 72, inclusive, by reference, as if set forth in their entirety.

74. With regard to Paragraph 74 of the Complaint, Intervenor states that the allegations present legal conclusions that require no response.

75. With regard to Paragraph 75 of the Complaint, Intervenor denies the allegations contained in this paragraph.

76. With regard to Paragraph 76 of the Complaint, Intervenor denies the allegations contained in this paragraph.

WHEREFORE, Intervenor respectfully requests that this Court enter judgment in favor of Defendants and against Plaintiff on the Second Cause of Action of the Complaint, together with costs, fees and such other and further relief as this Court shall deem just and proper.

## THIRD CLAIM FOR RELIEF

**(Violation of the Plant Protection Act and Administrative Procedure Act)**

77. With regard to Paragraph 77 of the Complaint, Intervenor hereby incorporates the responses set forth in the foregoing Paragraphs 1 through 76, inclusive, by reference, as if set forth in their entirety.

78. With regard to Paragraph 78 of the Complaint, Intervenor states that the findings made by USDA speak for themselves and therefore the allegations in this paragraph are neither admitted nor denied.

79.  With regard to Paragraph 79 of the Complaint, Intervenor denies the allegations contained in this paragraph.

WHEREFORE, Intervenor respectfully requests that this Court enter judgment in favor of Defendants and against Plaintiff on the Third Cause of Action of the Complaint, together with costs, fees and such other and further relief as this Court shall deem just and proper.

GENERAL DENIAL.  Any allegation of the 79 paragraphs of the Complaint that has not been admitted by Intervenor is denied.

## PRAYER FOR RELIEF

WHEREFORE, Intervenor respectfully requests that this Court decline to award Plaintiff any of the relief requested and enter judgment in favor of it and against Plaintiff, together with costs, fees and such other and further relief as this Court shall deem just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to the Rule 12 of the Federal Rules of Civil Procedure, Intervenor further responds to Plaintiff's Complaint by filing the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the Complaint because Plaintiffs lack standing.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the Complaint because Plaintiffs' claims are barred by laches

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

**DEFENDANT-INTERVENOR SYNGENTA'S**
**ANSWER TO COMPLAINT**

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | Dated:  April 17, 2008 |

/s/  Lowell M. Rothschild
LOWELL M. ROTHSCHILD
VENABLE LLP
575 7TH STREET N.W.
WASHINGTON, DC 20004
Phone: 202-344-4065
Fax: 202-344-8300
lmrothschild@venable.com

TIMOTHY J. GORRY
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:310.229.9900; Facsimile: 310.229.9901
tjgorry@venable.com

NANCY BRYSON (Pro Hac Vice Motion Pending)
THE BRYSON GROUP, PLLC
575 7th Street NW
Washington, D.C. 20004-1601
Telephone: 202.344.4731
Facsimile: 202.344.4028
nbryson@agfoodlaw.com

Attorneys for Proposed Defendant-Intervenor
SYNGENTA SEEDS, INC.

**DEFENDANT-INTERVENOR SYNGENTA'S**
**ANSWER TO COMPLAINT**