1  Joanne Lichtman (SBN 137300)
   HOWREY LLP
2  550 South Hope Street, Suite 1100
   Los Angeles, California 90071-2627
3  Telephone: (213) 892-1800
   Facsimile: (213) 892-2300
4  Email: lichtmanj@howrey.com

5  Gilbert S. Keltelas  (*Pro Hac Vice pending*)
   John F. Bruce (*Pro Hac Vice pending*)
6  Christopher H. Marraro (*Pro Hac Vice pending*)
   HOWREY LLP
7  1299 Pennsylvania Avenue, N.W.
   Washington, DC 20004-2402
8  Telephone:  (202) 783-0800
   Facsimile:  (202) 383-6610
9
   *Attorneys for Proposed Intervenor-Defendants*
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

| | |
|---|---|
| 14  CENTER FOR FOOD SAFETY, ORGANIC SEED ALLIANCE, SIERRA CLUB, and HIGH MOWING ORGANIC SEEDS, | ) Case No. 3:08-cv-00484-JSW |
| 15 | ) **GROWER/PROCESSOR NOTICE OF** |
| | ) **MOTION TO INTERVENE** |
| 16              Defendants, | ) |
| | ) |
| 17         vs. | ) **DATE: June 6, 2008** |
| | ) **TIME: 9:00 a.m.** |
| 18  CHARLES CONNOR, in his official | ) **COURTROOM: 2, 17th Floor** |
| capacity as Acting Secretary of the United States | ) **JUDGE: Hon. Jeffrey S. White** |
| 19  Department of Agriculture; and CINDY SMITH, | ) |
| in her official capacity as Administrator of the | ) |
| Animal and Plant Health Inspection Service, | ) |
| 20 | ) |
| | ) |
| 21              Defendants; | ) |
| | ) |
| 22  AMERICAN SUGARBEET GROWERS | ) |
| ASSOCIATION; ERVIN SCHLEMMER; | ) |
| 23  MARK WETTSTEIN; DUANE GRANT; JOHN | ) |
| SNYDER; UNITED STATES BEET SUGAR | ) |
| ASSOCIATION; AMERICAN CRYSTAL | ) |
| 24  SUGAR COMPANY; THE AMALGAMATED | ) |
| SUGAR COMPANY LLC; WESTERN SUGAR | ) |
| 25  COOPERATIVE; and WYOMING SUGAR | ) |
| COMPANY, LLC, | ) |
| 26 | ) |
| | ) |
| 27         Proposed Intervenor-Defendants. | ) |
| | ) |

28

GROWER/PROCESSOR NOTICE OF MOTION TO INTERVENE

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE** that on June 6, 2008, at 9:00 a.m., or as soon thereafter as this

3    matter may be heard, in Courtroom 2, 17th Floor of the United States Courthouse located at 450

4    Golden Gate Ave., San Francisco, California 94102, before the Honorable Jeffrey S. White, Judge

5    presiding, proposed Intervenor-Defendants American Sugarbeet Growers Association, Ervin

6    Schlemmer, Mark Wettstein, Duane Grant, John Snyder, Jr., United States Beet Sugar Association,

7    American Crystal Sugar Company, The Amalgamated Sugar Company LLC, Western Sugar

8    Cooperative and Wyoming Sugar Company LLC (hereafter the "growers" and "processors") will and

9    hereby do move to intervene as defendants in this matter pursuant to Federal Rule of Civil Procedure

10   24.

11       The growers and processors seek leave to intervene permissively under FRCP 24(b)(2) as to

12   Plaintiffs' NEPA claims.  In the alternative, the growers and processors seek leave to intervene as of

13   right in the remedy phase of Plaintiffs' NEPA claims.

14       The growers and processors' motion to intervene is supported by a concurrently filed

15   Memorandum of Points and Authorities, Declarations of Luther Markwart of the American Sugarbeet

16   Growers Association, David Berg of American Crystal Sugar Company, Duane Grant of Amalgamated

17   Sugar Company, Michael Hofer of Western Sugar Cooperative, Ervin Schlemmer, Mark Wettstein and

18   John Snyder, Jr., the Proposed Order, all pleadings and papers filed in this action, and upon such other

19   pleadings and matters as the Court may request, including oral argument, at the time of hearing on this

20   motion.

21

22

23

24

25

26

27

28

**HOWREY LLP**

GROWER/PROCESSOR NOTICE OF MOTION TO INTERVENE

1    Dated:  April 17, 2008                    Respectfully submitted,

2                                              HOWREY LLP

3

4
                                              By:  /s/ Joanne Lichtman
5                                                      Joanne Lichtman
                                              Attorneys for Proposed Intervenor-
6                                             Defendants American Sugarbeet Growers
                                              Association, Ervin Schlemmer, Mark
7                                             Wettstein, Duane Grant, John Snyder,
                                              United States Beet Sugar Association,
8                                             American Crystal Sugar Company, The
                                              Amalgamated Sugar Company LLC,
9                                             Western Sugar Cooperative and Wyoming
                                              Sugar Company LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

-2-

Joanne Lichtman (SBN 137300)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071-2627
Telephone: (213) 892-1800
Facsimile: (213) 892-2300
Email: lichtmanj@howrey.com

Gilbert S. Keltas (*Pro Hac Vice pending*)
John F. Bruce (*Pro Hac Vice pending*)
Christopher H. Marraro (*Pro Hac Vice pending*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610

*Attorneys for Proposed Intervenor-Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR FOOD SAFETY, ORGANIC SEED ALLIANCE, SIERRA CLUB, and HIGH MOWING ORGANIC SEEDS,<br><br>Defendants,<br><br>vs.<br><br>CHARLES CONNOR, in his official capacity as Acting Secretary of the United States Department of Agriculture; and CINDY SMITH, in her official capacity as Administrator of the Animal and Plant Health Inspection Service,<br><br>Defendants;<br><br>AMERICAN SUGARBEET GROWERS ASSOCIATION; ERVIN SCHLEMMER; MARK WETTSTEIN; DUANE GRANT; JOHN SNYDER; UNITED STATES BEET SUGAR ASSOCIATION; AMERICAN CRYSTAL SUGAR COMPANY; THE AMALGAMATED SUGAR COMPANY LLC; WESTERN SUGAR COOPERATIVE and WYOMING SUGAR COMPANY, LLC,<br><br>Proposed Intervenor-Defendants. | Case No. 3:08-cv-00484-JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO INTERVENE**<br><br>**DATE: June 6, 2008**<br>**TIME:  9:00 a.m.**<br>**COURTROOM:  2, 17th Floor**<br>**JUDGE:  Hon. Jeffrey S. White** |

1

**TABLE OF CONTENTS**

2

SUMMARY OF ARGUMENT .................................................................................................i

3   I.     BACKGROUND .................................................................................................... 1

4          A.     The Proposed Grower and Processor Intervenors ........................................ 1

5          B.     The Interests of Growers and Processors ..................................................... 5

6   II.    ARGUMENT ......................................................................................................... 7

7          A.     Sugarbeet Growers and Processors Should Be Permitted to
                  Intervene in All Phases of this Case. ........................................................... 8
8
9                 1.     The Defenses of Sugarbeet Growers and Processors Share
                        Common Issues of Fact and Law With the Main Action. .................... 9

10                2.     This Motion is Timely and the Involvement of the
                        Proposed Intervenor-Defendants in this Case will
11                      Contribute to its Proper Adjudication .............................................. 11

12                3.     The Court Has Independent Jurisidiction Over the Defenses
                        of Growers and Processors. .............................................................. 11
13
14         B.     Growers and Processors Are Entitled to Intervene as of Right at the
                  Remedy Phase of this Action. .................................................................... 14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1              **TABLE OF AUTHORITIES**

2   **CASES**

3   *Audobon Soc. of Portland v. U.S. Fish & Wildlife Service,*
        No. 04-670-KI, 2004 WL 2026429, at *1-2 (D.Or. Sept. 10, 2004) ........................................8, 9
4
    *County of Orange v. Air California,*
5       799 F.2d 535 (9th Cir. 1986) ........................................................................................................9

6   *Ctr. for Biological Diversity v. Leavitt,*
        No. C-02-1581 JSW, 2004 WL 2940597 at *1 (N.D. Cal. 2004) ..................................7, 11, 14
7
    *Eyak Pres. Council v. U.S. Forest Service,*
8       No. A03-180CV(JWS), 2003 WL 24085349, at *2-3 (D.Alaska Dec. 9,
        2003)...............................................................................................................................................8
9
    *Forest Conservation Council v. U.S. Forest Service,*
10      66 F.3d 1489 (9th Cir. 1995) ...............................................................................................14, 15

11  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,*
        528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) ...........................................................11
12
    *Friends of Yosemite v. Frizzell,*
13      420 F. Supp. 390 (N.D. Cal. 1976).............................................................................................10

14  *Idaho Farm Bureau Fed'n v. Babbitt,*
        58 F.3d 1392 (9th Cir. 1995) .......................................................................................................13
15
    *Kleissler v. U.S. Forest Service,*
16      157 F.3d 964 (3rd Cir. 1998).........................................................................................................8

17  *Kootenai Tribe of Idaho v. Veneman,*
        313 F.3d 1094 (9th Cir. 2002) ...........................................................................................passim
18
    *Montana Wilderness Ass'n v. McAllister,*
19      Nos. CV07-39-m-DWM, CV07-59-m-DWM, 2007 WL 4564175 at *1
        (D.Mont. Dec. 20, 2007) .............................................................................................................11
20
    *Pacific Rivers Council v. U.S. Forest Service,*
21      No. S05-0953MCEGGH, 2005 WL 2671404, at *1-2 (E.D.Cal. Oct. 19,
        2005).............................................................................................................................................8, 9
22
    *Protect Lake Pleasant, LLC v. Johnson,*
23      2007 U.S. Dist. LEXIS 27829 (D. Ariz. 2007) *aff'd,* 2007 U.S. App.
        LEXIS 25670 (9th Cir. 2007) ...............................................................................................8, 11, 13
24
    *S. Cal. Edison Co. v. Lynch,*
25      307 F.3d 794 (9th Cir. 2002) ........................................................................................................9

26  *Sequoia Forestkeeper v. U.S. Forest Service,*
        No. 1:07cv1690LJO, 2008 WL 324013, at *3-5 (E.D. Cal. Feb. 5, 2008) ................................8
27
    *Sierra Nevada Forest Prot. Campaign v. Rey,*
28      No. CIVS050205MCEGGH, 2005 WL 2231548, at *1-2 (E.D.Cal. Sept.

1

14, 2005) ........................................................................................................ 8

*Spangler v. Pasadena Bd. of Educ.,*
    552 F.2d 1326 (9th Cir. 1977) ................................................................... 7, 9

*United States v. $129,374 in U.S. Currency,*
    769 F.2d 583 (9th Cir. 1985) ......................................................................... 9

*Utah Ass'n of Counties v. Clinton,*
    255 F.3d 1246 (10th Cir. 2001) ...................................................................... 8

*Wetlands Action Network v. U.S. Army Corps of Engineers,*
    222 F.3d 1105 (9th Cir. 2000) .................................................................. i, 14

*Wilderness Soc'y v. Babbitt,*
    104 F. Supp. 2d 10 (D.D.C. 2000) ................................................................. 8

## RULES

Fed. R. Civ. P. 24(a) ............................................................................................ i

Fed. R. Civ. P. 24(b) ......................................................................................... i, 8

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-iii-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO INTERVENE

1

## SUMMARY OF ARGUMENT

2      The growers and grower-owned cooperatives that cultivate and process all the commercially

3  farmed sugarbeets in the United States seek to intervene in this case to protect their livelihoods, and the

4  communities that depend on their farms and grower-owned cooperatives.  The Proposed

5  Grower/Processor Intervenor-Defendants ("growers" and "processors") represent approximately

6  10,000 family farmers who grow all of the nation's commercial sugarbeets on approximately 1.3

7  million acres in eleven states, and eight sugarbeet processors who produce refined sugar from those

8  sugarbeets.  These processors produce more than half of this nation's annual supply of sugar.  The

9  growers and processors are in the unique position to address plaintiffs' allegations about how

10  sugarbeets are farmed.  Since the deregulation of Roundup Ready sugarbeets more than three years

11  ago, the growers and processors have invested heavily in preparing for the planting of this crop.

12  Therefore, the growers and processors are the direct targets of plaintiffs' request that this Court bar

13  "any planting, sale or dissemination of Roundup Ready sugar beets,"[1] and they will suffer significant

14  harm if plaintiffs' request is granted.

15      Ninth Circuit courts exercise broad discretion to permit intervention to address the merits of

16  claims under the National Environmental Policy Act (NEPA).[2]  The growers and processors should be

17  permitted to intervene in the merits and remedies stages of this case under Fed. R. Civ. P. 24(b)

18  because their defenses share common questions of law and fact with the main action, their request to

19  intervene is timely, and the Court has independent jurisdiction over their defenses.

20      Alternatively, the growers and processors should be granted intervention as of right in the

21  remedies stage of this case, if any, under Fed. R. Civ. P. 24(a) because the relief plaintiffs seek directly

22  implicates the private rights of growers and processors, who will not be adequately represented by

23  others in the litigation.[3]

24  _____

25  [1] Complaint at ¶ 5.

26  [2] *See, e.g., Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002).  *See also* footnote 33.

27  [3] *Id.* at 1111.  *See also Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1113-14 (9th Cir. 2000).

28

1 **I.    BACKGROUND**

2        Plaintiffs challenge the 2005 decision of the U.S. Department of Agriculture's (USDA's)

3 Animal and Plant Health Inspection Service (APHIS) to deregulate Roundup Ready sugarbeets, which

4 are now being planted commercially on more than 600,000 acres in 2008 (more than half of the

5 commercially grown sugarbeet acreage in the United States).  Had plaintiffs filed their challenge in

6 2005, shortly after the deregulation, that challenge could have been resolved without putting at risk

7 thousands of sugarbeet farmers, the processing companies that they collectively own, and the

8 communities in which they operate.  But in the three years that plaintiffs remained silent, seed

9 companies, growers and processors transitioned to Roundup Ready seed – a transition that is nearly

10 complete and that cannot be reversed or halted without causing substantial harm to all involved.

11 Plaintiffs – who waited until they thought commercial planting of Roundup Ready sugarbeets was

12 imminent before filing their complaint for declaratory and injunctive relief [4]  ask the Court to bar "any

13 planting, sale or dissemination of Roundup Ready sugar beets", relief that is unnecessary and would

14 devastate thousands of growers and the processors that they collectively own.

15        **A.    The Proposed Grower and Processor Intervenors**

16        The proposed grower intervenors are the American Sugarbeet Growers Association ("ASGA"),

17 and four individual sugarbeet farmers: Ervin Schlemmer from Joliet, Montana; Mark Wettstein from

18 Ontario, Oregon; John Snyder from Worland, Wyoming; and Duane Grant from Rupert, Idaho.[5]

19        ASGA's members include approximately 10,000 individual sugarbeet growers, primarily

20 family farmers, who grow sugarbeets in all eleven sugarbeet growing states:  California, Colorado,

21 Idaho, Michigan, Minnesota, Montana, Nebraska, North Dakota, Oregon, Washington, and Wyoming.[6]

22

23 [4] Complaint at ¶ 52.  As discussed below, commercial planting began in 2006, and at least 2,200 acres
24 of Roundup Ready sugarbeets were planted in 2007.

25 [5] Declarations for each individual grower are filed concurrently with this motion and memorandum.
These declarations also support the intervention of the ASGA, of which each grower is also a member.
26 *See* Schlemmer Dec. ¶ 1, Wettstein Dec., ¶ 1, Snyder Dec. ¶ 3, Grant Dec, ¶ 5.  The ASGA's
intervention is also supported by the declaration of its Executive Director, Luther Markwart, filed
concurrently herewith.

27 [6] Markwart Dec. ¶ 2.  There are no plans to grow Roundup Ready sugarbeets in California at this time.

28

HOWREY LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO
INTERVENE

1  ASGA's members grow all of the commercially grown sugarbeets in the United States.  In the 2008

2  growing season, over 50% of sugarbeets planted by these growers will be Roundup Ready.  That

3  percentage is expected to increase to 90% in 2009.[7]

4      Ervin Schlemmer has been farming sugarbeets since 1974.  He farms 1,000 acres, of which

5  about 250 are planted in sugarbeets.  All of Ervin Schlemmer's 2008 sugarbeet acreage is being

6  planted with Roundup Ready seed, and planting will be finished by April 19.[8]

7      Mark Wettstein's family has grown sugarbeets since 1946, and he began growing sugarbeets

8  around 1968.  Wettstein plants about 300 of his 1,300 acres in sugarbeets and he has completed his

9  planting for 2008 with 100% Roundup Ready seed.[9]

10     Duane Grant has been farming sugarbeets since 1980 and planted 5,200 acres of sugarbeets in

11  2007.  In 2006, Grant participated in a commercial demonstration study of Roundup Ready sugarbeets

12  that grew, harvested and successfully marketed 67 acres of Roundup Ready sugarbeets.  Grant recently

13  completed the planting of 5,400 acres of Roundup Ready sugarbeets for 2008 and has planted 100%

14  Roundup Ready seed.[10]

15     John Snyder has been growing sugarbeets for 27 years and typically plants 600-700 acres.  He

16  first had access to Roundup Ready seed in 2007 as part of a commercial demonstration trial that

17  planted, harvested and successfully marketed 90 acres in Roundup Ready seed.  In 2008 Snyder will

18  plant from 60 to 70% of his sugarbeet acreage in Roundup Ready seed, and he will complete planting

19  by May 1, 2008.[11]  All of the proposed grower intervenors, either individually or through their grower

20  associations, submitted public comments to APHIS on the deregulation of Roundup Ready seed.[12]

21

22

23  [7] Markwart Dec. ¶¶ 7, 18.

24  [8] Schlemmer Dec. ¶¶ 1, 3-4.

25  [9] Wettstein Dec.¶¶ 1, 3.

26  [10]Grant Dec. ¶¶ 5, 7, 14-16.

27  [11]Snyder Dec. ¶¶ 3, 5, 11.

28  [12] Markwart Dec. ¶ 14; Berg Dec. ¶ 8; Grant Dec. ¶ 5; Hofer Dec. ¶ 6; Snyder Dec. ¶ 7.

1       The proposed processor intervenors are: the American Crystal Sugar Company (supported by

2   the Declaration of David Berg, its President and CEO); The Amalgamated Sugar Company (supported

3   by the Declaration of Duane Grant, Vice Chair of the Board of the Snake River Sugar Company, a

4   cooperative with effective control of the Amalgamated); Western Sugar Cooperative (supported by the

5   Declaration of Michael Hofer, its Vice President of Agriculture); Wyoming Sugar Company, LLC

6   (supported by the declaration of John Snyder, Jr., an Ex Officio member of its Board of Managers) and

7   United States Beet Sugar Association (USBSA) (supported by the declarations of David Berg, Duane

8   Grant and Michael Hofer, whose companies and cooperatives are three of USBSA's eight members).[13]

9       The USBSA's eight member companies operate 22 processing factories in nine states.  These

10  firms produce refined sugar from sugarbeets grown by about 10,000 family farmers on approximately

11  1.3 million acres in eleven states.  USBSA represents its members' interests before the United States

12  government.[14]

13      American Crystal is the largest beet sugar producer in the United States, and produces and sells

14  about 20 percent of America's grown sugar.  It is an agricultural cooperative owned by nearly 2,900

15  grower-owners who, in 2007, raised approximately 500,000 acres of sugarbeets in the Red River

16  Valley of Minnesota and North Dakota.  In 2007, sugar factories owned by American Crystal

17  employed 1,367 full time employees and 799 seasonal "campaign and harvest employees."  American

18  Crystal estimates that about half of its grower-owners' acreage will be planted in Roundup Ready seed

19  in 2008 and that the percentage of Roundup Ready sugarbeets planted will increase to 90% for the

20  2009 crop year.  American Crystal's grower owners have received almost all of their seed for 2008.  In

21  2004, American Crystal submitted comments to APHIS supporting the deregulation of Roundup Ready

22  seed in accordance with USDA's environmental assessment and guidelines.[15]

23

24

25  ───────────────────

26  [13] Berg Dec. ¶ 1; Grant Dec. ¶¶ 1-2; Hofer Dec. ¶¶ 1-3; Snyder Dec. ¶¶ 1-2.

    [14] Berg Dec. ¶ 5; Grant Dec. ¶ 11; Hofer Dec ¶ 8.

27  [15] Berg Dec. ¶ 2, 3, 8, 12.

28

-3-

1    Amalgamated has been a grower-controlled sugarbeet cooperative since approximately 1996.
2    There are approximately 1,125 growers who control Amalgamated through ownership shares in Snake
3    River Sugar Company.  Amalgamated owns three sugar refineries located in the cities of Mini-Cassia,
4    Twin Falls and Nampa Idaho.  Together these refineries employ more than 1,300 full-time and 650
5    seasonal professional and non-professional workers in processing, packaging, shipping and
6    transportation.  Essentially, 100% of 2008 sugarbeet plantings in Amalgamated's growing region are
7    Roundup Ready seed and Amalgamated expects that its members will plant 100% Roundup Ready
8    sugarbeet seed in 2009 and thereafter.  Amalgamated submitted public comments to APHIS in 2004
9    supporting the deregulation of Roundup Ready sugarbeets.[16]

10    Western Sugar Cooperative was purchased in 2002 by over 1,000 sugarbeet growers from
11    Colorado, Montana, Nebraska and Wyoming, creating a grower-owned cooperative.  Today, Western
12    has over 1,300 member-growers who expect to plant about 122,000 acres in sugarbeets in 2008.
13    Western expects that 90% of its growers' sugarbeet plantings will be Roundup Ready in 2008 and that
14    the percentage will grow to 100% in 2009.  Western's refineries employ more than 519 full-time and
15    548 seasonal workers in processing, packaging, shipping and transportation.  Western submitted public
16    comments in 2004 to APHIS supporting the deregulation of Roundup Ready sugarbeets.[17]

17    Wyoming Sugar has its roots in sugar production from 1916 when the Worland, WY sugar
18    plant was constructed.  In 2002, local investors rescued the Worland sugar plant when Imperial Sugar
19    declared bankruptcy in 2001.  Wyoming Sugar is owned by sugarbeet growers and other investors who
20    include local businesses, a local bank, school teachers, and other members of the local community and
21    surrounding counties.  In 2007, Wyoming Sugar growers planted, harvested and sold some 2,200 acres
22    of Roundup Ready sugarbeets.  In 2008, Wyoming's growers expect to plant 80% Roundup Ready
23    seed.  That percentage is expected to climb to 90-100% for 2009.[18]

24

25    ───────────────
26    [16] Grant Dec. ¶¶ 1, 9, 15, 18.
       [17] Hofer Dec. ¶¶ 2-3, 6, 12.
27    [18] Snyder Dec. ¶¶ 1, 7, 12.

28

HOWREY LLP
-4-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO
INTERVENE

1

**B.      The Interests of Growers and Processors**

2      Roundup Ready sugarbeets significantly reduce the burden and uncertainty of weed control

3   and, as a result, are expected to increase crop yields.  Weed control is a critical issue for sugarbeet

4   growers and, due to the effect of weeds on yield, on grower-owned processing companies.

5   Conventional weed control requires four or five applications of herbicides, precise timing given a short

6   window for effective application, row cultivation and hoeing and, at times, expensive and hard to find

7   hand-labor.  Yield losses due to inadequate weed control can cost growers and processors millions of

8   dollars. [19]

9      Roundup Ready seed also reduces the environmental impact of growing sugarbeets.  Roundup

10  Ready seed requires fewer applications of a less persistent herbicide and, as a result, significantly

11  reduces fuel usage and emissions.  As growers have learned with other Roundup Ready crops like corn

12  and soybeans, weeds can better be controlled with an herbicide application rather than by repeated

13  plowing.  Conservation tillage methods also save fuel, reduce emissions, cut water usage and reduce

14  labor costs for growers.  Many growers have invested in equipment that will allow reduced tillage with

15  the planting of Roundup Ready crops.[20]

16     The relief that plaintiffs' seek – an injunction preventing the planting, sale and distribution of

17  Roundup Ready seed – would be devastating to growers and grower-owned cooperatives for a number

18  of reasons.  First, the lead time to develop, grow, test and approve new seed varieties is several years.

19  Cooperatives began evaluating Roundup Ready sugarbeets in 2005.  As a result, over the last three

20  years the number of conventional varieties submitted for variety testing has decreased.[21]

21     Second, seed companies have transitioned to Roundup Ready varieties.  The seed for the 2009

22  growing season already has been growing for a year.  And the majority of seed for 2009 is expected to

23

24
_____

25  [19] Markwart Dec. ¶¶ 12, 13, 15, 16; Berg Dec. ¶¶ 9, 10; Grant Dec. ¶¶ 7, 12-15; Hofer Dec. ¶¶ 4, 9-13; Schlemmer Dec. ¶¶ 4-5; Snyder Dec. ¶¶ 5, 8-9; Wettstein Dec. ¶¶ 4-6.

26  [20] Markwart Dec. ¶ 16; Berg Dec. ¶¶ 9, 10; Grant Dec. ¶¶ 12-14; Hofer Dec. ¶ 9; Schlemmer Dec. ¶ 6; Snyder Dec. ¶¶ 8-9; Wettstein Dec. ¶¶ 6-7.

27  [21] Markwart Dec. ¶¶ 15, 16; Grant Dec. ¶ 18; Hofer Dec. ¶ 15; Snyder Dec. ¶ 12.

28

1    be Roundup Ready.  An injunction preventing the use of this seed would be catastrophic for growers

2    and processors.  If conventional alternatives are available, they would be older varieties from

3    warehouses.  They would lack the most current disease and pest resistance traits, because seed

4    companies have been focusing on the development of Roundup Ready seed.  And there would be

5    limited supplies of the most desirable and effective varieties, causing growers to suffer higher costs

6    and decreased yields.  Growers also face competition for land from other, higher-priced crops.  As a

7    consequence, growers who do not deliver their acreage to their cooperatively-owned processors' plants

8    face penalties or liquidated damages ranging from $180 to $1000.[22]

9        Processors also would face higher costs, because fewer beets increase the cost of processing.

10   There is a close and cooperative relationship among growers and processors in the sugarbeet industry

11   in that all of the processing companies are grower-owned.  The crop is of little value without a

12   processor to extract the sugar, and once a sugar factory is constructed, a company must have a reliable

13   supply of locally-grown beets.  Processing factories are located near the fields because sugarbeets are

14   perishable vegetables.[23]  Therefore, the interests of the growers and processors are inextricably linked.

15   Growers and processors face significant monetary harm from the relief plaintiffs seek.  For some that

16   harm would be ruinous.[24]

17       Finally, some growers face weeds that cannot be effectively addressed without Roundup.  For

18   example, the weeds dodder and nutsedge are competing with sugarbeets in the Snake River growing

19   region.  Dodder looks like angel-hair and wraps itself around sugarbeet plants, effectively choking

20   them.  In areas where dodder grows, it will reduce sugarbeet yields from 30% to 80%.  Nutsedge

21   spreads rapidly and begins to grow when sugarbeet plants are very small.  Traditional herbicides are of

22   limited effectiveness and hand removal is prohibitively expensive and only marginally effective.  In

23

24

---

25   [22] Berg Dec. ¶¶ 16-19; Markwart Dec. ¶ 9; Grant Dec. ¶¶ 6, 15, 17-18; Schlemmer Dec. ¶¶ 2, 7-8;
     Snyder Dec. ¶¶ 10, 12; Wettstein Dec. ¶¶ 2, 7.
26
     [23] Markwart Dec. ¶ 8.
27
     [24] Grant Dec. ¶ 17, Hofer Dec. ¶ 13; Schlemmer Dec. ¶¶ 7-8; Snyder Dec. ¶ 12; Wettstein Dec. ¶ 8.
28

-6-

these fields, the weed control system facilitated by Roundup Ready sugarbeets are an economic necessity.[25]

The interests of the growers and processors are significant and, as addressed in detail below, readily meet the legal standard for permissive intervention in this case.  Moreover, courts grant permissive intervention in circumstances where the proposed intervenors will "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[26]   There is no question that the growers and processors are uniquely situated to respond to plaintiff's allegations and provide relevant information to the Court concerning how sugarbeets are grown and processed, and concerning how weeds are managed with Roundup Ready sugarbeets.[27]   The Proposed Intervenor-Defendants include *all the sugarbeet growers and processors in the country*, and are uniquely situated to address the allegations in the Complaint and to provide the Court with supported information regarding the nature of Roundup Ready sugarbeets and the environmental issues raised by plaintiffs.  The direct involvement of the growers and processors in this action will assist the Court in the just and informed resolution of this case.

## II.    ARGUMENT

The Ninth Circuit has divided NEPA actions into two phases:  the merits phase in which the Court determines whether the government properly complied with NEPA, and the remedy phase in which the Court determines what remedy is appropriate if there has been a failure to comply with NEPA.[28]

---

[25] Wettstein Dec. ¶¶ 5, 8.

[26] *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

[27] Complaint at ¶¶ 5, 21, 41, 55, 59.

[28] *See, e.g., Ctr.for Biological Diversity  v. Leavitt*, No. C-02-1581 JSW, 2004 WL 2940597 at *1 (N.D. Cal. 2004).

HOWREY LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO INTERVENE

1  **A.    Sugarbeet Growers and Processors Should Be Permitted to Intervene in All Phases**
2      **of this Case.**

3          Federal Rule of Civil Procedure 24(b) permits intervention on a timely motion by anyone who,

4  like the sugarbeet growers and processors in this case, "has a claim or defense that shares with the

5  main action a common question of law or fact."[29]  Though the Ninth Circuit ordinarily does not grant

6  intervention as of right in the merits phase of NEPA actions,[30] a position rejected by other circuits,[31]

7  the Ninth Circuit does recognize the broad discretion of courts to grant permissive intervention by

8  private parties in both the merits and remedy phases of NEPA actions, and the courts in this Circuit

9  consistently have done so.[32]

10         In *Kootenai Tribe* the Ninth Circuit recognized the district court's discretion to permit

11  intervention by any party who meets "the literal requirements of Rule 24(b)" and permitted groups

12  representing recreational users of national forests to participate as defendants on the merits of a NEPA

13  challenge to a Forest Service rule.[33]  Ninth Circuit courts have applied *Kootenai* and Rule 24(b) to

14  permit NEPA merits intervention by private parties in numerous cases, specifically granting permissive

15  intervention of parties with far less at stake than the sugarbeet growers and processors who seek to

16  intervene in this case.  Ninth Circuit courts have allowed intervention on the merits phases of NEPA

17  actions by a family owned sawmill with a timber contract,[34] an association representing the interests of

18

---

19  [29]  Fed. R. Civ. P. 24(b)(1)(B).

20  [30]  *Kootenai Tribe*, 313 F.3d at 1108.

21  [31]  *See, e.g., Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 971, 974 (3rd Cir. 1998); *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001); *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C. 2000).

22  [32]  *See Kootenai Tribe, id.*; *Sequoia Forestkeeper v. U.S. Forest Serv.*, No. 1:07cv1690LJO, 2008 WL 324013, at *3-5 (E.D.Cal. Feb. 5, 2008); *Sierra Nevada Forest Prot. Campaign v. Rey*, No.
23  CIVS050205MCEGGH, 2005 WL 2231548, at *1-2 (E.D.Cal. Sept. 14, 2005); *Eyak Pres. Council v. U.S. Forest Serv.*, No. A03-180CV(JWS), 2003 WL 24085349, at *2-3 (D.Alaska Dec. 9, 2003);
24  *Protect Lake Pleasant, LLC v. Johnson*, 2007 U.S. Dist. LEXIS 27829 (D. Ariz. 2007) *aff'd*, 2007 U.S. App. LEXIS 25670 (9th Cir. 2007); *Audobon Soc. of Portland v. U.S. Fish & Wildlife Serv.*, No. 04-
25  670-KI, 2004 WL 2026429, at *1-2 (D.Or. Sept. 10, 2004); and *Pacific Rivers Council v. U.S. Forest Serv.*, No. S05-0953MCEGGH, 2005 WL 2671404, at *1-2 (E.D.Cal. Oct. 19, 2005).

26  [33]  313 F.3d at 1108.

27  [34]  *Sequoia Forestkeeper*, 2008 WL 324013, at *3-5.

28

1   cattle ranchers in grazing lands,[35] an Alaskan Native corporation with oil and gas development

2   rights,[36] a marina development company awarded a county development contract,[37] an association

3   representing falconers whose members produce and release peregrine falcons,[38] and a ski industry

4   association interested in the permitting of ski slopes on Forest Service land.[39]

5       Similar to the parties in the cases where permissive intervention was granted, sugarbeet

6   growers and processors readily meet the three requirements under Rule 24(b):  (1) their defenses share

7   common questions of law and fact with the main action; (2) their motion is timely; and (3) the Court

8   has independent grounds for jurisdiction over their defenses.[40]  Because sugarbeet growers and

9   processors fulfill these three requirements, the Court has broad discretion to permit intervention.[41]

10          **1.      The Defenses of Sugarbeet Growers and Processors Share Common Issues**

11                  **of Fact and Law With the Main Action.**

12      Where, as here, intervenors assert an interest in or right to do what is contemplated and

13  permitted by a challenged regulation or decision, they establish a common issue of fact or law for

14  purposes of Rule 24(b).[42]  In *Kootenai*, the Ninth Circuit found commonality where recreational users

15  of national forest lands "asserted an interest in the use and enjoyment of roadless lands, and in the

16  conservation of roadless lands" and asserted "'defenses' of the government rulemaking that squarely

17  respond to the challenges made by plaintiffs in the same action."[43]

18

19

20

---

21  [35] *Sierra Nevada Forest Prot. Campaign*, 2005 WL 2231548, at *1-2.

    [36] *Eyak Pres. Council*, 2003 WL 24085349, at *2-3.

22  [37] *Protect Lake Pleasant*, 2007 U.S. Dist. LEXIS 27829.

23  [38]  *Audubon Soc. of Portland*, 2004 WL 2026429, at *1-2.

24  [39] *Pacific Rivers Council*, 2005 WL 2671404, at *1-2.

    [40] *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).

25  [41] *County of Orange v. Air California*, 799 F.2d 535, 536 (9th Cir. 1986); *United States v. $129,374 in*

26  *U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985); *Spangler*, 552 F.2d at 1329.

    [42] *Kootenai Tribe*, 313 F.3d at 1110-11.

27  [43] *Id.*

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO
INTERVENE

1    Plaintiffs' Complaint directly challenges the commercial cultivation and distribution of

2  sugarbeets as permitted by USDA's 2005 deregulation decision.[44]  Plaintiffs – none of whom farm or

3  process sugarbeets – rest their Complaint on numerous allegations of how sugarbeets are grown

4  (including cultivation, weed management practices and herbicide use), and how sugarbeets are

5  processed (including the use of sugar produced from growers' sugarbeets and processed by grower-

6  owned cooperatives).  Significantly, plaintiffs ask this Court to enjoin "any planting, sale or

7  dissemination of Roundup Ready sugar beets"[45] – a request that directly targets the farming practices

8  and livelihoods of the thousands of family grower-owners who seek to be heard in this case through

9  their representative intervenors.

10    As defendants, the growers and grower-owned processors would directly respond to plaintiffs'

11  claims.  Their proposed Answer in intervention, filed with this motion, has defenses in common with

12  the USDA and APHIS.  Among other things, the growers and processors – who participated in the

13  deregulation process by submitting public comments on the petition for deregulation[46] – share the

14  common defenses that the USDA did not violate NEPA.  They also share USDA's defense of laches, a

15  recognized defense in NEPA litigation,[47] and are uniquely situated to explain all that they have done

16  over the past three years in reliance on the 2005 deregulation decision, while the plaintiffs have waited

17  to file their Complaint.

18    Moreover, the facts concerning how sugarbeets are commercially grown and processed are

19  squarely in issue under plaintiffs' Complaint and, if intervention is permitted, will be directly

20  addressed by growers and processors.  The growers and grower-owned processors have a significant

21  interest in purchasing, planting and processing Roundup Ready sugarbeets — the very acts that are

22  contemplated and permitted by the challenged deregulation decision, the very acts that are underway

23  after years of preparation and reliance on the deregulation decision, and the very acts that Plaintiffs

24  _____

25  [44] Complaint at ¶¶ 3, 13, 21, 38-41, 49-50, 52-63.

    [45] Complaint at ¶ 5.
26
    [46] Markwart Dec. ¶ 14; Berg Dec. ¶ 8; Hofer Dec. ¶ 6; Snyder Dec. ¶ 7.
27
    [47] *See, e.g., Friends of Yosemite v. Frizzell*, 420 F. Supp. 390 (N.D. Cal. 1976).
28

HOWREY LLP

1   seek to enjoin in their Complaint.  The knowledge and involvement of the growers and processors is

2   not only "common" to the main action, but will assist the Court in an informed resolution of the

3   claims.[48]  In addition, growers and processors will assert equitable defenses that are "directly

4   responsive to the claims for injunction asserted by plaintiffs"[49] – claims that, again, directly target the

5   planting, sale and distribution of more than half of the 2008 sugarbeet crop and almost 90% of the

6   anticipated 2009 sugarbeet crop.

7           **2.      This Motion is Timely and the Involvement of the Proposed Intervenor-**

8           **Defendants in this Case will Contribute to its Proper Adjudication.**

9           This motion is timely.  This lawsuit was filed on January 23, 2008, and the USDA filed its

10  answer on March 24, 2008.  The initial Case Management Conference has not yet occurred and no

11  schedule has been set by the Court.  No substantive motions have been filed.  And growers and

12  processors can abide by the schedule proposed by the existing parties to the case in their April 9, 2008

13  Joint Case Management statement.[50]  The participation of growers and processors will not slow the

14  resolution of this matter or otherwise prejudice existing parties.  To the contrary, growers' and

15  processors' participation and knowledge will facilitate the Court's understanding of how sugarbeets are

16  cultivated and processed.  Courts consistently recognize that intervention within three to nine months

17  of case filing, and before any substantive case activity, is timely.[51]

18          **3.      The Court Has Independent Jurisidiction Over the Defenses of Growers**

19          **and Processors.**

20          In intervention, the question of whether the court has independent jurisdiction over the

21  proposed intervenors' defenses is treated as a question of Article III standing.[52]  A party satisfies

---

[48] *Kootenai Tribe*, 313 F.3d at 1108.

[49] *Id*. at 1110.

[50] *See* April 9, 2008 Joint Case Management Statement at 7-8.

[51] *See Sierra Nevada Prot. Campaign*, 2005 WL 2231548, at *1-2; *Montana Wilderness Ass'n v. McAllister*, Nos. CV07-39-m-DWM, CV07-59-m-DWM, 2007 WL 4564175 at *1 (D.Mont. Dec. 20, 2007); *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C 06-488451, 2007 WL 101705, at *1 (N.D.Cal. Jan. 11, 2007)**.**

[52] *Protect Lake Pleasant*, 2007 U.S. Dist. LEXIS 27829 at *9-10.

1   Article III standing requirements where "(1) it has suffered 'an injury in fact' that is (a) concrete and

2   particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

3   traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

4   speculative, that the injury will be redressed by a favorable decision."[53]

5           These requirements are fully met by the grower and processor intervenors whose very

6   businesses and livelihoods are directly at risk in this litigation.  Plaintiffs seek to prevent the "planting,

7   sale or dissemination of Roundup Ready sugar beets."[54]  The proposed grower and grower-owned

8   processor intervenors account for all of this country's planting, sale and dissemination of Roundup

9   Ready sugarbeets.[55]  The relief sought by plaintiffs – the invalidation of USDA's deregulation

10  determination and a ban on harvesting, sale and distribution of sugarbeets that are currently being

11  planted (and that growers intend to plant in future years) would cause imminent, concrete and

12  particularized injury.  In short:

13      •   More than 50% of the anticipated 2008 sugarbeet acreage is now being planted in Roundup

14          Ready seed.  Planting began in March and the planting season will continue through mid-

15          May.  Even if sufficient quantities of alternative seed were available, which is a major

16          concern for growers and processors, it could not be processed in time for use in the 2008

17          growing season.[56]

18      •   In 2009, growers expect to plant 90% Roundup Ready sugarbeet seeds.  Given that it takes

19          two years to grow sugarbeet seed and that the 2009 seed crop was planted more than a year

20          ago, sugarbeet growers do not have viable alternatives for the 2009 growing season.  While

21          some conventional seed might be available, it would be older "warehoused" seed, and there

22          will be shortages of the necessary regional varieties with the required disease and pest

23

24  _____

25  [53] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145
    L. Ed. 2d 610 (2000) (internal quotation omitted).

26  [54] Complaint at ¶ 5.

    [55] Markwart Dec. ¶¶ 7, 18; Berg Dec. ¶¶ 3, 12.
27
    [56] Markwart Dec. ¶¶ 18-20; Berg Dec. ¶ 12.
28

-12-

1   resistance traits.  Given the transition by both growers and seed companies to Roundup

2   Ready sugarbeet seed, conventional seed varieties with current disease and resistance traits

3   have not been developed.  The result of the relief plaintiffs' seek would be a direct and

4   dramatic impact on the cost of growing sugarbeets and on sugarbeet yields.[57]

5       The first requirement for standing — injury in fact — is clearly present here.  "Intervenors in

6   environmental litigation satisfy the injury in fact requirement by showing that group members have

7   direct contact with the environmental subject matter threatened by an adverse decision."[58]  The Ninth

8   Circuit has explained what this means:

9       In *Beck* [*v. U.S. Dep't of the Interior*], where intervenors were appealing a decision
    striking down a regulation protecting Alaskan sea otters, intervenors satisfied the injury-
10   in-fact requirement by demonstrating that their members were Alaska residents who
    studied, observed and enjoyed the otters in Alaska.[59]

11

12   In *Kootenai*, the court determined that a group had injury in fact where they demonstrated that their

13   members used the areas at issue in the challenged regulation.[60]  Here, the growers and processors

14   could not have greater "direct contact" or could not face a more concrete and actual injury in fact if the

15   deregulation is vacated by the Court and they are unable to plant or continue to plant or process

16   Roundup Ready sugarbeets.

17       The second and third standing requirements also are present:  the growers' and processors'

18   injuries are directly traceable to plaintiffs' challenge to deregulation and indeed, they would not occur

19   absent this challenge; and there is no doubt that a favorable decision would prevent injury to growers

20   and processors.

21       Further, the individual members of ASGA and USBSA have standing in their own right.  As

22   has been noted above, the members of the ASGA are the growers who will plant and harvest more than

23

24   [57] Markwart Dec. ¶¶ 18-20; Berg Dec. ¶¶ 12, 18.

25   [58] *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995). *See also Protect Lake
    Pleasant*, 2007 U.S. Dist. LEXIS 27829 at *11

26   [59] *Kootenai Tribe*, 313 F.3d at 1109 (citation omitted).

27   [60] *Id.*

28

HOWREY LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO
INTERVENE

1  1.3 million acres of sugar beets this year.[61]  The members of the USBSA are the grower-owned

2  cooperatives that take the harvested sugar beets and process them into refined sugar.[62]  Should

3  plaintiffs be granted the relief they seek, it would be the individual members of the ASGA who are

4  enjoined, to their detriment, from planting Roundup Ready sugarbeets.  It would be the processor-

5  cooperative members of the USBSA that, as a consequence of plaintiffs' requested relief, would face a

6  ruinous shortfall of sugarbeets for processing.  The individual members of the ASGA and USBSA can

7  demonstrate that "the injunctive relief sought by plaintiffs will have direct, immediate, and harmful

8  effects upon … legally protectable interests …." [63]

9    **B.    Growers and Processors Are Entitled to Intervene as of Right at the Remedy**

10         **Phase of this Action.**

11       While permissive intervention is often granted at the merits stage of NEPA cases and should be

12  granted in this case, the growers and processors have the right to intervene under Federal Rule of Civil

13  Procedure 24(a) in the remedy phase, particularly where, as here, plaintiffs seek injunctive relief under

14  NEPA that implicates private rights.[64]  The Ninth Circuit has held that private parties have a right to

15  intervene in the remedial phase of NEPA actions when they are affected by the injunctive relief

16  sought.[65]

17       As described above, the growers and processors certainly meet the Ninth Circuit's four-part test

18  for intervention as of right in the remedial phase pursuant to Federal Rule of Civil Procedure 24(a): (1)

19  the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to

20  the property or transaction which is the subject of the action;  (3) the applicant must be so situated that

21  the disposition of the action may as a practical matter impair or impede its ability to protect that

22

23  ─────────────────

24  [61] Markwart Dec. ¶ 7.

24  [62] Berg Dec. ¶¶ 2-3.

25  [63] *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995); *see also Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 n.3 (9th Cir. 2001).

26  [64] *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1113-14 (9th Cir. 2000); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d at 1499.

27  [65] *See, e.g.*, *Wetlands Action Network*, 222 F.3d at 1114; *Kootenai Tribe*, 313 F.3d at 1111.

28

-14-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO INTERVENE

1  interest; and  (4) there is inadequate representation by the parties to the action (which courts have

2  recognized as a "minimal" burden and it is sufficient to show representation "may" be inadequate).[66]

3      The growers and processors of sugarbeets respectfully request that their motion to intervene

4  permissively be granted at this stage and not be delayed until they would be entitled to intervene at a

5  point at which plaintiffs move for injunctive relief.  The growers and processors would work to assist

6  the parties and the Court and provide relevant information at the merits stage.  Plaintiffs' complaint

7  requests "preliminary and permanent injunctive relief to ensure that USDA … avoids irreparable harm

8  to the environment until such time as USDA is in full compliance with the law …."[67]  Such a request

9  raises questions of fact about the proper scope of injunctive relief in light of the balance of harms to

10  the parties.  Neither the USDA nor the plaintiffs are in a position to adequately represent the interests

11  of the growers and processors of sugarbeets in providing evidence regarding the direct adverse effects

12  of the plaintiffs' requested injunction on sugarbeet growers and processors, or the prejudice and harm

13  to growers and processors from plaintiffs' delay in filing their challenge.

14  **III.    CONCLUSION**

15      For the foregoing reasons, Proposed Grower/Processor Intervenor-Defendants respectfully

16  request that the Court grant their motion to intervene as to the NEPA claims in this litigation.

17  Dated:  April 17, 2008                                   Respectfully submitted,

18                                                           HOWREY LLP

19

20

21                                         By:    /s/ Joanne Lichtman
                                                  Joanne Lichtman

22
                                                  Attorneys for Proposed Intervenor-
23                                                Defendants

24

25

26  ───────────────
[66] *Forest Conservation Council*, 66 F.3d at 1493, 1498.

27  [67] Complaint at page 16.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GROWER/PROCESSOR MOTION TO INTERVENE



1

2

3

4

5

6

7

8

9    UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA

11    SAN FRANCISCO DIVISION

12    CENTER FOR FOOD SAFETY, ORGANIC          ) Case No. 3:08-cv-00484-JSW
      SEED ALLIANCE, SIERRA CLUB, and HIGH     )
13    MOWING ORGANIC SEEDS,                     ) **[PROPOSED] ORDER GRANTING**
                                                 ) **GROWER/PROCESSOR MOTION TO**
14                Defendants,                    ) **INTERVENE**
                                                 )
15           vs.                                 )
                                                 )
16    CHARLES CONNOR, in his official            ) **DATE: June 6, 2008**
      capacity as Acting Secretary of the United States ) **TIME: 9:00 a.m.**
17    Department of Agriculture; and CINDY SMITH, ) **COURTROOM: 2, 17th Floor**
      in her official capacity as Administrator of the ) **JUDGE: Hon. Jeffrey S. White**
18    Animal and Plant Health Inspection Service, )
                                                 )
19                Defendants;                    )
                                                 )
20    AMERICAN SUGARBEET GROWERS               )
      ASSOCIATION; ERVIN SCHLEMMER;             )
21    MARK WETTSTEIN; DUANE GRANT; JOHN        )
      SNYDER; UNITED STATES BEET SUGAR          )
22    ASSOCIATION; AMERICAN CRYSTAL            )
      SUGAR COMPANY; THE AMALGAMATED            )
23    SUGAR COMPANY LLC; WESTERN SUGAR          )
      COOPERATIVE; and WYOMING SUGAR            )
24    COMPANY, LLC,                              )
                                                 )
25                Proposed Intervenor-Defendants. )
                                                 )
26                                                )

27

28

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2          The Court has reviewed the motion to intervene filed by American Sugarbeet Growers

3   Association, Ervin Schlemmer, Mark Wettstein, Duane Grant, John Snyder, Jr., United States Beet

4   Sugar Association, American Crystal Sugar Company, Amalgamated Sugar Company, Western Sugar

5   Cooperative and Wyoming Sugar Company (hereinafter "growers" and "processors").  Upon

6   consideration of this motion, supporting argument and any opposition thereto, the Court finds that the

7   growers and processors have satisfied the requirements for permissive intervention under Federal Rule

8   of Civil Procedure 24(b) because: 1) their defenses raise questions of law and/or fact that are common

9   to the main action; 2) the Court independently has jurisdiction to hear their defenses; and 3) their

10  motion is timely.  On this basis, the growers and the processors are permitted to intervene in this case.

11         In addition [Alternatively], the Court concludes that the growers and processors have satisfied

12  the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a) and are

13  permitted to intervene in the remedies phase of the NEPA claims, because: 1) their motion is timely; 2)

14  they have asserted a "significantly protectable" interest relating to the USDA's deregulation of

15  Roundup Ready sugarbeets, which they grow and process; 3) their interests will be impaired by the

16  relief sought by Plaintiffs in this action; and 4) their interests will not be adequately represented by the

17  existing parties to this litigation.

18         On this basis, the Grower/Processor Motion to Intervene is GRANTED.  The Clerk is directed

19  to file the answer that the growers and processors have lodged with their motion to intervene.

20         **IT IS SO ORDERED.**

21  Dated: _____, 2008                _____

22                                                  Honorable Jeffrey S. White
                                                    UNITED STATES DISTRICT COURT JUDGE

23

24

25

26

27

28