LATHAM & WATKINS LLP
  Philip Perry (D.C. Bar No. 434278 - admitted)
  Janice M. Schneider (D.C. Bar No. 472037)
  (application for *pro hac vice* pending)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: phil.perry@lw.com
Email: janice.schneider@lw.com
  Holly J. Tate (Ca. Bar No. 237561)
505 Montgomery Street, Suite 1900
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: holly.tate@lw.com

ARENT FOX LLP
  Stanley H. Abramson (D.C. Bar No. 217281)
  Rachel G. Lattimore (D.C. Bar No. 450975)
  (applications for *pro hac vice* pending)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
Email: abramson.stanley@arentfox.com

Attorneys for Proposed Intervenor-Defendant
Monsanto Company

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GEERTSON SEED FARMS INC., *et al.*, | Case No. C-08-484 JSW |
| Plaintiffs, | **MONSANTO COMPANY'S [PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| MIKE JOHANNS, *et al.*, | |
| Defendants, | Judge: Jeffrey S. White |
| and | |
| MONSANTO COMPANY, | |
| Proposed Intervenor-Defendant. | |

Proposed Intervenor-Defendant Monsanto Company ("Monsanto"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs Center for Food Safety, *et al.*

## INTRODUCTION

1. The allegations in the first sentence of paragraph 1 constitute Plaintiffs' characterization of the complaint to which no response is required or which are otherwise denied. Monsanto denies the remainder of paragraph 1.

2. Monsanto denies the allegations in paragraph 2.

3. Monsanto denies the allegations in paragraph 3.

4. The allegations in paragraph 4 constitute legal conclusions to which no response is required or which are otherwise denied.

5. The allegations in paragraph 5 constitute Plaintiffs' characterization of the complaint to which no response is required or which are otherwise denied.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 constitute legal conclusions to which no response is required or which are otherwise denied.

7. The allegations in paragraph 7 constitute legal conclusions to which no response is required or which are otherwise denied.

## INTRADISTRICT ASSIGNMENT

8. The allegations in paragraph 8 constitute legal conclusions to which no response is required or which are otherwise denied.

## PARTIES

9. The allegations contained in the first sentence of paragraph 9 require no response. Monsanto denies that the Center for Food Safety and its members are being, and will be, adversely affected by Defendants' actions. Monsanto is without knowledge to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies the same.

10. Monsanto is without knowledge to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies the same.

1      11.   Monsanto is without knowledge to form a belief as to the truth of the
2 allegations in paragraph 11 and, on that basis, denies the same.
3      12.   Monsanto is without knowledge to form a belief as to the truth of the
4 allegations in paragraph 12 and, on that basis, denies the same.
5      13.   Monsanto denies the allegations in the first and second sentences of
6 paragraph 13. Monsanto is without knowledge to form a belief as to the truth of the allegations
7 contained in the third and fourth sentences in paragraph 13 and, on that basis, denies the same.
8 Monsanto denies the remaining allegations in paragraph 13.
9      14.   Monsanto is without knowledge to form a belief as to the truth of the first
10 sentence in paragraph 14 and, on that basis, denies the same.  Monsanto denies the allegations
11 contained in the second sentence in paragraph 14.
12      15.   Monsanto denies the allegations in paragraph 15.
13      16.   The allegations contained in the first sentence of paragraph 16 require no
14 response.  Monsanto denies that the Organic Seed Alliance and its members are being, and will
15 be, adversely affected by Defendants' actions.  Monsanto is without knowledge to form a belief
16 as to the truth of the remaining allegations in paragraph 16 and, on that basis, denies the same.
17      17.   Monsanto is without knowledge to form a belief as to the truth of the first
18 sentence in paragraph 17 and, on that basis, denies the same.  Monsanto denies the remaining
19 allegations in paragraph 17.
20      18.   Monsanto denies that the Organic Seed Alliance and its members are
21 being, and will be, adversely affected by Defendants' actions.
22      19.   The allegations contained in the first sentence of paragraph 19 require no
23 response.  Monsanto denies that the Sierra Club and its members are being, and will be,
24 adversely affected by Defendants' actions.  Monsanto is without knowledge to form a belief as to
25 the truth of the remaining allegations in paragraph 19 and, on that basis, denies the same.
26      20.   Monsanto is without knowledge to form a belief as to the truth of the
27 allegations in paragraph 20 and, on that basis, denies the same.
28      21.   Monsanto denies that the Sierra Club and its members will be injured in

1 | the manners alleged and is without knowledge to form a belief as to the truth of the allegations in
2 | paragraph 21 and, on that basis, denies the same.

3 |     22.     Monsanto denies the allegations in paragraph 22.

4 |     23.     The allegations contained in the first sentence of paragraph 23 require no
5 | response. Monsanto is without knowledge to form a belief as to the truth of the remaining
6 | allegations in paragraph 23 and, on that basis, denies the same.

7 |     24.     Monsanto is without knowledge to form a belief as to the truth of the
8 | allegations in paragraph 24 and, on that basis, denies the same.

9 |     25.     Monsanto is without knowledge to form a belief as to the truth of the first
10 | sentence in paragraph 25 and, on that basis, denies the same. Monsanto denies the remaining
11 | allegations in paragraph 25.

12 |     26.     Monsanto denies the allegations contained in paragraph 26. Edward T.
13 | Schafer is the current Secretary of United States Department of Agriculture and was confirmed
14 | on January 28, 2008.

15 |     27.     Monsanto admits that Cindy Smith is the Administrator for the USDA's
16 | Animal and Plaint Health Inspection Service ("APHIS").

17 |     28.     The allegations in paragraph 28 constitute Plaintiffs' characterization of
18 | the complaint to which no response is required.

19 | **STATUTORY BACKGROUND**

20 | *The Plant Protection Act*

21 |     29.     The allegations in paragraph 29 constitute legal conclusions to which no
22 | response is required or which are otherwise denied.

23 |     30.     The allegations in paragraph 30 constitute legal conclusions to which no
24 | response is required or which are otherwise denied.

25 |     31.     The allegations in paragraph 31 constitute legal conclusions to which no
26 | response is required or which are otherwise denied.

27 |     32.     The allegations in paragraph 32 constitute legal conclusions to which no
28 | response is required or which are otherwise denied.

*The National Environmental Policy Act*

33. The allegations in paragraph 33 constitute legal conclusions to which no response is required or which are otherwise denied.

34. The allegations in paragraph 34 constitute legal conclusions to which no response is required or which are otherwise denied.

35. The allegations in paragraph 35 constitute legal conclusions to which no response is required or which are otherwise denied.

36. The allegations in paragraph 36 constitute legal conclusions to which no response is required or which are otherwise denied.

37. The allegations in paragraph 37 constitute legal conclusions to which no response is required or which are otherwise denied.

## FACTUAL BACKGROUND

*Background on Sugar Beets*

38. Because the allegations in the first sentence are ambiguous as to the relevant time period, Monsanto denies them. Monsanto admits that the allegations in the second sentence are reasonable estimates of sugar beet production in 2003.

39. Monsanto admits the allegations in the first sentence of paragraph 39. Monsanto denies the allegations in the second sentence.

40. Monsanto denies the allegations in paragraph 40 except to aver that *B. macrocarpa* has been found in the Imperial Valley, that gene flow between cultivated sugar beets of any variety and *B. macrocarpa* has proven to be extremely unlikely despite their close proximity over 70 years of coexistence, that gene flow is also unlikely because sugar beets grown in California typically do not flower, and that Monsanto is not aware of any commercial planting of Roundup Ready sugar beets in California.

41. Monsanto admits the allegations in the first two sentences of paragraph 41. Monsanto denies the remaining allegations of paragraph 41.

*Deregulation of Roundup Ready Sugar Beets*

42. Monsanto admits the allegations contained in the first sentence of

1  paragraph 42. The remaining sentences of paragraph 42 purport to characterize the
2  administrative actions taken by APHIS, which speak for themselves and are the best evidence of
3  their contents. To the extent that the allegations are inconsistent with those actions, Monsanto
4  denies the allegations.

5        43.     The allegations in paragraph 43 constitute legal conclusions to which no
6  response is required or which are otherwise denied.

7        44.     Monsanto admits the allegations in paragraph 44.

8        45.     Monsanto admits the allegations in paragraph 45.

9        46.     The allegations in paragraph 46 purport to characterize the final rule, 64
10  Fed. Reg. 18360, 18367 (Apr. 14, 1999), which speaks for itself and is the best evidence of its
11  contents. To the extent that the allegations in paragraph 46 are inconsistent with the plain
12  language and meaning of this document, Monsanto denies those allegations.

13        47.     The allegations in paragraph 47 purport to characterize the notice by
14  USDA, 69 Fed. Reg. 61466, 61467 (Oct. 19, 2004), which speaks for itself and is the best
15  evidence of its contents. To the extent that the allegations in paragraph 47 are inconsistent with
16  the plain language and meaning of this document, Monsanto denies those allegations.

17        48.     The allegations in paragraph 48 purport to characterize comments
18  submitted by Plaintiffs, which speak for themselves and are the best evidence of their contents.
19  To the extent that the allegations in paragraph 48 are inconsistent with the plain language and
20  meaning of the comments, Monsanto denies those allegations.

21        49.     The allegations in paragraph 49 purport to characterize the USDA's
22  Deregulation Determination, 70 Fed. Reg. at 13007-08, which speaks for itself and is the best
23  evidence of its contents. To the extent that the allegations in paragraph 49 are inconsistent with
24  the plain language and meaning of the Deregulation Determination, Monsanto denies those
25  allegations.

26        50.     Monsanto denies the allegations in the first and second sentences of
27  paragraph 50. The remaining allegations in paragraph 50 purport to characterize USDA's EA for
28  the Deregulation Determination, which speaks for itself and is the best evidence of its contents.

1 | To the extent that the allegations in paragraph 50 are inconsistent with the plain language and
2 | meaning of the EA, Monsanto denies those allegations.
3 |     51.    The allegations in the first sentence of paragraph 51 purport to
4 | characterize USDA's EA for the Deregulation Determination, which speaks for itself and is the
5 | best evidence of its contents.  To the extent that the allegations in paragraph 51 are inconsistent
6 | with the plain language and meaning of the EA, Monsanto denies those allegations.  Monsanto
7 | denies the allegations contained in the second sentence.

***The Effects of Deregulation***

52. Monsanto denies the allegation in paragraph 52.

53. Monsanto admits the allegations in the first sentence of paragraph 53. Monsanto denies the allegation in the second sentence.

54. Monsanto denies the allegations in paragraph 54.

55. Monsanto denies the allegations in paragraph 55.

56. Monsanto denies the allegations in paragraph 56.

57. Monsanto denies the allegations in paragraph 57.

58. Monsanto denies the allegations in paragraph 58.

59. Monsanto denies the allegations in paragraph 59.

60. Monsanto denies the allegations in the first sentence of paragraph 60.  The allegations in second sentence of paragraph 60 purport to characterize regulations, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in that sentence are inconsistent with the plain language and meaning of the regulations, Monsanto denies those allegations.

61. Because the allegations of the first three sentences of paragraph 61 are so vague and ambiguous, Monsanto denies them.  Monsanto denies the allegations in the fourth and fifth sentences of paragraph 61.

62. Monsanto denies the allegations of the first and fifth sentences of this paragraph. Because the allegations in the second sentence of paragraph 62 are so vague and ambiguous, Monsanto denies them.  The third sentence in paragraph 62 purports to characterize

1  USDA's EA for the Deregulation Determination, which speaks for itself and is the best evidence
2  of its contents. To the extent that this paragraph is inconsistent with the plain language and
3  meaning of the EA, Monsanto denies those allegations. Monsanto admits the allegations
4  contained in the fourth sentence.

       63.    Monsanto denies the allegations in paragraph 63.

       64.    The allegations in the first three sentences of paragraph 64 characterize the nature of federal regulatory processes and actions, and those processes and actions speak for themselves. To the extent that those allegations are inconsistent with the actions taken by the government, Monsanto denies those allegations. Monsanto denies the allegations in the last sentence of paragraph 64.

       65.    Monsanto denies the allegations in the first and fifth sentences of paragraph 65. The remaining sentences of paragraph 65 characterize the nature of federal regulatory processes and actions, and those processes and actions speak for themselves. To the extent that the those allegations are inconsistent with the actions taken by the government, Monsanto denies those allegations.

       66.    Monsanto denies the allegations in paragraph 66.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Violation of the National Environmental Policy Act
and Administrative Procedure Act)

       67.    Monsanto incorporates its answers to paragraphs 1 through 66 as though fully set forth herein.

       68.    Monsanto denies the allegations in paragraph 68.

       69.    Monsanto denies the allegations in paragraph 69.

       70.    Monsanto denies the allegations in paragraph 70.

       71.    Monsanto denies the allegations in paragraph 71.

       72.    Monsanto denies the allegations in paragraph 72

## SECOND CLAIM FOR RELIEF
### (Violation of the National Environmental Policy Act and Administrative Procedure Act)

73. Monsanto incorporates its answers to paragraphs 1 through 72 as though fully set forth herein.

74. The allegations in paragraph 74 constitute legal conclusions to which no response is required or which are otherwise denied.

75. Monsanto denies the allegations in paragraph 75.

76. Monsanto denies the allegations in paragraph 76.

## THIRD CLAIM FOR RELIEF
### (Violation of the Plant Protection Act and Administrative Procedure Act)

77. Monsanto incorporates its answers to paragraphs 1 through 76 as though fully set forth herein.

78. The allegations in paragraph 78 purport to characterize the USDA's Deregulation Determination, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 78 are inconsistent with the plain language and meaning of the Deregulation Determination, Monsanto denies those allegations.

79. Monsanto denies the allegations in paragraph 79.

## PRAYER FOR RELIEF

The remainder of the Amended Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Monsanto denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## GENERAL DENIAL

Monsanto denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

Monsanto hereby asserts the following affirmative defenses without assuming the burden of proof for issues where the burden would not ordinarily be upon the responding party.

### First Affirmative Defense

#### (Failure to State a Cause of Action)

One or more of the causes of action asserted in the Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

#### (Laches)

The Complaint, and each cause of action allegedly contained therein, is barred, in whole or in part, by the doctrine of laches, in that Plaintiffs have unreasonably delayed asserting their alleged claims, and such delay has caused great prejudice to Monsanto.

### Third Affirmative Defense

#### (Lack of Standing)

The Complaint, and each cause of action allegedly contained therein, is barred, in whole or in part, by Plaintiffs' lack of standing to assert any or all of the causes of action alleged in the Complaint.

### Fourth Affirmative Defense

#### (Equitable Estoppel)

As a result of their own acts and omissions, Plaintiffs are estopped, in whole or in part, from maintaining the causes of action asserted in, or obtaining the relief sought by, the Complaint.

### Fifth Affirmative Defense

#### (Justiciability)

The Complaint and each cause of action allegedly contained therein is barred, in whole or in part, because they do not present a justiciable controversy.

### Sixth Affirmative Defense

#### (Failure to Exhaust Administrative remedies)

The Complaint and each cause of action allegedly contained therein is barred, in whole or in part, because Plaintiffs have failed to exhaust their administrative remedies.

## Seventh Affirmative Defense

### (Waiver)

The Complaint and each cause of action allegedly contained therein is barred, in whole or in part, by the doctrine of waiver.

## Eighth Affirmative Defense

### (Unclean Hands)

The Complaint and each cause of action allegedly contained therein is barred, in whole or in part, by unclean hands.

## Ninth Affirmative Defense

### (Additional Affirmative Defenses)

Monsanto presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Monsanto reserve the right to assert additional affirmative defenses in the event such defenses become appropriate.

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

The Monsanto Company is a publicly traded company and has no parent corporations. Only two owners hold a greater than 5% stake in Monsanto: Marsico Capital Management LLC and FRM Corporation. Neither Marsico Capital Management LLC nor FMR Corporation is a publicly traded company.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 17, 2008 | Respectfully submitted, |
| 3 | | ____/S/ Holly J. Tate_____ |
| | PHILIP J. PERRY (D.C. Bar No. 434278 - admitted) | HOLLY J. TATE (Ca. Bar No. 237561) |
| 4 | JANICE M. SCHNEIDER (D.C. Bar No. 472037) | LATHAM & WATKINS LLP |
| 5 | (application for pro hac vice pending) | 505 Montgomery Street, Suite 1900 |
| | LATHAM & WATKINS LLP | San Francisco, California 94111-2562 |
| 6 | 555 11th Street, N.W. Suite 1000 | Telephone: (415) 391-0600 |
| | Washington, D.C. 20004 | Facsimile: (415) 395-8095 |
| 7 | Telephone: (202) 637-2200 | Email: holly.tate@lw.com |
| | Facsimile: (202) 637-2201 | |
| 8 | Email: phil.perry@lw.com | |
| | Email: janice.schneider@lw.com | |
| 9 | | |
| 10 | ARENT FOX LLP | |
| |    Stanley H. Abramson (D.C. Bar No. 217281) | |
| 11 |    Rachel G. Lattimore (D.C. Bar No. 450975) | |
| |    (applications for *pro hac vice* pending) | |
| 12 | 1050 Connecticut Avenue, N.W. | |
| | Washington, D.C. 20036-5339 | |
| 13 | Telephone: (202) 857-6000 | |
| | Facsimile: (202) 857-6395 | |
| 14 | Email: abramson.stanley@arentfox.com | |
| 15 | | *Attorneys for Proposed Intervenor-Defendant Monsanto Company* |