DANIEL M. ABUHOFF (*pro hac vice* pending)
dabuhoff@debevoise.com
HARRY ZIRLIN (*pro hac vice* pending)
hzirlin@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone:    212.909.6381
Facsimile:    212.909.6836

DANIEL MURPHY (SBN 141006)
dmurphy@loeb.com
W. ALLAN EDMISTON (SBN 228246)
aedmiston@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:    310-282-2000
Facsimile:    310-282-2200

Attorneys for Intervenor
BETASEED, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al., | ) |
|        Plaintiffs, | ) Case No.  C 08-00484 JSW |
|     vs. | ) |
| CHARLES CONNOR, in his official capacity as Acting Secretary of the United States Department of Agriculture, and CINDY SMITH, in her official capacity as Administrator of the Animal and Plant Health Inspection Service, | ) **NOTICE OF MOTION AND MOTION TO INTERVENE OF BETASEED, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
|        Defendants, | ) DATE: June 6, 2008<br>) TIME:  9:00 a.m.<br>) DEPT:  17th Floor, Courtroom 2 |
|   and | ) |
| BETASEED, INC., | ) Judge: The Honorable Jeffrey S. White |
|        Proposed Intervenor-Defendant. | ) |

1            **NOTICE OF MOTION AND MOTION**

2     TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3       **PLEASE TAKE NOTICE** that on June 6, 2008 at 9:00 a.m., or as soon thereafter as may

4 be heard, in the Courtroom of the Honorable Jeffrey S. White, United States District Judge, in the

5 United States Courthouse located at 450 Golden Gate Ave., San Francisco, California, proposed

6 intervenor-defendant Betaseed, Inc. will, and hereby does, move the Court pursuant to Rule 24 of

7 the Federal Rules of Civil Procedure for an order allowing it to intervene in the above-captioned

8 action.

9       In support of this motion, Betaseed, Inc. shall rely upon the Memorandum of Points and

10 Authorities below, the accompanying declarations, and any further argument permitted by the

11 Court on this matter.

12 Dated: April 17, 2008                 Respectfully Submitted,

13                                 LOEB & LOEB LLP

14                                 By: /s/  Daniel G. Murphy
15                                 Daniel G. Murphy (SBN 141006)
                                   W. Allan Edmiston (SBN 228246)

16                                 *Attorneys for Proposed Intervenor-Defendant*
                                *Betaseed, Inc.*

17 Of Counsel:

18 DEBEVOISE & PLIMPTON LLP
   Daniel M. Abuhoff
19 Harry Zirlin

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

BACKGROUND ........................................................................................................... 1

THE COMPLAINT .................................................................................................... 2

ARGUMENT ............................................................................................................ 3

    I.     Intervention as of Right on the Plant Protection Act Claim ................................. 3

    II.    Intervention on the National Environmental Policy Act Claims ........................... 6

        1.    Merits Phase ............................................................................................ 7

        2.    Remedies Phase ....................................................................................... 9

CONCLUSION ........................................................................................................ 10

1

## LIST OF EXHIBITS

2

Exhibit 1:    Rule 7.1 Disclosure Statement and Civil Local Rule 3-16 Certification of Interested
3              Entities Or Persons for Proposed Intervenor-Defendant Betaseed, Inc.

4  Exhibit 2:    Answer of Proposed Intervenor-Defendant Betaseed, Inc. in Response to Plaintiffs'
               Complaint
5
Exhibit 3:    [Proposed] Order Granting Betaseed Inc.'s Motion to Intervene
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

## Federal Cases

3    *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050 (9th Cir. 1997) ................................ 4

4    *Churchill County v. Babbitt*, 150 F.3d 1072 (9th Cir. 1998) ........................................................ 9

5    *Ctr. for Biological Diversity v. Leavitt*, No. C-02-1581 JSW, 2004 WL 2940597
6        (N.D. Cal. Dec. 20, 2004) ................................................................................................... 6

7    *Ctr. for Biological Diversity v. United States Fish & Wildlife Service*, No. C-04-
        4324 WHA, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. May 31, 2005) ......................... 7, 8

8    *Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ................................................................. 7

9    *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489 (9th
10       Cir. 1995) ............................................................................................................................ 5

11   *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) ................................ 4, 8, 9

12   *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) ........................ 4

     *Or. Natural Desert Assoc. v. Shuford*, No. 06-242, 2006 U.S. Dist. LEXIS 64452
13      (D. Or. Sept. 8, 2006) ......................................................................................................... 9

14   *Pacific Rivers Council v. United States Forest Service*, No. Civ. S-05-0953, 2005
15      U.S. Dist. LEXIS 25136 (E.D. Cal. Oct. 19, 2005) ...................................................... 7, 8

16   *Sequoia Forestkeeper v. United States Forest Service*, No. Civ. S-07-1690, 2008
        WL 324013, at *5 (E.D. Cal. Feb. 5, 2008) ....................................................................... 9

17   *Sierra Club v. United States EPA*, 995 F.2d 1478 (9th Cir. 1993) ......................................... 4, 6

18   *Sierra Nevada Forest Protection Campaign v. Rey*, No. Civ. S-05-0205, 2005 U.S.
19      Dist. LEXIS 42996 (E.D. Cal. Sept. 14, 2005) ................................................................. 9

20   *Sierra Nevada Forest Protection Campaign v. Tippin*, No. Civ. S-06-351, 2006
        U.S. Dist. LEXIS 29919 (E.D. Cal. May 15, 2006) .......................................................... 9

21   *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ...................... 5

22   *Stevens County v. United States Dep't of the Interior*, No. CV-06-0156-EFS, 2006
23      U.S. Dist. LEXIS 74730 (E.D. Wash. Oct. 4, 2006) ........................................................ 8

24   *Wetlands Action Network v. Babbitt*, 222 F.3d 1105 (9th Cir. 2000) ................................ 3, 6, 9

25

26

27

28

1   Proposed intervenor-defendant Betaseed, Inc. ("Betaseed"), by its counsel Loeb & Loeb

2   LLP and Debevoise & Plimpton LLP, submits this Memorandum of Points and Authorities in

3   support of its motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24.

4                                   **BACKGROUND**

5   Betaseed is the largest supplier of sugar beet seed in North America, accounting for nearly

6   one half of sugar beet seed sales. (Declaration of E. Joe Dahmer ("Decl.") ¶ 2.) It has an active

7   research team, breeding and producing new varieties of hybrid sugar beet seed responsive to the

8   needs of growers in the United States, Canada and other countries. (Decl. ¶ 3.) Betaseed's parent

9   company is KWS SAAT AG ("KWS"), a German company that has been breeding and developing

10  sugar beet varieties for 150 years and, together with its subsidiaries, is the largest breeder and

11  supplier of sugar beet seed in the world. (Decl. ¶¶ 4, 5.)

12  KWS is Monsanto Company's ("Monsanto") technology partner for the development and

13  commercialization of Roundup Ready sugar beets. (Decl. ¶ 8.) Monsanto owns the intellectual

14  property around the gene for glyphosate[1] tolerance and, pursuant to a licensing agreement, KWS

15  inserted that gene into sugar beets to produce a type of Roundup Ready sugar beets known as

16  Event H7-1. (*Id.*) Thus, as the Complaint explicitly states, "[t]he Roundup Ready sugar beets at

17  issue in this case, known as 'Event H7-1,'" were engineered by KWS and Monsanto. (Compl.

18  ¶ 42.) Event H7-1 and KWS are referenced numerous times throughout plaintiffs' Complaint.

19  (*See, e.g.,* Compl. ¶¶ 42–44, 47, 49.)

20  Together, KWS and Monsanto submitted a lengthy petition to the United States

21  Department of Agriculture ("USDA") on November 17, 2003 seeking the deregulation of Event

22  H7-1. (Decl. ¶ 9.) The petition was granted on March 4, 2005, and Betaseed began producing

23  Roundup Ready sugar beet seeds. (*Id.*)

24  The first commercial crop of Roundup Ready sugar beets was planted in the 2006 season.

25  (Decl. ¶ 12.) In the 2008 season, it is estimated that the acreage on which Roundup Ready sugar

26  beets will be planted will total approximately 700,000 acres—nearly 60% of total United States

27

28  [1] Glyphosate is the active ingredient in Roundup, an herbicide manufactured by Monsanto.

1

1  sugar beet acreage. (*Id.*) Between one-half and two-thirds of all United States sugar beet growers

2  have ordered Roundup Ready sugar beet seed from Betaseed for the 2008 growing season. (Decl.

3  ¶ 13.)

4       Now, over two and one-half years after the USDA's approval of Monsanto and KWS's

5  petition to deregulate Roundup Ready sugar beets—and after seed companies and growers have

6  committed their capital and farmland to the transition from conventional to Roundup Ready sugar

7  beets—plaintiffs commence this action to vacate the USDA's deregulation decision, to force the

8  preparation of an Environmental Impact Statement ("EIS") analyzing the deregulation of Roundup

9  Ready sugar beets, and for injunctive relief pending completion of the EIS. Betaseed moves to

10  intervene.

11  **THE COMPLAINT**

12       Plaintiffs sue under the Plant Protection Act ("PPA"), 7 U.S.C. §§ 7701 et seq. The PPA

13  makes it unlawful for any person to introduce without a permit any organism that has been

14  genetically engineered from one or more enumerated organisms that are considered plant pests.

15  *See* 7 U.S.C. § 7711, 7 C.F.R. § 340. The PPA expressly provides for private parties to petition

16  the USDA to deregulate a genetically engineered crop, as Monsanto and KWS did. *See* 7 U.S.C.

17  § 7711(c). The USDA granted the petition. Plaintiffs claim that the USDA's decision is

18  unsupported by the evidence in the record, arbitrary and capricious, an abuse of discretion, and

19  otherwise not in accordance with the law. (Compl. ¶ 79.)

20       Plaintiffs also sue under the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq.

21  ("NEPA"), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, claiming that the

22  Environmental Assessment ("EA") prepared by the USDA was flawed and that the USDA must

23  prepare an EIS to address the significant environmental and related economic impacts that will

24  result from the deregulation of Roundup Ready sugar beets. (Compl. ¶¶ 72, 76.)

25       Plaintiffs seek as relief an order vacating the USDA's decision to deregulate Roundup

26  Ready sugar beets and requiring the USDA to prepare a full EIS. Plaintiffs also seek an injunction

27  preventing "harm to the environment"—presumably at the hands of private parties like Betaseed—

28  until the USDA is in full compliance with the law.

**ARGUMENT**

1    Betaseed is entitled under the PPA to intervene as of right in plaintiffs' action. Betaseed

2  has an intense interest in the subject matter of litigation, the regulation of Roundup Ready sugar

3  beets under the PPA. This litigation will determine Betaseed's ability to produce, market, and sell

4  the Roundup Ready sugar beet seed it has developed and cultivated. Moreover, key issues under

5  the PPA cannot be litigated fairly without Betaseed's input. Accordingly, Betaseed makes the

6  requisite showing for intervention as of right under Rule 24(a) of the Federal Rules of Civil

7  Procedure.

8    Betaseed should also be permitted to intervene with respect to the NEPA claims.

9  Applications for intervention on the merits of NEPA claims in the Ninth Circuit are left to the

10  discretion of the court. Courts regularly exercise their discretion to allow such intervention, as the

11  Court should in this instance given Betaseed's significant interest and the value that Betaseed will

12  bring to the litigation process. Applications in the Ninth Circuit for intervention in the remedial

13  phase of NEPA actions are granted as of right.

14    Betaseed's motion to intervene should be granted.

15    I.    Intervention as of Right on the Plant Protection Act Claim

16    Intervention as of right is governed by Rule 24(a) of the Federal Rules of Civil Procedure,

17  which provides:

> Upon timely application anyone shall be permitted to intervene in an
> action: . . . (2) when the applicant claims an interest relating to the
> property or transaction which is the subject of the action and the
> applicant is so situated that the disposition of the action may as a
> practical matter impair or impede the applicant's ability to protect
> that interest, unless the applicant's interest is adequately represented
> by existing parties.

    In applying this standard for intervention under Rule 24(a), the Ninth Circuit has

developed a four part test for determining if an applicant has a right to intervene under Rule 24(a):

(1) the motion must be timely; (2) the applicant must assert a significantly protectable interest

relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be

situated so that disposition of action may as a practical matter impair or impede the interest; and

(4) the applicant's interest must be inadequately represented by the parties. *See Wetlands Action*

MOTION TO INTERVENE
Case No. C 08-00484 JSW

1 *Network v. Babbitt*, 222 F.3d 1105, 1113–14 (9th Cir. 2000) (citing *Sierra Club v. United States*

2 *EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). The four part test is interpreted broadly in favor of

3 intervention. *See Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir.

4 1997).

5       There is no question that Betaseed's intervention is timely. The timeliness requirement is

6 responsive to the concern that the intervenor not delay justice for the existing parties. *See* 7C

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil*

8 *3d* § 1916 (2007). Betaseed's application was submitted prior to any hearings or motion practice;

9 indeed, the initial Court scheduling conference has not yet been held. Moreover, Betaseed hereby

10 agrees to abide by the Court's briefing and procedural scheduling orders, and any other conditions

11 set by the Court. Accordingly, there will be no delay or prejudice to existing parties as a result of

12 Betaseed's intervention. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 n.10 (9th

13 Cir. 2002) ("[B]ecause the intervention motions were filed near the case outset and the defendant-

14 intervenors said they could abide the court's briefing and procedural scheduling orders, there was

15 no issue whatsoever of undue delay.").

16       Betaseed has a significantly protectable interest under the PPA. To satisfy this prong, a

17 prospective intervenor must establish that "(1) the interest [asserted] is protectable under some

18 law, and (2) there is a "relationship between the legally protected interest and the claims at issue."

19 *See Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 827 (9th Cir. 1996). The PPA

20 explicitly provides for private parties to petition the USDA for deregulation, as was done by

21 Betaseed's parent KWS. USDA's grant of this petition under the PPA created a significantly

22 protectable interest in KWS and Betaseed. The source of this interest and plaintiff's claim at issue

23 are one and the same, the PPA.

24       It is equally clear that disposition of the PPA claim may impede Betaseed's interest in the

25 deregulation of Roundup Ready sugar beets. KWS and Betaseed have invested more than $25

26 million over the past twenty years researching, developing, and seeking regulatory approval of

27 Roundup Ready sugar beets and acquiring the intellectual property licenses necessary to sell

28 Roundup Ready sugar beet seed in the United States. (Decl. ¶ 11.) In reliance on the regulatory

MOTION TO INTERVENE
Case No. C 08-00484 JSW

1  approval, Betaseed has produced, processed, and shipped Roundup Ready sugar beet seed to

2  growers for the 2008 growing season, and is producing Roundup Ready sugar beet seed to sell to

3  growers for the 2009 season.  (Decl. ¶ 32.)

4      If growers were prevented from selling their 2008 crop of Roundup Ready sugar beets as a

5  result of this litigation, Betaseed would be unable to provide such growers with non-Roundup

6  Ready sugar beet seed in time for the 2008 growing season.  (Decl. ¶¶ 25–33.)  The economic

7  consequences for Betaseed, KWS, and the sugar beet industry would be devastating.  (Decl. ¶ 34.)

8  Moreover, the sugar beet seed crop for 2009—90% comprised of Roundup Ready seed—is

9  already in the ground.  (Decl. ¶ 35.)  Thus, if growers were prevented from planting Roundup

10  Ready sugar beet seed in 2009, Betaseed would not have sufficient amounts of non-Roundup

11  Ready sugar beet seed to supply growers for the 2009 growing season.  (Decl. ¶ 36.)  Betaseed

12  estimates that its lost income for 2009 would be $21 to $25 million.  (Decl. ¶ 37.)  Obviously,

13  there would be severe consequences also for growers, processors, and customers who rely on

14  sugar beets for their source of sugar supply.

15      As for the fourth factor considered in motions for intervention, although the proposed

16  intervenor bears the burden of demonstrating that the existing parties will not adequately represent

17  its interests, the burden is minimal.  *See Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d

18  810, 822–23 (9th Cir. 2001).  In evaluating the adequacy of representation, a court considers

19  "whether the interest of a present party is such that it will undoubtedly make all the intervenor's

20  arguments; whether the present party is capable and willing to make such arguments; and whether

21  the intervenor would offer any necessary elements to the proceedings that other parties would

22  neglect."  *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1498–99

23  (9th Cir. 1995) (citations omitted).

24      Defendants here are not likely to make all of Betaseed's argument, and Betaseed should

25  bring important elements to these proceedings.  Governmental agencies are not charged with

26  representing Betaseed's interests in the deregulation of Roundup Ready sugar beets under the

27  PPA.  Moreover, Betaseed, with over thirty-five years of experience in the industry, has a detailed

28  understanding of the technological aspects of this matter.  This includes an understanding of the

MOTION TO INTERVENE
Case No. C 08-00484 JSW

1  gene implant process in sugar beets, as it was KWS who developed technology for doing this; the

2  science of gene flow among and between sugar beets and other crops; the stewardship programs

3  designed to eliminate cross-pollination, including those initiated and contractually required by

4  Betaseed; and the potential negative impact of enjoining the planting of Roundup Ready sugar

5  beets on the availability of Roundup Ready and non-Roundup Ready sugar beet seed for this year

6  and several years into the future.

7       The present case is analogous to *Sierra Club v. EPA*, 995 F.2d 1478. There, environmental

8  groups sued the EPA under the Clean Water Act to take a more restrictive approach to permits

9  issued for discharge of waste. The City of Phoenix had previously been issued permits for two

10  wastewater treatment plants. The relief sought by the environmental groups would have required

11  the EPA to change the terms of the City's permits. The Ninth Circuit Court of Appeals held that

12  the City of Phoenix was entitled to intervene as of right because it had a protectable interest under

13  the Clean Water Act in the operation of its plants in accordance with the original permits. *Id.* at

14  1483–85.

15       Here, plaintiffs are suing to force the USDA to take a more restrictive approach to the

16  regulation of sugar beet seed. Betaseed's parent had previously applied for, and been granted by

17  the USDA, deregulation of Roundup Ready sugar beet seed. Betaseed has a protectable interest

18  under the PPA in this deregulatory decision. The relief sought by plaintiffs would impair this

19  interest by prohibiting Betaseed's sale of Roundup Ready sugar beet seed. Therefore, Betaseed is

20  entitled to intervene as of right.

21      II.   Intervention on the National Environmental Policy Act Claims

22       "The Ninth Circuit's approach [to NEPA actions] involves dividing [such] actions into two

23  phases: a merits phase during which the court determines whether the government was required to

24  comply with NEPA and whether it failed to do so; and a remedial phase, during which the court

25  determines the appropriate remedy for any violation." *Ctr. for Biological Diversity v. Leavitt*, No.

26  C-02-1581 JSW, 2004 WL 2940597, at *1 (N.D. Cal. Dec. 20, 2004) (citing *Wetlands Action*

27  *Network*, 222 F.3d at 1113–14).

28

MOTION TO INTERVENE
Case No. C 08-00484 JSW

1.        <u>Merits Phase</u>

Motions to intervene in the merits phase of a NEPA action are considered by courts in the Ninth Circuit under Rule 24(b), which allows a court to permit intervention in its discretion. *See, e.g., Pacific Rivers Council* v. *United States Forest Service*, No. Civ. S-05-0953, 2005 U.S. Dist. LEXIS 25136 (E.D. Cal. Oct. 19, 2005); *Ctr. for Biological Diversity v. United States Fish & Wildlife Service*, No. C-04-4324 WHA, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. May 31, 2005). Rule 24(b) provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

An applicant seeking permissive intervention must satisfy three threshold requirements: (1) the motion must be timely; (2) the court must have an independent basis for jurisdiction; and (3) the intervenor's interests must share a common question of law or fact with the main action. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Betaseed meets these threshold requirements. First, Betaseed's application is timely, as described above.

Second, because Betaseed seeks to defend against claims brought under federal statutes (the APA, NEPA, and PPA), there exists an independent basis for federal question subject matter jurisdiction. In granting permissive intervention to a ski industry association in NEPA litigation, the court in *Pacific Rivers Council*, 2005 U.S. Dist. LEXIS 25136, at \*5–\*6, found this jurisdictional prong to be satisfied "because the same jurisdictional bases appl[ied]" as in the main NEPA claim. The same logic applies here. Indeed, Moore's Federal Practice does not even consider the independent jurisdictional requirement to be applicable to federal question cases; the requirement applies only if the "original action was based on diversity of citizenship." 6 Edward J. Brunet, *Moore's Federal Practice* § 24:11 (2007).

Third, there are common questions of law and fact. Betaseed's interest in intervening relates directly to the subject matter of the main action—Roundup Ready sugar beets and their deregulation. If permissive intervention is granted, Betaseed will assert defenses of that

MOTION TO INTERVENE
Case No. C 08-00484 JSW

1   governmental action directly responsive to plaintiffs' claims. *See Kootenai Tribe of Idaho*, 313

2   F.3d at 1110–11 (common question of law and fact satisfied where proposed intervenors' interests

3   related to the governmental action and they asserted defenses directly responsive to plaintiff's

4   claims for an injunction); *Ctr. for Biological Diversity*, 2005 U.S. Dist. LEXIS 42275, at *17–*18

5   ("there are common questions of law and fact between the main action and the claims of the

6   applicant intervenors because the applicant intervenors assert an interest in the use" of property

7   regulated by governmental action); *see also Stevens County v. United States Dep't of the Interior*,

8   No. CV-06-0156-EFS, 2006 U.S. Dist. LEXIS 74730, at *13 (E.D. Wash. Oct. 4, 2006) (prong

9   satisfied where "[a]pplicants are interested in the same issues of law and fact as the federal

10  defendants").

11      Where, as here, the threshold requirements are met, courts approve applications for

12  permissive intervention on the basis of factors similar to those supportive of intervention as of

13  right. Indeed, commentators have observed that the distinction between intervention as of right

14  and permissive intervention "is neither as clearcut nor as important as the usual statement of it

15  would suggest. Applicants often will rely alternatively on both subdivision (a) and subdivision (b)

16  [of Rule 24] and courts sometimes hold that intervention will be allowed without specifying which

17  branch of the rule is on point." 7C *Federal Practice and Procedure: Civil 3d* § 1902.

18      As demonstrated above, Betaseed has a significantly protectable interest under the PPA.

19  As the Ninth Circuit Court of Appeals stated in *Sierra Club*, "[w]e ordinarily do not require that a

20  prospective intervenor show that the interest he asserts is one that is protected by the statute under

21  which the litigation is brought. It is generally enough that the interest is protectable under some

22  law, and that there is a relationship between the legally protected interest and the claims at issue."

23  995 F.2d at 1484. Clearly, there is a strong relationship between plaintiff's claim under the PPA

24  and its NEPA claim and, therefore, a significantly protectable interest with respect to both.

25      Betaseed's application for permissive intervention is also supported by the fact, discussed

26  above, that its interests in this litigation will not be adequately represented by the existing parties.

27  *See Pacific Rivers Council*, 2005 U.S. Dist. LEXIS 25136, at *6 (granting permissive intervention

28  at the merits stage of a NEPA lawsuit where proposed intevenor's "particular interests in

8

1   preserving the [governmental action] may not adequately be represented by the existing parties in

2   this case"); *Sierra Nevada Forest Protection Campaign v. Rey*, No. Civ. S-05-0205, 2005 U.S.

3   Dist. LEXIS 42996, at *7–*8 (E.D. Cal. Sept. 14, 2005) (same).  Further support stems from the

4   value Betaseed will add to the ongoing litigation by contributing to the development of underlying

5   issues.. *See Sequoia Forestkeeper v. United States Forest Service*, No. Civ. S-07-1690, 2008 WL

6   324013, at *5 (E.D. Cal. Feb. 5, 2008) (granting permissive intervention at the merits stage of a

7   NEPA lawsuit "[b]ecause [proposed intervenor's] interests are not adequately protected and

8   because it can expand upon common factual and legal issues before the Court."); *see also*

9   *Kootenai*, 313 F.3d at 1111 (no abuse of discretion granting permissive intervention where

10   "presence of intervenors would assist the court in its orderly procedures leading to the resolution

11   of this case").

12               2.    <u>Remedies Phase</u>

13         For the remedies phase of a NEPA action, courts in the Ninth Circuit will grant

14   intervention as of right.  *See, e.g., Sierra Nevada Forest Protection Campaign v. Tippin*, No. Civ.

15   S-06-351, 2006 U.S. Dist. LEXIS 29919, at *9 (E.D. Cal. May 15, 2006) (citing *Wetlands Action*

16   *Network*, 222 F.3d at 1114; *Churchill County v. Babbitt*, 150 F.3d 1072, 1083 (9th Cir. 1998)); *Or.*

17   *Natural Desert Assoc. v. Shuford*, No. 06-242, 2006 U.S. Dist. LEXIS 64452, at *16 (D. Or. Sept.

18   8, 2006).  Betaseed clearly meets the requirements for intervening as of right in the remedial

19   phase.  First, the motion to intervene is timely, having been filed before any substantive motions

20   or rulings have been made.  Second, Betaseed has significantly protectable interest that will be

21   impaired if the Court enjoins selling, planting, or harvesting of Roundup Ready sugar beets

22   pending completion of an EIS.  Third, the federal defendants will not adequately represent

23   Betaseed's interests in this litigation.  Therefore, Betaseed is entitled to intervene with respect to

24   the remedies phase of the NEPA actions as of right.

25

26

27

28

MOTION TO INTERVENE
Case No. C 08-00484 JSW

1

**CONCLUSION**

2

     For the foregoing reasons, Betaseed respectfully requests that the Court grant its motion to

3

intervene.

4

5

Dated: April 17, 2008              Respectfully Submitted,

6

                           LOEB & LOEB LLP

7

                           By: /s/  Daniel G. Murphy

8

                           Daniel G. Murphy (SBN 141006)
                           W. Allan Edmiston (SBN 228246)

9

                           *Attorneys for Proposed Intervenor-Defendant*

10

                           *Betaseed, Inc.*

Of Counsel:

11

DEBEVOISE & PLIMPTON LLP

12

Daniel M. Abuhoff
Harry Zirlin

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               MOTION TO INTERVENE
                                               Case No. C 08-00484 JSW

# EXHIBIT 1

1   DANIEL M. ABUHOFF (*pro hac vice* pending)
    dabuhoff@debevoise.com
2   HARRY ZIRLIN (*pro hac vice* pending)
    hzirlin@debevoise.com
3   DEBEVOISE & PLIMPTON LLP
    919 Third Avenue
4   New York, NY 10022
    Telephone:    212.909.6381
5   Facsimile:    212.909.6836

6   DANIEL MURPHY (SBN 141006)
    dmurphy@loeb.com
7   W. ALLAN EDMISTON (SBN 228246)
    aedmiston@loeb.com
8   LOEB & LOEB LLP
    10100 Santa Monica Boulevard, Suite 2200
9   Los Angeles, California 90067-4120
    Telephone:    310-282-2000
10  Facsimile:    310-282-2200

11  Attorneys for Intervenor
    BETASEED, INC.
12

13              UNITED STATES DISTRICT COURT
14             NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
15

16  CENTER FOR FOOD SAFETY, et al.,          )
17          Plaintiffs,                       )   Case No.  C 08-00484 JSW
18      vs.                                   )
19  CHARLES CONNOR, in his official capacity  )
20  as Acting Secretary of the United States  )
    Department of Agriculture, and CINDY      )   RULE 7.1 DISCLOSURE STATEMENT
21  SMITH, in her official capacity as        )   AND CIVIL LOCAL RULE 3-16
    Administrator of the Animal and Plant Health )  CERTIFICATION OF INTERESTED
22  Inspection Service,                       )   ENTITIES OR PERSONS FOR
                                              )   PROPOSED INTERVENOR-DEFENDANT
23          Defendants.                        )   BETASEED, INC.
                                              )
24  and                                       )
                                              )
25                                            )
    BETASEED, INC.,                           )
26                                            )   Judge: The Honorable Jeffrey S. White
            Proposed Intervenor-Defendant.    )
27  _____)

28

                        11

**DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, proposed intervenor-defendant Betaseed, Inc. ("Betaseed") and the undersigned counsel for Betaseed certifies that the following corporation owns 10% or more of its stock:

KWS SAAT AG

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, Betaseed and the undersigned counsel certifies that as of this date the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

KWS SAAT AG has a material ownership interest in proposed intervenor-defendant Betaseed, Inc.

Dated: April 17, 2008                    Respectfully Submitted,

                                         LOEB & LOEB LLP

                                         By: /s/ Daniel G. Murphy
                                         Daniel G. Murphy (SBN 141006)
                                         W. Allan Edmiston (SBN 228246)

                                         *Attorneys for Proposed Intervenor-Defendant*
                                         *Betaseed, Inc.*

Of Counsel:

DEBEVOISE & PLIMPTON LLP
Daniel M. Abuhoff
Harry Zirlin

12

**PROOF OF SERVICE**

I, Victoria Garza, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On April 17, 2008, I served a true copy of the **RULE 7.1 DISCLOSURE STATEMENT AND CIVIL LOCAL RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS FOR PROPOSED INTERVENOR-DEFENDANT BETASEED, INC.** on the parties in this cause

[X]  *(VIA OVERNIGHT DELIVERY)* by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list and by then causing said envelope to be deposited for collection and overnight delivery via Federal Express in accordance with Loeb & Loeb LLP's ordinary business practices.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2008, at Los Angeles, California.

Victoria Garza

13

LA1760381.1
212564-10001

1

<u>*CENTER FOR FOOD SAFETY v. CHARLES CONNOR, etc., et al.*</u>
<u>*U.S.D.C. Case No. C 08-00484 JSW*</u>

2

<u>SERVICE LIST</u>

3

4    Lori Caramanian
     U.S. Department of Justice
5    1961 Stout Street, 8th Floor
     Denver, CO  80294
6    (303) 844-1499
     Fax:  (303) 844-1350
7    Email:  lori.caramanian@ussdoj.gov

8

     John Robert Coleman
9    Civil Division, USDOJ
     20 Massachusetts Avenue, NW
10   Room 6118
     Washington, DC  20530
11   202-514-4505
     Email:  John.Coleman3@usdoj.gov

12

13   Gregory C. Loarie
     Earthjustice
14   426 Seventeenth Street
     5th Floor
15   Oakland, CA  94612
     510-550-6725
16   Fax:  510-550-6749
     Email:  gloarie @earthjustice.org

17

     Paul Henry Achitoff
18   Earthjustice
     223 S. King Street
19   Suite 400
     Honolulu, Hawaii 96813-4501
20   808-599-2436
     Email:  ACHITOFF@EARTHJUSTICE.ORG

21

22   Kevin Scott Golden
     The Center for Food Safety
23   2601 Mission Street
     Suite 803
24   San Francisco, CA  94110
     415-826-2770
25   Fax:  415-826-0507
     Email:  kgolden@icta.org

26

27

28

14

LA1760381.1
212564-10001

# EXHIBIT 2

1   DANIEL M. ABUHOFF (*pro hac vice* pending)
    dabuhoff@debevoise.com
2   HARRY ZIRLIN (*pro hac vice* pending)
    hzirlin@debevoise.com
3   DEBEVOISE & PLIMPTON LLP
    919 Third Avenue
4   New York, NY 10022
    Telephone:    212.909.6381
5   Facsimile:    212.909.6836

6   DANIEL MURPHY (SBN 141006)
    dmurphy@loeb.com
7   W. ALLAN EDMISTON (SBN 228246)
    aedmiston@loeb.com
8   LOEB & LOEB LLP
    10100 Santa Monica Boulevard, Suite 2200
9   Los Angeles, California 90067-4120
    Telephone:    310-282-2000
10  Facsimile:    310-282-2200

11  Attorneys for Intervenor
    BETASEED, INC.
12

13                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
14                  SAN FRANCISCO DIVISION

15

16  CENTER FOR FOOD SAFETY, et al.,      )
                                          )
17              Plaintiffs,               )   Case No.  C 08-00484 JSW
                                          )
18        vs.                             )
                                          )
19  CHARLES CONNOR, in his official capacity )
    as Acting Secretary of the United States )
20  Department of Agriculture, and CINDY  )   **ANSWER OF PROPOSED**
    SMITH, in her official capacity as    )   **INTERVENOR-DEFENDANT**
21  Administrator of the Animal and Plant Health ) **BETASEED, INC. IN RESPONSE TO**
    Inspection Service,                   )   **PLAINTIFFS' COMPLAINT**
22                                        )
23              Defendants.               )
                                          )
24  and                                   )
                                          )
25                                        )
    BETASEED, INC.,                       )   Judge: The Honorable Jeffrey S. White
26                                        )
                Proposed Intervenor-Defendant. )
27  _____)

28

1    Proposed intervenor-defendant Betaseed, Inc. ("Betaseed"), by and through its
2  undersigned attorneys, Loeb & Loeb LLP and Debevoise & Plimpton LLP, for its Answer
3  to the plaintiffs' Complaint, hereby states as follows:

4    1.    The allegation contained in the first sentence of paragraph 1 sets forth
5  plaintiffs' characterization of the nature and basis of their lawsuit, to which no response is
6  required.  Betaseed denies the allegation contained in the second sentence of paragraph 1
7  of the Complaint.

8
9    2.    Betaseed denies the allegations contained in paragraph 2 of the Complaint.

10
11    3.    Betaseed denies the allegations contained in paragraph 3 of the Complaint.

12
13    4.    The allegations in paragraph 4 constitute legal conclusions, to which no
    response is required.

14
15    5.    The allegations contained in paragraph 5 set forth plaintiffs'
16  characterization of the relief sought in this lawsuit, to which no response is required.

17
18    6.    The allegations in paragraph 6 constitute legal conclusions, to which no
19  response is required.

20
21    7.    The allegations in paragraph 7 constitute legal conclusions, to which no
22  response is required.

23
24    8.    The allegations in paragraph 8 constitute legal conclusions, to which no
25  response is required.

26    9.    The allegation contained in the first sentence of paragraph 9 sets forth
27  plaintiffs' characterization of the nature and basis of their lawsuit, to which no response is
28  required.  Betaseed denies knowledge or information sufficient to form a belief as to the

16

truth of the allegation contained in the second sentence of paragraph 9 of the Complaint. Betaseed denies the allegation contained in the third sentence of paragraph 9 of the Complaint.

10.    Betaseed denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    Betaseed denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    Betaseed denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Betaseed denies the allegations contained in the first, second, fifth, sixth, and seventh sentence of paragraph 13 of the Complaint.  Betaseed denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentence of paragraph 13 of the Complaint.

14.    Betaseed denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 14 of the Complaint. Betaseed denies the allegation contained in the second sentence of paragraph 14 of the Complaint.

15.    Betaseed denies the allegations contained in paragraph 15 of the Complaint.

16.    The allegation contained in the first sentence of paragraph 16 sets forth plaintiffs' characterization of the nature and basis of their lawsuit, to which no response is required.  Betaseed denies the allegation contained in the second sentence of paragraph 16 of the Complaint.  Betaseed denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17

1        17.    Betaseed denies knowledge or information sufficient to form a belief as to

2    the truth of the allegation contained in the first sentence of paragraph 17 of the Complaint.

3    Betaseed denies the allegations contained in the second and third sentence of paragraph 17

4    of the Complaint.

5

6        18.    Betaseed denies the allegations contained in paragraph 18 of the Complaint.

7        19.    The allegation contained in the first sentence of paragraph 19 sets forth

8    plaintiffs' characterization of the nature and basis of their lawsuit, to which no response is

9    required. Betaseed denies the allegation contained in the second sentence of paragraph 19

10   of the Complaint. Betaseed denies knowledge or information sufficient to form a belief as

11   to the truth of the remaining allegations contained in paragraph 19 of the Complaint.

12

13       20.    Betaseed denies knowledge or information sufficient to form a belief as to

14   the allegations contained in paragraph 20 of the Complaint.

15

16       21.    Betaseed denies the allegations contained in the first sentence of paragraph

17   21 of the Complaint. Betaseed denies knowledge or information sufficient to form a belief

18   as to the truth of the allegations contained in the second sentence of paragraph 21 of the

19   Complaint. Betaseed denies the remaining allegations contained in paragraph 21 of the

20   Complaint.

21       22.    Betaseed denies the allegations contained in paragraph 22 of the Complaint.

22

23       23.    The allegation contained in the first sentence of paragraph 23 sets forth

24   plaintiffs' characterization of the nature and basis of their lawsuit, to which no response is

25   required. Betaseed denies knowledge or information sufficient to form a belief as to the

26   truth of the remaining allegations contained in paragraph 23 of the Complaint.

27       24.    Betaseed denies knowledge or information sufficient to form a belief as to

28   the truth of the allegations contained in paragraph 24 of the Complaint.

BETASEED, INC.'S ANSWER
Case No. C 08-00484 JSW

1    25.    Betaseed denies knowledge or information sufficient to form a belief as to

2  the truth of the allegations contained in the first sentence of paragraph 25 of the

3  Complaint.  Betaseed denies the remaining allegations contained in paragraph 25 of the

4  Complaint.

5

6    26.    Betaseed denies the allegations contained in paragraph 26 of the Complaint.

7

8    27.    Betaseed admits the allegations contained in paragraph 27 of the

9  Complaint.

10    28.    The allegation contained in paragraph 28 sets forth plaintiffs'

11  characterization of the nature and basis of their lawsuit, to which no response is required.

12

13    29.    The allegations in paragraph 29 constitute legal conclusions, to which no

14  response is required.

15

16    30.    The allegations in paragraph 30 constitute legal conclusions, to which no

17  response is required.

18    31.    The allegations in paragraph 31 constitute legal conclusions, to which no

19  response is required.

20

21    32.    The allegations in paragraph 32 constitute legal conclusions, to which no

22  response is required.

23

24    33.    The allegations in paragraph 33 constitute legal conclusions, to which no

25  response is required.

26

27    34.    The allegations in paragraph 34 constitute legal conclusions, to which no

28  response is required.

19

35. The allegations in paragraph 35 constitute legal conclusions, to which no response is required.

36. The allegations in paragraph 36 constitute legal conclusions, to which no response is required.

37. The allegations in paragraph 37 constitute legal conclusions, to which no response is required.

38. Betaseed denies the allegations contained in paragraph 38 of the Complaint, except admits that sugar beets are grown on approximately 1.3 million acres.

39. Betaseed admits the allegation contained in the first sentence of paragraph 39 of the Complaint. Betaseed denies the allegations contained in the second sentence of paragraph 39 of the Complaint, except admits that sugar beets account for a little more than half of all refined sugar produced domestically.

40. Betaseed admits the allegation contained in paragraph 40 of the Complaint.

41. Betaseed admits the allegations contained in the first and second sentence of paragraph 41 of the Complaint. Betaseed denies the allegation contained in the third sentence of paragraph 41 of the Complaint.

42. Betaseed admits the allegation contained in the first sentence of paragraph 42 of the Complaint. The remaining allegations in paragraph 42 of the Complaint contain characterizations of the Environmental Assessment and Finding of No Significant Impact ("EA"), which speaks for itself and is the best evidence of its contents. Betaseed denies any characterizations that are not consistent with the EA.

43. The allegations in paragraph 43 constitute legal conclusions, to which no response is required.

BETASEED, INC.'S ANSWER
Case No. C 08-00484 JSW

1       44.     Betaseed admits the allegations contained in paragraph 44 of the

2  Complaint.

3

4       45.     Betaseed admits the allegations contained in paragraph 45 of the

5  Complaint.

6

7       46.     The allegations in paragraph 46 of the Complaint contain characterizations

of 64 F.R. 18360, which speaks for itself and is the best evidence of its contents. Betaseed

8  denies any characterizations that are not consistent with 64 F.R. 18360.

9

10      47.     The allegations in paragraph 47 of the Complaint contain characterizations

11  of 69 F.R. 61466, which speaks for itself and is the best evidence of its contents. Betaseed

12  denies any characterizations that are not consistent with 64 F.R. 18360. Betaseed admits

13  that on October 19, 2004, APHIS made the EA available for public comment.

14

15      48.     Betaseed denies the allegation contained in the first sentence of paragraph

16  48 of the Complaint, and alleges that the Center for Food Safety was the only plaintiff that

submitted comments on the EA. The allegation in the second sentence of paragraph 48

17  contains characterizations of the Center for Food Safety's comments, which speak for

18  themselves and are the best evidence of their contents.

19

20      49.     The allegations in paragraph 49 of the Complaint contain characterizations

21  of 70 F.R. 13007, which speaks for itself and is the best evidence of its contents. Betaseed

22  denies any characterizations that are not consistent with 70 F.R. 13007. Betaseed admits

that APHIS announced the deregulation decision on March 17, 2005.

23

24      50.     Betaseed denies the allegations contained in the first and second sentence of

25  paragraph 50 of the Complaint. The allegations of the third sentence of paragraph 50 of

26  the Complaint contain characterizations of the EA, which speaks for itself and is the best

27  evidence of its contents. Betaseed denies any characterizations that are not consistent with

28  the EA.

21

51.   The allegation of the first sentence of paragraph 51 of the Complaint contains characterizations of the EA, which speaks for itself and is the best evidence of its contents.  Betaseed denies any characterizations that are not consistent with the EA. Betaseed denies the allegation contained in the second sentence of paragraph 51 of the Complaint.

52.   Betaseed denies the allegations contained in paragraph 52 of the Complaint.

53.   Betaseed denies the allegations contained in paragraph 53 of the Complaint.

54.   Betaseed denies the allegations contained in paragraph 54 of the Complaint.

55.   Betaseed denies the allegations contained in paragraph 55 of the Complaint.

56.   Betaseed denies the allegations contained in paragraph 56 of the Complaint.

57.   Betaseed denies the allegations contained in paragraph 57 of the Complaint.

58.   Betaseed denies the allegations contained in paragraph 58 of the Complaint.

59.   Betaseed denies the allegations contained in paragraph 59 of the Complaint.

60.   Betaseed denies the allegation contained in the first sentence of paragraph 60 of the Complaint.  The allegation contained in the second sentence of paragraph 60 of the Complaint constitutes a legal conclusion, to which no response is required.

61.   Betaseed denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

BETASEED, INC.'S ANSWER
Case No. C 08-00484 JSW

62.     Betaseed denies the allegations contained in the first and last sentence in paragraph 62 of the Complaint.  Betaseed denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint.

63.     Betaseed denies the allegations contained in paragraph 63 of the Complaint.

64.     Betaseed denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentence of paragraph 64 of the Complaint.  Betaseed denies the remaining allegations contained in paragraph 64, except admits, on information and belief, that the FDA did not conduct any independent testing with respect to Roundup Ready sugar beets.

65.     Betaseed denies the allegations contained in the first and last sentence of paragraph 65 of the Complaint.  Betaseed denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Complaint.

66.     Betaseed denies the allegations contained in paragraph 66 of the Complaint.

67.     Betaseed repeats and realleges the responses to paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68.     Betaseed denies the allegations contained in paragraph 68 of the Complaint.

69.     Betaseed denies the allegations contained in paragraph 69 of the Complaint.

70.     Betaseed denies the allegations contained in paragraph 70 of the Complaint.

71.     Betaseed denies the allegations contained in paragraph 71 of the Complaint.

23

72. Betaseed denies the allegations contained in paragraph 72 of the Complaint.

73. Betaseed repeats and realleges the responses to paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. The allegations in paragraph 74 constitute legal conclusions, to which no response is required.

75. Betaseed denies the allegations contained in paragraph 75 of the Complaint.

76. The allegations in paragraph 76 constitute legal conclusions, to which no response is required. Should the Court determine that a response is required, Betaseed denies the allegations contained in paragraph 76 of the Complaint.

77. Betaseed repeats and realleges the responses to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. The allegations in paragraph 78 of the Complaint contain characterizations of 70 F.R. 13007, which speaks for itself and is the best evidence of its contents. Betaseed denies any characterizations that are not consistent with 70 F.R. 13007.

79. Betaseed denies the allegations contained in paragraph 79 of the Complaint.

80. Except as expressly stated above, defendant denies each and every allegation in the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Betaseed denies that plaintiffs are entitled to any of the relief requested or to any other relief based on the allegations of the Complaint.

24

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Laches)**

The Complaint is barred by the doctrine of laches, as plaintiffs have unreasonably delayed bringing this action, and this delay has caused prejudice to Betaseed.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

The Complaint is barred, in whole or in part, because plaintiffs failed to exhaust their administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiffs lack standing to assert the claims alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint is barred by the doctrine of waiver.

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Equitable Estoppel)

3

4

Plaintiffs are estopped from maintaining the claims asserted in the Complaint, and

5

obtaining recovery thereunder.

6

7    **WHEREFORE**, Betaseed respectfully requests judgment:  (a) dismissing the

8    Complaint in its entirety with prejudice; and (b) such other and further relief as the Court

9    deems just and proper.

10

11

12    Dated: April 17, 2008                             Respectfully Submitted,

13                                                      LOEB & LOEB LLP

14                                                      By: /s/  Daniel G. Murphy
                                                        Daniel G. Murphy (SBN 141006)
15                                                      W. Allan Edmiston (SBN 228246)

16
                                                        *Attorneys for Proposed Intervenor-Defendant*
17                                                      *Betaseed, Inc.*

18    Of Counsel:

19    DEBEVOISE & PLIMPTON LLP
      Daniel M. Abuhoff
20    Harry Zirlin

21

22

23

24

25

26

27

28

BETASEED, INC.'S ANSWER
Case No. C 08-00484 JSW

### PROOF OF SERVICE

I, Victoria Garza, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On April 17, 2008, I served a true copy of the **ANSWER OF PROPOSED INTERVENOR-DEFENDANT BETASEED, INC. IN RESPONSE TO PLAINTIFFS' COMPLAINT** on the parties in this cause

[X]   *(VIA OVERNIGHT DELIVERY)* by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list and by then causing said envelope to be deposited for collection and overnight delivery via Federal Express in accordance with Loeb & Loeb LLP's ordinary business practices.

### SEE ATTACHED SERVICE LIST

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2008, at Los Angeles, California.

Victoria Garza/

27

LA1760385.1
212564-10001

1

_CENTER FOR FOOD SAFETY v. CHARLES CONNOR, etc., et al._
_U.S.D.C. Case No. C 08-00484 JSW_

2

SERVICE LIST

3

4   Lori Caramanian
    U.S. Department of Justice
5   1961 Stout Street, 8th Floor
    Denver, CO  80294
6   (303) 844-1499
    Fax:  (303) 844-1350
7   Email:  lori.caramanian@ussdoj.gov

8

    John Robert Coleman
9   Civil Division, USDOJ
    20 Massachusetts Avenue, NW
10  Room 6118
    Washington, DC  20530
11  202-514-4505
    Email:  John.Coleman3@usdoj.gov

12

13  Gregory C. Loarie
    Earthjustice
14  426 Seventeenth Street
    5th Floor
15  Oakland, CA  94612
    510-550-6725
16  Fax:  510-550-6749
    Email:  gloarie @earthjustice.org

17

    Paul Henry Achitoff
18  Earthjustice
    223 S. King Street
19  Suite 400
    Honolulu, Hawaii 96813-4501
20  808-599-2436
    Email:  ACHITOFF@EARTHJUSTICE.ORG

21

22  Kevin Scott Golden
    The Center for Food Safety
23  2601 Mission Street
    Suite 803
24  San Francisco, CA  94110
    415-826-2770
25  Fax:  415-826-0507
    Email:  kgolden@icta.org

26

27

28

28

# EXHIBIT 3



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al., ) | Case No. C 08-00484 JSW |
| Plaintiffs, ) | **[PROPOSED] ORDER GRANTING BETASEED, INC.'S MOTION TO INTERVENE** |
| v. ) | |
| CHARLES CONNOR, in his official capacity as Acting Secretary of the United States Department of Agriculture, and CINDY SMITH, in her official capacity as Administrator of the Animal and Plan Health Inspection Service, ) | |
| Defendants, ) | |
| and ) | |
| BETASEED, INC., ) | |
| Intervenor-Defendant. ) | |

1    The Court has reviewed the motion to intervene filed by Betaseed, Inc.

2  ("Betaseed").  Upon consideration of this motion, supporting argument, and

3  opposition thereto, Betaseed's motion to intervene under Rule 24 of the Federal

4  Rules of Civil Procedure is GRANTED as to all claims in the above-captioned

5  matter.

6

7    **IT IS SO ORDERED.**

8

9  Dated: _____          _____
                                           Honorable Jeffrey S. White

10                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1760389.1
212564-10001

PROPOSED ORDER GRANTING
BETASEED, INC.'S MOTION TO
INTERVENE

**PROOF OF SERVICE**

I, Victoria Garza, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On April 17, 2008, I served a true copy of the **[PROPOSED] ORDER GRANTING BETASEED, INC.'S MOTION TO INTERVENE** on the parties in this cause

[X]    *(VIA OVERNIGHT DELIVERY)* by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list and by then causing said envelope to be deposited for collection and overnight delivery via Federal Express in accordance with Loeb & Loeb LLP's ordinary business practices.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2008, at Los Angeles, California.

Victoria Garza

31

LA1760385.1
212564-10001

1   *CENTER FOR FOOD SAFETY v. CHARLES CONNOR, etc., et al.*
    *U.S.D.C. Case No. C 08-00484 JSW*

2

3                           SERVICE LIST

4   Lori Caramanian
    U.S. Department of Justice
5   1961 Stout Street, 8th Floor
    Denver, CO  80294
6   (303) 844-1499
    Fax:  (303) 844-1350
7   Email:  lori.caramanian@ussdoj.gov

8
    John Robert Coleman
9   Civil Division, USDOJ
    20 Massachusetts Avenue, NW
10  Room 6118
    Washington, DC  20530
11  202-514-4505
    Email:  John.Coleman3@usdoj.gov
12

13  Gregory C. Loarie
    Earthjustice
14  426 Seventeenth Street
    5th Floor
15  Oakland, CA  94612
    510-550-6725
16  Fax:  510-550-6749
    Email:  gloarie @earthjustice.org
17

    Paul Henry Achitoff
18  Earthjustice
    223 S. King Street
19  Suite 400
    Honolulu, Hawaii 96813-4501
20  808-599-2436
    Email:  ACHITOFF@EARTHJUSTICE.ORG
21

22  Kevin Scott Golden
    The Center for Food Safety
23  2601 Mission Street
    Suite 803
24  San Francisco, CA  94110
    415-826-2770
25  Fax:  415-826-0507
    Email:  kgolden@icta.org
26

27

28

                          32

LA1760385.1
212564-10001

1

2

## PROOF OF SERVICE

3
   I, Victoria Garza, the undersigned, declare that:

4
   I am employed in the County of Los Angeles, State of California, over the age

5 of 18, and not a party to this cause.  My business address is 10100 Santa Monica

6 Boulevard, Suite 2200, Los Angeles, California 90067-4120.

7
   On April 17, 2008, I served a true copy of the **NOTICE OF MOTIONAND**

8 **MOTION TO INTERVENE OF BETASEED, INC.; MEMORANDUM OF**

9 **POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the parties in this

10 cause

11 [X]    *(VIA OVERNIGHT DELIVERY)* by placing the above named document in a

12 sealed envelope addressed as set forth below, or on the attached service list and by

13 then causing said envelope to be deposited for collection and overnight delivery via

14 Federal Express in accordance with Loeb & Loeb LLP's ordinary business practices.

15
   ## SEE ATTACHED SERVICE LIST

16
   I am readily familiar with Loeb & Loeb LLP's practice for collecting and

17 processing correspondence for mailing with the United States Postal Service and

18 Overnight Delivery Service.  That practice includes the deposit of all

19 correspondence with the United States Postal Service and/or Overnight Delivery

20 Service the same day it is collected and processed.

21
   I certify that I am employed in the office of a member of the bar of this Court

22 at whose direction the service was made.

23
   I declare under penalty of perjury that the foregoing is true and correct.

24
   Executed on April 17, 2008, at Los Angeles, California.

25

26

27
   Victoria Garza

28

LA1760346.1
212564-10001

1

*CENTER FOR FOOD SAFETY v. CHARLES CONNOR, etc., et al.*
*U.S.D.C. Case No. C 08-00484 JSW*

2

3

SERVICE LIST

4   Lori Caramanian
    U.S. Department of Justice
5   1961 Stout Street, 8th Floor
    Denver, CO  80294
6   (303) 844-1499
    Fax:  (303) 844-1350
7   Email:  lori.caramanian@ussdoj.gov

8

John Robert Coleman
9   Civil Division, USDOJ
    20 Massachusetts Avenue, NW
10  Room 6118
    Washington, DC  20530
11  202-514-4505
    Email:  John.Coleman3@usdoj.gov

12

13  Gregory C. Loarie
    Earthjustice
14  426 Seventeenth Street
    5th Floor
15  Oakland, CA  94612
    510-550-6725
16  Fax:  510-550-6749
    Email:  gloarie@earthjustice.org

17

18  Paul Henry Achitoff
    Earthjustice
19  223 S. King Street
    Suite 400
20  Honolulu, Hawaii 96813-4501
    808-599-2436
21  Email:  ACHITOFF@EARTHJUSTICE.ORG

22

Kevin Scott Golden
23  The Center for Food Safety
    2601 Mission Street
24  Suite 803
    San Francisco, CA  94110
25  415-826-2770
    Fax:  415-826-0507
26  Email:  kgolden@icta.org

27

28

LA1760346.1
212564-10001