1   Joanne Lichtman (State Bar No. 137300)
    HOWREY LLP
2   550 South Hope Street, Suite 1100
    Los Angeles, California 90071
3   Telephone: (213) 892-1800
    Facsimile: (213) 892-2300
4   Email: lichtmanj@howrey.com

5   Gilbert S. Keltelas  (*Pro Hac Vice pending*)
    John F. Bruce (*Pro Hac Vice pending*)
6   Christopher H. Marraro (*Pro Hac Vice pending*)
    HOWREY LLP
7   1299 Pennsylvania Avenue, N.W.
    Washington, DC 20004-2402
8   Telephone:  (202) 783-0800
    Facsimile:  (202) 383-6610

9
    *Attorneys for Proposed Intervenor-Defendants*
10

11                 UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14  CENTER FOR FOOD SAFETY, ORGANIC          Case No. 3:08-cv-00484-JSW
    SEED ALLIANCE, SIERRA CLUB, and HIGH
15  MOWING ORGANIC SEEDS,                     **[PROPOSED] ANSWER TO**
                                              **COMPLAINT BY SUGARBEET**
16               Defendants,                  **GROWERS AND PROCESSORS**

17          vs.

18  CHARLES CONNOR, in his official
    capacity as Acting Secretary of the United States
19  Department of Agriculture; and CINDY SMITH,
    in her official capacity as Administrator of the
20  Animal and Plant Health Inspection Service,

21               Defendants;

22  AMERICAN SUGARBEET GROWERS
    ASSOCIATION; ERVIN SCHLEMMER;
23  MARK WETTSTEIN; DUANE GRANT; JOHN
    SNYDER; UNITED STATES BEET SUGAR
24  ASSOCIATION; AMERICAN CRYSTAL
    SUGAR COMPANY; THE AMALGAMATED
25  SUGAR COMPANY LLC; WESTERN SUGAR
    COOPERATIVE; and WYOMING SUGAR
26  COMPANY, LLC,

27               Proposed Intervenor-Defendants.

28

**HOWREY LLP**

1    Proposed Intervenor-Defendants American Sugarbeet Growers Association, Ervin Schlemmer,

2    Mark Wettstein, Duane Grant, John Snyder, Jr., United States Beet Sugar Association, American

3    Crystal Sugar Company, Amalgamated Sugar Company, Western Sugar Cooperative and Wyoming

4    Sugar Company (collectively "Growers and Processors"), hereby answer the complaint as follows:

5                          <u>**RESPONSES TO INDIVIDUAL AVERMENTS**</u>

6        In response to the correspondingly numbered paragraphs of the complaint, Growers and

7    Processors state as follows:

8        1.    The first sentence of paragraph 1 constitutes Plaintiffs' description of their lawsuit and

9    requires no response.  Grower/ Processor Intervenor Defendants deny the remaining allegations of

10   paragraph 1.

11       2.    Growers and Processors deny the allegations in paragraph 2.

12       3.    Growers and Processors deny the allegations in paragraph 3.

13       4.    Growers and Processors deny the allegations in paragraph 4.

14       5.    Paragraph 5 sets forth the relief Plaintiffs request in this action and requires no

15   response.

16       6.    The allegations in paragraph 6 are legal conclusions to which no response is required.

17       7.    The allegations in paragraph 7 are legal conclusions to which no response is required.

18       8.    The allegations in paragraph 8 are legal conclusions to which no response is required.

19       9.    The first sentence of Paragraph 9 requires no response.  Growers and Processors lack

20   knowledge or information sufficient to form a belief as to the truth of the allegations in the second

21   sentence of paragraph 9.  Growers and Processors deny the third sentence in paragraph 9.

22       10.   Growers and Processors lack knowledge or information sufficient to form a belief as to

23   the truth of the allegations in paragraph 10.

24       11.   Growers and Processors lack knowledge or information sufficient to form a belief as to

25   the truth of the allegations in paragraph 11.

26       12.   Growers and Processors lack knowledge or information sufficient to form a belief as to

27   the truth of the allegations in paragraph 12.

28

HOWREY LLP

[PROPOSED] ANSWER TO COMPLAINT BY SUGARBEET GROWERS AND PROCESSORS

13.  Growers and Processors deny the allegations in the first and second sentences of paragraph 13.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 13.  Growers and Processors deny the remaining allegations in paragraph 13.

14.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14.  Growers and Processors deny the allegations in the second sentence of paragraph 14.

15.  Growers and Processors deny the allegations in paragraph 15.

16.  The first sentence of paragraph 16 requires no response.  Growers and Processors deny the allegations in the second sentence of paragraph 16.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17.  Growers and Processors deny the remaining allegations in paragraph 17.

18.  Growers and Processors deny the allegations in paragraph 18.

19.  The first sentence of paragraph 19 requires no response.  Growers and Processors deny the allegations in the second sentence of paragraph 19.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.  Growers and Processors deny the allegations in the first sentence of paragraph 21.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 21. Growers and Processors deny the remaining allegations in paragraph 21.

22.  Growers and Processors deny the allegations in paragraph 22.

**HOWREY LLP**

-2-

23. The first sentence of paragraph 23 requires no answer. Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24. Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25. Growers and Processors deny the remaining allegations in paragraph 25.

26. Growers and Processors deny the allegations in paragraph 26.

27. Growers and Processors admit the allegations in paragraph 27.

28. Paragraph 28 requires no response.

29. The allegations in paragraph 29 are legal conclusions to which no response is required.

30. The allegations in paragraph 30 are legal conclusions to which no response is required.

31. The allegations in paragraph 31 are legal conclusions to which no response is required.

32. The allegations in paragraph 32 are legal conclusions to which no response is required.

33. The allegations in paragraph 33 are legal conclusions to which no response is required.

34. The allegations in paragraph 34 are legal conclusions to which no response is required.

35. The allegations in paragraph 35 are legal conclusions to which no response is required.

36. The allegations in paragraph 36 are legal conclusions to which no response is required.

37. The allegations in paragraph 37 are legal conclusions to which no response is required.

38. Growers and Processors deny the allegations of paragraph 38.

39. Growers and Processors admit the allegations in the first sentence of paragraph 39. Growers and Processors admit that sugarbeets account for more than half of all refined sugar produced domestically but deny the remaining allegations in the second sentence of paragraph 39.

40. The American Sugarbeet Growers Association admits the allegations in paragraph 40. The remaining Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.   Growers and Processors admit the allegation of the first sentence of paragraph 41. Growers and Processors lack knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 41.   Growers and Processors deny the remaining allegations in paragraph 41.

42.   Growers and Processors admit the allegations in the first sentence of paragraph 42.   The remaining allegations in paragraph 42 contain statements from the USDA/APHIS Environmental Assessment and Finding of No Significant Impact which speak for themselves and are the best evidence of their contents.   Growers and Processors deny any characterizations that are not consistent with the Environmental Assessment and Finding of No Significant Impact.

43.   The allegations in paragraph 43 are legal conclusions to which no response is required.

44.   Growers and Processors admit the allegations in paragraph 44.

45.   Growers and Processors admit the allegations in paragraph 45.

46.   Paragraph 46 contains characterizations of 60 F.R. 18360 which speaks for itself and is the best evidence of its contents.   Growers and Processors deny any characterizations that are not consistent with 69 F.R. 18360.

47.   Paragraph 46 contains characterizations of 60 F.R. 61466 which speaks for itself and is the best evidence of its contents.   Growers and Processors deny any characterizations that are not consistent with 69 F.R. 61466.   Growers and Processors admit that on October 19, 2004, APHIS made the Environmental Assessment available for public comment.

48.   Paragraph 48 characterizes the Center for Food Safety's written comments to the Environmental Assessment which speak for themselves and are the best evidence of their contents. Growers and Processors deny the remaining allegations in Paragraph 48 that purport to characterize the comments of others.

49.   Paragraph 49 contains characterizations of 70 F.R. 13007 and 13008 which speak for themselves and are the best evidence of their contents.   Growers and Processors deny any characterizations that are not consistent with 70 F.R. 13007 and 13008.   Growers and Processors admit that APHIS announced the deregulation decision on March 17, 2005.

50.  Growers and Processors deny the allegations in the first and second sentences in paragraph 50.  The third sentence characterizes the Environmental Assessment which speaks for itself and is the best evidence of its contents.  Growers and Processors deny any characterizations that are not consistent with the Environmental Assessment.

51.  The first sentence in paragraph 51 characterizes the Environmental Assessment which speaks for itself and is the best evidence of its contents.  Growers and Processors deny any characterizations that are not consistent with the Environmental Assessment.  Growers and Processors deny the allegations in the third sentence of paragraph 51.

52.  Growers and Processors deny the allegations in paragraph 52.

53.  Growers and Processors deny the allegations in paragraph 53.

54.  Growers and Processors deny the allegations in paragraph 54.

55.  Growers and Processors deny the allegations in paragraph 55.

56.  Growers and Processors deny the allegations in paragraph 56.

57.  Growers and Processors deny the allegations in paragraph 57.

58.  Growers and Processors deny the allegations in paragraph 58.

59.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.  Growers and Processors deny the allegations in the first sentence of paragraph 60.  The second sentence of paragraph 60 contains legal conclusions, to which no response is required.

61.  Growers and Processors deny the third and fourth sentences of Paragraph 61.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62.  Growers and Processors deny the allegations in the first sentence of paragraph 62.  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 62.  Growers and Processors deny the remaining allegations in paragraph 62.

63.  Growers and Processors deny the allegations in paragraph 63.

1          64.  Growers and Processors lack knowledge or information sufficient to form a belief as to

2  the truth of the allegations of the first three sentences in paragraph 64.  Growers and Processors deny

3  the remaining allegations in paragraph 64.

4          65.  Growers and Processors deny the allegations in the first sentence of paragraph 65.

5  Growers and Processors lack knowledge or information sufficient to form a belief as to the truth of the

6  allegations in the second, third and fourth sentences of paragraph 65.  Growers and Processors deny the

7  remaining allegations in paragraph 65.

8          66.  Growers and Processors deny the allegations in paragraph 66.

9          67.  No response is required.

10          68.  Growers and Processors deny the allegations in paragraph 68.

11          69.  Growers and Processors deny the allegations in paragraph 69.

12          70.  Growers and Processors deny the allegations in paragraph 70.

13          71.  Growers and Processors deny the allegations in paragraph 71.

14          72.  Growers and Processors deny the allegations in paragraph 72.

15          73.  No response is required.

16          74.  The allegations in paragraph 74 are legal conclusions to which no response is required.

17          75.  Growers and Processors deny the allegations in paragraph 75.

18          76.  Growers and Processors deny the allegations in paragraph 76.

19          77.  No response is required.

20          78.  Paragraph 78 contains characterizations of the Determination of Nonregulated Status of

21  Sugar Beet Genetically Engineered for Tolerance to the Herbicide Glyphosate, 70 F.R. 13,007, 13,008

22  (March 17, 2005) which speaks for itself and is the best evidence of its contents.  Growers and

23  Processors deny any characterizations that are not consistent with the Determination of Nonregulated

24  Status of Sugar Beet Genetically Engineered for Tolerance to the Herbicide Glyphosate.

25          79.  Growers and Processors deny the allegations in paragraph 79.

26      The remainder of the complaint consists of Plaintiffs' prayer for relief.  Growers and

27  Processors deny that Plaintiffs are entitled to any relief whatsoever in this action.

28

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiffs' complaint, and as separate and distinct affirmative defenses, Growers and Processors allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

The complaint is barred by the doctrine of laches, in that Plaintiffs have unreasonably delayed bringing this action, and such delay has caused prejudice to Growers and Processors.

**THIRD AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiffs lack standing to assert the causes of action alleged in the complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

As a result of their own acts and omissions, Plaintiffs are estopped from maintaining the causes of action asserted in, or obtaining the relief sought by, the complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The complaint is barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

The complaint is barred because the Court lacks jurisdiction to hear Plaintiffs' claims for relief.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

The complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiffs have failed to exhaust their administrative remedies.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The complaint is barred by unclean hands.

Growers and Processors presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses.  Growers and Processors reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses may be appropriate.

**PRAYER FOR RELIEF**

Wherefore, Growers and Processors respectfully pray that this Court find that:

1.    Plaintiffs take nothing by way of their complaint;

2.    That Growers and Processors be awarded costs of suit; and

3.    For such other relief as the Court deems just and proper.

Dated:  April 17, 2008

Respectfully submitted,

HOWREY LLP

By:   /s/ Joanne Lichtman
      Joanne Lichtman
      Attorneys for Proposed Intervenor-
      Defendants American Sugarbeet Growers
      Association, Ervin Schlemmer, Mark
      Wettstein, Duane Grant, John Snyder,
      United States Beet Sugar Association,
      American Crystal Sugar Company, The
      Amalgamated Sugar Company LLC,
      Western Sugar Cooperative and Wyoming
      Sugar Company LLC

**HOWREY LLP**

-8-