1  KEVIN GOLDEN, State Bar No. 233378
   Center for Food Safety
2  2601 Mission St., Suite 803
   San Francisco, CA 94110
3  T: (415) 826-2770 / F: (415) 826-0507
   Email: kgolden@icta.org
4
   PAUL H. ACHITOFF (Pro Hac Vice)
5  Earthjustice
   223 South King Street, Suite 400
6  Honolulu, Hawai'i 96813
   T: (808) 599-2436 / F: (808) 521-6841
7  Email: achitoff@earthjustice.org

8  GREGORY C. LOARIE, State Bar No. 215859
   Earthjustice
9  426 17th Street, 5th Floor
   Oakland, CA 94612
10 T: (510) 550-6725 / F: (510) 550-6749
   Email: gloarie@earthjustice.org
11

12
   *Counsel for Plaintiffs*
13
                UNITED STATES DISTRICT COURT
14          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION
15

16 CENTER FOR FOOD SAFETY, *et al.*,        ) Case No.:  3:08-cv-00484-JSW
                                            )
17              Plaintiffs,                  )
                                            ) PLAINTIFFS' OPPOSITION TO MOTIONS TO
18       vs.                                 ) INTERVENE
                                            )
19 EDWARD T. SCHAFER, *et al.*,             )
                                            ) Date:  June 6, 2008
20              Defendants.                  ) Time:  9:00 a.m.
                                            ) Place:  Courtroom 2
21       and                                 ) Judge:  Hon. Jeffrey S. White
                                            )
22 MONSANTO COMPANY; SYNGENTA              )
   SEEDS, INC.; AMERICAN SUGARBEET          )
23 GROWERS ASS'N, *et al.*, and BETASEED,   )
   INC.,                                     )
24                                           )
           Proposed Defendant-Intervenors   )
25 _____ )

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................................ii

INTRODUCTION ......................................................................................................................... 1

ARGUMENT ................................................................................................................................ 3

I.    Applicants Are Not Entitled To Intervene As of Right In the Merits Phase. ............................ 3

    A.    Applicants Do Not Have A Significantly Protectable Interest on the Merits. .................. 3

    B.    Applicants Cannot Overcome the Presumption of Adequate Representation. ................. 6

II.   Applicants Should Not Be Permitted to Intervene by Permission in the Merits Phase. ............... 9

    A.    Applicants Are Adequately Represented by the Government. ....................................... 10

    B.    Applicants' Intervention Would Cause Undue Delay and Prejudice............................. 10

    C.    Applicants' Involvement in Roundup Ready Sugar Beets Is Irrelevant In the Merits Phase of this Action.............................................................................................. 12

    D.    Courts Routinely Deny Permissive Intervention In Merits of Phase – Applicants' Case Law Does Not Support Permissive Intervention....................................................... 13

III.  Reasonable Restrictions Should Be Placed On Applicants' Involvement in the Remedies Phase. ...................................................................................................................... 17

CONCLUSION.......................................................................................................................... 18

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Audubon Society of Portland v. U.S. Fish and Wildlife Service*, 2004 WL 2026429 (D. Or. Sept. 10, 2004) ............................................................................................................... 17

*Bush v. Viterna*, 740 F.2d 350 (5th Cir. 1984) ................................................................. 8, 11, 12

*California ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) .......................... 3, 8

*California v. Tahoe Regional Planning Agency*, 792 F.2d 775 (9th Cir. 1986) ................. 7, 10

*Camp v. Pitts*, 411 U.S. 138 (1973) ................................................................................ 12, 13

*Center for Biological Diversity v. U.S. Bureau of Land Management*, 2007 WL 101705 (N.D. Cal. Jan. 11, 2007) .......................................................... 17

*Center for Tribal Water Advocacy v. Gutierrez,* 2007 WL 527932 (D.Or. Feb. 12, 2007) .................... 15

*Churchill County v. Babbitt*, 150 F.3d 1072 (9th Cir.1998) .................................................. 3

*Center for Biological Diversity v. U. S. Fish & Wildlife Serv.*, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. May 30, 2005) .......................................... 6

*Eyak Preservation Council v. U.S. Forest Serv.*, 2003 WL 24085349 (D. Alaska Dec. 9, 2003) ...................................................... 16, 17

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir.1995) ................. 3, 13

*Friends of the Wild Swan, Inc. v. U.S. Fish & Wildlife Serv.*, 896 F. Supp. 1025 (D. Or. 1995) .......... 5

*Geertson Seed Farms, et al. v. Johanns, et al.*, No. 06-01075, 2007 WL 1302981 (N.D. Cal. May 3, 2007) ......................................................... 5, 11

*Geertson Seed Farms, et al. v. Johanns, et al.*, No. 06-01075, 2007 WL 518624 (N.D. Cal. Feb. 13, 2007) ........................................................... 1

*Greene v. United States*, 996 F.2d 973 (9th 1993) ............................................................... 6

*Hallco Mfg. Co., Inc. v. Quaeck*, 161 F.R.D. 98 (D.Or. 1995) ........................................ 10

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) ........................... 3, 13, 15

*League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ............... 9

*Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201 (7th Cir. 1982) ............... 9

*Montana Wilderness Ass'n v. McAllister*, 2007 WL 4564175 (D. Mont. Dec. 20, 2007) .....................17

*Northwest Forest Resource Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996).........................................6

*Olympic Forest Coalition v. U.S. Forest Service*, 2007 WL 3374996
    (W.D. Wash. Nov. 9, 2007) .........................................................................15

*Oregon Environmental Council v. Oregon Dep't of Environmental Quality*,
    775 F. Supp. 353 (D. Or. 1991) .................................................................6

*Oregon Nat. Desert Ass'n v. Lohn*, 2006 WL 3762119 (D.Or. 2006) .....................................................7

*Oregon Natural Desert Ass'n v. Shuford*, No. 06-242,
    2006 WL 2601073 (D. Or. Sept. 8, 2006) ...................................................4

*Oregon Natural Desert Ass'n v. United States Forest Service*, No. 04-3096-CO,
    2007 WL 1072112 (D. Or. Apr. 28, 2005) ...................................................4

*People ex rel. Lockyer v. United States Dep't of Agric.*, Nos. 05-03508 & 05-04038,
    2006 WL 889327 (N.D. Cal. Mar. 31, 2006).................................................4

*Philadelphia Indem. Ins. Co. v. Business Computer Training Inst., Inc.*,
    2006 WL 2883010 (W.D. Wash. Oct. 10, 2006) ...............................10, 16

*Portland Audubon Soc. v. Hodel*, 866 F.2d 302 (9th Cir.1989) ............................................3

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006)..............................................................7, 8, 12

*Protect Lake Pleasant, LLC v. Johnson*, No. 07-454,
    2007 WL 1108916 (D. Ariz. April 13, 2007) ...........................................4, 16

*Rodriguez v. Ridge*, 290 F. Supp. 2d 1153 (C.D. Cal. 2003)..........................................10

*Sagebrush Rebellion v. Watt*, 713 F.2d 525 (9th Cir. 1983)............................................9

*Sequoia Forestkeeper v. U.S. Forest Service,* 2008 WL 324013 (E.D. Cal. Feb. 5, 2008)...................17

*Sierra Club v. Environmental Prot. Agency*, 995 F.2d 1478 (9th Cir. 1993) ......................3, 5

*Sierra Nevada Forest Protection Campaign v. Tippin*, 2006 WL 1319397 (E.D. Cal. 2006) .............16

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir.2001)................................5

*Southwest Center for Biological Diversity v. U.S. Forest Serv.*,
    82 F. Supp. 2d 1070 (D. Ariz. 2000) ............................................4

*Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987)....................................................17

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) .........................................7, 9

*Van Hoomissen v. Xerox Corp.*, 497 F.2d 180 (9th Cir. 1974).........................................................18

*Western Watersheds Project v. U.S. Forest Serv.*, No. 05-0189
    2005 WL 3244253 (D. Idaho Nov. 4, 2005 ) ........................................................................4

*Wetlands Action Network v. United States Army Corps of Eng'rs*,
    222 F.3d 1105 (9th Cir. 2000) ........................................................................3, 5, 14

*Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991) ........................................................................9

**INTRODUCTION**

The claims in this lawsuit are simple and straightforward.  Plaintiffs challenge a decision by the U.S. Department of Agriculture ("USDA") and its Animal and Plant Health Inspection Service ("APHIS") to deregulate and allow anyone to grow, without restriction or oversight, a variety of sugar beet genetically engineered to resist dousing with the herbicide Roundup, and challenge defendants' failure to comply with the environmental and agricultural review requirements of  the National Environmental Policy Act ("NEPA") and the Plant Protection Act ("PPA") that accompany an approval of a new genetically engineered crop.  As plaintiffs alleged in their complaint, and as defendants have admitted, these "Roundup Ready" sugar beets are likely to cross-pollinate and otherwise contaminate sugar beet and related crops (such as chard) that are not genetically engineered.  Repeated application of Roundup to the sugar beet fields and cross-pollination with related weed species will also exacerbate the serious problem of proliferating herbicide-resistant "superweeds."  Defendants were required to thoroughly assess the potential for these environmental and economic harms under NEPA and PPA before deregulation, but did not.  These failures mirror those that led the court in *Geertson Seed Farms v. Johanns*, No. 06-01075, 2007 WL 518624 (N.D. Cal. 2007 Feb. 13, 2007), recently to require these same government defendants, in the same circumstances, to prepare an environmental impact statement ("EIS") before deregulating Roundup Ready alfalfa.

Plaintiffs and defendants agree that, under the Administrative Procedure Act ("APA"), the only issues in the liability phase of this case are whether defendants' actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law when they deregulated the "Roundup Ready" sugar beets under the PPA, and failed to prepare an EIS or even an adequate environmental assessment as required by NEPA.  5 U.S.C. § 706(2)(A).  The parties agree that defendants' liability will be determined by whether those agency actions were supported by the administrative record of materials that were before defendants when they made their decisions.  *See* Joint Case Management Statement (April 9, 2008) at ¶ 7.  Plaintiffs reserve the right to seek appropriate equitable relief in the event they establish the government's liability, but plaintiffs and defendants have agreed that it is appropriate to bifurcate the liability and remedy phases of this case,

and also have agreed to expeditious disposition of the merits through motions for summary judgment commencing June 2, 2008. *Id.* at ¶ 15, 16.

Plaintiffs do not challenge any actions taken by any other persons or entities; under NEPA, the PPA, and the APA, the only parties that had any relevant legal duties are the government defendants, and only defendants may be liable under any claim alleged in this case. However, a swarm of companies, organizations and individuals, claiming all manner of interest in growing, buying, selling, and processing Roundup Ready sugar beets and sugar beet seed, and intellectual property rights thereto, have moved to intervene in the action. These thirteen entities (collectively, "applicants") are organized into four separate groups, each of which filed a separate motion represented by different counsel. The American Sugarbeet Growers Association, Ervin Schlemmer, Mark Wettstein, Duane Grant, John Snyder, United States Beet Sugar Association, American Crystal Sugar Company, The Amalgamated Sugar Company LLC, Western Sugar Cooperative and Wyoming Sugar Company LLC (the "Sugar Companies") claim to engage in a variety of activities including growing and processing sugar beets. Monsanto Company ("Monsanto") claims to possess certain intellectual property rights in genetically engineered sugar beet seed, as does Syngenta Seeds, Inc. ("Syngenta"). Betaseed, Inc. ("Betaseed") asserts it sells such seed.

Each of these groups seeks to intervene as of right in the remedy phase of this case. Each also requests permissive intervention in the merits of plaintiffs' NEPA claim. Syngenta, Monsanto, and Betaseed seek as well to intervene as of right in the merits of plaintiffs' PPA claim, while the Sugar Companies seek permissive intervention in that claim. Plaintiffs oppose intervention by these parties permissively or as of right in any aspect of the liability phase of this case. Such intervention would be contrary to law in the particular circumstances of this case. In addition, plaintiffs submit that the Court should impose reasonable restrictions on any intervention allowed in the remedies phase of the case in the interest of judicial economy and to prevent delay and prejudice to the original parties. In support merely of their request to intervene, thirteen different parties in four different groups with overlapping interests filed roughly a thousand pages of material, a great deal of it superfluous and duplicative. This offers a glimpse of what would be forthcoming were all of these companies, associations, and individuals allowed unfettered intervention.

1

**ARGUMENT**

2

**I.    Applicants Are Not Entitled To Intervene As of Right In the Merits Phase.**

3

The Ninth Circuit has established a four-part test to determine whether intervention as a

4

matter of right is warranted:

5

> (1) the motion must be timely; (2) the applicant must claim a "significantly
> protectable" interest relating to the property or transaction which is the subject of the

6

> action; (3) the applicant must be so situated that the disposition of the action may as a
> practical matter impair or impede its ability to protect that interest; and (4) the

7

> applicant's interest must be inadequately represented by the parties to the action.

8

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (quoting *Sierra Club v.*

9

*Envtl. Prot. Agency*, 995 F.2d 1478, 1481 (9th Cir. 1993)).  Here, applicants have no significantly

10

protectable interest in the merits phase because only the government can be liable for its actions

11

under NEPA the PPA claims.  Moreover, even if applicants purported interests in the merits of

12

this litigation could be construed as "significant" and "protectable," they have not overcome the

13

presumption that such interests will be adequately represented because, among other reasons,

14

applicants' proposed defenses are identical to those of the government defendant.  Accordingly,

15

applicants have no right to intervene in this case under Federal Rule of Civil Procedure 24(a).

16

**A.    Applicants Do Not Have A Significantly Protectable Interest on the Merits.**

17

The Ninth Circuit has held, consistently and without qualification, that a court may not allow

18

a private party to intervene as of right in the merits of a NEPA suit, because it does not have a

19

legally protectable interest in the subject matter.  Over two decades, the court has refined and

20

confirmed what has become known as the "none but the federal" rule: "because NEPA requires

21

action only by the government, only the government can be liable under NEPA.  Because a private

22

party can not violate NEPA, it can not be a defendant in a NEPA compliance action." *Wetlands*

23

*Action Network v. United States Army Corps of Eng'rs*, 222 F.3d 1105, 1114 (9th Cir. 2000)

24

(internal quotations and citations omitted); s*ee also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d

25

1094, 1108 (9th Cir. 2002); *Churchill County v. Babbitt*, 150 F.3d 1072, 1082 (9th Cir.1998), *as*

26

*amended*, 158 F.3d 491 (9th Cir.1998); *Forest Conservation Council v. United States Forest Serv.*,

27

66 F.3d 1489 (9th Cir.1995); *Portland Audubon Soc. v. Hodel*, 866 F.2d 302, 309 (9th Cir.1989),

28

*cert. denied*, 492 U.S. 911 (1989).

1          While applicants wisely do not move for intervention by right in the NEPA merits of this

2    case, all applicants except the Sugar Companies seek to intervene as of right in plaintiffs' PPA

3    claim.  However, the "none but the federal" rule is applied broadly to statutes other than NEPA.

4    Accordingly, the same rationale that prevents intervention by right in the merits of a NEPA case

5    applies equally to plaintiffs' PPA claim where only the government defendant is liable.  In *Western

6    Watersheds Project v. United States Forest Serv.*, No. 05-0189, 2005 WL 3244253 (D. Idaho Nov. 4,

7    2005 ), the court reasoned, "[t]he rationale underlying [the "none but the federal" rule] is that since

8    the duty runs to the agency, the agency is granted the exclusive right to determine whether it will

9    defend its conduct, and, if so, how it will defend itself.  That rationale should apply across the board

10   . . . ."  *See also People ex rel. Lockyer v. United States Dep't  of Agric.*, Nos. 05-03508 & 05-04038,

11   2006 WL 889327, *1 (N.D. Cal. March 31, 2006) ("This logic has been applied to cases arising

12   under environmental statutes other than NEPA.").

13          The "none but the federal" rule has been extended to a wide range of statutes.  S*ee Protect

14   Lake Pleasant, LLC v. Johnson*,  slip op., No. 07-454, 2007 WL 1108916, *2 (D. Ariz. April 13,

15   2007) ("The Court finds [the "none but the federal defendant" rule], which supports the rejection of

16   Marina Partners' intervention of right with respect to Plaintiffs' NEPA claims (Counts Two and Four

17   ), to be equally applicable to Plaintiffs' [Federal Property and Administrative Services Act and Clean

18   Air Act] claims (Counts One and Three)"); *Oregon Natural Desert Ass'n v. Shuford*, No. 06-242,

19   2006 WL 2601073, *8 (D. Or. Sept. 8, 2006) (applying "none but the federal" rule to deny

20   intervention in merits phase of NEPA, the Federal Land Policy and Management Act (FLPMA), the

21   Public Rangelands Improvement Act (PRIA), the Taylor Grazing Act of 1934, and the Steens

22   Mountain Cooperative Management and Protection Act of 2000); *Oregon Natural Desert Ass'n v.

23   United States Forest Serv.*, No. 04-3096-CO, slip op., 2007 WL 1072112, *7 (D. Or. Apr. 28, 2005)

24   ("[t]his case does not differ significantly from other government compliance actions in which courts

25   have held the government is the only proper defendant" in case brought under the ESA, NFMA and

26   NEPA); *Sw. Ctr. for Biological Diversity v. United States Forest Serv.*, 82 F. Supp. 2d 1070, 1074

27   (D. Ariz. 2000) (NEPA and ESA are similar, and "[t]he heart of this legal battle is whether the

28   Forest Service has performed its duty to consult in connection with the issuance of certain grazing

permits.  Because only the Forest Service can 'comply' with this duty, only the Forest Service can and should be a defendant for the liability phase of the litigation."); *Friends of the Wild Swan, Inc. v. United States Fish & Wildlife Serv.*, 896 F. Supp. 1025 (D. Or. 1995) (holding same for ESA action).[1]

The "none but the federal" rule applies equally to the PPA claim here.  Pursuant to the APA and the PPA, plaintiffs challenge government defendants' PPA deregulation determination, claiming that the USDA's findings in connection with its deregulation of Roundup Ready sugar beets were unsupported by the evidence in the administrative record.  (Pls.' Compl. 15.)  Only the USDA can be liable under the PPA for its deregulation determinations; a private party cannot violate the PPA in this way; therefore a private party can not be a defendant in this PPA compliance action.  *Cf. Wetlands Action Network v. U.S. Army Corps of Eng'rs*, 222 F.3d 1105, 1114 (9th Cir. 2000).

Applicants argue that plaintiffs' PPA claim implicates "significant protectable interests" for purposes for Rule 24(a)(2) because vacatur of the USDA's deregulation decision would directly affect the right to unrestricted use of Roundup Ready sugarbeets.  (*See, e.g.*, Monsanto Mem. 11-12.)  Just like with the potential for injunctive relief in NEPA claims, however, bifurcation of the case into merits and remedies phases resolves this issue.  A declaratory judgment in the merits phase that government defendants violated the APA and the PPA by issuing arbitrary and capricious PPA findings would restrict no right of the applicants.  A subsequent remedies phase would be the appropriate venue to address vacatur and injunctive relief.  *See Geertson Seed Farms,* 2007 WL 518624 at *12 (issuing declaratory judgment on plaintiffs claims; deferring relief to remedies phase); *see also Geertson Seed Farms v. Johanns*, No. 06-01075, 2007 WL 1302981 (N.D. Cal. May 3,

---

[1] Applicants rely heavily on *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir.2001) (court reversed district court's denial of intervention in case challenging conservation plan; pending construction projects depended on issuance of the City's Incidental Take Permit).  But the "none but the federal" rule did not apply in *Berg* because the plaintiffs brought suit against both the U.S. Fish and Wildlife Service and the City of San Diego, challenging the City's conservation plan.  A non-federal defendant's compliance with the ESA was, therefore, directly at issue.  Applicants also cite *Sierra Club v. Envtl. Prot. Agency.*, 995 F.2d 1478 (9th Cir. 1993), in which the court allowed intervention to defend an agency's action under the Clean Water Act, but "*Sierra Club* was decided two years before *Forest Conservation*, and thus cannot be deemed to question the result in *Forest Conservation*.  Moreover, . . . *Sierra Club* dealt with the Clean Water Act, which is not part of this case.")  *Western Watersheds Project*, 2005 WL 3244253, *2.

2007) (having granted permissive intervention for remedies phase, court issued relief including

vacatur of APHIS deregulation determination and permanent injunction).

Furthermore, applicants claimed economic interests do not establish the "significantly

protectable interest" required by Federal Rule of Civil Procedure 24(a) for intervention as of right.

As a threshold matter, a mere "economic stake in the outcome of the litigation, even if significant, is

not enough." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993); *Oregon Envtl. Council v.

Oregon Dep't of Envtl. Quality*, 775 F. Supp. 353, 358 (D. Or. 1991) (intervention denied where

applicants alleged economic and permit-related injury.) To establish an interest that is "significantly

protectable" applicants must not only establish that their interest "is protected under some law," but

that there is "a relationship between the legally protected interest and the plaintiffs' claims." *Nw.

Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Even assuming that the

applicants' alleged economic interests are "protected under some law," this District Court has held

under similar circumstances that economic interests are not "related" to the plaintiffs' claims of

agency malfeasance in the merits phase. *See Ctr. for Biological Diversity v. United States Fish &

Wildlife Serv.*, No. 04-04324, 2005 U.S. Dist. LEXIS 42275, *13-15 (N.D. Cal. May 30, 2005). The

"essence of this suit is that the government violated its procedural duties" under NEPA and the PPA.

*Id.* Because the applicants "have no role in deciding whether [the USDA] has complied with [the]

non-discretionary requirements" imposed by NEPA and the PPA, the applicants' economic interests

are not "related" to the plaintiffs' claims within the meaning of FRCP 24(a). *Id.* at 14 (holding that

"Applicant intervenors' economic interests [in upholding Fish and Wildlife Service's reclassification

of a species from "endangered" to "threatened"] are not related to federal compliance or

noncompliance with either the NEPA, ESA or APA").

In short, because applicants do not have a significantly protectable interest in the merits of

this litigation, they have no right to intervene in the merits phase.

**B.    Applicants Cannot Overcome the Presumption of Adequate Representation.**

Even if applicants' purported interests in the merits of plaintiffs PPA claims could be

construed as "significant" and "protectable," they still have not made the requisite showing that such

interests will be inadequately represented by the government defendants. In the absence of a "very

compelling showing to the contrary," courts presume that a government agency adequately

represents its citizens when the applicant shares the same interest and same ultimate objective. *Prete*

*v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006); *United States v. City of Los Angeles*, 288 F.3d 391,

401 (9th Cir. 2002); *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)

(intervention as of right inappropriate where "interests of a present party is such that it will

undoubtedly make all of the intervenors arguments."); CHARLES A. WRIGHT, ARTHUR R. MILLER &

MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1909 (2d ed. 1986).  Where parties share the

same ultimate objective, differences in litigation strategy do not normally justify intervention.  *City*

*of Los Angeles*, 288 F.3d at 402-03.  Applicants for intervention have the burden of establishing that

existing parties do not adequately represent their interests.  *Id*. at 398.

Here, applicants' and defendants' ultimate objectives in the liability phase of this case are

identical.  All seek to uphold the government's purported compliance with NEPA and PPA.  Indeed,

this is the only objective a defendant in this suit could possibly have.  This defense must be made by

referring to the administrative record underlying defendants' actions, and applicants make no

showing the government is not fully willing and able to do so.  *See, e.g., Oregon Nat. Desert Ass'n v.*

*Lohn*, No. 06-946, 2006 WL 3762119, *3 (D. Or. Dec. 20, 2006) ("Here, federal defendants and

applicant-intervenors have the same interest . . . Applicant-intervenors give no reason to believe the

federal government will not work hard to defend its product . . . I note that the applicant-intervenors'

proposed answer is virtually identical to the federal defendants' answer.  Accordingly, applicant-

intervenors have not overcome the presumption of adequate representation.").

Applicants do not suggest they plan to introduce any arguments that the government will not

advance, and it is difficult to imagine what such arguments might be where the government's

defense options are so circumscribed.  To the contrary, the Sugar Companies claim they have

"defenses in common with the USDA and APHIS."  (Sugar Companies Mem. at 10)  Assertions to

the contrary notwithstanding, none of the applicants actually "shares" the USDA's defenses, since

none of the applicants is liable under NEPA or PPA.  What applicants try to avoid acknowledging is

that, beyond agreeing with the government defendants, applicants have nothing of legal consequence

to offer in the merits stage.  As one applicant argues, "Syngenta's defenses in this action will raise

1    questions of law and fact that are in common with those already raised, and will undoubtedly

2    contribute to the equitable resolution of the case." (Syngenta Mem. at 13.)  Applicants are free to

3    contribute, in the remedy phase, to "the equitable resolution of the case" (subject to appropriate

4    restrictions to further judicial economy and avoid prejudice), but a determination on the merits of the

5    government's liability is not a matter of equity and on that, applicants may not be heard.

6         Applicants cannot credibly argue the government has distinctly different, let alone

7    conflicting, objectives, and do not seriously maintain otherwise.  They instead offer only *pro forma*

8    speculation that, since their particular interests are not identical in all respects to those of the

9    government, the government cannot be relied upon to protect them, without ever describing any

10   specific reason to suggest that defendants cannot, or will not, do so.  (*See* Monsanto Mem. at 15 (the

11   government's interests "do not align <u>perfectly</u> with Monsanto") (emphasis added); Syngenta Mem.

12   at 11 ("Syngenta's interests in this litigation do not coincide <u>entirely</u> with those interests of the

13   Agency.  The Agency will not <u>necessarily</u> make the arguments necessary to protect Syngenta's

14   interests.") (emphasis added); Betaseed Mem. at 5 ("Defendants are not likely to make <u>all</u> of

15   Betaseed's argument") (emphasis added).)

16        This rhetoric cannot support intervention.  Applicants do not describe <u>any</u> argument they

17   would make that the government will not because no such arguments exist on the merits of this case.

18   The interests of virtually any other entity will differ in some respects from those of the government,

19   almost by definition.  Merely pointing this out does not meet applicants' burden; if it did, the burden

20   would be illusory.  *See Prete v. Bradbury*, 438 F.3d at 956 (requirement to show inadequate

21   representation "is not without teeth"); *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984) (burden to

22   show inadequate representation cannot be treated "as to write the requirement completely out of the

23   rule").  An applicant for intervention "must produce something more than speculation as to the

24   purported inadequacy" in order to justify intervention.  *Prete v. Bradbury*, 438 F.3d at 957-58

25   (reversing intervention for failure to present "evidence sufficient to support a finding that their

26   interests are not adequately represented by the defendant in this action."); *California ex rel. Lockyer*,

27   450 F.3d at 444 ("In order to make a 'very compelling showing' of the government's inadequacy,

28   the proposed intervenor must demonstrate a likelihood that the government will abandon or concede

1  a potentially meritorious reading of the statute."); *League of United Latin American Citizens v.*

2  *Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997); *see also Meridian Homes Corp. v. Nicholas W.*

3  *Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982) ("where it is established that the parties have the

4  same ultimate objective in the underlying action, the intervenors must demonstrate, at the very least,

5  that some conflict exists.").

6      Cases in which courts have held that the government inadequately represents a proposed

7  intervenor are wholly inapposite. In *Sagebrush Rebellion v. Watt*, 713 F.2d 525 (9th Cir. 1983), for

8  example, the court permitted the Audubon Society to intervene on behalf of the defendants because

9  the party-defendant to the case, Secretary of Interior James Watt, had before his cabinet appointment

10  been the director of the group representing the <u>plaintiffs</u>' interests in the litigation. The court found

11  that under those circumstances (which had led some to refer to the case as "*Watt v. Watt*"), the

12  applicant's interests were not adequately represented. *Id.* at 528; *see also City of Los Angeles*, 288

13  F.3d at 403 (observing "*Sagebrush* was a special case," and rejecting "rhetoric and perceived

14  philosophic differences without more specific objective evidence in the record" as insufficient to

15  overcome the presumption of adequate representation by the United States). In *Yniguez v. Arizona*,

16  939 F.2d 727 (9th Cir. 1991), *vacated sub nom., Arizonans for Official English v. Arizona*, 520 U.S.

17  43 (1997), the party-defendant "had publicly opposed the adoption of [the ballot initiative at issue]

18  during the 1988 election [and had] . . . announced her decision not to appeal the district court's

19  opinion and order." *Id.* at 730. In this case, there is no reason to believe the government will not

20  vigorously defend its decisions regarding genetically engineered sugar beets under NEPA and the

21  PPA. Applicants are therefore not entitled to intervene as of right.

22  **II. Applicants Should Not Be Permitted to Intervene by Permission in the Merits Phase.**

23      While it is within the discretion of the Court to grant applicants intervenor-defendant status,

24  the Court should not grant permissive intervention because the merits phase involves simple matters

25  of administrative law. During the merits phase, applicants' interests are identical to the government

26  defendants; thus, applicants are adequately represented. Furthermore, permitting intervention during

27  the merits phase would merely cause undue burden and delay. Finally, the merits phase of this case

28  is a simple record review case, thus applicants' purported expertise is irrelevant to determining

whether defendants' legal determinations were within the law. Courts routinely deny permissive intervention in such circumstances.

### A. Applicants Are Adequately Represented by the Government.

As discussed above, applicants' interests in the merits phase of this case are adequately represented by the government defendants. At issue are administrative law questions based solely on the administrative record. Applicants raise no new claims or defenses and their interests on the merits are identical to that of the defendants. It is well established that an adequately represented third party should not be allowed to intervene permissively. *See, e.g., California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778-79 (9th Cir. 1986) (affirming denial of an adequately represented party's permissive and as-of-right intervention requests); *Rodriguez v. Ridge*, 290 F. Supp. 2d 1153, 1157 (C.D. Cal. 2003) ("even if [the proposed intervenor] satisfied the necessary prerequisites for permissive intervention, such intervention should be denied because [the proposed intervenor's] interests are adequately represented by petitioner"); *Philadelphia Indem. Ins. Co. v. Bus. Computer Training Inst.*, No. 05-05706, 2006 WL 2883010, *3 (W.D. Wash. Oct 10, 2006) (court should consider adequacy of representation before granting permissive intervention); *Hallco Mfg. Co., Inc. v. Quaeck*, 161 F.R.D. 98, 103 (D.Or. 1995) ("Where proposed intervenors would present no new questions to the court, a motion for permissive intervention is properly denied."). Because applicants interests are fully represented by the defendants in the merits phase of this case, applicants should be denied intervention.

### B. Applicants' Intervention Would Cause Undue Delay and Prejudice.

Permitting applicants to intervene in the merits phase of this case would cause undue delay and prejudice. "*In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.* Fed. R. Civ. P. 24(b) (emphasis added). A court may not grant permissive intervention before considering the potential for delay and prejudice and the interests of judicial economy. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989). Here, thirteen applicants seek to intervene. Although these applicants obviously have been in communication with one another for many weeks – having filed their extensive motions to intervene simultaneously, shared

arguments and authorities, and even relied on one other's declarations – they nonetheless found it necessary to hire nine different law firms in four cities and file four separate motions.  Applicants filed roughly a thousand pages of supporting papers, including a dozen declarations.  One applicant (Monsanto), in support of its own motion, not only filed its own supporting declarations of Robert D. Nixon, Paulette Pierson, Ronald W. Schneider, and Holly J. Tate, but also re-filed the declarations of David Berg, Duane Grant, Michael Hofer, Luther Markwart, and Mark Wettstein that were filed in identical form by the ten Sugar Company applicants, as well as the declaration of E. Joe Dahmer also filed by applicant Betaseed.

All of these declarations and legal memoranda are highly repetitive.  Yet, although they cite the same authorities, refer to the same basic facts, and swap declarations, each of these thirteen applicants evidently believes that it, and it alone, can adequately represent its interests – and none has articulated any reason why the government (not to mention any of the many other applicants) cannot be relied upon to do so.

Although applicants blithely assert, without analysis, that no party will be prejudiced by intervention at this stage of the proceedings, (Monsanto Mem. 9, Syngenta Mem. 13), it is evident from even a cursory review of the voluminous and repetitive intervention papers that exercising discretion to grant these motions invites the escalation of a relatively simple and straightforward suit based on the administrative record into a paper war of largely artificial complexity, with very real consequences for the parties and the Court.

> Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceedings a Donnybrook Fair.

*Bush v. Viterna*, 740 F.2d at 359.  In this case, the Court is asked to allow not one, but thirteen additional parties, presenting at least four sets of additional "briefs, arguments, motions and the like."  These applicants have demonstrated no inclination to voluntarily minimize their duplication and consequent impact on the parties and the Court, but instead have at best been oblivious to that impact.

In *Geertson Seed Farms, et al.,  v. Johanns, et al.,*  No. 06-01075, 2007 WL 1302981, *2 (N.D. Cal. May 3, 2007), involving essentially the same claims as this case, Monsanto and two other

1   parties intervened for the remedy phase alone.  The involvement of just those intervenors in the

2   remedies phase of that case more than doubled the docket, dramatically increasing the number of

3   motions, documents, and court appearances.  *See* Declaration of Kevin Golden in Support of Pts'

4   Opp. to Motions to Intervene (submitted herewith) at ¶ 5.  If the remedies phase of that case is any

5   indication, having thirteen parties intervene in this case for the merits phase of this case, which is a

6   simple record review case, indeed promises to cause undue delay and prejudice.  Fed. R. Civ. P.

7   24(b); *Bush v. Viterna*, 740 F.2d at 359.

8          **C.     Applicants' Involvement in Roundup Ready Sugar Beets Is Irrelevant In the
               Merits Phase of this Action.**

9

10         Applicants' knowledge of Roundup Ready sugar beets and sugar beet farming generally is

11  irrelevant in the merits of this case, because the issues on review are limited to the administrative

12  record.  Every applicant, however, assures the Court it possesses some unique and critical expertise

13  without which the Court cannot hope to decide this case properly.  (*See* Syngenta Mem. at 12

14  ("Syngenta has unique factual expertise and information that will assist this court in determining the

15  outcome of this lawsuit"); Betaseed Mem. at 5 (applicant "has a detailed understanding of the

16  technological aspects of this matter"); Sugar Companies Mem. at 7 ("the growers and processors are

17  uniquely situated to . . . provide relevant information to the Court concerning how sugarbeets are

18  grown and processed, and concerning how weeds are managed . . .").)  The Ninth Circuit rejects

19  such assurances as a basis for intervention.  *Prete v. Bradbury*, 438 F.3d at 958-59 (rejecting claims

20  of "specialized knowledge" as "insufficient to provide the 'compelling showing' necessary to

21  overcome the presumption of adequate representation," and noting applicants' failure to establish the

22  government defendant itself lacked adequate expertise, or could not acquire it).

23         The nature of the claims in the merits phase of this case makes applicants' purported

24  expertise irrelevant.  As noted, all of plaintiffs' claims must be decided on the basis of whether

25  defendants' actions are supported by the administrative record as it existed when defendants made

26  the decisions plaintiffs challenge.  *See* 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the

27  focal point for judicial review should be the administrative record already in existence, not some

28  new record made initially in the reviewing court.").  Neither the government defendants' current

1  views, nor that of any or all applicants, is relevant to whether defendants' decisions pass legal

2  muster.  If the government lacked the information necessary to make adequate decisions and thereby

3  abused its discretion, no amount of present information can salvage those decisions.

4        Applicants' knowledge of Roundup Ready sugar beets, if it is indeed relevant at all, is

5  relevant only to the remedies phase of this case.  For example, Betaseed purports to have a special

6  understanding of "the potential negative impact of enjoining the planting of Roundup Ready sugar

7  beets."  (Betaseed Mem. at 6.)  Similarly, it claims knowledge of "the science of gene flow among

8  and between sugar beets and other crops [and] the stewardship programs designed to eliminate cross-

9  pollination."  *Id*.  Since defendants have already admitted it is possible for "sugar beets genetically

10  engineered to be resistant to glyphosate to cross-pollinate with chard and table beets," (Defs'

11  Answer ¶ 2), any further elaboration is only relevant at the remedy stage.  *See Forest Conservation

12  Council*, 66 F.3d at 1499 (applicants' interests "lie not in the procedural requirements of NEPA and

13  NFMA with which the Forest Service must comply, but in the question of whether all forest

14  management activities in Arizona's national forests and other Northern Goshawk habitat should be

15  enjoined pending the Forest Service's compliance," limiting intervention to remedy phase).

16  **D.    Courts Routinely Deny Permissive Intervention In Merits of Phase – Applicants'
          Case Law Does Not Support Permissive Intervention.**

17
18        In seeking to intervene in the merits phase, applicants brush aside the extensive Ninth Circuit

19  authority disallowing intervention as of right by private parties and pretend that permissive

20  intervention in such circumstances is "routine."  (Monsanto Mem. at 10.)  In support of this novel

21  position, all applicants cite *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002).

22  Monsanto and the Sugar Companies also cite virtually identical lists of unreported district court

23  decisions they claim support their position, without offering analysis.  (*Compare* Monsanto Mem. at

24  7; Sugar Companies Mem. at 8-9, n.32-39.)  Examination of these cases, and of many cases that

25  applicants fail to cite, reveals applicants' characterization is a distortion.  Not only is permissive

26  intervention by third parties in applicants' position not "routine," it is contrary to the great weight of

27  Ninth Circuit authority.  Indeed, it is virtually never granted on the record applicants have offered.

28        Prior to *Kootenai*, the rule against private party intervention as of right in a NEPA merits

defense had been applied to preclude permissive intervention as well. *See, e.g., Wetlands Action Network*, 222 F.3d at 1114 (affirming denial of intervention as of right and restricting grant of permissive intervention to remedy phase). But *Kootenai* does not carry the talismanic significance with which applicants seek to invest it. That case presented unusual facts – most notably, incontestably inadequate representation by the existing parties—that led the court to allow permissive intervention in that case. Applicants' attempt to convert the *Kootenai* court's narrow ruling, intended to address unusual circumstances, into a new rule allowing courts "routinely" to ignore intervention jurisprudence, is not supported by *Kootenai* or the subsequent cases.

In *Kootenai*, a tribe was joined by county governments and a coalition of industry groups, including logging, ranching and snowmobiling interests, in challenging under NEPA the United States Forest Service's Roadless Area Conservation Rule ("Roadless Rule"), which restricted development of national forest lands. Following the change in administrations, the district court issued a preliminary injunction enjoining operation of the Roadless Rule. The Forest Service abandoned the case, declined to appeal, and defendant-intervenors were left to defend the rule alone – a stark example of inadequate representation.

The Ninth Circuit first reaffirmed that intervention as of right was not available, regardless of the circumstances, in a NEPA defense. *Kootenai*, 313 F.3d at 1108. In allowing permissive intervention in the face of the government's complete capitulation to the plaintiffs, the court first emphasized repeatedly that the intervenors "asserted defenses of the Roadless Rule directly responsive to the claims <u>for injunction</u> asserted by plaintiffs," *id*. at 1110 (emphasis added), suggesting that intervention was necessary to allow input on remedies, and not merely liability. The court then explained:

> Moreover, the [district] court expressly noted that "the magnitude of this case is such that both Applicants' intervention will contribute to the equitable resolution of this case," permitting permissive intervention; thus the court gave a good and substantial reason for exercising its discretion to permit the permissive intervention. In fact, <u>the government declined to defend fully from the outset</u>, suggesting that the government itself saw problems and wanted to amend the Roadless Rule. <u>Under these circumstances</u> it is clear, as the court itself recognized, that the presence of intervenors would assist the court in its orderly procedures leading to the resolution of this case, which impacted large and varied interests.

*Id*. at 1111 (emphasis added).

Thus, although applicants try to suggest that *Kootenai* abandoned all of the principles discussed above and threw open the door to intervention in NEPA cases whenever a private party can show the litigation might eventually affect its interests, this plainly is not so – and the post-*Kootenai* case law demonstrates this. In *Olympic Forest Coalition v. United States Forest Service*, slip op., No. 07-5344, 2007 WL 3374996 (W.D. Wash. Nov. 9, 2007), the court rejected efforts by timber interests to intervene in a suit challenging the government's NEPA compliance, as well as its compliance with the National Forest Management Act ("NMFA"). The court observed "[c]ritical distinctions exist between *Kootenai* and the case at bar. In *Kootenai* the government defendants made it clear that they did not intend to fully defend the challenged regulations." *Id*. at *2. The court also noted that in *Kootenai*, the intervenors' arguments were directed to injunctive relief, *id*. at *2, and also contrasted the *Kootenai* court's explicit finding that intervention would assist the court in resolving that case with the absence of evidence that this was true in the case at hand. *Id*.

In *Center for Tribal Water Advocacy v. Gutierrez*, slip op., No. 06-708, 2007 WL 527932 (D. Or. Feb. 12, 2007), the plaintiff challenged the government's compliance with NEPA, NFMA, and the Endangered Species Act. The proposed intervenor-defendants held livestock grazing permits on national forest lands. The court held: "No common issue of law or fact exists at the liability phase of this litigation because the only issue is whether the federal defendants have complied with NEPA, ESA, and other federal statutes. Only the federal defendants can be held liable under the federal statutes." *Id*. at *4. It therefore denied permissive intervention, as well as intervention as of right, except during the remedy phase. *Id*.

Also typical in rejecting permissive intervention in the liability phase is *People ex rel. Lockyer*, in which the court could have been describing the case at bar:

> Although the Proposed Intervenors' defenses and the main action have questions of law and fact in common, the Court does not believe that intervention in the merits phase of the case "would assist the court in its orderly procedures leading to the resolution of this case." *Kootenai*, 313 F.3d at 1111. The Proposed Intervenors do not raise any unique defenses; in fact, the defenses are virtually identical to those raised by the Federal Defendants.… Further, the main question for the Court in the liability phase of this case will be whether Defendants complied with NEPA, a question to which the Proposed Intervenors would have little to contribute since they were not the decision-makers who were required to follow NEPA.

1

> The Proposed Intervenors, however, do claim general interests in the use and enjoyment of roadless areas that could possibly be curtailed if Plaintiffs are awarded the relief that they seek.  The input of the Proposed Intervenors could assist the Court in fashioning relief, if any.  Therefore, the Court grants the Proposed Intervenors' motion to intervene pursuant to Federal Rule of Civil Procedure 24(b) <u>in the remedy phase of this case only</u>.

2

3

4

2006 WL 889327 at *4 (emphasis added); *see also Oregon Natural Desert Ass'n*, 2006 WL 2601073

5

at *8 (denying intervention, permissive and as of right, to all defendant applicants during liability

6

stage, finding no independent basis for jurisdiction and a failure to demonstrate that any legal

7

positions they might advance were any different than would be argued by the federal defendant);

8

*Sierra Nevada Forest Prot. Campaign v. Tippin*, No. 06-00351, 2006 WL 1319397 (E.D. Cal. May

9

15, 2006) (restricting permissive intervention to remedy phase of NEPA and NFMA case).

10

11      Examination of applicants' cases reveals they either are distinguishable or lack any

12

meaningful discussion.  Applicants cite *Protect Lake Pleasant, LLC v. Johnson*, slip op., No. 07-454,

13

2007 WL 1108916 (D. Ariz. April 13, 2007) as permitting intervention at both the merits and

14

remedy phases of a NEPA case, (Monsanto Mem. at 7), but the plaintiffs' motion for preliminary

15

injunction was already pending when the court allowed intervention.  *Protect Lake Pleasant,* 2007

16

WL 1108916 at *1.  Intervention at the merits stage was not at issue, unlike in this case, in which the

17

court will not be asked to consider remedies until after liability has been decided.  Joint Case

18

Management Statement (April 9, 2008) at ¶ 15.

19      Applicants' reliance on *Eyak Preservation Council v. United States Forest Service*, No. 03-

20

180, 2003 WL 24085349 (D. Alaska Dec. 9, 2003), similarly is misplaced.  That court agreed the

21

defendant's interests should be presumed adequately represented by the government defendant, *id.* at

22

*2, but, as in *Kootenai*, found the presumption rebutted by evidence of exceptional circumstances:  If

23

the government lost the case, the proposed intervenor's conditional rights to develop oil and gas on a

24

particular property would "not merely be diminished or delayed, they will be transferred to the

25

United States."  *Id*.  The court was understandably concerned this would create an appearance of

26

impropriety and conflict of interest: "[T]here is no doubt that a victory by plaintiffs might be

27

perceived by the Alaska Native people represented by [proposed intervenor] as having been

28

influenced in part by the United States' failure to assiduously protect their interests."  *Id*.  The court

concluded that "eliminat[ing] a possible source of suspicion and doubt should plaintiffs prevail in this action and [preserving] a sense of mutual respect should the Forest Service prevail" was a factor that "weigh[ed] heavily" in favor of permissive intervention. *Id*. No such circumstance is present in this case—nor is it the case here that "given the peculiar facts of [*Eyak Preservation*], it is clear that [the proposed intervenor] would do everything it can to avoid delay," nor that plaintiffs concede they will not be prejudiced. *Id*.

*Sequoia Forestkeeper v. United States Forest Service*, slip op., No. 07-1690, 2008 WL 324013 (E.D. Cal. Feb. 5, 2008) again emphasizes the importance of a proposed intervenor's proof of inadequate representation. The court allowed permissive intervention only after the applicant specifically established that the government "cannot be relied upon to represent [proposed intervenor's] interests, economic or otherwise." *Id*. at *5.

Since permissive intervention was not opposed in *Montana Wilderness Ass'n v. McAllister*, 2007 WL 4564175, at *4, 5 (D. Mont. Dec. 20, 2007) or in *Center for Biological Diversity v. United States Bureau of Land Management*, 2007 WL 101705, at *1 (N.D. Cal. Jan. 11, 2007), those cases are not persuasive. The court in *Audubon Society of Portland v. United States Fish and Wildlife Service*, 2004 WL 2026429, at *2 (D. Or. Sept. 10, 2004) assumed that a decision on liability necessarily would deprive the proposed intervenors of their rights, which is not true here, and allowed intervention without discussion or analysis simply because the court allowed it in *Kootenai*.

## III.    Reasonable Restrictions Should Be Placed On Applicants' Involvement in the Remedies Phase.

The proposed intervention of 13 parties represented by nine different law firms threatens to render these proceedings unmanageable. It is well-established that "a district judge's decision on how best to balance the rights of the parties against the need to keep the litigation from becoming unmanageable is entitled to great deference." *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 380 (1987). "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24 advisory committee's note (1966). Likewise, "[t]he district court's discretion, at least under Rule 24(b), to grant or deny an application for permissive

1  intervention includes discretion to limit intervention to particular issues." *Van Hoomissen v. Xerox*

2  *Corp.*, 497 F.2d 180, 181 (9th Cir. 1974).

3       To ensure that the remedy phase of this litigation is conducted efficiently, plaintiffs

4  respectively submit that the Court should impose reasonable restrictions on any party permitted to

5  intervene in the remedies phase. Specifically, the Court should require applicants to file a single,

6  joint brief in any remedial proceedings. In addition, applicants should be required to coordinate their

7  briefing with the federal defendants to avoid undue duplication. Finally, applicants should be

8  precluded from conducting discovery.

9                                    **CONCLUSION**

10      The private parties who have moved to intervene in this litigation do not have a significantly

11  protectable interest in the government's compliance with NEPA and the PPA. Their economic

12  interests are adequately protected by the government, and their participation would be unduly

13  burdensome and prejudicial to plaintiffs. Accordingly, this Court should deny applicants' motion to

14  intervene in the merits phase of this litigation. Should the Court allow applicants to intervene in the

15  remedial phase of this case, the Court should order applicants to file a single, joint brief and

16  coordinate with the government to avoid undue duplication.

17                                    Respectfully submitted,

18

19  Dated:  May 2, 2008           /s/ Kevin Golden
                                  KEVIN GOLDEN, State Bar No. 233378
20                                Center for Food Safety
                                  2601 Mission St., Suite 803
21                                San Francisco, CA 94110
                                  T: (415) 826-2770 / F: (415) 826-0507

22                                PAUL H. ACHITOFF (*Pro Hac Vice*)
23                                Earthjustice
                                  223 South King Street, Suite 400
24                                Honolulu, Hawai'i 96813
                                  T: (808) 599-2436 / F: (808) 521-6841

25                                GREGORY C. LOARIE, State Bar No. 215859
26                                Earthjustice
                                  426 17th Street, 5th Floor
27                                Oakland, CA 94612
                                  T: (510) 550-6725 / F: (510) 550-6749

28                                *Counsel for Plaintiffs*

1  KEVIN GOLDEN, State Bar No. 233378
   Center for Food Safety
2  2601 Mission St., Suite 803
   San Francisco, CA 94110
3  T: (415) 826-2770 / F: (415) 826-0507
   Emails: wrostov@icta; kgolden@icta.org
4
5  PAUL H. ACHITOFF (Admitted Pro Hac Vice)
   Earthjustice
6  223 South King Street, Suite 400
   Honolulu, Hawai'i 96813
7  T: (808) 599-2436 / F: (808) 521-6841
   Email: achitoff@earthjustice.org
8
9  GREGORY C. LOARIE, State Bar No. 215859
   Earthjustice
10 426 17th Street, 5th Floor
   Oakland, CA 94612
11 T: (510) 550-6725 / F: (510) 550-6749
   Email: gloarie@earthjustice.org
12

13  *Counsel for Plaintiffs*

14              UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
15              SAN FRANCISCO DIVISION

16  CENTER FOR FOOD SAFETY, ORGANIC      )  Case No.:  3:08-cv-0484-JSW
    SEED ALLIANCE, SIERRA CLUB, and HIGH )
17  MOWING ORGANIC SEEDS,                )
                                         )  DECLARATION OF KEVIN GOLDEN IN
18                                       )  SUPPORT OF PLAINTIFFS' OPPOSITION TO
              Plaintiffs,                )  MOTIONS TO INTERVENE
19                                       )
                                         )
20         vs.                           )
                                         )
21  EDWARD T. SCHAFER, in his capacity as )
    Secretary of the United States Department of )
22  Agriculture; and CINDY SMITH, in her official )
    capacity as Administrator of the Animal and )
23  Plant Health Inspection Service,,    )
                                         )
24            Defendants.
    _____
25

26

27

28

I, Kevin Golden, do hereby declare as follows:

1.    I am an attorney admitted to practice law in California.  I am a staff attorney with plaintiff Center for Food Safety and counsel for plaintiffs in this action.  I make this declaration based upon my own personal knowledge and if called upon to testify, could and would do so competently.

2.    Attached as Exhibit A to this declaration is a true and correct copy of the Civil Docket for Case # 3:06-cv-010-75-CRB ("Civil Docket"), *Geertson Farms Inc., et al. v. Johanns, et al.*

3.    I was co-counsel of record for the plaintiffs in *Geertson Seed Farms*, a case which involved substantially similar claims and issues as the case here, namely a decision by the United States Department of Agriculture's ("USDA") Animal and Plant Health Inspection Service ("APHIS") to deregulate a genetically engineered, "Roundup Ready" crop.  As in the present case, plaintiffs in *Geertson Seed Farms* argued, *inter alia*, that the Animal and Plant Health Inspection Service ("APHIS") violated the Plant Protection Act ("PPA") by making arbitrary and capricious findings that Roundup Ready alfalfa would cause no harm to the agricultural economy, and violated the National Environmental Policy Act ("NEPA") by failing to prepare an environmental impact statement ("EIS") to disclose and investigate significant impacts to the human environment including biological contamination of non-genetically engineered by genetically engineered alfalfa, the development of Roundup resistant "superweeds" due to increased herbicide use, the cumulative impacts associated with the dramatic increase in the application of herbicide with the commercialization of the new herbicide-tolerant crop, and the adverse interrelated economic effects on organic and conventional farmers caused by biological contamination and market rejections.  In that case, plaintiffs moved for injunctive relief, including the vacatur of government defendants' deregulation decision.

4.    *Geertson Seed Farms*, was bifurcated into two distinct phases, a merits phase, *Geertson Seed Farms, et al. v. Johanns, et al.*, No. 06-01075, 2007 WL 518624 (N.D. Cal. 2007 Feb. 13, 2007) (issuing declaratory judgment on plaintiffs claims; deferring relief to remedies phase), and a remedies phase.  *Geertson Seed Farms, et al. v. Johanns, et al.*, No. 06-01075, 2007 WL 1302981 (N.D. Cal. May 3, 2007) (court issued relief including vacatur of APHIS deregulation determination

1   and permanent injunction).  The *Geertson Seed Farms* court granted permissive intervention at the

2   remedies phase to Monsanto Company, Forage Genetics, Inc., and three farmers.  *See* Civil Docket

3   at 6-8.

4       5.    The merits phase of the case, litigated only between plaintiffs and government defendants,

5   lasted one year, from February 16, 2006 to February 13, 2007.  In that year, the parties and court

6   filed approximately 183 documents in 86 docket entries concerning a motion to dismiss and cross-

7   motions for summary judgment. See Civil Docket at 9-16.  On March 8, 2007, the court granted

8   applicant parties' requests for intervention.  *See* Civil Docket at 20.  With intervenors in the

9   remedies phase, the case grew dramatically.  In less than five months, between March 2, 2007, when

10  applicants moved to intervene, and July 23, 2007, when the court issued its amended final judgment,

11  the docket expanded by over 300 documents in 152 docket entries concerning three motions to

12  intervene, a motion for permanent injunction, motions for entry of judgment, and motions to amend

13  the courts final judgment.  *Id*. at 16 – 30.  Intervenor-defendants contributed the lion share of the

14  docket during the remedies phase with objections to plaintiffs' declarations, motions to strike

15  plaintiffs' declarations, a motion to reconsider the scope of the preliminary injunction, a motion to

16  file supplementary materials, a motion for surreply on proposed permanent injunction, and a motion

17  to amend the judgment.  *Id*.  What had been a simple record case on the merits became an intensely

18  litigated case at the remedies.

19

20  I declare under penalty of perjury that the foregoing is true and correct.

21  Executed on May 2, 2008 in San Francisco, Ca.                 _____/s/_____

22                                                               Kevin Golden

23

24

25

26

27

28

ADRMOP, APPEAL, CLOSED, E–Filing, REFSET–EDL

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:06–cv–01075–CRB

Geertson Seed Farms et al v. Johanns et al      Date Filed: 02/16/2006
Assigned to: Hon. Charles R. Breyer      Date Terminated: 05/03/2007
Case in other court:     U.S. Court of Appeals for the Ninth      Jury Demand: None
                   Circuit, 07–16458      Nature of Suit: 893 Environmental Matters
Cause: 28:1331 Fed. Question      Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Geertson Farms Inc.**          represented by    **William B Rostov**
*an Oregon corp.*                            Center for Food Safety
*TERMINATED: 04/05/2006*                 2601 Mission St.
                                        Suite 803
                                        San Francisco, CA 94110
                                        415/826–2770
                                         Fax: 415/826–0507
                                         Email: wrostov@icta.org
                                         *TERMINATED: 03/07/2008*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Joseph Mendelson, III**
                                         Center for Food Safety
                                         660 Pennsylvania Ave., SE
                                         Suite 302
                                         Washington, DC 22205
                                         (202) 547–9359
                                         Fax: 202–547–9429
                                         Email: joemend@icta.org
                                         *ATTORNEY TO BE NOTICED*

                                         **Miyoko Sakashita**
                                         Center for Biological Diversity
                                         1095 Market Street
                                         Suite 511
                                         San Francisco, CA 94103
                                         415–436–9682
                                         Fax: 415–436–9683
                                         Email: miyoko@biologicaldiversity.org
                                         *TERMINATED: 10/30/2006*
                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Trask Family Seeds**          represented by    **William B Rostov**
*a South Dakota business*                 (See above for address)
                                         *TERMINATED: 03/07/2008*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Joseph Mendelson, III**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Kevin Scott Golden**
                                         The Center for Food Safety
                                         2601 Mission St.
                                         Suite 803
                                         San Francisco, CA 94110
                                         415–826–2770 x303

Fax: 415–826–0507
Email: kgolden@icta.org
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Center for Food Safety**
*a Washington DC nonprofit corp.*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beyond Pesticides**
*a Washington DC nonprofit corp.*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cornucopia Institute**
*a Wisconsin nonprofit corp.*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

Miyoko Sakashita
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dakota Resource Council**
*a North Dakota nonprofit corp.*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**National Family Farm Coalition**
*a Michigan nonprofit corp.*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sierra Club**
*a California nonprofit corp.*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)

*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Western Organization of Resource Councils**
*a Montana nonprofit corp.*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Geertson Seed Farms**
*an Oregon business*

represented by **William B Rostov**
(See above for address)
*TERMINATED: 03/07/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Mendelson, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Golden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miyoko Sakashita**
(See above for address)
*TERMINATED: 10/30/2006*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mike Johanns**
*in his official capacity as Secretary of the United States Department of Agriculture*

represented by **Charles Michael O'Connor**
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue, 9th Floor
P.O. Box 36055
San Francisco, CA 94102–3495
415–436–7180
Fax: 415–436–6748
Email: Charles.OConnor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory D. Page**
U.S. Department of Justice
Environment and Natural Resources Div.
Benjamin Franklin Station

P.O. Box 663
Washington, DC 20044−7369
202−305−0446
Fax: 202−305−0506
Email: gregory.page@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Pendleton Williams**
U.S. Department of Justice
Environment and Natural Resources
Division
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044−7369
202−305−0206
Fax: 202−305−0275
Email: robert.p.williams@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Byrnes Floom**
United States Department of Justice
P.O. Box 7369
Washington, DC 20044−736
(202) 305−0340
Email: Kristen.Floom@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lori Caramanian**
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844−1499
Fax: (303) 844−1350
Email: lori.caramanian@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ron Dehaven**
*in his official capacity as Administrator of
the Animal Plant Health and Inspection
Service, United States Department of
Agriculture*

represented by  **Gregory D. Page**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Pendleton Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Byrnes Floom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lori Caramanian**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Johnson**
*in his official capacity as Administrator of
the United States Environmental
Protection Agency*

represented by  **Gregory D. Page**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Pendleton Williams**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen Byrnes Floom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lori Caramanian**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Dft**

**Monsanto Company**                      represented by   **Holly J. Tate**
Latham &Watkins
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415.395.8096
Fax: 415.395.8095
Email: holly.tate@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Thomas Carrato**
Monsanto Company
Mail Zone EINH
800 N Lindbergh Blvd
St. Louis, MO 63167–0001
314–694–8086
*ATTORNEY TO BE NOTICED*

**Janice M. Schneider**
Latham &Watkins
555 Eleventh Street, N.W. Suite 1000
Washington, DC 20004
(202) 637–2200
Fax: (202) 637–2201
Email: janice.schneider@lw.com
*ATTORNEY TO BE NOTICED*

**Joel C. Beauvais**
Latham &Watkins LLP
555 Eleventh St. NW
Suite 1000
Washington, DC 20004–1304
202–637–2144
Fax: 202–637–2201
Email: joel.beauvais@lw.com
*TERMINATED: 05/15/2007*
*ATTORNEY TO BE NOTICED*

**Rachel Gold Lattimore**
Arent Fox LLP
1050 Connecticut Ave., NW
Washington, DC 20036–5339
202–857–8958
Fax: 202–857–6395
Email: lattimore.rachel@arentfox.com
*ATTORNEY TO BE NOTICED*

**Stanley H. Abramson**
Arent Fox LLP

1050 Connecticut Avenue, NW
Washington, DC 20036
202–857–6000
*ATTORNEY TO BE NOTICED*

**Intervenor Dft**

**Forage Genetics, Inc.**                represented by    **David Allan Kays**
Dorsey &Whitney LLP
1717 Embarcadero Road
Palo Alto, CA 94303
650 857–1717
Fax: 650 857–1288
Email: eFilingPA@dorsey.com
*TERMINATED: 06/01/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha Corcoran Luemers**
Dorsey &Whitney LLP
1717 Embarcadero Road
Palo Alto, CA 94303
650 857–1717
Fax: 650 857–1288
Email: eFilingPA@dorsey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**B. Andrew Brown**
Dorsey &Whitney LLP
1500
50 South Sixth Street
Minneapolis, MN 55402
612–340–5612
Fax: 612–340–8800
Email: brown.andrew@dorsey.com
*ATTORNEY TO BE NOTICED*

**Intervenor Dft**

**John Grover**                represented by    **David Allan Kays**
(See above for address)
*TERMINATED: 06/01/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha Corcoran Luemers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**B. Andrew Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Dft**

**Daniel Mederos**                represented by    **David Allan Kays**
(See above for address)
*TERMINATED: 06/01/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha Corcoran Luemers**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**B. Andrew Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Dft**

**Mark Watte**                    represented by    **David Allan Kays**
(See above for address)
*TERMINATED: 06/01/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha Corcoran Luemers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**B. Andrew Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN FARM BUREAU FEDERATION**

V.

**Miscellaneous**

**Center for Food Safety**          represented by    **Gregory C. Loarie**
Earthjustice
426 Seventeenth Street
5th Floor
Oakland, CA 94612
510/550–6725
Fax: 510/550–6749
Email: gloarie@earthjustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/16/2006 | 1 | COMPLAINT against all defendants ( Filing fee $ 250, receipt number 3381804.) SUMMONS ISSUED. Filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Farms Inc., Trask Family Seeds, Center for Food Safety. (mcl, COURT STAFF) (Filed on 2/16/2006) Additional attachment(s) added on 2/24/2006 (mcl, COURT STAFF). (Entered: 02/16/2006) |
| 02/16/2006 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 6/9/2006. Case Management Conference set for 6/16/2006 08:30 AM. (mcl, COURT STAFF) (Filed on 2/16/2006) Additional attachment(s) added on 2/16/2006 (mcl, COURT STAFF). (Entered: 02/16/2006) |
| 02/16/2006 | 3 | MOTION for leave to appear in Pro Hac Vice of Joseph Mendelson III filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Farms Inc., Trask Family Seeds, Center for Food Safety. FEE PAID. (mcl, COURT STAFF) (Filed on 2/16/2006) Additional attachment(s) added on 2/24/2006 (mcl, COURT STAFF). (Entered: 02/16/2006) |

| 02/16/2006 | | Received Order re 3 MOTION for leave to appear in Pro Hac Vice by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Family Seeds, Center for Food Safety. (mcl, COURT STAFF) (Entered: 02/16/2006) |
| --- | --- | --- |
| 02/16/2006 | | CASE DESIGNATED for Electronic Filing. (mcl, COURT STAFF) (Entered: 02/16/2006) |
| 02/21/2006 | 4 | ORDER by Judge Charles R. Breyer granting 3 Motion for Pro Hac Vice (be, COURT STAFF) (Filed on 2/21/2006) (Entered: 02/21/2006) |
| 04/05/2006 | 5 | CERTIFICATE OF SERVICE of Summons and Complaint on Mike Johanns by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Farms Inc., Trask Family Seeds, Center for Food Safety (Rostov, William) (Filed on 4/5/2006) Modified on 4/6/2006 (mcl, COURT STAFF). (Entered: 04/05/2006) |
| 04/05/2006 | 6 | CERTIFICATE OF SERVICE of Summons and Complaint by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Farms Inc., Trask Family Seeds, Center for Food Safety *POS−DEHAVEN* (Rostov, William) (Filed on 4/5/2006) Modified on 4/6/2006 (mcl, COURT STAFF). (Entered: 04/05/2006) |
| 04/05/2006 | 7 | CERTIFICATE OF SERVICE of Summons and Complaint by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Farms Inc., Trask Family Seeds, Center for Food Safety *POS−Johnson* (Rostov, William) (Filed on 4/5/2006) Modified on 4/6/2006 (mcl, COURT STAFF). (Entered: 04/05/2006) |
| 04/05/2006 | 8 | CERTIFICATE OF SERVICE of Summons and Complaint by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Farms Inc., Trask Family Seeds, Center for Food Safety *POS−Gonzalez* (Rostov, William) (Filed on 4/5/2006) Modified on 4/6/2006 (mcl, COURT STAFF). (Entered: 04/05/2006) |
| 04/05/2006 | 9 | CERTIFICATE OF SERVICE of Summons and Complaint by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Geertson Farms Inc., Trask Family Seeds, Center for Food Safety *POS−Sato* (Rostov, William) (Filed on 4/5/2006) Modified on 4/6/2006 (mcl, COURT STAFF). (Entered: 04/05/2006) |
| 04/05/2006 | 10 | AMENDED COMPLAINT −*FIRST* against all defendants. Filed byGeertson Seed Farms, Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Center for Food Safety. (Rostov, William) (Filed on 4/5/2006) (Entered: 04/05/2006) |
| 04/24/2006 | 11 | NOTICE of Appearance by Kristen Byrnes Floom *on behalf of Federal Defendants* (Floom, Kristen) (Filed on 4/24/2006) (Entered: 04/24/2006) |
| 04/24/2006 | 12 | ANSWER to Amended Complaint byMike Johanns, Ron Dehaven. (Floom, Kristen) (Filed on 4/24/2006) (Entered: 04/24/2006) |
| 04/24/2006 | 13 | MOTION to Dismiss *Plaintiffs' Fourth Claim for Relief* filed by Steve Johnson. Motion Hearing set for 6/30/2006 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Floom, Kristen) (Filed on 4/24/2006) (Entered: 04/24/2006) |
| 05/05/2006 | 14 | MOTION for Leave to File Excess Pages filed by Steve Johnson. (Attachments: # 1 Declaration# 2 Proposed Order)(Floom, Kristen) (Filed on 5/5/2006) (Entered: 05/05/2006) |

| 05/15/2006 | 15 | ORDER by Judge Charles R. Breyer granting 14 Motion for Leave to File Excess Pages (be, COURT STAFF) (Filed on 5/15/2006) (Entered: 05/15/2006) |
| 05/26/2006 | 16 | NOTICE of need for ADR Phone Conference (ADR L.R. 3−5 d) (Rostov, William) (Filed on 5/26/2006) (Entered: 05/26/2006) |
| 05/26/2006 | 17 | ADR Certification (ADR L.R. 3−5b) of discussion of ADR options (Rostov, William) (Filed on 5/26/2006) (Entered: 05/26/2006) |
| 06/05/2006 | 18 | ADR Clerks Notice Setting ADR Phone Conference on 6/13/06 at 9:30 a.m. Please take note that plaintiff's counsel initiates the call to all parties. (tjs, COURT STAFF) (Filed on 6/5/2006) (Entered: 06/05/2006) |
| 06/09/2006 | 19 | JOINT CASE MANAGEMENT STATEMENT *and Proposed Order* filed by Mike Johanns, Ron Dehaven, Steve Johnson. (Floom, Kristen) (Filed on 6/9/2006) (Entered: 06/09/2006) |
| 06/09/2006 | 20 | Memorandum in Opposition *to Defendant EPA's Motion to Dismiss Plaintiffs' Fourth Claim For Relief* filed byBeyond Pesticides, Sierra Club, Center for Food Safety. (Attachments: # 1 Proposed Order Denying Motion to Dismiss)(Rostov, William) (Filed on 6/9/2006) (Entered: 06/09/2006) |
| 06/13/2006 | | ADR Remark: ADR Phone Conference conducted on 6/13/06 by RWS. (tjs, COURT STAFF) (Filed on 6/13/2006) (Entered: 06/14/2006) |
| 06/16/2006 | 21 | Minute Entry: Initial Case Management Conference held on 6/16/2006 before Charles R. Breyer (Date Filed: 6/16/2006), CASE REFERRED to Magistrate Judge Elizabeth D. Laporte for Settlement Conference. Status Conference set for 9/8/2006 08:30 AM in Courtroom 8, 19th Floor, San Francisco. (Court Reporter − Not Reported.) (be, COURT STAFF) (Date Filed: 6/16/2006) (Entered: 06/16/2006) |
| 06/16/2006 | 22 | Reply to Opposition re 13 MOTION to Dismiss *Plaintiffs' Fourth Claim for Relief* filed bySteve Johnson. (Floom, Kristen) (Filed on 6/16/2006) (Entered: 06/16/2006) |
| 06/23/2006 | 23 | NOTICE OF SETTLEMENT CONFERENCE AND ORDER − Settlement Conference set for 8/31/2006 09:00 AM. Signed by Judge Elizabeth D. Laporte on 6/23/06. (lmh, COURT STAFF) (Filed on 6/23/2006) (Entered: 06/23/2006) |
| 06/27/2006 | 24 | STIPULATION *to Continue Status Conference and Proposed Order* by Mike Johanns, Ron Dehaven, Steve Johnson. (Floom, Kristen) (Filed on 6/27/2006) (Entered: 06/27/2006) |
| 06/28/2006 | 25 | ORDER re 24 Stipulation filed by Steve Johnson,, Mike Johanns,, Ron Dehaven, Initial Case Management Conference set for 9/15/2006 08:30 AM.. Signed by Judge Charles R. Breyer on 6/27/06. (be, COURT STAFF) (Filed on 6/28/2006) (Entered: 06/28/2006) |
| 06/30/2006 | 26 | Minute Entry: Motion Hearing held on 6/30/2006 before Charles R. Breyer (Date Filed: 6/30/2006) re 13 MOTION to Dismiss *Plaintiffs' Fourth Claim for Relief* filed by Steve Johnson,. (Court Reporter Kathy Wyatt.) (be, COURT STAFF) (Date Filed: 6/30/2006) (Entered: 06/30/2006) |
| 07/26/2006 | 27 | ORDER by Judge Charles R. Breyer granting 13 Motion to Dismiss (crblc2, COURT STAFF) (Filed on 7/26/2006) (Entered: 07/26/2006) |
| 07/28/2006 | 28 | MOTION to Modify Settlement Conference Order re 23 Order, Set Hearings *and Proposed Order* filed by Mike Johanns, Ron Dehaven, Steve Johnson. (Floom, Kristen) (Filed on 7/28/2006) Modified on 8/1/2006 (mcl, COURT STAFF). (Entered: 07/28/2006) |
| 07/31/2006 | 29 | ORDER EXCUSING ATTENDANCE at Settlement Conference set for 8/31/2006.Signed by Judge Elizabeth D. Laporte on 7/31/06. (lmh, COURT STAFF) (Filed on 7/31/2006) (Entered: 07/31/2006) |
| 08/03/2006 | 30 | ORDER MODIFYING SETTLEMENT CONFERENCE ORDER by Magistrate Judge Elizabeth D. Laporte granting 28 Motion (edllc2, COURT STAFF) (Filed on 8/3/2006) (Entered: 08/03/2006) |

| 09/01/2006 | 31 | Minute Entry: Settlement Conference held with Magistrate Judge Laporte on 8/31/2006. Case did not settle. (lmh, COURT STAFF) (Date Filed: 9/1/2006) (Entered: 09/01/2006) |
|---|---|---|
| 09/05/2006 | 32 | STIPULATION *for Extension of Time to File Second Joint Case Management Statement and Proposed Order* by Mike Johanns, Ron Dehaven, Steve Johnson. (Floom, Kristen) (Filed on 9/5/2006) (Entered: 09/05/2006) |
| 09/06/2006 | 33 | ORDER re 32 Stipulation filed by Steve Johnson,, Mike Johanns,, Ron Dehaven,. Signed by Judge Charles R. Breyer on 9/06/06. (be, COURT STAFF) (Filed on 9/6/2006) (Entered: 09/06/2006) |
| 09/11/2006 | 34 | SECOND JOINT CASE MANAGEMENT STATEMENT filed by Mike Johanns, Ron Dehaven. (Attachments: # 1 Proposed Order # 2 Proposed Order)(Floom, Kristen) (Filed on 9/11/2006) Modified on 9/14/2006 (mcl, COURT STAFF). (Entered: 09/11/2006) |
| 09/11/2006 | 35 | CLERK'S NOTICE Further Case Management Conference set for 9/22/2006 08:30 AM. (be, COURT STAFF) (Filed on 9/11/2006) (Entered: 09/11/2006) |
| 09/22/2006 | 36 | Minute Entry: Status Conference (Date Filed: 9/22/2006), Set Deadlines/Hearing as to (Date Filed: 9/22/2006). Responses due by 11/17/2006. Replies due by 12/15/2006. Motion Hearing set for 1/19/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Court Reporter – Not Reported.) (be, COURT STAFF) (Date Filed: 9/22/2006) (Entered: 09/22/2006) |
| 09/25/2006 | 37 | NOTICE of Appearance by Robert Pendleton Williams (Williams, Robert) (Filed on 9/25/2006) (Entered: 09/25/2006) |
| 09/29/2006 | 38 | NOTICE by Mike Johanns, Ron Dehaven *of Manual Filing of Administrative Record* (Attachments: # 1 Certificate of Service# 2 Index)(Floom, Kristen) (Filed on 9/29/2006) (Entered: 09/29/2006) |
| 10/06/2006 | 39 | STIPULATION *to Exceed Page Limits and Proposed Order* by Mike Johanns, Ron Dehaven, Steve Johnson. (Floom, Kristen) (Filed on 10/6/2006) (Entered: 10/06/2006) |
| 10/11/2006 | 40 | ORDER re 39 Stipulation filed by Steve Johnson,, Mike Johanns,, Ron Dehaven,. Signed by Judge Charles R. Breyer on 10/10/06. (be, COURT STAFF) (Filed on 10/11/2006) (Entered: 10/11/2006) |
| 10/20/2006 | 41 | MOTION for Summary Judgment *and Memorandum of Points and Authorities* filed by Mike Johanns, Ron Dehaven. Motion Hearing set for 1/19/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Floom, Kristen) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 42 | MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. Motion Hearing set for 1/19/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 43 | Declaration of Kermit Carter in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 44 | Declaration of Caroline Cox in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |

| 10/20/2006 | 45 | Declaration of Kathy Cox in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| --- | --- | --- |
| 10/20/2006 | 46 | Declaration of Carolyn Hinshaw in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 47 | Declaration of Dean Hulse in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 48 | Declaration of Andrew Kimbrell in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 49 | Declaration of George A.( "Tony") Loftin in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 50 | Declaration of Paula Lomazzi in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 51 | Declaration of Lee McSherry in Support of 43 Declaration in Support, filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 43 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 52 | Declaration of Debra Moon in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 53 | Declaration of Jim Munsch in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |

| 10/20/2006 | 54 | Declaration of Beth Pardieck in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| --- | --- | --- |
| 10/20/2006 | 55 | Declaration of Blaine Shmaltz in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 56 | Declaration of Terry Shistar in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 57 | Declaration of Patrick Trask in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 58 | Declaration of Robert Roy van de Hoek in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 59 | Declaration of Lillian L. Wolfenbarger in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 60 | Declaration of Neil Carman in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A)(Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 61 | Declaration of Charles M. Benbrook in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 62 | Declaration of Phillip Geertson in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Related document(s) 42 |

| | | |
|---|---|---|
| | | ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 63 | Declaration of William B. Rostov in Support of 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit H Tab 1# 10 Exhibit H Tab 2# 11 Exhibit H Tab 3)(Related document(s) 42 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 64 | EXHIBITS re 63 Declaration in Support,, *Exhibit H Tab 4* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit H Tab 5# 2 Exhibit H Tab 6# 3 Exhibit H Tab 7# 4 Exhibit H Tab 8# 5 Exhibit H Tab 9# 6 Exhibit H Tab 10# 7 Exhibit H Tab 11# 8 Exhibit H Tab 12)(Related document(s) 63 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 65 | EXHIBITS re 63 Declaration in Support,, *Exhibit H Tab 13* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit H Tab 14# 2 Exhibit Tab 15# 3 Exhibit H Tab 16# 4 Exhibit H Tab 17# 5 Exhibit Tab 18# 6 Exhibit Tab 19# 7 Exhibit H Tab 20# 8 Exhibit H Tab 21)(Related document(s) 63 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 66 | EXHIBITS re 63 Declaration in Support,, *Exhibit H Tab 22* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit H Tab 23# 2 Exhibit H Tab 24# 3 Exhibit H Tab 25# 4 Exhibit H Tab 26# 5 Exhibit H Tab 27# 6 Exhibit H Tab 28# 7 Exhibit H Tab 29# 8 Exhibit H Tab 30)(Related document(s) 63 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 67 | EXHIBITS re 63 Declaration in Support,, *Exhibit H Tab 31* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit H Tab 32# 2 Exhibit H Tab 33# 3 Exhibit H Tab 34# 4 Exhibit H Tab 35# 5 Exhibit H Tab 36# 6 Exhibit H Tab 37# 7 Exhibit H Tab 38# 8 Exhibit H Tab 39)(Related document(s) 63 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 68 | EXHIBITS re 63 Declaration in Support,, *Exhibit H Tab 40* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit H Tab 41# 2 Exhibit H Tab 42# 3 Exhibit Tab 43# 4 Exhibit H Tab 44# 5 Exhibit H Tab 45# 6 Exhibit H Tab 46# 7 Exhibit H Tab 47# 8 Exhibit H Tab 48)(Related document(s) 63 ) (Rostov, William) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/26/2006 | 69 | Proposed Order re 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 10/26/2006) (Entered: 10/26/2006) |
| 10/30/2006 | 70 | NOTICE of Change In Counsel by William B Rostov (Rostov, William) (Filed on 10/30/2006) (Entered: 10/30/2006) |

| 11/08/2006 | 71 | MOTION for Leave to File Excess Pages filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Delaration of William B. Rostov# 2 Proposed Order)(Rostov, William) (Filed on 11/8/2006) (Entered: 11/08/2006) |
|---|---|---|
| 11/13/2006 | 72 | ORDER by Judge Charles R. Breyer granting 71 Motion for Leave to File Excess Pages (be, COURT STAFF) (Filed on 11/13/2006) (Entered: 11/13/2006) |
| 11/17/2006 | 73 | Memorandum in Opposition re 41 MOTION for Summary Judgment *and Memorandum of Points and Authorities* filed byMike Johanns, Ron Dehaven, Steve Johnson. (Williams, Robert) (Filed on 11/17/2006) (Entered: 11/17/2006) |
| 11/17/2006 | 74 | Memorandum in Opposition re 41 MOTION for Summary Judgment *and Memorandum of Points and Authorities* filed byBeyond Pesticides, Cornucopia Institute, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Proposed Order)(Rostov, William) (Filed on 11/17/2006) (Entered: 11/17/2006) |
| 11/17/2006 | 75 | Declaration of Joseph Mendelson III in Support of 74 Memorandum in Opposition, filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit B Tab 1# 4 Exhibit B Tab 2# 5 Exhibit B Tab 3# 6 Exhibit B Tab 4# 7 Exhibit B Tab 5# 8 Exhibit B Tab 6)(Related document(s) 74 ) (Rostov, William) (Filed on 11/17/2006) (Entered: 11/17/2006) |
| 11/17/2006 | 76 | EXHIBITS re 75 Declaration in Support,, *Exhibit B Tab 7* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit B Tab 8# 2 Exhibit B Tab 9# 3 Exhibit B Tab 10# 4 Exhibit B Tab 11# 5 Exhibit B Tab 12# 6 Exhibit B Tab 13# 7 Exhibit Tab 14# 8 Exhibit Tab 15# 9 Exhibit B Tab 16# 10 Exhibit B Tab 17# 11 Exhibit B Tab 18# 12 Exhibit B Tab 19)(Related document(s) 75 ) (Rostov, William) (Filed on 11/17/2006) (Entered: 11/17/2006) |
| 12/08/2006 | 77 | STIPULATION *To Exceed Page Limits for Summary Judgment Reply Memoranda* by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 12/8/2006) (Entered: 12/08/2006) |
| 12/12/2006 | 78 | ORDER re 77 Stipulation, filed by Sierra Club,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Geertson Seed Farms,. Signed by Judge Charles R. Breyer on 12/11/06. (be, COURT STAFF) (Filed on 12/12/2006) (Entered: 12/12/2006) |
| 12/15/2006 | 79 | Reply to Opposition *to Defendants' Motion for Summary Judgment* filed byMike Johanns, Ron Dehaven, Steve Johnson. (Williams, Robert) (Filed on 12/15/2006) (Entered: 12/15/2006) |
| 12/15/2006 | 80 | Reply to Opposition *To Plaintiffs's Motion for Summary Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 12/15/2006) (Entered: 12/15/2006) |
| 01/19/2007 | 81 | Minute Entry: Motion Hearing held on 1/19/2007 before Charles R. Breyer (Date Filed: 1/19/2007) re 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed by Sierra Club,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Geertson Seed Farms,, 41 MOTION for |

| | | |
|---|---|---|
| | | Summary Judgment *and Memorandum of Points and Authorities* filed by Mike Johanns,, Ron Dehaven,. Motion Hearing set for 1/19/2007 02:00 PM in Courtroom 8, 19th Floor, San Francisco. (Court Reporter Kathy Powell.) (be, COURT STAFF) (Date Filed: 1/19/2007) (Entered: 01/19/2007) |
| 01/19/2007 | 82 | Minute Entry: Motion Hearing held on 1/19/2007 P.M.before Charles R. Breyer (Date Filed: 1/19/2007) re 42 MOTION for Summary Judgment *Memorandum of Points and Authorities in Support Thereof* filed by Sierra Club,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Geertson Seed Farms,, 41 MOTION for Summary Judgment *and Memorandum of Points and Authorities* filed by Mike Johanns,, Ron Dehaven,. (Court Reporter Kathy Powell,. (be, COURT STAFF) (Date Filed: 1/19/2007) (Entered: 01/23/2007) |
| 02/13/2007 | 83 | ORDER by Judge Charles R. Breyer denying 41 Motion for Summary Judgment in part and dismissing without prejudice in part, granting 42 Motion for Summary Judgment in part and dismissing without prejudice in part. (crblc1, COURT STAFF) (Filed on 2/13/2007) (Entered: 02/13/2007) |
| 02/26/2007 | 84 | STIPULATION *For Leave to File Proposed Judgment On or Before March 2, 2007* by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Mike Johanns, Ron Dehaven, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 2/26/2007) (Entered: 02/26/2007) |
| 03/01/2007 | 85 | ORDER re 84 Stipulation, filed by Sierra Club,, Mike Johanns,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Ron Dehaven,, Geertson Seed Farms,. Signed by Judge Charles R. Breyer on 3/01/07. (be, COURT STAFF) (Filed on 3/1/2007) (Entered: 03/01/2007) |
| 03/02/2007 | 86 | MOTION to Intervene filed by Monsanto Company. Motion Hearing set for 4/6/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Exhibit 1: Tate Declaration# 2 Exhibit 2: Meyer Declaration# 3 Exhibit 3: McCaslin Declaration# 4 Exhibit 4: Tlucek Declaration# 5 Exhibit 5: Christiansen Declaration# 6 Exhibit 6: Freese Declaration# 7 Exhibit 7: Pierson Declaration# 8 Exhibit 8: Sharp Declaration# 9 Exhibit 9: Rogan Declaration# 10 Exhibit 10: Text of Proposed Order)(Tate, Holly) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 87 | *(Proposed)* ANSWER to Amended Complaint byMonsanto Company. (Tate, Holly) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 88 | MOTION to Intervene filed by Forage Genetics, Inc.. Motion Hearing set for 4/6/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Exhibit # 2 Exhibit Decl McCaslin Exh A# 3 Exhibit Decl McCaslin Exh B# 4 Exhibit Decl McCaslin Exh C# 5 Exhibit Decl McCaslin Exh D# 6 Exhibit Decl McCaslin Exh E# 7 Exhibit Decl McCaslin Exh F# 8 Exhibit Decl McCaslin Exh G# 9 Exhibit Decl McCaslin Exh H# 10 Exhibit Exh 2 Decl Lowry# 11 Exhibit Exh 3 Decl Kays# 12 Exhibit Exh 4 Certificate of Parties# 13 Exhibit Exh 5 Answer to Complaint# 14 Exhibit Exh 6 Atty Attestation# 15 Proposed Order)(Kays, David) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 89 | Declaration of Neil Hoffman filed byMike Johanns. (O'Connor, Charles) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 90 | Defendants' Motion to Approve Aphis' Proposed Judgment by Mike Johanns. (O'Connor, Charles) (Filed on 3/2/2007) Modified on 3/6/2007 (mcl, COURT STAFF). (Entered: 03/02/2007) |
| 03/02/2007 | 91 | Proposed Order *Judgment in a Civil Case* by Mike Johanns. (O'Connor, Charles) (Filed on 3/2/2007) (Entered: 03/02/2007) |

| 03/02/2007 | 92 | MOTION to Intervene filed by John Grover, Mederos Mederos, Mark Watte. Motion Hearing set for 4/6/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: #1 Exhibit Decl of Grover#2 Exhibit Decl of Mederos#3 Exhibit Decl of Watte#4 Exhibit Decl Tiegs#5 Exhibit Decl of Phillips#6 Exhibit Decl of Waters#7 Exhibit Decl of Kays#8 Exhibit Certificate of Grover No Interests#9 Exhibit Certificate of Mederos No Interests#10 Exhibit Certificate of Watte of Interests#11 Exhibit Answer to Complaint#12 Exhibit Atty Signature Attestation#13 Proposed Order Proposed Order)(Kays, David) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| --- | --- | --- |
| 03/02/2007 | 93 | MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. Motion Hearing set for 4/6/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: #1 Proposed Order Granting Plaintiffs' Motion for Final Relief, Permanent Injunction and Entry of Judgment#2 Plaintiffs' Proposed Judgment)(Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 94 | Declaration of Phillip Geertson in Support of 93 MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #1 Exhibit A)(Related document(s) 93 ) (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 95 | Declaration of William B. Rostov in Support of 93 MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #1 Exhibit A#2 Exhibit B)(Related document(s) 93 ) (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 96 | Declaration of Blaine Shmaltz in Support of 93 MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 93 ) (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 97 | Declaration of Marc Asumendi in Support of 93 MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 93 ) (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 98 | Declaration of Vince Holtz in Support of 93 MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 93 ) (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 99 | Declaration of Maury Johnson in Support of 93 MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 93 ) (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 100 | MOTION to Shorten Time *For Plaintiffs' Motion for Final Relief, Permanent Injunction and Entry of Final Judgment and Defendant's Motion for Entry of Final Judgment* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western |

| | | |
|---|---|---|
| | | Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. Motion Hearing set for 4/6/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 101 | Declaration of William B. Rostov in Support of 100 MOTION to Shorten Time For Plaintiffs' Motion for Final Relief, Permanent Injunction and Entry of Final Judgment and Defendant's Motion for Entry of Final Judgment filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 100 ) (Rostov, William) (Filed on 3/2/2007) (Entered: 03/02/2007) |
| 03/02/2007 | 102 | MOTION for leave to appear in Pro Hac Vice of Rachel G. Lattimore filed by Monsanto Company. FEE PAID. (mcl, COURT STAFF) (Filed on 3/2/2007) (Entered: 03/05/2007) |
| 03/02/2007 | | Received Order re 102 MOTION for leave to appear in Pro Hac Vice of Rachel G. Lattimore by Monsanto Company. (mcl, COURT STAFF) (Entered: 03/05/2007) |
| 03/02/2007 | 103 | MOTION for leave to appear in Pro Hac Vice of Stanley H. Abramson filed by Monsanto Company. FEE PAID. (mcl, COURT STAFF) (Filed on 3/2/2007) (Entered: 03/05/2007) |
| 03/02/2007 | | Received Order re 103 MOTION for leave to appear in Pro Hac Vice of Stanley H. Abramson by Monsanto Company. (mcl, COURT STAFF) (Entered: 03/05/2007) |
| 03/02/2007 | 104 | MOTION for leave to appear in Pro Hac Vice of Janice M. Schneider filed by Monsanto Company. FEE PAID. (mcl, COURT STAFF) (Filed on 3/2/2007) (Entered: 03/05/2007) |
| 03/02/2007 | | Received Order re 104 MOTION for leave to appear in Pro Hac Vice of Janice Schneider by Monsanto Company. (mcl, COURT STAFF) (Entered: 03/05/2007) |
| 03/02/2007 | 105 | MOTION for leave to appear in Pro Hac Vice of Joel C. Beauvais filed by Monsanto Company. FEE PAID. (mcl, COURT STAFF) (Filed on 3/2/2007) (Entered: 03/05/2007) |
| 03/02/2007 | | Received Order re 105 MOTION for leave to appear in Pro Hac Vice of Joel C. Beaucais by Monsanto Company. (mcl, COURT STAFF) (Entered: 03/05/2007) |
| 03/05/2007 | 106 | MOTION for leave to appear in Pro Hac Vice of B. Andrew Brown filed by Forage Genetics, Inc. (mcl, COURT STAFF) (Filed on 3/5/2007) (Entered: 03/05/2007) |
| 03/05/2007 | | Received Order re 106 MOTION for leave to appear in Pro Hac Vice of B. Andrew Brown by Forage Genetics, Inc. (mcl, COURT STAFF) (Entered: 03/05/2007) |
| 03/05/2007 | 107 | CERTIFICATE OF SERVICE by Forage Genetics, Inc. re 106 MOTION for leave to appear in Pro Hac Vice, Received Order (mcl, COURT STAFF) (Filed on 3/5/2007) (Entered: 03/05/2007) |
| 03/05/2007 | 108 | ORDER re: hearing. Signed by Judge Charles R. Breyer on 3/5/2007. (crblc1, COURT STAFF) (Filed on 3/5/2007) (Entered: 03/05/2007) |
| 03/05/2007 | 109 | Minute Entry: Further Case Management Conference held on 3/5/2007 before Charles R. Breyer (Date Filed: 3/5/2007), Set Deadlines/Hearing as to 88 MOTION to Intervene, 93 MOTION for Permanent Injunction , Final Relief and Entry of Judgment, 92 MOTION to Intervene, 86 MOTION to Intervene: (Date Filed: 3/5/2007). Motions Hearing set for 3/8/2007 10:30 AM. (Court Reporter James Yeomans.) (be, COURT STAFF) (Date Filed: 3/5/2007) (Entered: 03/06/2007) |
| 03/05/2007 | | Set/Reset Deadlines as to 88 MOTION to Intervene, 93 MOTION for Permanent Injunction , Final Relief and Entry of Judgment, 115 MOTION for Entry of Judgment under Rule 54(b), 92 MOTION to Intervene, 86 MOTION to |

| | | Intervene. Motion Hearing set for 3/8/2007 10:30 AM. (mcl, COURT STAFF) (Entered: 03/06/2007) |
|---|---|---|
| 03/06/2007 | 110 | ORDER by Judge Charles R. Breyer granting Rachel Lattimore 102 Motion for Pro Hac Vice (be, COURT STAFF) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/06/2007 | 111 | ORDER by Judge Charles R. Breyer granting stanley Abramson 103 Motion for Pro Hac Vice (be, COURT STAFF) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/06/2007 | 112 | ORDER by Judge Charles R. Breyer granting Janice Schneider 104 Motion for Pro Hac Vice (be, COURT STAFF) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/06/2007 | 113 | ORDER by Judge Charles R. Breyer granting Joel Beauvais 105 Motion for Pro Hac Vice (be, COURT STAFF) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/06/2007 | 114 | ORDER for leave to file proposed judgment re 84 Stipulation, filed by Sierra Club,, Mike Johanns,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Ron Dehaven,, Geertson Seed Farms,. Signed by Judge Charles R. Breyer on 3/05/07. (be, COURT STAFF) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/06/2007 | 115 | MOTION for Entry of Judgment under Rule 54(b) filed by Mike Johanns. (O'Connor, Charles) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/07/2007 | 116 | Memorandum in Opposition re 100 MOTION to Shorten Time *For Plaintiffs' Motion for Final Relief, Permanent Injunction and Entry of Final Judgment and Defendant's Motion for Entry of Final Judgment*, 93 MOTION for Permanent Injunction *, Final Relief and Entry of Judgment , and Defendants' Motion to Approve Proposed Judgment* filed byMonsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1 Exhibit 1: Second Declaration of Mark H. McCaslin# 2 Exhibit 2: Proposed Order)(Tate, Holly) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | 117 | OBJECTIONS to re 93 MOTION for Permanent Injunction *, Final Relief and Entry of Judgment (Objections to Plaintiffs' Declarations)* by Monsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Tate, Holly) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | 118 | Memorandum in Opposition *Defendants' Opposition to Plaintiffs' Motion for Final Relief, Permanent Injunction, and Entry of Judgment* filed byMike Johanns. (O'Connor, Charles) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | 119 | Memorandum in Opposition *to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Proposed Order)(Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | 120 | Proposed Order *Judgment in A Civil Case* by Mike Johanns. (O'Connor, Charles) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | 121 | DECLARATION of Brent Evans *in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A)(Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | 122 | DECLARATION of Chep Gauntt *in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # Exhibit A)(Rostov, William) (Filed on 3/7/2007) Additional attachment(s) added on 3/27/2007 (mcl, COURT STAFF). (Entered: 03/07/2007) |

| 03/07/2007 | [123](#) | DECLARATION of Naonori Oishi *in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
|---|---|---|
| 03/07/2007 | [124](#) | DECLARATION of William Freese *in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #[1](#) Exhibit B#[2](#) Exhibit C#[3](#) Exhibit D#[4](#) Exhibit E#[5](#) Exhibit F)(Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | [125](#) | DECLARATION of Glenn Page *in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #[1](#) Exhibit A)(Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | [126](#) | Memorandum in Opposition *to Motions to Intervene* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #[1](#) Proposed Order Denying Motion to Intervene of Forage Genetics, Inc.#[2](#) Proposed Order Denying Monsanto Grover et al. Motion to Intervene#[3](#) Proposed Order Denying Monsanto Motion to Intervene)(Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | [127](#) | Exhibits re*Second Declaration of Neil Hoffman* filed byMike Johanns. (Attachments: #[1](#) UC Davis Publication#[2](#) Crop Science Vol 45#[3](#) Alfalfa Gene Flow#[4](#) Population Ecology Vol 28#[5](#) Summary of 2000 Exp)(O'Connor, Charles) (Filed on 3/7/2007) Modified on 3/12/2007 (mcl, COURT STAFF). (Entered: 03/07/2007) |
| 03/07/2007 | [128](#) | Declaration of Neil Hoffman *Second Declaration of Neil Hoffman* filed byMike Johanns. (O'Connor, Charles) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | [129](#) | Declaration of Chep Gauntt *[errata ]in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s)[122](#) ) (Rostov, William) (Filed on 3/7/2007) Modified on 3/12/2007 (mcl, COURT STAFF). (Entered: 03/07/2007) |
| 03/07/2007 | [130](#) | DECLARATION of Naonori Oishi *[errata ]in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/07/2007 | [131](#) | EXHIBITS re [122](#) Declaration in Opposition, *[errata−2 ]in Support of Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s)[122](#) ) (Rostov, William) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/08/2007 | [132](#) | Minute Entry: Motion Hearing held on 3/8/2007 before Charles R. Breyer (Date Filed: 3/8/2007) re[92](#) MOTION to Intervene filed by John Grover,, Mederos Mederos,, Mark Watte,, [115](#) MOTION for Entry of Judgment under Rule 54(b) filed by Mike Johanns,, [93](#) MOTION for Permanent Injunction , *Final Relief and* |

| | | |
|---|---|---|
| | | *Entry of Judgment* filed by Sierra Club,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Geertson Seed Farms,, 86 MOTION to Intervene filed by Monsanto Company,, 88 MOTION to Intervene filed by Forage Genetics, Inc.,, Motions terminated:. (Court Reporter Kathy Powell.) (be, COURT STAFF) (Date Filed: 3/8/2007) (Entered: 03/08/2007) |
| 03/08/2007 | 133 | ORDER by Judge Charles R. Breyer granting B. Andrew Brown 106 Motion for Pro Hac Vice (be, COURT STAFF) (Filed on 3/8/2007) (Entered: 03/08/2007) |
| 03/08/2007 | 134 | Declaration of Mark H. McCaslin *(Third Declaration)* filed byMonsanto Company. (Tate, Holly) (Filed on 3/8/2007) (Entered: 03/08/2007) |
| 03/09/2007 | 135 | Reply Memorandum *Plaintiffs' Reply to Third Declaration of Mark McCaslin and Proposal for Briefing* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 3/9/2007) (Entered: 03/09/2007) |
| 03/09/2007 | 137 | TRANSCRIPT of Proceedings held on 1/19/07 before Judge Charles R. Breyer. Court Reporter: Katherine A. Powell. (mcl, COURT STAFF) (Filed on 3/9/2007) (Entered: 03/12/2007) |
| 03/12/2007 | 136 | PRELIMINARY INJUNCTION. Signed by Judge Charles R. Breyer on 3/12/2007. (crblc1, COURT STAFF) (Filed on 3/12/2007) (Entered: 03/12/2007) |
| 03/12/2007 | | Set/Reset Hearings: Hearing re permanent injunctive relief set for 4/27/2007 11:00 AM. (mcl, COURT STAFF) (Entered: 03/13/2007) |
| 03/13/2007 | 138 | NOTICE of Appearance by Kevin Scott Golden (Golden, Kevin) (Filed on 3/13/2007) (Entered: 03/13/2007) |
| 03/21/2007 | 139 | MOTION to Remove Incorrectly Filed Document filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Proposed Order)(Golden, Kevin) (Filed on 3/21/2007) (Entered: 03/21/2007) |
| 03/23/2007 | 140 | ORDER by Judge Charles R. Breyer granting 139 Motion to Remove Incorrectly Filed Document (be, COURT STAFF) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 141 | Memorandum in Opposition re 93 MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed byMonsanto Company. (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 142 | Declaration of Annette M. Kirk in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Attachments: # 1 Exhibits A – F)(Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 143 | Declaration of Daniel H. Putnam in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 144 | Declaration of Dan Undersander in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 145 | Declaration of Kent J. Bradford in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 146 | Declaration of Larry R. Teuber in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |

| 03/23/2007 | 147 | Declaration of Louis Meyer (Second Declaration) in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 148 | Declaration of Growers in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 149 | Declaration of Paulette Pierson (Second Declaration) in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 150 | Declaration of Mark McCaslin in Support of 141 Memorandum in Opposition filed byMonsanto Company. (Related document(s) 141 ) (Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 151 | MOTION to Strike 124 Declaration in Opposition,,, 97 Declaration in Support,, 94 Declaration in Support,, 121 Declaration in Opposition,, 125 Declaration in Opposition, filed by Monsanto Company. Motion Hearing set for 4/27/2007 11:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Exhibit A# 2 Proposed Order)(Tate, Holly) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 152 | MEMORANDUM in Support *Re Permanent Relief* filed byForage Genetics, Inc., John Grover, Mederos, Mark Watte. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10)(Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 153 | EXHIBITS re 152 Memorandum in Support *Exhs 11 through 17* filed byForage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1 Exhibit # 2 # 3 # 4 # 5 # 6)(Related document(s) 152 ) (Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 154 | EXHIBITS re 152 Memorandum in Support *Exhibit 18 Putnam Testimony and Exhibits* filed byForage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1 # 2)(Related document(s) 152 ) (Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 155 | EXHIBITS re 152 Memorandum in Support *Exhibits 19 through 21* filed byForage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1 # 2)(Related document(s) 152 ) (Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 156 | EXHIBITS re 152 Memorandum in Support *Exhibit 22 and 23* filed byForage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1)(Related document(s) 152 ) (Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 157 | MOTION to Seal Document *Administrative Motion to File Documents Under Seal* filed by Forage Genetics, Inc.. (Attachments: # 1 Declaration# 2 Stipulation# 3 Proposed Order)(Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 158 | MOTION for Leave to File *A Motion for Reconsideration of the Scope of the Preliminary Injunction* filed by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1 Proposed Order Proposed Order)(Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 159 | MOTION for Reconsideration *of the Scope of The Preliminary Injunction* filed by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1 Proposed Order)(Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/23/2007 | 160 | OBJECTIONS to *Plaintiffs' Declarations Filed In Support of 119 Plaintiffs' Opposition to Defendants' Motion to Approve APHIS' Proposed Judgment* by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Kays, David) (Filed on 3/23/2007) Modified on 3/26/2007 (mcl, COURT STAFF). (Entered: 03/23/2007) |

| | | |
|---|---|---|
| 03/23/2007 | 161 | AFFIDAVIT re 159 MOTION for Reconsideration *of the Scope of The Preliminary Injunction*, 155 Exhibits, 158 MOTION for Leave to File *A Motion for Reconsideration of the Scope of the Preliminary Injunction*, 153 Exhibits,, 157 MOTION to Seal Document *Administrative Motion to File Documents Under Seal*, 160 Objection,, 152 Memorandum in Support, 154 Exhibits, 156 Exhibits *Attorney Signature Attestation for Declarations Filed In Support of Intervenors' Papers Filed on March 23, 2007* by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Kays, David) (Filed on 3/23/2007) (Entered: 03/23/2007) |
| 03/26/2007 | 162 | ORDER by Judge Charles R. Breyer granting 157 Motion to Seal Document (be, COURT STAFF) (Filed on 3/26/2007) (Entered: 03/26/2007) |
| 03/26/2007 | 163 | Direct Testimony of Timothy J. Nantell regarding permanent relief filed byForage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. *** **FILED UNDER SEAL** *** (mcl, COURT STAFF) (Filed on 3/26/2007) (Entered: 03/28/2007) |
| 04/05/2007 | 164 | STIPULATION *To Exceed Page Limits for Plaintiffs' Response Memorandum on Proposed Permanent Relief* by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Proposed Order)(Rostov, William) (Filed on 4/5/2007) (Entered: 04/05/2007) |
| 04/06/2007 | 165 | RESPONSE in Support *of 93 Plaintiffs Permanent Injunction, Response to Intervenors' Memorandum Regarding Permanent Relief* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Declaration of Albert Straus# 2 Declaration Ernest Johnson# 3 Declaration of Gary Zimmer# 4 Declaration of George Siemon# 5 Declaration of John Markegard# 6 Declaration of Larry Meyer# 7 Declaration of Lee McSherry# 8 Declaration of Mike Nichols# 9 Declaration of Tom Baxter)(Rostov, William) (Filed on 4/6/2007) Modified on 4/9/2007 (mcl, COURT STAFF). (Entered: 04/06/2007) |
| 04/06/2007 | 166 | Declaration in Support of 165 Response in Support,, *Declaration of Kevin Golden in Support of Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Related document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 167 | Declaration of Doug Gurian–Sherman in Support of 165 Response in Support,, *of Plaintiffs Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O)(Related document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 168 | Declaration of Dr. Allison Snow in Support of 165 Response in Support,, *of Plaintiffs Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Related document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 169 | Declaration of Dr. Charles Benbrook in Support of 165 Response in Support,, *of Plaintiffs Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Related |

| | | document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
|---|---|---|
| 04/06/2007 | 170 | Declaration of Dr. Clinton Shock in Support of 165 Response in Support,, *of Plaintiffs Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A)(Related document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 171 | **\*\*\* SEE ENTRY BELOW 172 FOR ATTACHMENTS \*\*\*** Declaration of William Freese in Support of 165 Response in Support, *Supplemental Declaration in Support of Plaintiffs Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Related document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) Modified on 4/9/2007 (mcl, COURT STAFF). (Entered: 04/06/2007) |
| 04/06/2007 | 172 | Declaration of William Freese in Support of 165 Response in Support,, *[errata with Exhibits] Supplemental Declaration in Support of Plaintiffs Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Related document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 173 | Declaration of Jim Briggs in Support of 165 Response in Support,, *of Plaintiffs Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Related document(s) 165 ) (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 174 | MOTION to Strike *Directed Testimony Submitted by Intervenors Monsanto and Forage Genetics* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. Motion Hearing set for 4/27/2007 11:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 175 | MEMORANDUM in Opposition *to Monsanto Company's Motion to Strike 151 filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Proposed Order)(Rostov, William) (Filed on 4/6/2007) Modified on 4/9/2007 (mcl, COURT STAFF). (Entered: 04/06/2007)* |
| 04/06/2007 | 176 | Memorandum in Opposition *Plaintiffs Responses to Intervenor–Defendants Objections to Plaintiffs Declarations in Support of Motion for Permanent Injunction* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 177 | Memorandum in Opposition *Plaintiffs Reponse to Intervenor–Defendants Objections to Plaintiffs Declarations* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/09/2007 | 178 | ORDER re 164 Stipulation, filed by Sierra Club,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Geertson Seed Farms,. Signed by Judge Charles R. Breyer on 4/06/07. |

| | | |
|---|---|---|
| | | (be, COURT STAFF) (Filed on 4/9/2007) (Entered: 04/09/2007) |
| 04/12/2007 | 179 | CASE MANAGEMENT STATEMENT – *REQUEST FOR CASE MANAGEMENT CONFERENCE* filed by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Kays, David) (Filed on 4/12/2007) (Entered: 04/12/2007) |
| 04/13/2007 | 180 | Memorandum in Opposition *JOINT OPPOSITION OF INTERVENOR–DEFENDANTS TO PLAINTIFFS' MOTION TO STRIKE "DIRECTED TESTIMONY"* 174 filed by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Kays, David) (Filed on 4/13/2007) Modified on 4/17/2007 (mcl, COURT STAFF). (Entered: 04/13/2007) |
| 04/13/2007 | 181 | *Plaintiffs' Opposition to Intervenors' Request for Case Management Conference* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 4/13/2007) Modified on 4/17/2007 (mcl, COURT STAFF). (Entered: 04/13/2007) |
| 04/13/2007 | 182 | Reply to Opposition re 151 MOTION to Strike 124 Declaration in Opposition,,, 97 Declaration in Support,, 94 Declaration in Support,, 121 Declaration in Opposition,, 125 Declaration in Opposition,, 175 Memorandum in Opposition, filed by Monsanto Company. (Tate, Holly) (Filed on 4/13/2007) (Entered: 04/13/2007) |
| 04/16/2007 | 183 | TRANSCRIPT of Proceedings held on 3/8/07 before Judge Charles R. Breyer. Court Reporter: Katherine A. Powell. (mcl, COURT STAFF) (Filed on 4/16/2007) (Entered: 04/17/2007) |
| 04/17/2007 | 184 | OBJECTIONS to *PLAINTIFFS' DECLARATIONS FILED IN SUPPORT OF* 93 *PLAINTIFFS' PERMANENT INJUNCTION* by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Kays, David) (Filed on 4/17/2007) Modified on 4/19/2007 (mcl, COURT STAFF). (Entered: 04/17/2007) |
| 04/20/2007 | 185 | MOTION for Leave to File *Supplementary Material [L.R. 7–3(d)]* filed by Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. Motion Hearing set for 4/27/2007 11:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Exhibit 1 Rebuttal Testimony of Mark McCaslin# 2 Exhibit 2 Rebuttal Testimony of Sharie Fitzpatrick# 3 Exhibit 3 Rebuttal Declaration of Timothy J. Nantell# 4 Exhibit 4 Response of Timothy J. Nantell to Plaintiffs' Request for New Relief# 5 Exhibit 5 Rebuttal Testimony of Bob Hammon# 6 Proposed Order Granting Motion for Leave to File Supplementary Material)(Kays, David) (Filed on 4/20/2007) (Entered: 04/20/2007) |
| 04/20/2007 | 186 | MOTION for Leave to File *Surreply on Proposed Permanent Injunction* filed by Monsanto Company. Motion Hearing set for 4/27/2007 11:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Proposed Order # 2 Surreply on Proposed Permanent Injunction# 3 Ex. 1 to Surreply – Hammon Rebuttal Testimony# 4 Ex. 2 to Surreply – Third Pierson Declaration# 5 Ex. 3 to Surreply – McCaslin Rebuttal Testimony# 6 Ex. 4 to Surreply – Nantell Rebuttal Declaration# 7 Ex. 5 to Surreply – Fitzpatrick Rebuttal Testimony# 8 Ex. 6 to Surreply – Nantell Response to Request for New Relief)(Tate, Holly) (Filed on 4/20/2007) (Entered: 04/20/2007) |
| 04/20/2007 | 187 | OBJECTIONS to re 169 Declaration in Support,, 167 Declaration in Support,,, 165 Response in Support,,, *(Plaintiff's Declarations in Support of Permanent Injunction)* by Monsanto Company. (Tate, Holly) (Filed on 4/20/2007) (Entered: 04/20/2007) |
| 04/23/2007 | 188 | ORDER re: request for cmc. Signed by Judge Charles R. Breyer on 4/23/2007. (crblc1, COURT STAFF) (Filed on 4/23/2007) (Entered: 04/23/2007) |
| 04/23/2007 | 189 | MOTION for Leave to File *Amicus Curiae Brief* filed by AMERICAN FARM BUREAU FEDERATION. Motion Hearing set for 4/27/2007 11:00 AM in Courtroom 8, 19th Floor, San Francisco. (Gupta, Shirish) (Filed on 4/23/2007) (Entered: 04/23/2007) |

| 04/24/2007 | <u>190</u> | MEMORANDUM in Opposition to <u>185</u> *Intervenors' Motion for Leave to File Supplemental Material* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 4/24/2007) Modified on 4/26/2007 (mcl, COURT STAFF). (Entered: 04/24/2007) |
|---|---|---|
| 04/24/2007 | <u>191</u> | RESPONSE to <u>184</u> Intervenors Forage Genetics et al.'s Objections to Plaintiffs' Declarations Filed in Support of Plaintiffs' Permanent Injunction by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 4/24/2007) Modified on 4/26/2007 (mcl, COURT STAFF). (Entered: 04/24/2007) |
| 04/24/2007 | <u>192</u> | RESPONSE to <u>187</u> Intervenor Monsanto's Objections to Plaintiffs' Declarations Filed in Support of Plaintiffs' Permanent Injunction by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 4/24/2007) Modified on 4/26/2007 (mcl, COURT STAFF). (Entered: 04/24/2007) |
| 04/24/2007 | <u>193</u> | MEMORANDUM in Opposition to <u>189</u> *American Farm Bureau's Motion to File Amicus Curiae Brief* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 4/24/2007) Modified on 4/26/2007 (mcl, COURT STAFF). (Entered: 04/24/2007) |
| 04/25/2007 | <u>194</u> | Proposed Order re <u>189</u> American Farm Bureau's Motion to File Amicus Curiae Brief by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 4/25/2007) Modified on 4/27/2007 (mcl, COURT STAFF). (Entered: 04/25/2007) |
| 04/25/2007 | <u>195</u> | Proposed Order re <u>185</u> INTERVENORS JOHN GROVER, DANIEL MEDEROS, MARK WATTE AND FORAGE GENETICS, INC.'S MOTION TO FILE SUPPLEMENTARY MATERIAL by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 4/25/2007) Modified on 4/27/2007 (mcl, COURT STAFF). (Entered: 04/25/2007) |
| 04/25/2007 | <u>196</u> | Proposed Order re <u>185</u> , Denying Monsanto Company's Surreply on Proposed Permanent Injunction by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 4/25/2007) Modified on 4/27/2007 (mcl, COURT STAFF). (Entered: 04/25/2007) |
| 04/25/2007 | <u>197</u> | Reply to Opposition re <u>190</u> Memorandum in Opposition, *(to Motion for Leave to File Surreply)* filed byMonsanto Company. (Tate, Holly) (Filed on 4/25/2007) (Entered: 04/25/2007) |
| 04/27/2007 | <u>198</u> | Minute Entry: Motion Hearing held on 4/27/2007 before Charles R. Breyer (Date Filed: 4/27/2007) re <u>151</u> MOTION to Strike <u>124</u> Declaration in Opposition,,, <u>97</u> Declaration in Support,, <u>121</u> Declaration in Support,, <u>94</u> Declaration in Opposition,, <u>125</u> Declaration in Opposition, filed by Monsanto Company,, <u>93</u> MOTION for Permanent Injunction , *Final Relief and Entry of Judgment* filed by Sierra Club,, Trask Family Seeds,, Center for Food Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Geertson Seed Farms,, <u>174</u> MOTION to Strike *Directed Testimony Submitted by Intervenors Monsanto and Forage Genetics* filed by Sierra Club,, Trask Family Seeds,, Center for Food |

| | | Safety,, Beyond Pesticides,, Cornucopia Institute,, Dakota Resource Council,, National Family Farm Coalition,, Western Organization of Resource Councils,, Geertson Seed Farms,, _186_ MOTION for Leave to File *Surreply on Proposed Permanent Injunction* filed by Monsanto Company,, _189_ MOTION for Leave to File *Amicus Curiae Brief* filed by AMERICAN FARM BUREAU FEDERATION,. (Court Reporter Joan Columbini.) (be, COURT STAFF) (Date Filed: 4/27/2007) (Entered: 04/27/2007) |
|---|---|---|
| 05/03/2007 | _199_ | MEMORANDUM AND ORDER re: PERMANENT INJUNCTION. Signed by Judge Charles R. Breyer on May 3, 2007. (crblc2, COURT STAFF) (Filed on 5/3/2007) (Entered: 05/03/2007) |
| 05/03/2007 | _200_ | JUDGMENT in favor of plaintiffs against defendants. Signed by Judge Charles R. Breyer on 5/3/2007. (crblc1, COURT STAFF) (Filed on 5/3/2007) (Entered: 05/03/2007) |
| 05/10/2007 | _201_ | MOTION for Extension of Time to File *Claim for Costs* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #_1_ Declaration)(Golden, Kevin) (Filed on 5/10/2007) (Entered: 05/10/2007) |
| 05/11/2007 | _202_ | ORDER by Judge Charles R. Breyer granting _201_ Motion for Extension of Time to File (be, COURT STAFF) (Filed on 5/11/2007) (Entered: 05/11/2007) |
| 05/11/2007 | | Set/Reset Deadlines as to, Set Deadlines/Hearings: Motion due by 6/20/2007. Responses due by 7/11/2007. Replies due by 7/25/2007. Motion Hearing set for 8/8/2007 10:00 AM. (be, COURT STAFF) (Filed on 5/11/2007) (Entered: 05/11/2007) |
| 05/15/2007 | _203_ | NOTICE by Monsanto Company *of Withdrawal of Appearance of Counsel* (Tate, Holly) (Filed on 5/15/2007) (Entered: 05/15/2007) |
| 05/16/2007 | 204 | TRANSCRIPT of Proceedings held on 4/27/07 before Judge Charles R. Breyer. Court Reporter: Joan Marie Columbini. (mcl, COURT STAFF) (Filed on 5/16/2007) (Entered: 05/16/2007) |
| 05/17/2007 | _205_ | MOTION to Alter Judgment filed by Mike Johanns. Motion Hearing set for 6/22/2007 10:00 AM. (Attachments: #_1_ Affidavit)(Page, Gregory) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/17/2007 | _206_ | MOTION to Amend/Correct _200_ Judgment filed by Monsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. Motion Hearing set for 6/22/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: #_1_ Proposed Order)(Tate, Holly) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/17/2007 | _207_ | Declaration of Scott Baucum in Support of _206_ MOTION to Amend/Correct _200_ Judgment filed byMonsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Related document(s) _206_ ) (Tate, Holly) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/17/2007 | _208_ | Declaration of Paulette Pierson in Support of _206_ MOTION to Amend/Correct _200_ Judgment filed byMonsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Related document(s) _206_ ) (Tate, Holly) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/17/2007 | _209_ | Declaration of Mark McCaslin in Support of _206_ MOTION to Amend/Correct _200_ Judgment filed byMonsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Related document(s) _206_ ) (Tate, Holly) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/17/2007 | _210_ | Declaration of Dr. Neil Hoffman *in Support of _205_ Defendants' Rule 59 Motion to Alter or Amend* filed byMike Johanns. (Page, Gregory) (Filed on 5/17/2007) Modified on 5/18/2007 (mcl, COURT STAFF). (Entered: 05/17/2007) |
| 05/17/2007 | _211_ | Declaration of Rachel Lattimore in Support of _206_ MOTION to Amend/Correct _200_ Judgment filed byMonsanto Company, Forage Genetics, Inc., John Grover, |

| | | |
|---|---|---|
| | | Mederos Mederos, Mark Watte. (Attachments: #_1 Exhibit A – Part 1#_2 Exhibit A – Part 2#_3 Exhibit B#_4 Exhibit C#_5 Exhibit D#_6 Exhibit E#_7 Exhibit F#_8 Exhibit G#_9 Exhibit H#_10 Exhibit I#_11 Exhibit J)(Related document(s) _206 ) (Tate, Holly) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/17/2007 | 212 | MOTION to Shorten Time *for Intervenor–Defendants' Motion to Amend or Clarify the Court's May 3, 2007, Judgment or, in the Alternative, to Stay Portions of the Judgment* filed by Monsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: #_1 Proposed Order)(Tate, Holly) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/17/2007 | 213 | Declaration of Philip Perry in Support of _212 MOTION to Shorten Time *for Intervenor–Defendants' Motion to Amend or Clarify the Court's May 3, 2007, Judgment or, in the Alternative, to Stay Portions of the Judgment* filed by Monsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Related document(s) _212 ) (Tate, Holly) (Filed on 5/17/2007) (Entered: 05/17/2007) |
| 05/21/2007 | 214 | Memorandum in Opposition re _212 MOTION to Shorten Time *for Intervenor–Defendants' Motion to Amend or Clarify the Court's May 3, 2007, Judgment or, in the Alternative, to Stay Portions of the Judgment* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #_1 Proposed Order)(Rostov, William) (Filed on 5/21/2007) (Entered: 05/21/2007) |
| 05/30/2007 | 215 | ORDER by Judge Charles R. Breyer denying _212 Motion to Shorten Time. (crblc1, COURT STAFF) (Filed on 5/30/2007) (Entered: 05/30/2007) |
| 06/01/2007 | 216 | NOTICE of Change In Counsel by Martha Corcoran Luemers *withdrawing David A. Kays* (Luemers, Martha) (Filed on 6/1/2007) (Entered: 06/01/2007) |
| 06/01/2007 | 217 | Memorandum in Opposition re _205 MOTION to Alter Judgment, _206 MOTION to Amend/Correct _200 Judgment filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #_1 Proposed Order #_2 Plaintiffs' Objections to Defendants' Declarations Filed in Support of Defendants' Motions to Amend the Judgment)(Rostov, William) (Filed on 6/1/2007) (Entered: 06/01/2007) |
| 06/01/2007 | 218 | Declaration of Jim Briggs in Support of _217 Memorandum in Opposition,, *to Defendants' Motion to Amend the Court's May 3, 2007 Judgment* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #_1 Exhibit A)(Related document(s) _217 ) (Rostov, William) (Filed on 6/1/2007) (Entered: 06/01/2007) |
| 06/01/2007 | 219 | **\*\*\* FILED IN ERROR. PLEASE SEE DOCKET #_221 . \*\*\*** Declaration of Mark McAfee in Support of _217 Memorandum in Opposition,, *to Defendants' Motion to Amend the Court's May 3, 2007 Judgment* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #_1 Exhibit A)(Related document(s) _217 ) (Rostov, William) (Filed on 6/1/2007) Modified on 6/4/2007 (ewn, COURT STAFF). (Entered: 06/01/2007) |
| 06/01/2007 | 220 | Declaration of Britt Bailey in Support of _217 Memorandum in Opposition,, *to Defendants' Motion to Amend the Court's May 3, 2007 Judgment* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: #_1 Exhibit A#_2 Exhibit B)(Related document(s) _217 ) (Rostov, William) (Filed on 6/1/2007) (Entered: 06/01/2007) |

| 06/01/2007 | 221 | Declaration of Mark McAfee in Support of 217 Memorandum in Opposition,, *to Defendants' Motion to Amend the Court's May 3, 2007 Judgment CORRECTION OF DOCKET # 219* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A)(Related document(s) 217 ) (Rostov, William) (Filed on 6/1/2007) (Entered: 06/01/2007) |
|---|---|---|
| 06/05/2007 | 222 | STIPULATION re 202 Order on Motion for Extension of Time to File *Joint Stipulation to Remove Motion for Costs, Fees and Other Expenses from the Court Calendar* by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 6/5/2007) (Entered: 06/05/2007) |
| 06/07/2007 | 223 | STIPULATION AND ORDER taking the motion for costs and fees off the 08/08/07 calendar. Signed by Judge Charles R. Breyer on 06/07/07. (rbe, COURT STAFF) (Filed on 6/7/2007) (Entered: 06/07/2007) |
| 06/08/2007 | 224 | Reply to Opposition *to 205 Defendants' Rule 59 Motion* filed byMike Johanns. (Page, Gregory) (Filed on 6/8/2007) Modified on 6/11/2007 (mcl, COURT STAFF). (Entered: 06/08/2007) |
| 06/08/2007 | 225 | Reply to Opposition re 206 MOTION to Amend/Correct 200 Judgment MOTION to Amend/Correct 200 Judgment filed byMonsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Attachments: # 1 Proposed Order)(Tate, Holly) (Filed on 6/8/2007) (Entered: 06/08/2007) |
| 06/08/2007 | 226 | Declaration of Robert A. Ihrig in Support of 225 Reply to Opposition, filed byMonsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Related document(s) 225 ) (Tate, Holly) (Filed on 6/8/2007) (Entered: 06/08/2007) |
| 06/08/2007 | 227 | Declaration of Scott Baucum in Support of 225 Reply to Opposition, filed byMonsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Related document(s) 225 ) (Tate, Holly) (Filed on 6/8/2007) (Entered: 06/08/2007) |
| 06/08/2007 | 228 | RESPONSE to re 217 Memorandum in Opposition,, *(Response to Plaintiffs' Objections To Defendants' Declarations)* by Monsanto Company, Forage Genetics, Inc., John Grover, Mederos Mederos, Mark Watte. (Tate, Holly) (Filed on 6/8/2007) (Entered: 06/08/2007) |
| 06/18/2007 | 229 | MOTION for leave to appear in Pro Hac Vice of J. Thomas Carrato ( Filing fee $ 210, receipt number 34611007433.) filed by Monsanto Company. (mcl, COURT STAFF) (Entered: 06/18/2007) |
| 06/18/2007 |  | Received Order re 229 MOTION for leave to appear in Pro Hac Vice of J. Thomas Carrato (Filing fee $ 210, receipt number 3461100743.) by Monsanto Company. (mcl, COURT STAFF) (Entered: 06/18/2007) |
| 06/20/2007 | 230 | ORDER by Judge Charles R. Breyer granting 229 Motion for Pro Hac Vice – J. Thomas Carrato (be, COURT STAFF) (Filed on 6/20/2007) (Entered: 06/20/2007) |
| 06/22/2007 | 231 | Minute Entry: Motion Hearing held on 6/22/2007 before Charles R. Breyer (Date Filed: 6/22/2007) re 212 MOTION to Shorten Time *for Intervenor−Defendants' Motion to Amend or Clarify the Court's May 3, 2007, Judgment or, in the Alternative, to Stay Portions of the Judgment* filed by John Grover, Mark Watte, Monsanto Company, Mederos Mederos, Forage Genetics, Inc., 206 MOTION to Amend/Correct 200 Judgment MOTION to Amend/Correct 200 Judgment filed by John Grover, Mark Watte, Monsanto Company, Mederos Mederos, Forage Genetics, Inc., 205 MOTION to Alter Judgment filed by Mike Johanns. (Court Reporter Juanita Gonzalez.) (be, COURT STAFF) (Date Filed: 6/22/2007) (Entered: 06/22/2007) |
| 06/25/2007 | 232 | *** **ERRONEOUS ENTRY. SEE 233** *** ORDER by Judge Charles R. Breyer granting 205 Motion to Alter Judgment; granting 206 Motion to |

|  |  | Amend/Correct ; (crblc1, COURT STAFF) (Filed on 6/25/2007) Modified on 6/26/2007 (mcl, COURT STAFF). (Entered: 06/25/2007) |
|---|---|---|
| 06/26/2007 | 233 | ORDER granting motions to amend judgment. Signed by Judge Charles R. Breyer on 6/25/2007. (crblc1, COURT STAFF) (Filed on 6/26/2007) (Entered: 06/26/2007) |
| 07/02/2007 | 234 | STATUS REPORT *(Joint)* by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Monsanto Company, Mike Johanns, Forage Genetics, Inc., Ron Dehaven, John Grover, Mederos Mederos, Mark Watte, Steve Johnson, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Tate, Holly) (Filed on 7/2/2007) (Entered: 07/02/2007) |
| 07/06/2007 | 235 | STIPULATION re 233 Order *FOR LEAVE TO FILE AN AMENDED JUDGMENT ON OR BEFORE JULY 13, 2007* by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Monsanto Company, Mike Johanns, Forage Genetics, Inc., Ron Dehaven, John Grover, Mederos Mederos, Mark Watte, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 7/6/2007) (Entered: 07/06/2007) |
| 07/10/2007 | 236 | ORDER re 235 Stipulation, filed by Mederos Mederos, Dakota Resource Council, Sierra Club, Geertson Seed Farms, Western Organization of Resource Councils, Mike Johanns, Mark Watte, Ron Dehaven, Forage Genetics, Inc., Trask Family Seeds, Center for Food Safety, Monsanto Company, Beyond Pesticides, John Grover, Cornucopia Institute, National Family Farm Coalition Amended Pleadings due by 7/13/2007.. Signed by Judge Charles R. Breyer on 7/09/07. (be, COURT STAFF) (Filed on 7/10/2007) (Entered: 07/10/2007) |
| 07/13/2007 | 237 | MOTION to Approve Consent Judgment filed by Mike Johanns. (Attachments: # 1 Proposed Order)(Page, Gregory) (Filed on 7/13/2007) (Entered: 07/13/2007) |
| 07/23/2007 | 238 | AMENDED JUDGMENT by Judge Charles R. Breyer granting 237 Motion to Approve Consent Judgment (be, COURT STAFF) (Filed on 7/23/2007) (Entered: 07/23/2007) |
| 07/25/2007 | 239 | TRANSCRIPT of Proceedings held on 6/22/07 before Judge Charles R. Breyer. Court Reporter: Juanita Gonzalez. (mcl, COURT STAFF) (Filed on 7/25/2007) (Entered: 07/26/2007) |
| 08/13/2007 | 240 | NOTICE OF APPEAL as to 83 Order on Motion for Summary Judgment, 199 Order, 238 Order on Motion to Approve Consent Judgment, 200 Judgment by Monsanto Company. Filing fee $ 455, receipt number 3461100939. (mcl, COURT STAFF) (Filed on 8/13/2007) (Entered: 08/14/2007) |
| 08/13/2007 |  | Received Representation Statement by Monsanto Company. (mcl, COURT STAFF) (Entered: 08/14/2007) |
| 08/13/2007 |  | Received Civil Appeals Docketing Statement by Monsanto Company. (mcl, COURT STAFF) (Entered: 08/14/2007) |
| 08/14/2007 |  | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals. (mcl, COURT STAFF) (Entered: 08/14/2007) |
| 08/14/2007 |  | Copy of Notice of Appeal and Docket sheet mailed to all counsel. (mcl, COURT STAFF) (Entered: 08/14/2007) |
| 08/16/2007 | 241 | NOTICE OF APPEAL as to 238 Order on Motion to Approve Consent Judgment by Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte. Filing fee $ 455, receipt number 34611009499. (sv, COURT STAFF) (Filed on 8/16/2007) (Entered: 08/17/2007) |
| 08/16/2007 | 242 | Received Received Representation Statement by Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte. (sv, COURT STAFF) (Filed on 8/16/2007) (Entered: 08/17/2007) |

| 08/16/2007 | 243 | Received Civil Appeals Docketing Statement by Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte. (sv, COURT STAFF) (Filed on 8/16/2007) (Entered: 08/17/2007) |
|---|---|---|
| 08/20/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 241 Notice of Appeal (sv, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/20/2007) |
| 08/20/2007 | | Received Document re 242 Received Document, 243 Received Document, 241 Notice of Appeal. (sv, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/20/2007) |
| 08/20/2007 | 244 | USCA Scheduling Order as to 240 Notice of Appeal, filed by Monsanto Company. (sv, COURT STAFF) (Filed on 8/20/2007) Modified on 8/21/2007 (sv, COURT STAFF). (Entered: 08/21/2007) |
| 08/20/2007 | 245 | USCA Case Number 07–16458 U.S. Court of Appeals for the Ninth Circuit for 240 Notice of Appeal, filed by Monsanto Company. (sv, COURT STAFF) (Filed on 8/20/2007) Modified on 8/21/2007 (sv, COURT STAFF). (Entered: 08/21/2007) |
| 08/22/2007 | 246 | DESIGNATION of Record on Appeal by Monsanto Company re 240 Notice of Appeal, (Tate, Holly) (Filed on 8/22/2007) (Entered: 08/22/2007) |
| 08/24/2007 | 247 | TRANSCRIPT DESIGNATION *and ORDERING FORM* by Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte for proceedings held on 06/30/06; 01/19/07; 03/05/07; 03/08/07; 04/27/07; 06/22/07 before Judge Charles R. Breyer.. (Luemers, Martha) (Filed on 8/24/2007) (Entered: 08/24/2007) |
| 08/27/2007 | 248 | USCA Scheduling Order as to 241 Notice of Appeal filed by John Grover, Mark Watte, Daniel Mederos, Forage Genetics, Inc.. (sv, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | 249 | Receipt for Appeal Record re appeal 248 USCA Scheduling Order, 241 Notice of Appeal : (sv, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | 250 | STATUS REPORT by Monsanto Company, Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte. (Tate, Holly) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | 251 | Declaration of Scott Baucum in Support of 250 Status Report filed byMonsanto Company, Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte. (Related document(s) 250 ) (Tate, Holly) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/29/2007 | 252 | TRANSCRIPT of Proceedings held on 6/30/06 before Judge Charles R. Breyer. Court Reporter: Katherine Wyatt. (sv, COURT STAFF) (Filed on 8/29/2007) Modified on 8/30/2007 (sv, COURT STAFF). (Entered: 08/30/2007) |
| 09/12/2007 | 253 | ORDER of USCA as to 240 Notice of Appeal, filed by Monsanto Company, 241 Notice of Appeal filed by John Grover, Mark Watte, Daniel Mederos, Forage Genetics, Inc. The court sua sponte consolidates nos. 07–16458 and 07–16492. Intervenor–Appellant Monsanto Company's opposed motion for expedition is denied. (mcl, COURT STAFF) (Filed on 9/12/2007) (Entered: 09/13/2007) |
| 09/18/2007 | 254 | NOTICE by Mike Johanns *Notice of Appeal* (Page, Gregory) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/19/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 254 Appeal. (mcl, COURT STAFF) (Entered: 09/19/2007) |
| 09/19/2007 | | Copy of Notice of Appeal and Docket sheet mailed to all counsel re 254 Appeal. (mcl, COURT STAFF) (Entered: 09/19/2007) |
| 10/04/2007 | 255 | USCA Scheduling Order (USCA # 07–16725) as to 241 Notice of Appeal filed by John Grover, Mark Watte, Daniel Mederos, Forage Genetics, Inc. (mcl, COURT STAFF) (Filed on 10/4/2007) (Entered: 10/04/2007) |

| 10/10/2007 | 256 | TRANSCRIPT of Proceedings held on 3/5/07 before Judge Charles R. Breyer. Court Reporter: James Yeomans. (mcl, COURT STAFF) (Filed on 10/10/2007) (Entered: 10/11/2007) |
|---|---|---|
| 10/11/2007 | 257 | STATUS REPORT by Monsanto Company, Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte. (Tate, Holly) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 10/11/2007 | 258 | Declaration of Scott Baucum in Support of 257 Status Report filed byMonsanto Company, Forage Genetics, Inc., John Grover, Daniel Mederos, Mark Watte. (Related document(s) 257 ) (Tate, Holly) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 10/19/2007 | 259 | ORDER of USCA as to 240 Notice of Appeal, filed by Monsanto Company, 241 Notice of Appeal filed by John Grover, Mark Watte, Daniel Mederos, Forage Genetics, Inc. Intervenor–Appellant Monsanto Company's opposed motion for reconsideration is granted in part and denied in part. (mcl, COURT STAFF) (Filed on 10/19/2007) (Entered: 10/19/2007) |
| 10/19/2007 | 260 | MOTION for Attorney Fees *and Costs* filed by Beyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. Motion Hearing set for 11/30/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Golden, Kevin) (Filed on 10/19/2007) (Entered: 10/19/2007) |
| 10/19/2007 | 261 | MEMORANDUM in Support re 260 MOTION for Attorney Fees *and Costs* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Proposed Order # 2 Declaration# 3 Declaration# 4 # 5 Declaration# 6 Declaration# 7 Declaration# 8 Declaration# 9 Declaration# 10 Declaration# 11 Declaration# 12 Declaration# 13 Declaration# 14 Declaration# 15 Declaration# 16 Declaration)(Related document(s) 260 ) (Golden, Kevin) (Filed on 10/19/2007) (Entered: 10/19/2007) |
| 10/19/2007 | 262 | Declaration of William B. Rostov in Support of 261 Memorandum in Support,, *Plaintiffs' Motion for Fees and Costs* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Related document(s) 261 ) (Golden, Kevin) (Filed on 10/19/2007) Modified on 10/22/2007 (mcl, COURT STAFF). (Entered: 10/19/2007) |
| 10/19/2007 | 263 | Declaration of Kevin Golden in Support of 261 Memorandum in Support,, *Plaintiffs' Motion for Fees and Costs* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A)(Related document(s) 261 ) (Golden, Kevin) (Filed on 10/19/2007) Modified on 10/22/2007 (mcl, COURT STAFF). (Entered: 10/19/2007) |
| 11/07/2007 | 264 | MOTION to Stay *Plaintiffs' Fee Petition Pending a Final Decision on the Merits* filed by Mike Johanns. Motion Hearing set for 12/12/2007 10:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Page, Gregory) (Filed on 11/7/2007) (Entered: 11/07/2007) |
| 11/08/2007 | 265 | MOTION to Shorten Time *and Hearing Date for Defendants' Motion to Stay and Suspend Hearing Date for Plaintiffs' Attorneys' Fee Petition* filed by Mike Johanns. (Attachments: # 1 Proposed Order)(Page, Gregory) (Filed on 11/8/2007) (Entered: 11/08/2007) |
| 11/14/2007 | 266 | Memorandum in Opposition *To 265 Defendants' Motion to Shorten Hearing Date For Their Motion to Stay And Suspend Hearing Date For Plaintiffs' Attorneys' Fee Petition* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Rostov Declaration# 2 Proposed Order)(Golden, |

| | | |
|---|---|---|
| | | Kevin) (Filed on 11/14/2007) Modified on 11/15/2007 (mcl, COURT STAFF). (Entered: 11/14/2007) |
| 11/16/2007 | 267 | Reply Memorandum *to Defendants' Failure to Oppose 260 Plaintiffs' Motion for Award of Attorneys' Fees And Costs* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Golden, Kevin) (Filed on 11/16/2007) Modified on 11/19/2007 (mcl, COURT STAFF). (Entered: 11/16/2007) |
| 11/19/2007 | 268 | SCHEDULING ORDER by Judge Charles R. Breyer (crblc1, COURT STAFF) (Filed on 11/19/2007) (Entered: 11/19/2007) |
| 11/19/2007 | | Set/Reset Deadlines as to 260 MOTION for Attorney Fees *and Costs*, 264 MOTION to Stay *Plaintiffs' Fee Petition Pending a Final Decision on the Merits*. Responses due by 11/30/2007. Replies due by 12/7/2007. Motion Hearing set for 12/14/2007 10:00 AM. (be, COURT STAFF) (Filed on 11/19/2007) (Entered: 11/20/2007) |
| 11/30/2007 | 269 | Memorandum in Opposition *to 264 Defendants' Motion to Stay Fee Petition Pending A Final Decision On The Merits* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Proposed Order)(Golden, Kevin) (Filed on 11/30/2007) Modified on 12/3/2007 (mcl, COURT STAFF). (Entered: 11/30/2007) |
| 12/03/2007 | 270 | Memorandum in Opposition *to 260 Plaintiffs' Motion for Award of Attorneys' Fees and Costs* filed byMike Johanns. (Attachments: # 1 Affidavit Gregory Daniel Page)(Page, Gregory) (Filed on 12/3/2007) Modified on 12/4/2007 (mcl, COURT STAFF). (Entered: 12/03/2007) |
| 12/07/2007 | 271 | Reply to Opposition *to 264 Defendants' Motion to Stay Plaintiffs' Fee Petition Pending a Final Decision on the Merits* filed byMike Johanns. (Page, Gregory) (Filed on 12/7/2007) Modified on 12/10/2007 (mcl, COURT STAFF). (Entered: 12/07/2007) |
| 12/07/2007 | 272 | Reply to Opposition re 260 MOTION for Attorney Fees *and Costs* filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Rostov, William) (Filed on 12/7/2007) (Entered: 12/07/2007) |
| 12/07/2007 | 273 | Declaration of Kevin Golden in Support of 272 Reply to Opposition, filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A)(Related document(s) 272 ) (Rostov, William) (Filed on 12/7/2007) (Entered: 12/07/2007) |
| 12/07/2007 | 274 | Declaration of William B. Rostov in Support of 272 Reply to Opposition, filed byBeyond Pesticides, Cornucopia Institute, Dakota Resource Council, National Family Farm Coalition, Sierra Club, Western Organization of Resource Councils, Trask Family Seeds, Geertson Seed Farms, Center for Food Safety. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 272 ) (Rostov, William) (Filed on 12/7/2007) (Entered: 12/07/2007) |
| 12/14/2007 | 275 | Minute Entry: Motion Hearing held on 12/14/2007 before Charles R. Breyer. D's Motion to Stay is GRANTED. P's Motion for Award of Attorneys' Fees and Costs is DEFERRED. (Court Reporter Joan Columbini.) (fj, COURT STAFF) (Date Filed: 12/14/2007) (Entered: 12/14/2007) |
| 01/23/2008 | 276 | MOTION to Relate Case *(Civ. L.R. 3–12 &7–11)* filed by Center for Food Safety. (Attachments: # 1 Proposed Order)(Loarie, Gregory) (Filed on 1/23/2008) (Entered: 01/23/2008) |
| 01/23/2008 | 277 | CERTIFICATE OF SERVICE by Center for Food Safety re 276 MOTION to Relate Case *(Civ. L.R. 3–12 &7–11)* (Loarie, Gregory) (Filed on 1/23/2008) |

| | | |
|---|---|---|
| | | (Entered: 01/23/2008) |
| 01/25/2008 | <u>278</u> | Memorandum in Opposition re <u>276</u> MOTION to Relate Case *(Civ. L.R. 3−12 &7−11)* filed byMonsanto Company. (Attachments: # <u>1</u> Proposed Order)(Tate, Holly) (Filed on 1/25/2008) (Entered: 01/25/2008) |
| 01/25/2008 | <u>279</u> | *** **ERRONEOUS ENTRY** *** REPLY to Response to Motion *to Consider Whether Cases Should Be Related* filed byCenter for Food Safety. (Attachments: # <u>1</u> Exhibit A)(Loarie, Gregory) (Filed on 1/25/2008) Modified on 1/28/2008 (mcl, COURT STAFF). (Entered: 01/25/2008) |
| 01/28/2008 | <u>280</u> | Memorandum in Opposition re <u>276</u> MOTION to Relate Case *(Civ. L.R. 3−12 &7−11) Federal Defendants' Response* filed byMike Johanns, Ron Dehaven, Steve Johnson. (Attachments: # <u>1</u> Proposed Order)(Caramanian, Lori) (Filed on 1/28/2008) (Entered: 01/28/2008) |
| 02/01/2008 | <u>281</u> | ORDER by Judge Charles R. Breyer denying <u>276</u> Motion to Relate Case (be, COURT STAFF) (Filed on 2/1/2008) (Entered: 02/01/2008) |
| 03/07/2008 | <u>282</u> | NOTICE of Change In Counsel by William B Rostov (Rostov, William) (Filed on 3/7/2008) (Entered: 03/07/2008) |
| 04/29/2008 | <u>283</u> | Certified and Transmitted Record on Appeal to US Court of Appeals re <u>240</u> Notice of Appeal. (mcl, COURT STAFF) (Filed on 4/29/2008) (Entered: 04/29/2008) |