1  DANIEL M. ABUHOFF (Pro Hac Vice)
   dabuhoff@debevoise.com
2  HARRY ZIRLIN (Pro Hac Vice)
   hzirlin@debevoise.com
3  DEBEVOISE & PLIMPTON LLP
   919 Third Avenue
4  New York, NY 10022
   Telephone:    212.909.6381
5  Facsimile:    212.909.6836

6  DANIEL MURPHY (SBN 141006)
   dmurphy@loeb.com
7  W. ALLAN EDMISTON (SBN 228246)
   aedmiston@loeb.com
8  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
9  Los Angeles, CA 90067
   Telephone:    310-282-2000
10 Facsimile:    310-282-2200

11 Attorneys for Proposed Intervenor-Defendant
   BETASEED, INC.

12

13                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
14                      SAN FRANCISCO DIVISION

15

16 CENTER FOR FOOD SAFETY, et al.,          )
                                            )
17            Plaintiffs,                    )    Case No.  C 08-00484 JSW
                                            )
18       vs.                                 )
                                            )
19 CHARLES CONNOR, in his official capacity  )   **REPLY IN SUPPORT OF BETASEED'S**
20 as Acting Secretary of the United States  )   **MOTION TO INTERVENE**
   Department of Agriculture, and CINDY      )
21 SMITH, in her official capacity as        )
   Administrator of the Animal and Plant Health )
22 Inspection Service,                       )   Date:   June 6, 2008
                                            )    Time:  9:00 a.m.
23            Defendants,                     )   Place:  17th Floor, Courtroom 2
                                            )
24 and                                       )
                                            )    Judge:  The Honorable Jeffrey S. White
25 BETASEED, INC.,                           )
                                            )
26            Proposed Intervenor-Defendant. )
                                            )
27

28

**TABLE OF CONTENTS**

INTRODUCTION..............................................................................................................1

ARGUMENT ..................................................................................................................1

I.      Betaseed has a significantly protectable interest relating to the PPA claim ......................1

II.     The government will not adequately represent Betaseed's interests....................................3

III.    Intervention will not cause undue delay and prejudice to the existing parties...................4

IV.     Betaseed should be permitted to intervene in the NEPA claim as well ..............................5

CONCLUSION ................................................................................................................7

# TABLE OF AUTHORITIES

## <u>Federal Cases</u>

*Apache Survival Coalition v. United States*, 21 F.3d 895 (9th Cir. 1994) ..................................... 3

*Bush v. Viterna*, 740 F.2d 350 (5th Cir. 1984) ............................................................................ 4

*Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489 (9th Cir. 1995) ................................................................................................................................. 3

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) ....................................... 5, 6

*Lathan v. Brinegar*, 506 F.2d 677 (9th Cir. 1974) ..................................................................... 3

*Pacific Rivers Council v. United States Forest Service*, No. Civ. S-05-0953, 2005 U.S. Dist. LEXIS 25136 (E.D. Cal. Oct. 19, 2005) ....................................................... 5, 6

*Protect Lake Pleasant, LLC v. Johnson*, No. Civ. 07-454, 2007 U.S. Dist. LEXIS 27829 (D. Ariz. Apr. 13, 2007) ........................................................................................ 5

*Sequoia Forestkeeper v. United States Forest Service*, No. Civ. S-07-1690, 2008 WL 324013, at *5 (E.D. Cal. Feb. 5, 2008) ......................................................................... 6

*Sierra Club v. United States EPA*, 995 F.2d 1478 (9th Cir. 1993) ........................................... 1, 2

*Sierra Nevada Forest Protection Campaign v. Rey*, No. Civ. S-05-0205, 2005 U.S. Dist. LEXIS 42996 (E.D. Cal. Sept. 14, 2005) .................................................................. 6

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001).......................... 2, 3

# INTRODUCTION

In its motion to intervene, Betaseed demonstrated that it is entitled to intervene as of right in the litigation of plaintiffs' PPA claim and in the remedies phase of plaintiffs' NEPA claim. Betaseed also demonstrated that this Court should permit it to intervene in the merits phase of plaintiffs' NEPA claim.

In their opposition, plaintiffs all but concede that Betaseed is entitled to intervene in the remedies phase of this action.  (*See* Opp'n 8 ("Applicants are free to contribute, in the remedy phase, to 'the equitable resolution of the case.'").)  However, plaintiffs oppose intervention on the merits, because, according to plaintiffs, Betaseed does not have a significantly protectable interest in the litigation, Betaseed's interests will be adequately represented by the government, and Betaseed's intervention will cause plaintiffs undue delay and prejudice.  We refute each of these arguments below.

# ARGUMENT

## I.    Betaseed has a significantly protectable interest relating to the PPA claim

Plaintiffs' argument that Betaseed has no significantly protectable interest focuses primarily on the claims in the Complaint under the National Environmental Policy Act ("NEPA"). The Complaint also includes a claim alleging a violation of the Plant Protection Act ("PPA").  For purposes of intervention, plaintiffs argue that their PPA claim should be treated the same as the NEPA claim, for which the Court of Appeals for the Ninth Circuit has established a "none but the federal" rule against intervention as of right at the merits stage of litigation.  However, the Court of Appeals for the Ninth Circuit has applied this so-called rule almost exclusively to NEPA cases. No court in the Ninth Circuit has ever applied the rule to claims under the PPA.

Instead, the proper inquiry in determining whether Betaseed has a significantly protectable interest related to the PPA claim is whether it satisfies the traditional test: "that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).  The Ninth Circuit cases applying this test to facts most similar to those here are

1  *Sierra Club* and *Southwest Ctr. for Biological Diversity v. Berg* ("*Berg*"), 268 F.3d 810, 822–23

2  (9th Cir. 2001).[1]

3      In *Sierra Club*, environmental groups sued the EPA under the Clean Water Act to have

4  them alter the terms of permits issued to the City of Phoenix allowing it to discharge pollutants

5  from municipal water treatment plants.  The City of Phoenix's motion to intervene as of right was

6  denied by the District Court.  The Court of Appeals for the Ninth Circuit reversed.  The court held

7  that Phoenix had an interest protected by the Clean Water Act in the discharge of pollutants, and

8  that this interest was "squarely in the class of interests traditionally protected by law." *Sierra*

9  *Club*, 995 F.2d at 1483, 1485.  The City's interest related to the plaintiffs' Clean Water Act claims

10  because the "permits may be modified by control strategies issued as a result of [the] litigation."

11  *Id.* at 1486.  The court distinguished NEPA cases denying intervention as of right by noting that

12  NEPA "regulates the federal government," while the Clean Water Act "regulates private parties

13  and state and local governments," who will ultimately be responsible for compliance." *Id.* at

14  1485.

15      In *Berg*, environmental groups sued the United States Fish and Wildlife Service and the

16  City of San Diego, among others, under the Endangered Species Act to challenge "the validity of

17  conservation plans" that permitted "development projects" that plaintiffs contended would harm

18  San Diego's endangered species.  *Berg*, 268 F.3d at 814.  Several building industry associations

19  and a construction company slated to work on these development projects moved to intervene as

20  of right.  The District Court denied the motion, but was reversed by the Court of Appeals for the

21  Ninth Circuit.  The court held that the intervenors had "legally protectable interests based on their

22  ownership of on-going projects that are on the . . . project list." *Berg*, 268 F.3d at 818, 820.

23  These interests related to the plaintiffs' Endangered Species Act claims because plaintiffs'

24  challenge to the conservation plans "potentially affect[ed] those projects." *Id.* at 821.  The court

25  relied extensively on *Sierra Club* and did not discuss intervention jurisprudence related to NEPA

26  litigation.

27  ────────────────────

28  [1] Plaintiffs single footnote addressing these two cases fails to distinguish these cases, nor demonstrate that they have been limited or overruled.

REPLY IN SUPPORT OF BETASEED'S
MOTION TO INTERVENE
Case No. C 08-00484 JSW

1      Betaseed has an interest, protected by the PPA, in the continued production and

2   distribution of Roundup Ready sugar beet seed.[2]  That interest relates to plaintiffs' PPA claim

3   because it is directly and seriously threatened by an adverse ruling on this claim.  The PPA, like

4   the Clean Water Act in *Sierra Club* and the permit issued under the Endangered Species Act in

5   *Berg*, regulates private parties, who will ultimately be responsible for compliance with any court

6   order.  Therefore, under the law of the Ninth Circuit, Betaseed has demonstrated a significantly

7   protectable interest with respect to the PPA claim.

8   **II.      The government will not adequately represent Betaseed's interests**

9      While plaintiffs correctly note that the burden is on the proposed intervenor to demonstrate

10  that the existing parties will not adequately represent its interests, that burden is minimal; it is

11  sufficient to show that representation "may be" inadequate.  *See Berg*, 268 F.3d at 822–23.  In

12  evaluating the adequacy of representation, a court considers "whether the interest of a present

13  party is such that it will undoubtedly make all the intervenor's arguments; whether the present

14  party is capable and willing to make such arguments; and whether the intervenor would offer any

15  necessary elements to the proceedings that other parties would neglect."  *Forest Conservation*

16  *Council v. United States Forest Service*, 66 F.3d 1489, 1498–99 (9th Cir. 1995).

17     Plaintiffs incorrectly assert that Betaseed's ultimate objectives and interests are "identical"

18  to those of the government, and that Betaseed has "nothing of legal consequence to offer in the

19  merits stage."  (Opp'n 7.)  First, Betaseed intends to assert the defense of laches against plaintiffs'

20  PPA and NEPA claims.  "To demonstrate laches, a party must establish '(1) lack of diligence by

21  the party against whom the defense is asserted, and (2) prejudice to the party asserting the

22  defense.'"  *Apache Survival Coalition v. United States*, 21 F.3d 895, 906 (9th Cir. 1994) (quoting

23  *Lathan v. Brinegar*, 506 F.2d 677, 692 (9th Cir. 1974) (en banc)).  Betaseed's interest in asserting

24  a laches defense is to protect against the economic harm that would be caused by plaintiffs' nearly

25  three year delay in bringing this action.  While the government lists laches among its affirmative

26  defenses, it is not clear what prejudice this delay has caused it, and certainly its interest in

27

28  [2] Betaseed's protected interest arose when the USDA deregulated Event H7-1 pursuant to a
petition filed by Betaseed's parent company and Monsanto.

REPLY IN SUPPORT OF BETASEED'S
MOTION TO INTERVENE
Case No. C 08-00484 JSW

1    asserting such a defense would not be the same as Betaseed's.  Given these divergent interests, the

2    fact that Betaseed and the government both seek to uphold the deregulatory decision does not

3    require a finding that the government adequately represents Betaseed's interests.  Moreover,

4    Betaseed will have unique knowledge of the timing and extent of the prejudice caused by

5    plaintiffs' delay in bringing suit.

6          Second, plaintiffs are simply wrong that Betaseed has nothing to add to the merits of the

7    PPA claim.  The contribution that Betaseed can make to the resolution of the PPA claim is

8    apparent from the language of plaintiffs' Complaint and satisfies the minimal showing of

9    inadequate representation.  Plaintiffs challenge as arbitrary and capricious the determinations that

10   the deregulated sugar beet type "(1) Exhibits no plant pathogenic properties; (2) is no more likely

11   to become weedy than the nontransgenic parental line or other cultivated sugar beet; (3) is unlikely

12   to increase the weediness potential of any other cultivated or wild species with which it can

13   interbreed; (4) will not cause damage to raw or processed agricultural commodities; (5) will not

14   harm threatened or endangered species or organisms that are beneficial to agriculture; and (6)

15   should not reduce the ability to control pests and weeds in sugar beets or other crops."  (Compl.

16   ¶ 78.)  Whether these determinations were arbitrary and capricious depends on whether the record

17   supports them.  While Betaseed readily concedes the expertise of APHIS is making these

18   determinations, Betaseed and its parent company generated portions of the material in the

19   administrative record and can contribute to their explication.

20   **III.    Intervention will not cause undue delay and prejudice to the existing parties**

21         Plaintiffs also suggest that intervention will cause plaintiffs undue delay and prejudice.

22   However, the only source of delay and prejudice identified by plaintiffs appears to be that

23   intervenors, filing separately, will serve a lot of papers.  To support the proposition that this can

24   constitute prejudice, plaintiffs rely on a single Fifth Circuit case holding that an appellate court

25   will rarely upset the denial of permissive intervention and that in some cases, the filing of amici

26   curiae may be appropriate.  *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).  They ignore

27   the significant body of case law holding that no undue delay or prejudice is shown where

28   intervenors agree to abide by the Court's briefing and procedural scheduling orders, and any other

REPLY IN SUPPORT OF BETASEED'S
MOTION TO INTERVENE
Case No. C 08-00484 JSW

1   conditions set by the Court on their participation.  *See, e.g., Kootenai Tribe of Idaho v. Veneman*,

2   313 F.3d 1094, 1111 n.10 (9th Cir. 2002) ("[B]ecause the intervention motions were filed near the

3   case outset and the defendant-intervenors said they could abide the court's briefing and procedural

4   scheduling orders, there was no issue whatsoever of undue delay."); *Protect Lake Pleasant, LLC v.*

5   *Johnson*, No. Civ. 07-454, 2007 U.S. Dist. LEXIS 27829, at *15–*16 (D. Ariz. Apr. 13, 2007)

6   (proposed intervenor "has agreed to be bound by the same deadlines and briefing schedules as the

7   original parties, and so the Court finds that its intervention will not occasion any undue delay or

8   prejudice in the resolution of this matter."); *Pacific Rivers Council* v. *United States Forest Service*,

9   No. Civ. S-05-0953, 2005 U.S. Dist. LEXIS 25136, at *7 (E.D. Cal. Oct. 19, 2005) (to avoid

10  undue delay or prejudice, "the court may impose reasonable conditions and restrictions on the

11  participation of intervenors").  Betaseed and the other intervenors agreed in their opening briefs to

12  abide by any restrictions imposed by the Court on their participation and Betaseed reiterates its

13  intentions to do so.  Therefore, there is no undue delay or prejudice.

14  **IV.    Betaseed should be permitted to intervene in the NEPA claim as well**

15        In their opposition papers, plaintiffs also argue that the court should deny Betaseed

16  permissive intervention into the merits phase of the NEPA claims.  If, as we establish above,

17  Betaseed is entitled to intervene in the litigation of the PPA claim, excluding Betaseed from the

18  NEPA claim would serve no purpose.  In fairness to plaintiffs, their argument against intervention

19  on the merits was made across the board; they might agree that if Betaseed is entitled to intervene

20  in the PPA claim, it should be permitted to participate in the entire action.

21        In any event, the discussion in the opposition papers of permissive intervention is

22  somewhat misleading.  Plaintiffs portray a showing of inadequate representation as a threshold

23  requirement for permissive intervention, leading courts to deny such intervention in all but the

24  rarest NEPA cases.  (*See* Opp'n 10 ("It is well established that an adequately represented third

25  party should not be allowed to intervene permissively.")[3]; 14 (attributing the grant of permissive

26

27  _____
    [3] Their primary support for this contention, *California v. Tahoe Regional Planning Agency*, 792
28  F.2d 775 (9th Cir. 1986), held only that it would not be an *abuse of discretion* for a district court to
    deny permissive intervention on that grounds.  *Id.* at 779.

1   intervention in *Kootenai Tribe of Idaho*, 313 F.3d 1094, to "incontestably inadequate

2   representation by existing parties").)  However, there is no inadequate representation requirement

3   found in Rule 24(b).  If Congress had wished to impose such a requirement, it certainly knew how

4   to do so.  *See* Fed. R. Civ. P. 24(a) (requiring court to permit intervention where factors are shown

5   "unless existing parties adequately represent that interest").  To the extent courts in the Ninth

6   Circuit have *chosen* to consider inadequate representation in determining whether to permit

7   intervention, they have granted such intervention on a lesser showing than is made by Betaseed in

8   this case.  *See, e.g.*, *Sequoia Forestkeeper v. United States Forest Service*, No. Civ. S-07-1690,

9   2008 WL 324013, at *5 (E.D. Cal. Feb. 5, 2008) (granting permissive intervention at the merits

10  stage of a NEPA lawsuit "[b]ecause [proposed intervenor's] interests are not adequately protected

11  and because it can expand upon common factual and legal issues before the Court."); *Pacific

12  Rivers Council*, 2005 U.S. Dist. LEXIS 25136, at *6 (granting permissive intervention at the

13  merits stage of a NEPA lawsuit where proposed intervenor's "particular interests in preserving the

14  [governmental action] may not adequately be represented by the existing parties in this case");

15  *Sierra Nevada Forest Protection Campaign v. Rey*, No. Civ. S-05-0205, 2005 U.S. Dist. LEXIS

16  42996, at *7–*8 (E.D. Cal. Sept. 14, 2005) (same).

17       As discussed above, representation would clearly be inadequate for Betaseed's laches

18  claim based on plaintiffs' delay in bringing its NEPA claims.  During the three years following the

19  USDA's deregulation of Roundup Ready sugar beets, Betaseed made significant investments in

20  time, money and plantings; its Roundup Ready sugar beet business is now in full swing.  Only

21  Betaseed can speak with authority to the potential prejudice to its business of plaintiffs' delay.

22  Indeed, Betaseed's substantial investment in reliance on the USDA decision now under review

23  contributes also to Betaseed's legally protectable interest with respect to the NEPA claim.  There

24  is much more at stake here for Betaseed than for a potential intervenor in a NEPA claim brought

25  on the heels of the challenged governmental action.  Plaintiffs' unreasonable delay in filing its

26  action until hundreds of thousands of acres of the crop at issue had already been planted takes this

27  case out of the heartland of NEPA cases.

28

REPLY IN SUPPORT OF BETASEED'S
MOTION TO INTERVENE
Case No. C 08-00484 JSW

**CONCLUSION**

Plaintiffs offer no compelling reason why Betaseed's motion for intervention should not be granted.  Betaseed recognizes that plaintiffs have been granted citizen standing under the APA to help ensure adequate consideration of the environmental impacts of governmental decisions, but Betaseed—which has a greater stake in the matter than plaintiffs, as well as thirty-five years of experience with sugar beets that will contribute mightily to this litigation—should also be heard. Betaseed respectfully requests that the Court grant its motion to intervene.

Dated: May 9, 2008                           Respectfully Submitted,

                                             LOEB & LOEB LLP

                                             By: /s/  Daniel G. Murphy
                                             Daniel G. Murphy (SBN 141006)
                                             W. Allan Edmiston (SBN 228246)

                                             *Attorneys for Proposed Intervenor-Defendant*
                                             *Betaseed, Inc.*

Of Counsel:

DEBEVOISE & PLIMPTON LLP
Daniel M. Abuhoff
Harry Zirlin

REPLY IN SUPPORT OF BETASEED'S
MOTION TO INTERVENE
Case No. C 08-00484 JSW