1  LOWELL M. ROTHSCHILD
   VENABLE LLP
2  575 7th Street N.W.
   Washington, D.C. 20004-1601
3  Telephone: 202.344.4065; Facsimile: 202.344.8300
4  lmrothschild@venable.com

5  TIMOTHY J. GORRY  (CA SBN 143797)
   CHRISTOPHER T. WILLIAMS  (CA SBN 171907)
6  VENABLE LLP
   2049 Century Park East, Suite 2100
7  Los Angeles, CA 90067
8  Telephone:310.229.9922; Facsimile: 310.229.9901
   tjgorry@venable.com
9
   NANCY BRYSON (Pro Hac Vice)
10 THE BRYSON GROUP, PLLC
11 575 7th Street N.W.
   Washington, D.C. 20004-1601
12 Telephone: 202.344.4731; Facsimile: 202.344.4028
   nbryson@agfoodlaw.com
13

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR FOOD SAFETY, ORGANIC SEED ALLIANCE, SIERRA CLUB, and HIGH MOWING ORGANIC SEEDS, | Case No: 3:08-cv-00484-JSW |
| Plaintiffs, | **PROPOSED DEFENDANT-INTERVENOR SYNGENTA SEEDS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE** |
| v. | |
| CHARLES CONNOR, in his official capacity as Acting Secretary of the United States Department of Agriculture; and CINDY SMITH, in her official capacity as Administrator of the Animal and Plant Health Inspection Service, | Date: June 6, 2008<br>Time: 9:00 a.m.<br>Place: 17th Floor, Courtroom 2<br>Judge: Hon. Jeffrey S. White |
| Defendants, | |
| and | |
| SYNGENTA SEEDS, INC., | |
| Proposed Defendant-Intervenor. | |

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**

## I.  INTRODUCTION

Almost three years after the United States Department of Agriculture ("USDA") Animal and Plant Health Inspection Service ("APHIS") determined that Roundup Ready ("RR") sugar beets could be grown without restriction and following proposed Defendant-Intervenors' expenditure of millions of dollars and thousands of hours in reliance on that decision, Plaintiffs filed suit to enjoin those actions.  The standards under which Syngenta Seeds, Inc. ("Syngenta") may participate in this lawsuit in order to protect its intellectual property rights and economic investments are straightforward and well-established.  Syngenta readily qualifies for intervention as to all of Plaintiffs' claims – as of right as to some and permissively as to all.  Plaintiffs' primary response to the various motions of proposed Defendant-Intervenors – that the Court should ignore them at this stage of the lawsuit ("[A]pplicants have nothing of legal consequence to offer at the merits stage." Pls. Opp. to Mot. to Int. at 7 (hereinafter "Opp. Br.")) – is based on their misapprehension of the law and facts and their continued indifference to the real parties in interest in this matter.

## II.  ARGUMENT

### A.  SYNGENTA IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO FRCP 24(A).

Syngenta is entitled to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure ("FRCP") to protect its interests with regard to the claims asserted by the Plaintiffs under the Plant Protection Act ("PPA"), Administrative Procedure Act ("APA") and the remedy portion of Plaintiffs' National Environmental Policy Act ("NEPA") claims. Plaintiffs concede through their silence that Syngenta satisfies two parts of the four part test for intervention under FRCP 24(a)(2) – that its application is timely and that the disposition of this

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**
-1-

action will impair or impede its interests. Plaintiffs only dispute that Syngenta has an interest in the merits portion of the proceeding and that this (allegedly absent) interest is adequately represented by the government.[1]

### 1. Syngenta Has A "Significantly Protectable" Interest

Syngenta's April 17, 2008 Memorandum in Support of its Motion to Intervene ("Syng. Mem.") describes in detail the intellectual property, contract, and economic rights it has in this litigation and the caselaw structure under which those rights are significantly protectable interests. Plaintiffs' primary response is that "applicants have no significantly protectable interest in the merits phase because only the government can be liable for its actions under NEPA and the PPA[.]" Opp. Br. at 3.[2] The case law does not support their claim.

The Ninth Circuit expressly allows intervention as of right in non-NEPA environmental litigation. In *Sw. Ctr. for Biological Diversity v. Berg*, the court permitted builders to intervene as of right in an ESA lawsuit, specifically noting that "[c]ontract rights are traditionally protectable interests." 268 F.3d 810, 820 (9th Cir. 2001). Previously, in *Sierra Club v. EPA*, the Court focused on "the property rights and permits owned by the City" in allowing it to intervene in a Clean Water Act case. 995 F.2d 1478, 1482 (9th Cir. 1993).

Plaintiffs' attempt to distinguish these cases is unavailing. As to *Berg*, Plaintiffs state that their "none but the federal" rule did not apply because a non-federal defendant was named in this case. Opp. Br. at 5, n.1. This rationale appears nowhere in the *Berg* opinion and is

---

[1] Plaintiffs essentially concede that Syngenta may intervene as of right at the relief stage of the litigation, given their admissions throughout their Opposition Brief regarding Syngenta's interest in that phase. *See, e.g.,* Opp. Br. at 8, 12, and 13.
[2] Plaintiffs claim this is also true under a litany of other statutes, including the Endangered Species Act ("ESA"), Clean Air Act, National Forest Management Act ("NFMA"), and Federal Land Policy and Management Act ("FLPMA").

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**
-2-

nonsensical. The essence of Plaintiffs' "none but the federal" rule is that, since a private party cannot violate the underlying act, it cannot intervene as a defendant. If true, that rationale would attach equally to the facts of *Berg*, but it was not applied by the Court. In *Berg*, there were five separate claims, two alleging noncompliance with the ESA by the U.S. Fish and Wildlife Service ("FWS") and two alleging ESA noncompliance by the City of Los Angeles. 268 F.3d at 816. The intervenor defendants in *Berg* could no more be liable for the City's alleged ESA noncompliance than they could for FWS's, and thus, if Plaintiffs' interpretation of the "none but the federal" rule were correct, it would apply to all the claims in that case. Yet the Court applied no such rule. *Id.* at 812-24. Indeed, even if the rule did not apply to all the claims in *Berg*, the court should have limited intervention to the non-federal claims, but, again, it did not do so. *Id.*

As to *Sierra Club,* Plaintiffs disingenuously suggest that an unpublished District Court opinion (*Western Watersheds Project v. USFS*, 2005 WL 3244253 (D. Idaho Nov. 4, 2005)) eliminates its precedential value. Opp. Br. at 5, n.1. To the contrary, Syngenta's intervention as of right on Plaintiffs' PPA claim is completely consistent with *Western Watersheds*. *Western Watersheds* and the other District Court cited by Plaintiffs, see Opp. Br. at 4-5, provide no basis for denying Syngenta's motion, as those cases do not distinguish procedural statutes such as NEPA from substantive ones such as the Clean Water Act, nor do they examine the Ninth Circuit's focus on those differences.

The rationale behind the NEPA "none but federal" rule is that "NEPA does not regulate the conduct of private parties or state or local governments. It regulates the federal government. NEPA requires the federal government to issue an environmental impact statement before taking any action 'significantly affecting the quality of the human environment.'" *Sierra Club,* 995 F.2d at 1485. "It is for that reason that in a lawsuit to compel compliance with NEPA, no one but the

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**

-3-

federal government can be a defendant." *Id.* In contrast, other, substantive statutes differ because they do "not principally regulate the [Federal government]. [They] regulate[] private parties and state and local governments[.]" *Id.* As a result, intervention as of right is permitted under these statutes. The Ninth Circuit has drawn a line between intervention in procedural litigation like NEPA, and in substantive litigation, such as under the PPA.

Most of the cases cited by Plaintiffs as prohibiting intervention in non-NEPA situations address procedural statutes, such as *Western Watersheds* (addressing the NFMA), *Oregon Natural Desert Association v. Shuford*, No. 06-242, 2006 WL 2601073, *1 (D. Or. Sept. 8, 2006) (addressing procedural aspects of the FLPMA, the Public Rangelands Improvement Act, and the Taylor Grazing Act), and *Friends Of The Wild Swan, Inc., v. FWS*, 896 F.Supp. 1025, 1027 (D. Or. 1995) ("[T]he appropriate remedy is not to mandate listing, but rather remand the case to the agency to reconsider its decision in compliance with ESA procedures.").[3] The remainder fail to address the distinction.

The instant case is analogous to *Sierra Club* and *Berg*, where third parties were permitted to intervene in litigation regarding substantive statutes. In both cases, as in this one, intervenors had specific permits and/or contract rights which were based directly upon the Federal Government's action. *Sierra Club,* 995 F.2d at 1482; *Berg,* 268 F.3d at 820. In this case, Syngenta and the other proposed Defendant-Intervenors have spent the past three years and millions of dollars acting in reliance on what was essentially a USDA permit decision. That decision, in direct response to an application by Monsanto and KWS, Complaint, ¶ 44, provided

---

[3] See also *Forest Conservation Council v. U.S. Forest Service,* 66 F.3d 1489 (9th Cir. 1995) ("*FCC*"), which allowed intervention as of right in the injunctive relief portion of a NFMA case while noting that the case involved "the *procedural* requirements of NEPA and NFMA with which the Forest Service must comply[.]" *Id.* at 1499 (emphasis added).

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**
-4-

Syngenta with a specific, defensible interest, which this Court can use as a basis for ordering intervention as of right.[4]

Thus, the standard test applies for determining when a protectable interest exists. In its opening brief, Syngenta fully briefed that test and how its intellectual property, contract and economic rights qualify thereunder. Syng. Mem. at 5-10. Plaintiffs respond only that Syngenta's economic interests are not significantly protectable. Opp. Br. at 6. This completely ignores Syngenta's intellectual property interest. Just as fundamentally, Plaintiffs ignore the current Ninth Circuit caselaw cited in Syngenta's opening brief which holds that Syngenta's concrete contract rights and nonspeculative economic injury are sufficient. *Berg,* 268 F.3d at 820; *FCC,* 66 F.3d at 1494-95; *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004), *citing, Arakaki v. Cayetano,* 324 F.3d 1078, 1088 (9th Cir. 2003). Instead, Plaintiffs rely on outdated Ninth Circuit caselaw and two district court opinions, one of which is unpublished and one which revisits the procedural/substantive issue. Their argument is unavailing.

### 2. USDA will not Adequately Represent Syngenta

The U.S. Supreme Court and Ninth Circuit have set a low standard for a showing of "inadequate representation." *FCC*, 66 F.3d at 1498 (citing, *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.")). In determining the adequacy of representation, the court "consider[s] whether the interest of a present party is such that it will undoubtedly make all the

---

[4] Indeed, were Plaintiffs correct, there could never be intervention by any defendants in a case where the government, acting as government, was accused of violating a regulatory statute. In such a case, the government is always the only liable party. Nevertheless, there is no blanket exception in FRCP 24 for such cases.

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**
-5-

intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Id.* at 1498-99.

Syngenta's opening memorandum describes how it meets this low burden. Syng. Mem. at 11-12. In response, Plaintiffs argue that the government will raise all the same defenses and make the same arguments as Syngenta, in essence making the bald assertion that "applicants have nothing of legal consequence to offer at the merits stage." Opp. Brief at 7. Two examples show how incorrect they are on this point.

First, Syngenta's technical knowledge and expertise is necessary for a full analysis of whether Plaintiffs have suffered a "concrete and particularized, actual or imminent" injury, as required for Article III standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).[5] Plaintiffs erroneously state that they "alleged in their complaint, and . . . defendants have admitted . . .[that] 'Roundup Ready' sugar beets are *likely* to cross-pollinate . . . [with] sugar beet and related crops . . . that are not genetically engineered." Opp. Br. at 1 (emphasis added). To the contrary, in its Answer, the government specifically denied Plaintiffs' allegation that "wind-blown pollen from G[enetically ]E[ngineered] sugar beets will contaminate conventional sugar beets and other closely related crops," Gov. Ans., ¶ 2, and averred that "it is *possible* for sugar beets genetically engineered to be resistant to glyphosate to cross-pollinate with chard and table beets." *Id.* (emphasis added). Plaintiffs leap from "possible" to "likely" without providing this Court without any information on the conditions and limitations under which sugar beets (and more importantly sugar beet seeds) are grown. As to those facts, Syngenta is more

---

[5] Both the Government and Syngenta have plead lack of standing as a defense.

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**

knowledgeable than the government about the current practices which prevent such cross-pollination (as compared to the practices as they existed three years ago, when USDA reviewed them for its NEPA analysis). This information is central to the defense of the case and the government is not fully able to provide it.[6]

Similarly, Syngenta and the other proposed Defendant-Intervenors have almost all of the information related to the defense of laches. Laches is an affirmative defense which should be considered by the Court before resolving the merits of Plaintiffs' claims. *See* Fed. R. Civ. P. 8; *Apache Survival Coalition v. United States,* 21 F.3d 895, 905 (9th Cir. 1994) (laches barred the plaintiff's claim, so the court declined to reach the issue of whether the underlying act applied or whether the agency had complied with it). Syngenta has much more information than USDA regarding what was disseminated to the public regarding the commercial planting of Roundup Ready sugar beets following USDA's deregulation decision. Again, the government has raised this defense, but the Court will not hear all the facts on it without Syngenta's participation. Given its intellectual property interest and significant investment of time and money, Syngenta has a different (and possibly greater) interest in the laches defense than the government and, therefore, should be able to present it as fully as possible, and through appeal, if necessary.

Thus, since Syngenta has access to facts which the government does not and these facts

---

[6] Such evidence is admissible even though the decision in this case is to be made completely on the administrative record. Pleading an affirmative defense "allows each party to supplement the record to show why the defense should or should not be imposed." *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 520 (9th Cir. 1984). *See also Blonder-Tongue Lab. v. Univ. of Ill. Found.,* 402 U.S. 313, 350 (1971); *Northwest Envtl. Defense Ctr. v. Bonneville Power Admin.,* 117 F.3d 1520, 1528 (9th Cir. 1997) ("Because Article III's standing requirement does not apply to agency proceedings, petitioners had no reason to include facts sufficient to establish standing as a part of the administrative record. We therefore consider the affidavits not in order to supplement the administrative record on the merits, but rather to determine whether petitioners can satisfy a prerequisite to this court's jurisdiction.").

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**

are directly relevant to the defense of this matter, the government will not adequately represent it in the merits phase of this litigation. Moreover, the prejudice that Syngenta has suffered as a result of the Plaintiffs' undue delay in bringing their claims – investing nearly three years' worth of time and financial resources in reliance upon the deregulation of RR sugar beets – is distinct from that of the government, and directly relevant to this court's laches analysis.

### B. IN THE ALTERNATIVE, SYNGENTA SHOULD BE ALLOWED TO INTERVENE PERMISSIVELY ON PLAINTIFFS' CLAIMS

In the alternative, Syngenta should be granted permissive intervention on all Plaintiffs' claims. Plaintiffs have not disputed that this motion is timely. Second, Plaintiffs acknowledge that Syngenta's defenses on all of Plaintiffs' claims will raise questions of law and fact that are common with those already raised ("Applicants do not suggest they plan to introduce any arguments that the government will not advance[.]" Opp. Br. at 7). Finally, as described in Section II.A.2 above, Syngenta has significant knowledge of facts integral to the legal defenses of this case, but not available to the government.

Plaintiffs respond by reciting its claims that Syngenta's interests are adequately represented by the government. As described above, they are not.

Plaintiffs also express concern with the "undue burden" Defendant-Intervenors may have on the litigation, although they appear more concerned about their burden than the Court's ("[T]hese motions invite[] the escalation of a relatively simple and straightforward suit[.]" Opp. Br. at 11).[7] Syngenta agrees that judicial economy is a factor to be weighed by the Court prior to granting a motion for permissive intervention, but believes that judicial economy strongly

---

[7] To the extent Plaintiffs complain about the "swarm" of Intervenors, Opp. Br. at 2, it is their undue delay that has caused the "swarm." Had they brought this litigation at the time of

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**
-8-

supports its participation in all phases of this action.

As discussed above, Syngenta has knowledge, not possessed by the government, related to Plaintiffs' standing. Standing is a jurisdictional requirement, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992), and a "threshold question in every federal case[.]" *Warth v. Seldin,* 422 U.S. 490, 498 (1975). Federal courts are required to examine jurisdictional issues including standing, even *sua sponte*, if necessary. *B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir. 1999). If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). If Syngenta only intervenes on the relief portion of this case, it will be required to provide the court with its facts and argument related to standing at that time, after this court has reviewed two sets of summary judgment briefs. However, the interests of judicial economy suggest that the court receive all information available to it regarding standing and laches at the outset of the case, before it reaches the question of relief.

Finally, Plaintiffs argue that *Kootenai Tribe of Idaho v. Veneman* does not stand for the proposition that permissive intervention is freely permitted in environmental actions. 313 F.3d 1094 (9th Cir. 1998). Their argument is disingenuous in part and wrong in its entirety.[8] In *Kootenai*, the Court first found that the defendants had standing on appeal despite the fact that the government had abandoned that appeal.[9] *Id*. at 1109-10. It then examined whether the lower

---

USDA's action, prior to industry's investment of time and resources, the decision could have been reviewed without nearly as much prejudice to proposed Defendant-Intervenors.

[8] Plaintiffs' attempt to distinguish *Kootenai* by stating that it was "a stark example of inadequate representation" because on appeal the "Forest Service abandoned the case [and] declined to appeal," must fail. Opp. Br. at 14. Clearly, the District Court in *Kootenai* allowed the permissive intervention long before the government abandoned the case on appeal.

[9] This further supports the argument that there is a distinction between the interest needed to intervene in a case and that needed to prosecute or defend one. Had the standard been the

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**

court correctly granted the defendants' permissive intervention. *Id*. at 1110. It did so by examining the plain meaning of FRCP 24(b)(2), and concluded that, based on the plain meaning of the rule, so long as there is a common question of law or fact, as there was in the court below, the District Court was within its discretion to grant permissive intervention. *Id*. at 1111. Only then did the court move on to the secondary rationale quoted by the Plaintiffs. Opp. Br. at 14. That secondary rationale was not necessary for the court's decision and therefore the separate limitation cited by Plaintiffs does not exist.

However, even if Plaintiffs are correct and *Kootenai* stands for the proposition that permissive intervention can only be granted in circumstances where "the presence of intervenors w[ill] assist the court in . . . leading to the resolution of this case," *Id*. at 1111, such is the case here. As discussed above, the ability of Syngenta to provide the Court with unique factual information beyond the purview of the government brings it within this interpretation of *Kootenai* and distinguishes it from the cases Plainitffs cite in support of their claim that permissive intervention should be prohibited.

### III.  CONCLUSION

For the above reasons, this Court should order that Syngenta be admitted as of right on all aspects of this case except for the merits of Plaintiffs' NEPA claims and be permitted to intervene on those claims. In the alternative, this Court should permit Syngenta to intervene on all aspects of this litigation.

---

same, there would have been no need for the court to independently analyze the issue.

Dated: May 9, 2008

                                       Respectfully submitted,

/s/ Lowell M. Rothschild
LOWELL M. ROTHSCHILD
VENABLE LLP
575 7th Street N.W.
Washington, D.C. 20004-1601
Phone: 202.344.4065; Fax: 202.344.8300
lmrothschild@venable.com

TIMOTHY J. GORRY
CHRISTOPHER T. WILLIAMS
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:310.229.9922; Facsimile: 310.229.9901
tjgorry@venable.com

NANCY BRYSON (Pro Hac Vice)
THE BRYSON GROUP, PLLC
575 7th Street N.W.
Washington, D.C. 20004-1601
Telephone: 202.344.4731; Facsimile: 202.344.4028
nbryson@agfoodlaw.com

**CASE NO. 3:08-cv-00484-JSW - SYNGENTA'S REPLY MEMORANDUM FOR MOTION TO INTERVENE**
-11-