1   LATHAM & WATKINS LLP
        Philip Perry (Ca. Bar No. 148696 - admitted)
2       Janice M. Schneider (D.C. Bar No. 472037)
        (*pro hac vice* granted)
3   555 Eleventh Street, N.W., Suite 1000
    Washington, D.C.  20004-1304
4   Telephone:  (202) 637-2200
    Facsimile:   (202) 637-2201
5   Email: phil.perry@lw.com
    Email: janice.schneider@lw.com
6       Holly J. Tate (Ca. Bar No. 237561)
    505 Montgomery Street, Suite 1900
7   San Francisco, California  94111-2562
    Telephone:  (415) 391-0600
8   Facsimile:   (415) 395-8095
    Email: holly.tate@lw.com
9
    ARENT FOX LLP
10      Stanley H. Abramson (D.C. Bar No. 217281)
        (*pro hac vice* granted)
11      Rachel G. Lattimore (D.C. Bar No. 450975)
        (*pro hac vice* granted)
12  1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5339
13  Telephone: (202) 857-6000
    Facsimile:  (202) 857-6395
14  Email: abramson.stanley@arentfox.com
    Email: lattimore.rachel@arentfox.com
15
    Attorneys for Proposed Intervenor-Defendant
16  Monsanto Company

17              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
18                 **SAN FRANCISCO DIVISION**

19  CENTER FOR FOOD SAFETY, *et al.*,          CASE NO.  C-08-484 JSW

20              Plaintiffs,

21          v.                                 **MONSANTO COMPANY'S REPLY**
                                               **MEMORANDUM IN SUPPORT OF**
                                               **MOTION TO INTERVENE**
22  EDWARD T. SCHAFER, *et al.*,

23              Defendants,                    Date:  June 6, 2008
                                               Time: 9:00 a.m.
24              and                            Place: 17th Floor, Courtroom 2
                                               Judge: Hon. Jeffrey S. White
25  MONSANTO COMPANY,

26              Proposed Intervenor-Defendant.

27

28

1

## **TABLE OF CONTENTS**

2    TABLE OF CONTENTS.................................................................................................. i

3    TABLE OF AUTHORITIES ........................................................................................... ii

4    SUMMARY OF ARGUMENT ....................................................................................... v

5    INTRODUCTION ........................................................................................................... 1

6    ARGUMENT ................................................................................................................... 2

7    I.      MONSANTO IS ENTITLED TO INTERVENE AS OF RIGHT AT THE
        MERITS STAGE OF PLAINTIFFS' PPA CLAIM ........................................... 2
8
        A.      Monsanto Has a Significantly Protectable Interest in the Merits Phase of
9             Plaintiffs' PPA Claim ............................................................................... 3

10        B.      The Federal Defendants Do Not Adequately Represent Monsanto's  Interests .... 6

11    II.     THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION ............................. 8

12        A.      *Kootenai Tribe* Clearly Allows for Permissive Intervention at the Merits
             Phase and a Substantial Majority of Cases Thereafter Grant Permissive
13            Intervention ............................................................................................... 8

14        B.      A Favorable Exercise of Discretion Is Warranted Here ...................................... 11

15    CONCLUSION............................................................................................................... 13

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**

Page(s)

*Apache Survival Coalition v. United States,*
    21 F.3d 895 (9th Cir. 1994) ...............................................................................7

*Arakaki v. Cayetano,*
    324 F.3d 1078 (9th Cir. 2003) ............................................................................5

*Audubon Society of Portland v. United States Fish & Wildlife Service,*
    No. 04-670, 2004 WL 2026429 (D. Or. Sept. 10, 2004) ....................................9

*California v. Bergland,*
    No. 79-523, 1979 U.S. Dist. LEXIS 9503 (E.D. Cal. Sept. 27, 1979) ..............11

*California ex rel. Lockyer v. United States,*
    450 F.3d 436 (9th Cir. 2006) ..............................................................................6

*California ex rel. Lockyer v. USDA,*
    Nos. 05-03508 & 05-04038, 2006 WL 889327 (N.D. Cal. Mar. 31, 2006) ......10

*Center for Biological Diversity v. United States Bureau of Land Management,*
    No. 06-4884, 2007 WL 101705 (N.D. Cal. Jan. 11, 2007)..................................9

*Center for Biological Diversity v. United States Fish & Wildlife Service,*
    No. 04-04324, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. May 30, 2005)..........11

*Center for Tribal Water Advocacy v. Gutierrez,*
    No. 06-708, 2007 WL 527932 (D. Or. Feb. 12, 2007) .....................................10

*Churchill County v. Babbitt,*
    150 F.3d 1072 (9th Cir. 1998) ............................................................................3

*Forest Conservation Council v. United States Forest Service,*
    66 F.3d 1489 (9th Cir. 1995) .................................................................3, 5, 6, 8

*Kootenai Tribe of Idaho v. Veneman,*
    313 F.3d 1094 (9th Cir. 2002) ............................................................... *passim*

*Midwater Trawlers Cooperative v. Department of Commerce,*
    393 F.3d 994 (9th Cir. 2004) ............................................................................11

*Northern Cheyenne Tribe v. Norton,*
    503 F.3d 836 (9th Cir. 2007) ..............................................................................5

*NRDC v. Norton,*
    No. 05-1207, 2006 U.S. Dist. LEXIS 1363 (E.D. Cal. Jan. 5, 2006) .................4

**Page(s)**

*Olympic Forest Coalition v. United States Forest Service*,
    No. 07-5344, 2007 WL 3374996 (W.D. Wash. Nov. 9, 2007)..........................................10

*Oregon Natural Desert Association v. Shuford*,
    No. 06-242, 2006 WL 2601073 (D. Or. Sept. 8, 2006) .....................................................10

*Pacific Rivers Council v. United States Forest Service*,
    No. 05-0953, 2005 WL 2671404 (E.D. Cal. Oct. 19, 2005)................................................9

*Portland Audubon Society v. Hodel*,
    866 F.2d 302 (9th Cir. 1989) ........................................................................................3, 4

*Prete v. Bradbury*,
    438 F.3d 949 (9th Cir. 2006) ............................................................................................6

*Protect Lake Pleasant, LLC v. Johnson*,
    No. 07-5454, 2007 WL 1108916 (D. Ariz. Apr. 13, 2007) ...........................................9, 12

*Reudiger v. United States Forest Service*,
    No. 04-3093, 2005 U.S. Dist. LEXIS 43019 (D. Or. Feb. 9, 2005) .................................11

*Sequoia Forestkeeper v. United States Forest Service*,
    No. 07-1690, 2008 WL 324013 (E.D. Cal. Feb. 5, 2008)................................................12

*Sierra Club v. EPA*,
    995 F.2d 1478 (9th Cir. 1993) ..............................................................................v, 1, 4, 6

*Sierra Nevada Forest Protection Campaign v. Rey*,
    No. 05-0205, 2005 WL 2231548 (E.D. Cal. Sept. 14, 2005) ..........................................12

*Sierra Nevada Forest Protection Campaign v. Tippin*,
    No. 06-00351, 2006 WL 1319397 (E.D. Cal. May 15, 2006) ..........................................10

*Southern California Edison Co. v. Lynch*,
    307 F.3d 794 (9th Cir. 2002) ............................................................................................8

*Southwest Center for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ....................................................................v, 1, 3, 5, 6, 7

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) ....................................................................................3, 4, 6

*Washington Toxics Coalition v. EPA*,
    No. 01-132, 2002 U.S. Dist. LEXIS 27661 (W.D. Wash. Mar. 11, 2002) ...................4, 12

**Page(s)**

*Washington Toxics Coalition v. EPA,*
 413 F.3d 1024 (9th Cir. 2005), *cert. denied,* 546 U.S. 1090 (2006)...................................4

*Western Watersheds Project v. United States Forest Service,*
 No. 05-0189, 2005 WL 3244253 (D. Idaho Nov. 4, 2005)..................................................4

*Wetlands Action Network v. United States Army Corps of Engineers,*
 222 F.3d 1105 (9th Cir. 2000) ........................................................................................3

**RULES**

Federal Rule of Civil Procedure 24(a) ........................................................................................1

Federal Rule of Civil Procedure 24(b).......................................................................................11

1

**<u>SUMMARY OF ARGUMENT</u>**

2        Proposed Intervenor-Defendant Monsanto Company ("Monsanto") has significant,

3   concrete, and uncontested interests in this case.  Because those interests are directly threatened

4   by Plaintiffs' challenges and Monsanto has satisfied all applicable requirements, its motion to

5   intervene should be granted.

6        Rather than address Monsanto's substantial interests, Plaintiffs attempt to create new,

7   absolute bars to intervention.  Plaintiffs argue that intervention as of right is categorically barred

8   for claims under the Plant Protection Act ("PPA").  But *no court* ever has applied Plaintiffs' so-

9   called "none but the federal" rule to any PPA claim.  Indeed, the Ninth Circuit has never applied

10  such a "rule" to a statute—such as the PPA—that directly regulates private parties; to the

11  contrary, it has reversed denials of intervention in this context.  *See Sw. Ctr. for Biological*

12  *Diversity v. Berg*, 268 F.3d. 810, 818-24 (9th Cir. 2001); *Sierra Club v. EPA*, 995 F.2d 1478,

13  1483-85 (9th Cir. 1993).  Monsanto initiated the proceeding at issue, and this serves as an

14  independent basis for a significantly protectable interest.  Because Monsanto has also satisfied

15  the Ninth Circuit's "minimal" required showing for demonstrating that the federal government

16  will not represent it adequately, intervention as of right should be granted for Plaintiffs' PPA

17  claim (and for the National Environmental Policy Act ("NEPA") claims at any remedy stage).

18        In addition, Plaintiffs do not contest that *all* of the three requirements for permissive

19  intervention are met and admit this Court can grant it in its discretion.  Instead, they rest their

20  opposition on a fundamental misreading of *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094

21  (9th Cir. 2002)—which clearly held that permissive intervention in NEPA cases is appropriate.

22  *See id.* at 1108-11.  The only pertinent question is how this Court should exercise its discretion.

23  Since *Kootenai Tribe*, the substantial majority of cases have granted permissive intervention in

24  like circumstances.  Monsanto is uniquely positioned to assist this Court in analyzing the

25  extensive and highly technical Administrative Record and can present essential information—

26  especially on equitable defenses—that the Federal Defendants do not possess.  A favorable

27  exercise of discretion is therefore warranted.

28

1

## **INTRODUCTION**

2    Plaintiffs do not and cannot dispute Monsanto's and other proposed intervenors'

3  unambiguous interests in this case.[1]  Collectively, the proposed intervenors represent thousands

4  of farmers, all of the sugarbeet processors in this country, two major sugarbeet seed producers,

5  the owners of the intellectual property at issue and others who were intimately involved in and

6  have relied substantially on the regulatory decision challenged here.  Indeed, Monsanto and its

7  partners spent tens of millions of dollars developing, testing and evaluating Roundup Ready[2]

8  sugarbeets over 10 years and creating what is now a central part of the over 4,800-page

9  Administrative Record at issue in this case.

10    Rather than address these interests head on, Plaintiffs misstate the case law and seek to

11  erect categorical legal bars to intervention where none exist.  The supposed "none but the federal

12  defendant" rule for intervention as of right is not applicable to the PPA claim.  No court ever has

13  applied it to a claim under the PPA; nor has the Ninth Circuit ever applied it to a statute that

14  directly regulates private parties (like the PPA).  And it cannot override the only true "rule"—the

15  well-established four-part test for intervention as of right under Federal Rule of Civil Procedure

16  24(a).  Applying Ninth Circuit law as it stands, including *Sierra Club* and *Berg* Monsanto is

17  entitled to intervene as of right with respect to Plaintiffs' PPA claim in order to defend its

18  "significantly protectable interests" in the regulatory assurances it enjoys as a result of

19  deregulation.  Monsanto also has an independent "significantly protectable interest" in upholding

20  an agency action initiated at its own request, which Plaintiffs wholly ignore.

21    Moreover, Plaintiffs concede that Monsanto has met the three-factor test for permissive

22  intervention on both the PPA and NEPA claims for the entirety of the case; what Plaintiffs insist

23  is a legal bar, Pls.' Opp. to Motions to Intervene at 2 ("Pls.' Br."), is purely a matter of this

24  Court's discretion.  In the six years since the Ninth Circuit decided *Kootenai Tribe*, the

25  substantial majority of courts considering permissive intervention in NEPA merits have *granted*

26

---

27  [1] *See* Monsanto Company's Mot. to Intervene, Mem. Points & Authorities at 3, 11-14 ("Monsanto Br.").

28  [2] ® Roundup and Roundup Ready are registered trademarks of Monsanto Technology LLC.

1    it, not "routinely denied it" as Plaintiffs incorrectly assert.  And Plaintiffs ignore entirely the

2    critical role intervenors can play in this action, including by presenting facts *not within the*

3    *possession of the government* in direct support of defenses to the merits—such as laches—that

4    could bar Plaintiffs' NEPA and PPA claims entirely.

5         Plaintiffs also suggest that the burden presented by what it characterizes as a "swarm" of

6    intervenors, including organizations representing approximately 10,000 sugarbeet farmers,

7    justifies denying intervention entirely.  The fact that there are multiple proposed intervenors in

8    this case reflects one simple fact:  over the past close to three years since deregulation—while

9    Plaintiffs failed to mount any legal challenge to the decision—an extensive range of people and

10   businesses have come to rely on Roundup Ready sugarbeets.  While Monsanto would be willing

11   to abide by reasonable measures to limit litigation burdens, Plaintiffs cannot suggest that any

12   burden placed on them—after they waited almost three years to bring this suit—somehow

13   trumps the significant interests of the many thousands of people this case could affect.

14        In short, Monsanto has timely sought intervention, has satisfied the tests both for

15   intervention as of right as to the Plaintiffs' PPA claim and for permissive intervention in the

16   entirety of the case on all claims, and can abide by the schedule already jointly proposed by the

17   government and by the Plaintiffs.

18                              **ARGUMENT**

19   **I.    MONSANTO IS ENTITLED TO INTERVENE AS OF RIGHT AT THE
20           MERITS STAGE OF PLAINTIFFS' PPA CLAIM**

21        Plaintiffs do not challenge that Monsanto's motion is timely or that disposition of this

22   case would impair or impede, as a practical matter, Monsanto's ability to defend its significantly

23   protectable interests.  Rather, Plaintiffs construct a categorical "rule" that purportedly deprives

24   Monsanto of any significantly protectable interest at the merits phase of their PPA claim, and

25   mischaracterize Ninth Circuit precedent to assert that Monsanto's interests are adequately

26   represented by the government.[3]

27   _____
28   [3] Plaintiffs do not dispute that Monsanto has a right to intervene as of right in any remedy portion
     of this case on all claims.

                                 2                    MONSANTO INTERVENTION REPLY; No. C-
                                                      08-484 JSW

### A. Monsanto Has a Significantly Protectable Interest in the Merits Phase of Plaintiffs' PPA Claim

Plaintiffs assert that a so-called "none but the federal defendant" rule bars Monsanto from demonstrating any "significantly protectable interest" at the merits stage of their PPA claim. No court ever has applied this rationale to a PPA claim, and the Ninth Circuit never has applied this reasoning to a substantive statute that regulates private conduct. Rather, this rationale is limited generally to the NEPA context. *See Wetlands Action Network v. U.S. Army Corps of Eng'rs*, 222 F.3d 1105 (9th Cir. 2000); *Churchill County v. Babbitt*, 150 F.3d 1072 (9th Cir. 1998); *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302 (9th Cir. 1989); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995).[4] Indeed, Plaintiffs fail to mention that in *Wetlands Action Network*, on which they rely extensively, the district court granted intervention as of right on other claims even while denying intervention of right on NEPA claims in the same action. *See* 222 F.3d at 1112-13, 1122 (developer granted intervention of right in Section 404 Clean Water Act claim, but denied intervention of right in the NEPA claim); Ex. 1 attached hereto (docket entry #34).

Instead of applying any mechanical "none but the federal defendants" rule, the Ninth Circuit has held repeatedly that whether an action implicates a "significantly protectable interest" is a "practical" inquiry specific to the parties who are seeking intervention. *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002); *Berg*, 268 F.3d at 817-18; *Forest Conservation Council*, 66 F.3d at 1493. "The 'interest' test is not a clear-cut or bright-line rule, because 'no specific legal or equitable interest need be established'" to demonstrate a significantly protectable interest. *City of Los Angeles*, 288 F.3d at 398 (citations omitted). This flexible approach to intervention allows "parties with a *practical* interest in the outcome of a

---

[4] In *Forest Conservation Council*, a case involving both NEPA and the National Forest Management Act, the Ninth Circuit observed that private parties have no significantly protectable interest in the merits of challenges to Forest Service land and resource management plans, which, like NEPA documents, do not regulate directly private interests or otherwise create potential liability for non-federal parties should changes to those plans be mandated as a result of litigation.

1   particular case to intervene," and "serves both efficient resolution of issues and broadened access

2   to the courts."  *Id.*

3          The Ninth Circuit cases most clearly applicable to the PPA claim here are *Sierra Club*

4   and *Berg*, which Plaintiffs fail to address in any substantive way.  In *Sierra Club*, the Ninth

5   Circuit expressly rejected extension and application of the NEPA intervention doctrine adopted

6   in *Portland Audubon Society v. Hodel*, 866 F.2d 302 (9th Cir. 1989), to the Clean Water Act.

7   Instead, the court found that a Clean Water Act Section 402 National Pollution Discharge

8   Elimination System permit holder (the City of Phoenix) had significantly protectable interests

9   sufficient to warrant intervention as of right because the outcome of the case potentially could

10  alter the terms of its discharge permits and how it uses its property.  *Sierra Club,* 995 F.2d at

11  1483-84, 1485.  Here, Monsanto (along with its partner KWS) similarly owns intellectual

12  property rights to Roundup Ready sugarbeets, the use of which would be affected if Plaintiffs

13  ultimately prevail.  *Id.*; *see also* Monsanto Br. at 11-14.

14         And, as the Ninth Circuit also recognized in *Sierra Club*, where an action alleges that the

15  government failed to satisfy some procedural requirement, the focus of this practical inquiry

16  looks to whom the statute at issue "principally regulate[s]."  *Sierra Club*, 995 F.2d at 1485.

17  Here, like the CWA—and unlike NEPA—the PPA principally "regulates private parties" who

18  would be liable for violations of the Act should Plaintiffs ultimately prevail.  *Id.*; *see* Monsanto

19  Br. at 12.[5]  While Plaintiffs argue that the NEPA intervention doctrine rationale "should apply

20  across the board," Pls.' Br. at 4, its own case recognizes that "*Sierra Club* seems to hold

21  otherwise."  *See W. Watersheds Project v. U.S. Forest Serv.*, No. 05-0189, 2005 WL 3244253, at

22  *2 (D. Idaho Nov. 4, 2005).

23

24

_____

25  [5] *See also NRDC v. Norton*, No. 05-1207, 2006 U.S. Dist. LEXIS 1363, at *21-22 (E.D. Cal. Jan. 5, 2006) (intervention as of right granted in the merits based in part on a significantly protectable

26  interest in legal immunity from Endangered Species Act liability provisions); *Wash. Toxics Coal. v. EPA*, No. 01-132, 2002 U.S. Dist. LEXIS 27661, at *11 (W.D. Wash. Mar. 11, 2002)

27  (recognizing a significantly protectable interest in the continued use of pesticides registered under the Federal Insecticide, Fungicide and Rodenticide Act in the merits).  See *Wash. Toxics

28  Coal. v. EPA*, 413 F.3d 1024, 1028 (9th Cir. 2005), *cert. denied*, 546 U.S. 1090 (2006), for a description of the action.

1    Plaintiffs seek to minimize the continued viability of *Sierra Club* in a footnote and

2  suggest it should not apply here because it was decided two years before *Forest Conservation*

3  *Council*.  But there is no conflict between the Ninth Circuit's decisions in *Sierra Club* and *Forest*

4  *Conservation Council*.  *Forest Conservation Council* does not purport to limit, distinguish or

5  overrule *Sierra Club*; rather it states its agreement with *Sierra Club*.  66 F.3d at 1499 n.11.  In

6  the subsequently decided *Berg* case, the Ninth Circuit found a significantly protectable interest

7  sufficient to warrant intervention as of right in claims brought under the Endangered Species

8  Act.  268 F.3d at 820.  *Berg* cites both *Sierra Club* and *Forest Conservation Council* in the same

9  paragraph without suggesting any tension whatsoever.  *Id*. at 818-19; *see also Arakaki v.*

10  *Cayetano*, 324 F.3d 1078, 1085 (9th Cir. 2003) ("The integrity of *Sierra Club* is not

11  questioned."); *N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 842 n.11 (9th Cir. 2007).[6]

12    Plaintiffs also offer no rebuttal at all to Monsanto's position that it has an independent

13  and significantly protectable interest in defending the result of a regulatory action that Monsanto

14  initiated and participated in.  *See* Monsanto Br. at 13-14 (and cases cited therein).  Among other

15  things, Monsanto specifically initiated the clearance process leading to deregulation and invested

16  millions of dollars obtaining those clearances.  *See* Monsanto Br. at 3, 4.  Ninth Circuit law

17  clearly recognizes these interests as significantly protectable, thus warranting intervention as of

18  right based on Monsanto's participation in the regulatory process alone.  Plaintiffs' complete

19  silence concedes the point.  Finally, Plaintiffs argue that inchoate economic interests are not

20  sufficient to support intervention as of right.  It is clear, however, that Monsanto's contractual

21  rights, intellectual property rights, and nonspeculative economic interests are sufficient as a

22  matter of law.  *Berg,* 268 F.3d at 820.

23

24

25

_____

26  [6] Plaintiffs also cannot successfully distinguish *Berg* on its facts.  The fact that one defendant
    was the City of San Diego was immaterial to the Ninth Circuit's analysis.  Under Plaintiffs'
27  reading of *Berg*, no one could ever intervene as of right if only the federal government is sued as
    a defendant.  That approach is contrary to the Federal Rules.  Moreover, if Plaintiff were right,
28  the Ninth Circuit would have denied intervention to the City of Phoenix in *Sierra Club*.

MONSANTO INTERVENTION REPLY; No. C-
                                                                     08-484 JSW

1

**B.  The Federal Defendants Do Not Adequately Represent Monsanto's Interests**

2

3      Plaintiffs insist that because the government is the original defendant, Monsanto's

4  interests are represented adequately.  This contention is untrue and also mischaracterizes the law

5  of this circuit.  First, the "presumption" of adequate representation by the government that

6  Plaintiffs rely upon only applies where the government is "'*charged by law* with representing the

7  interests of the absentee.'"  *City of Los Angeles*, 288 F.3d at 401 (quoting *Forrest Conservation*

8  *Council*, 66 F.3d at 1499) (emphasis added).  Plaintiffs point to no statute charging the

9  government with representing Monsanto's interests and no such rule applies here.

10     Rather, here, the proposed-intervenor's burden in showing inadequate representation is

11 *minimal*.  *Forest Conservation Council*, 66 F.3d at 1498.  Where, as here, the government "is

12 required to represent a broader view than the more narrow, parochial interests" of private parties,

13 the Ninth Circuit consistently has found inadequate representation to exist, even where the

14 parties may have the same ultimate objectives (*e.g.*, to defend the regulatory decision).  *Id.* at

15 1499.  Of course, the interests of the federal government and Monsanto in achieving that

16 objective are not coincident here since Monsanto was the regulated party.[7]  *Sierra Club*, 995 F.2d

17 at 1481 (governmental regulator did not adequately represent interests of regulated party).

18 Indeed, the government agrees that it "has different interests than the proposed intervenors." Fed.

19 Defs.' Response to Pls.' Opp. to Motions to Intervene at 1.

20     Plaintiffs also argue that, because review of USDA's action is limited to the

21 Administrative Record, Monsanto could not possibly raise any different arguments, or assert any

22 defenses.[8]  Defendants' arguments on the Administrative Record (and those of Monsanto)

23

24 [7] In marked contrast, the cases cited by Plaintiffs largely involved challenges to the constitutionality of a state or federal law where, unlike here, the government was clearly acting in a representative capacity.  Pls.' Br. at 8-9.  Where the government "deploys its formidable

25 resources to defend the constitutionality" of a law, the presumption of adequate representation is sound.  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006).

26

27 [8] Plaintiffs also argue that the summary judgment decision will not address any of the remedial issues and will be limited solely to the issue of liability.  *See* Pls.' Br. at 1-2.  This position is disingenuous.  In the Roundup Ready alfalfa litigation, Center for Food Safety argued that the

28 remedial phase—where proposed intervenors' interests are unquestionably implicated—was an unnecessary formality, since the summary judgment decision resolved all necessary remedial

1  obviously would depend on what Plaintiffs argue.  And, Monsanto is not required to "anticipate

2  specific differences in trial strategy" to meet its burden.  *Berg*, 268 F.3d at 824.  Although

3  USDA's actions ultimately will be judged on the basis of the record, that does not mean that

4  resolution of this action is a simple formulaic exercise.[9]

5         The Administrative Record in this case spans over 4,800 pages and covers complex,

6  highly technical analysis.  Monsanto played an integral role in developing this record, a

7  significant portion of which is based on Monsanto's efforts over ten years and investment of tens

8  of millions of dollars to obtain regulatory approval for Roundup Ready sugarbeets.  *See, e.g.*, AR

9  3-102, 121-36, 360-506, 509-10, 512-15, 516-664, 666, 678-80, 682, 687 (petitions for

10  deregulation and related correspondence); 829-30, 833, 837 (correspondence regarding

11  approval); 839-1898 (field test notifications), 1899-2098 (petition for deregulation).  There is no

12  evidence that the government will seek to defend the record in the same way as Monsanto, that it

13  will emphasize the same information in the record in the same way, or that it has the same level

14  of familiarity with the data and studies developed and submitted by Monsanto.  *See* Monsanto

15  Br. at 3, 4.

16         Additionally, the government could not assert the same facts in support of equitable

17  defenses, such as laches, on behalf of Monsanto—arguments central to protecting Monsanto's

18  private, financial interest in this case and arguments relying on evidence not possessed by the

19  government and outside the Administrative Record.  *See, e.g.*, *Apache Survival Coal. v. United*

20  *States*, 21 F.3d 895, 905-14 (9th Cir. 1994) (considering evidence outside administrative record

21  and affirming summary judgment on NEPA claim on basis of laches).

22         In light of these considerations, Monsanto clearly satisfies "the minimal showing required

23

24  ─────────────────────────────

   issues.  Pls.' Answering Br. at 42, *Geertson Seed Farms v. Johanns*, No. 07-16458 (9th Cir.
25  appeal docketed Aug. 16, 2007).

   [9] Further, while Plaintiffs claim that Monsanto should be denied intervention on the merits
26  because this case is limited to the Administrative Record, it should be noted that in *Geertson*
27  before the district court (N.D. Cal., No. 06-1075), this very same Plaintiff filed numerous non-
   standing declarations during the merits phase and attempted to expand the record in that case.
28  *See, e.g.*, Cox Decl. ¶¶2-15 (docket entry #44); Wolfenbarger Decl. ¶¶2-6 (docket entry #59);
   Benbrook Decl. ¶¶7-16 (docket entry #61); Rostov Decl. (docket entry #63).

1    that the [government] may not adequately represent [its] interests." *Forest Conservation*

2    *Council*, 66 F.3d at 1499.

3    **II.    THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION**

4         Under Ninth Circuit precedent, proposed intervenors must demonstrate: "(1) independent

5    grounds for jurisdiction"; (2) that "the motion is timely;" and, most significantly, (3) that "the

6    applicant's claim or defense, and the main action, have a question of law or a question of fact in

7    common." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002); *see also* Monsanto

8    Br. at 8. Plaintiffs do not contest any of these legal prerequisites. Indeed, they admit "it is

9    within the discretion of the Court to grant" intervention. Pls.' Br. at 9. Instead, they

10    mischaracterize *Kootenai Tribe* and subsequent case law, argue mistakenly that proposed

11    intervenors' questions are "too common" and thus the government can adequately represent

12    them, and claim prejudice because their belated challenge directly and substantially impacts the

13    interests of so many. *See* Pls.' Br. at 7-10.

14        **A.    *Kootenai Tribe* Clearly Allows For Permissive Intervention at the
      Merits Phase and a Substantial Majority of Cases Thereafter Grant
15              Permissive Intervention**

16         In *Kootenai Tribe*, the Ninth Circuit could not have been more clear: there are no special,

17    categorical rules limiting permissive intervention at the NEPA merits stage—the traditional

18    permissive intervention factors apply and, once satisfied, only discretion remains. 313 F.3d at

19    1111 ("[I]f there is a common question of law or fact, the requirement of the rule has been

20    satisfied and it is then discretionary with the court whether to allow intervention."). There, the

21    Ninth Circuit held that because the proposed intervenors asserted defenses that "squarely respond

22    to the challenges made by plaintiffs in the main action," permissive intervention was properly

23    granted. *Id.* That the Forest Service declined to appeal that case, of course, had nothing to do

24    with whether the *district court* properly granted intervention in the first instance. The substantial

25    number of district courts that have granted permissive intervention at the NEPA merits stage in

26    the wake of *Kootenai Tribe* and a close read of the opinion itself simply belie Plaintiffs' attempt

27

28

1   to marginalize the case on its "unusual facts."[10]  Pls.' Br. at 14.

2         To the contrary, many courts have granted permissive intervention in "such

3   circumstances," Pls.' Br. at 10—namely, at the NEPA merits stage where all three legal factors

4   are established, as they admittedly are here.  *See* Monsanto Br. at 6-10 (citing no less than eight

5   cases where permissive intervention was granted in merits stage of NEPA claim).  For example,

6   in *Center for Biological Diversity v. U.S. Bureau of Land Management*, No. 06-4884, 2007 WL

7   101705, at *1 (N.D. Cal. Jan. 11, 2007), the court granted permissive intervention where, as here,

8   the proposed intervenors "participated" in the process that "resulted in the [challenged agency

9   action]."[11]  In *Protect Lake Pleasant, LLC v. Johnson*, No. 07-454, 2007 WL 1108916, at *5 (D.

10  Ariz. Apr. 13, 2007), the court granted permissive intervention where, as here, proposed

11  intervenors had "shown a direct personal and pecuniary interest in the [subject matter] of this

12  litigation."[12]  Indeed, courts have granted permissive intervention when the parties' interests,

13  involvement, and expertise were far less substantial than Monsanto's.  *See, e.g.*, *Audubon Soc'y*

14  *of Portland v. U.S. Fish & Wildlife Serv.*, No. 04-670, 2004 WL 2026429 (D. Or. Sept. 10, 2004)

15  (granting North American Falconers Association's motion to intervene in NEPA merits phase to

16  protect recreational interest in raising fledgling birds for falconry purposes); *Pac. Rivers Council*

17  *v. U.S. Forest Serv.*, No. 05-0953, 2005 WL 2671404 (E.D. Cal. Oct. 19, 2005) (granting

18  California Ski Industry Association permissive intervention where challenge "could impact" ski

19  areas).

20        Plaintiffs' cases do not warrant (and certainly do not compel) a contrary result.  Of the

21  cases they cite, three denied permissive intervention because the applicants failed to satisfy one

22  or more of the Ninth Circuit's three legal prerequisites—prerequisites undisputedly met here.

23

24  [10] Plaintiffs are also wrong to suggest that *Wetlands Action Network* applied "the rule against
    private party intervention as of right in a NEPA merits defense . . . to preclude permissive
25  intervention as well."  Pls.' Br. at 13-14.  As the court in *Kootenai Tribe* held:  that issue "was
    not addressed in *Wetlands*."  313 F.3d at 1108.

26  [11] Contrary to Plaintiffs' suggestion, Pls.' Br. at 17, intervention at the merits phase was opposed
    in this case.  2007 WL 101705, at *1 (Plaintiffs "seek to limit [intervenors] participation to amici
27  on the liability phase of this action.")

28  [12] Although plaintiffs had sought a preliminary injunction in that case, the intervention grant was
    not so limited and the injunction did not feature in the court's permissive intervention analysis.

1   *Olympic Forest Coal. v. U.S. Forest Serv.*, No. 07-5344, 2007 WL 3374996, at *2-3 (W.D.

2   Wash. Nov. 9, 2007) (denying permissive intervention for failure to establish independent basis

3   for jurisdiction);[13] *Or. Natural Desert Ass'n v. Shuford*, No. 06-242, 2006 WL 2601073, at *8

4   (D. Or. Sept. 8, 2006) (denying intervention where proposed party did not "argue" an

5   independent basis for jurisdiction or assert any affirmative defenses);[14] *Ctr. for Tribal Water*

6   *Advocacy v. Gutierrez*, No. 06-708, 2007 WL 527932, at *4 (D. Or. Feb. 12, 2007) (denying

7   intervention where party failed to "argue" independent basis for jurisdiction and where the court

8   found no common question of law or fact).[15]

9         The others are easily distinguishable.  In *Sierra Nevada Forest Protection Campaign v.*

10  *Tippin*, No. 06-00351, 2006 WL 1319397, at *5 (E.D. Cal. May 15, 2006), the court denied

11  permissive intervention as a matter of discretion where the proposed intervenor did not contend

12  "that it was involved in the administrative procedures that are the basis of plaintiffs' claims" and,

13  "[a]s such, [its] participation . . . would not add any further clarity or insight into the liability

14  portion of plaintiffs' suit."  That is demonstrably not the case here.  Finally, *California ex rel.*

15  *Lockyer v. USDA*, Nos. 05-03508 & 05-04038, 2006 WL 889327 (N.D. Cal. Mar. 31, 2006),

16  denied intervention for snowmobile operators where they "would have little to contribute" and it

17  was "merely speculative" that they would be affected even if plaintiffs prevailed *entirely*.  *Id.* at

18  *2-4.  In contrast, Monsanto's considerable investment-backed expectations in Roundup Ready

19  sugarbeets are hardly speculative, *see* Monsanto Br. at 3, 11-14, and its specialized knowledge

---

20  [13] Additionally, the court's reasoning would seemingly bar permissive intervention in all NEPA

21  cases—a holding that, if taken at face value, would directly conflict with *Kootenai Tribe*.
    *Compare Olympic Forest Coal.*, 2007 WL 3374996, at *3 (reasoning that "because only the

22  federal government can be required to comply with NEPA . . . proposed Defendant-Intervenors
    cannot permissively intervene in the liability phase of the proceedings"), *with Kootenai Tribe*,

23  313 F.3d at 1108-11 (allowing permissive intervention despite a recognition that "only the
    government can be liable under NEPA" (quotations omitted)).

24  [14] The court also appeared to invert the *Kootenai Tribe* standard by noting the parties' failure to
    demonstrate a different legal position from the government while citing to the Ninth Circuit's

25  charge that where "'the would be intevenor's claim or defense contains *no* question of law or fact
    that is raised also by the main action, intervention under Rule 24(b)(2) must be denied.'"

26  *Shuford*, 2006 WL 2601073, at *5 (quoting *Kootenai Tribe*, 313 F.3d at 1111) (emphasis added).

27  [15] And the court's assertion that permissive intervention would not be appropriate because the
    proposed parties "failed to establish a legally protectable interest," 2007 WL 527932, at *4, was

28  expressly rejected in *Kootenai Tribe*.  *See* 313 F.3d at 1108 (holding that a 'significant
    protectable interest' is not required by Rule 24(b) for [permissive] intervention").

MONSANTO INTERVENTION REPLY; No. C-
                                                      08-484 JSW

1  will be useful "'to explain technical terms or complex subject matter.'"  *See Midwater Trawlers*

2  *Coop. v. Dep't of Commerce*, 393 F.3d 994, 1007 (9th Cir. 2004) (citation omitted).  As another

3  court applying Ninth Circuit law has held, the fact that proposed intervenors "possess

4  information relevant to whether the action will cause environmental harm" weighs in favor of

5  granting permissive intervention.  *Reudiger v. U.S. Forest Serv.*, No. 04-3093, 2005 U.S. Dist.

6  LEXIS 43019, at *16 (D. Or. Feb. 9, 2005); *see also* Ex. 2 attached hereto (adopting magistrate

7  judge's recommendations).  Monsanto can present exactly these types of facts.  *See* Monsanto

8  Br. at 4-5, Pierson Decl. ¶¶ 22-37.

9                   **B.     A Favorable Exercise of Discretion Is Warranted Here**

10             Most of Plaintiffs' arguments simply rehash their claim that intervention as of right is

11  improper.  *See supra* at 6-7.  As discussed above, this is not a "simple record review case."  Pls.'

12  Br. at 9.  The Administrative Record exceeds 4,800 pages—with critical portions developed by

13  Monsanto and its technology partner KWS—and must be reviewed in connection with both the

14  PPA and NEPA claims.  Monsanto is uniquely positioned to assist this Court in analyzing these

15  aspects of the Administrative Record to evaluate Plaintiffs' arguments, as well as singularly

16  positioned to present crucial evidence on affirmative defenses (like laches) outside of the

17  government's control.  *See supra* at 7.

18             Plaintiffs nevertheless argue that intervention should not be permitted because the

19  government "adequately represent[s]" Monsanto.  Pls.' Br. at 10.  First, of course, there is no

20  "adequate representation" requirement under Federal Rule of Civil Procedure 24(b).  *Compare*

21  Pls.' Br. at 10, *with Kootenai Tribe*, 313 F.3d at 1108-11 (specifically distinguishing two types of

22  intervention and holding that "cases addressing intervention as of right under Rule 24(a) [are] not

23  controlling as to the analysis under Rule 24(b)" (punctuation omitted)).  Indeed, courts often

24  grant permissive intervention after affirmatively holding that the current representation *is*

25  adequate.  *See, e.g.*, *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 04-04324,

26  2005 U.S. Dist. LEXIS 42275, at *11-12, 19 (N.D. Cal. May 30, 2005); *California v. Bergland*,

27  No. 79-523, 1979 U.S. Dist. LEXIS 9503, at *16-17 (E.D. Cal. Sept. 27, 1979).  In any case, and

28

1   as demonstrated in Section I.B, *supra*, the government does not adequately represent Monsanto's

2   interests.

3          Nor will intervention lead to any undue burden or delay.  Plaintiffs' only argument to the

4   contrary perversely relies on the fact that thousands of non-federal individuals—who will

5   potentially incur hundreds of millions of dollars of losses—may be affected by the summary

6   judgment decision.  *See* Pls.' Br. at 10-12.  That multiple parties seek to intervene is not

7   uncommon and certainly cannot militate *against* intervention.  *See Kootenai Tribe*, 313 F.3d at

8   1111 (concluding that the "magnitude of the case" and impacts on individuals weighed in favor

9   of permissive intervention of nine additional parties); *Sierra Nev. Forest Prot. Campaign v. Rey*,

10  No. 05-0205, 2005 WL 2231548, at *1, *2 (E.D. Cal. Sept. 14, 2005) (permitting additional

11  party to intervene after court already "allowed 21 entities represented by three separate sets of

12  counsel"); *Wash. Toxics Coal. v. EPA* , No. 01-132, 2002 U.S. Dist. LEXIS 27661 (W.D. Wash.

13  Mar. 11, 2002) (denying intervention of right only after allowing 35 parties to intervene where

14  proposed intervenor was a member of two associations already participating).

15         As in *Kootenai Tribe*, proposed intervenors have agreed to "abide [by] the court's

16  briefing and procedural scheduling orders"; accordingly, "there [is] no issue whatsoever of

17  undue delay."  313 F.3d at 1111 n.10; *accord Protect Lake Pleasant*, 2007 WL 1108916, at *5.

18  That intervention of additional parties is necessarily accompanied by extra filings is not unique

19  to this case and should not lead to a wholesale slamming of the courthouse door.  Rather,

20  additional briefing on a dense and complex Administrative Record will have the added benefit of

21  presenting this Court "with more complete briefing."  *Sequoia Forestkeeper v. U.S. Forest Serv.*,

22  No. 07-1690, 2008 WL 324013, at *5 (E.D. Cal. Feb. 5, 2008).  And to the extent this Court

23  deems additional parties burdensome in any way, Monsanto is willing to abide by reasonable

24  measures to limit potential litigation burdens, including coordination among intervenors to

25  reduce any potential for redundancy at the merits phase.

26                              *       *       *

27         For the reasons set forth above, this court should grant intervention in the entirety of

28  Plaintiffs' case across all claims.  And, in any case, Plaintiffs concede that intervention would be

1   proper at any remedy stage and provide no reasons why it should not be granted.  Pls.' Br. at 2,

2   5, 8, 13, 17-18.[16]

3                                   **CONCLUSION**

4           For the foregoing reasons, Monsanto respectfully requests that this Court grant its motion

5   to intervene on both the NEPA and PPA claims in their entirety.

6

7   Dated:  May 9, 2008                              Respectfully submitted,

8                                                    _____/S/ Holly J. Tate_____

9   PHILIP J. PERRY (Ca. Bar No. 148696 –            HOLLY J. TATE (Ca. Bar No. 237561)
    admitted)                                        LATHAM & WATKINS LLP
10  JANICE M. SCHNEIDER (D.C. Bar No.                505 Montgomery Street, Suite 1900
    472037) (*pro hac vice* granted)                 San Francisco, California  94111-2562
11  LATHAM & WATKINS LLP                             Telephone:  (415) 391-0600
    555 11th Street, N.W. Suite 1000                 Facsimile:  (415) 395-8095
12  Washington, D.C. 20004                           Email: holly.tate@lw.com
    Telephone: (202) 637-2200
13  Facsimile:  (202) 637-2201
    Email:  phil.perry@lw.com
14  Email:  janice.schneider@lw.com

15  STANLEY H. ABRAMSON (D.C. Bar No.
    217281) (*pro hac vice* granted)
16  RACHEL G. LATTIMORE (D.C. Bar No.
    450975) (*pro hac vice* granted)
17  ARENT FOX LLP
    1050 Connecticut Avenue, N.W.
18  Washington, D.C. 20036-5339
    Telephone: (202) 857-6000
19  Facsimile:  (202) 857-6395
    Email: abramson.stanley@arentfox.com
20  Email: lattimore.rachel@arentfox.com
                                                     *Attorneys for Proposed Intervenor-*
21                                                   *Defendant Monsanto Company*

22

23

24

25

26  _____
    [16] Monsanto does not, however, believe it appropriate to limit proposed intervenors to "a single,
27  joint brief in any remedial proceeding," Pls.' Br. at 18, as proposed intervenors represent many
    divergent interests and the artificial limitation Plaintiffs seek would only keep important
28  information from consideration by this Court.  Consideration of this issue is best left until any
    remedy phase, if one is required at all.

1

**<u>CERTIFICATE OF SERVICE</u>**

2

   I HEREBY CERTIFY that on May 9, 2008, I electronically filed the foregoing MONSANTO COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system.

3

4

   I HEREBY CERTIFY that the foregoing was served on May 9, 2008 on the following individuals via the court's electronic filing system:

5

6

Kevin Golden
Center for Food Safety

7

2601 Mission Street, Suite 803
San Francisco, California 94110

8

Telephone:  (415) 826-2770
Fax:  (415) 826-0507

9

Email:  kgolden@icta.org

10

Paul H. Achitoff
Earthjustice

11

223 South King Street, Suite 400
Honolulu, Hawai'i 96813

12

Telephone:  (808) 599-2436
Fax:  (808) 521-6841

13

Email:  achitoff@earthjustice.org

14

Gregory C. Loarie
Earthjustice

15

426 17th Street, 5th Floor
Oakland, California 94612

16

Telephone:  (510) 550-6725
Fax:  (510) 550-6749

17

Email:  gloarie@earthjustice.org

18

*Counsel for Plaintiffs*

19

Lori Caramanian
Environmental & Natural Resources Division

20

United States Department of Justice
1961 Stout Street, 8th Floor

21

Denver, Colorado 80294
Telephone:  (303) 844-1499

22

Fax:  (303) 844-1350
Email:  lori.caramanian@usdoj.gov

23

24

John R. Coleman
United States Department of Justice
Civil Division, Federal Programs Branch

25

20 Massachusetts Avenue, N.W., Room 6118
Washington, D.C. 20530

26

Telephone:  (202) 514-4505
Fax:  (202) 616-8460

27

Email:  john.coleman3@usdoj.gov

28

*Counsel for Defendants*

1

2

Dated:  May 9, 2008

Respectfully submitted,

3

_____/S/ Holly J. Tate_____

PHILIP J. PERRY (Ca Bar No. 148696 -
admitted)
JANICE M. SCHNEIDER (D.C. Bar No.
472037) (*pro hac vice* granted)
LATHAM & WATKINS LLP
555 11th Street, N.W. Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email:  phil.perry@lw.com
Email:  janice.schneider@lw.com

4

HOLLY J. TATE (Ca. Bar No. 237561)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 1900
San Francisco, California  94111-2562
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
Email: holly.tate@lw.com

5

6

7

8

9

STANLEY H. ABRAMSON (D.C. Bar No.
217281) (*pro hac vice* granted)
RACHEL G. LATTIMORE (D.C. Bar No.
450975) (*pro hac vice* granted)
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5339
Telephone: (202) 857-6000
Facsimile:  (202) 857-6395
Email: abramson.stanley@arentfox.com
Email: lattimore.rachel@arentfox.com

10

11

12

13

14

15

*Attorneys for Proposed Intervenor-
Defendant Monsanto Company*

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT 1

CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:96-cv-08407-RSWL-AJW

Wetlands Action Net, et al v. United States Army, et al

Assigned to: Judge Ronald S.W. Lew

Referred to: Discovery Andrew J. Wistrich

Demand: $0

Cause: 33:1365 Environmental Matters

Date Filed: 12/03/1996

Date Terminated: 10/19/2001

Jury Demand: None

Nature of Suit: 893 Environmental Matters

Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Wetlands Action Network**
*a California non-profit organization*

represented by **Bruce J Terris**
Terris Pravlik & Millian
1121 12th St, NW
Washington, DC 20005-4632
202-682-2100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles S Crandall**
Charles S Crandall Law Offices
1880 Santa Barbara St, 3rd Fl
San Luis Obispo, CA 93401
805-544-4787
*TERMINATED: 03/12/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corin L Kahn**
Corin L Kahn Law Offices
15060 Ventura Blvd
Suite 490
Sherman Oaks, CA 91403
818-907-8986
*TERMINATED: 03/13/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H Williams**
Public Interest Lawyers Group
Presidio Bldg 1004
P O Box 29921
San Francisco, CA 94129-0921

| | | |
|---|---|---|
| 07/23/1997 | 29 | ERRATA by intervenor defendant Friends of Ballona to prop ans (dmjr) (Entered: 07/24/1997) |
| 07/31/1997 | 30 | STIPULATION and ORDER by Judge Ronald S. Lew resetting hearing on motion to intervene [27-1] 9:00 9/8/97 (el) (Entered: 08/04/1997) |
| 08/04/1997 | 31 | Opposition by plaintiff Wetlands Action Net, plaintiff Ballona Wetlands to motion to intervene [27-1] (el) (Entered: 08/05/1997) |
| 08/04/1997 | 32 | NOTICE of lodgment in suppt of plfs' opp to mtn to intervene by plaintiff Wetlands Action Net, plaintiff Ballona Wetlands (el) (Entered: 08/05/1997) |
| 08/11/1997 | 33 | REPLY by intervenor defendant Friends of Ballona re [27-1] (el) (Entered: 08/12/1997) |
| 08/22/1997 | 34 | ORDER by Judge Ronald S. Lew that the crt GRANTS MTP's mtn to intervene permissively in the portion of the NEPA procdgs addressing injunc relief & as of right in the entirety of the CWA clm. Due to the limited intervention in the NEPA clms, MTP may only move for sum jgm mtn if it wishes; plfs' mot to strike MTP's prop sum jgm mtn is DENIED as moot; crt fur ORDS MTP to file a resp pldg in ord to comply w/ Rule 24(c), finally the crt DENIES MTP's request for judicial ntc as unnecessary [24-1]; MTP has 20 days to submit a pldg pur to this order. (el) Modified on 04/23/2001 (Entered: 08/26/1997) |
| 09/05/1997 | 35 | EXHIBIT list by intervenor defendant Maguire/Thomas (el) (Entered: 09/09/1997) |
| 09/05/1997 | 36 | WITNESS list submitted by intervenor defendant Maguire/Thomas (el) (Entered: 09/09/1997) |
| 09/05/1997 | 37 | DECLARATION of Andrew R Henderson by intervenor defendant Friends of Ballona in suppt re mtn to intervene [27-1] (el) (Entered: 09/09/1997) |
| 09/05/1997 | 38 | EX PARTE APPLICATION filed by defendant United States Army to shorten time for hearing on joint mot to vacate sched ord of 6/27/97 , and to waive appl of Local Rule 9 (el) Modified on 04/23/2001 (Entered: 09/09/1997) |
| 09/05/1997 | | LODGED/PROPOSED ORDER submitted by defendant United States Army for exparte motion to shorten time for hearing on joint mtn to vacate sched ord of 6/27/97 [38-1], for exparte motion waive appl of Local Rule 9 [38-2]. (FWD TO CRD) (el) Modified on 04/23/2001 (Entered: 09/09/1997) |
| 09/05/1997 | 40 | NOTICE OF MOTION AND MOTION by defendant United States Army, defendant Joe N Ballard to vacate sched ord ; motion hearing set for 9:00 9/29/97 (bp) (Entered: 09/10/1997) |
| 09/05/1997 | | LODGED/PROPOSED ORDER submitted by defendant United States Army, defendant Joe N Ballard for motion to vacate sched ord [40-1] . (FWD TO CRD) (bp) (Entered: 09/10/1997) |

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
LUKE REUDIGER, et al.,          )
                                )
              Plaintiffs,        )
                                )    Civil No. 04-3093-CO
     v.                          )
                                )    ORDER
UNITED STATES FOREST SERVICE,    )
                                )
              Defendant,         )
                                )
FRUIT GROWER'S SUPPLY COMPANY,   )
                                )
              Applicants for     )
              Intervention.      )
```

Magistrate Judge John P. Cooney filed his Findings and Recommendation on February 9, 2005. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings de novo review. Lorin Corp. v. Goto & Co., Ltd., 700 F.2d 1202, 1206 (9th Cir. 1982). See also Britt v. Simi Valley Unified School Dist., 708 F.2d

1   - ORDER

452, 454 (9th Cir. 1983). Having reviewed the legal principles de novo, I find no error.

Accordingly, I ADOPT Judge Cooney's Findings and Recommendation. Fruit Growers' motion to intervene as a matter of right is granted as to the remedial stage of the litigation and the Fruit Growers' motion for permissive intervention is granted.

IT IS SO ORDERED.

DATED this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

2    - ORDER