KEVIN GOLDEN, State Bar No. 233378
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Email:  kgolden@icta.org

PAUL H. ACHITOFF (Admitted Pro Hac Vice)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

GREGORY C. LOARIE, State Bar No. 215859
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
T: (510) 550-6725 / F: (510) 550-6749
Email: gloarie@earthjustice.org

*Counsel for Plaintiffs*

RONALD J. TENPAS
Assistant Attorney General
LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado 80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
Email: lori.caramanian@usdoj.gov

CHARLES MICHAEL O'CONNOR
Office of the US Attorney
Civil Division - ENR
450 Golden Gate Ave, 10th Floor
PO Box 36055
San Francisco, CA 94102-3495
415-436-7180
Fax: 415-436-6748
Email: Charles.OConnor@usdoj.gov

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JAMES J. GILLIGAN

1   Assistant Director, Federal Programs Branch
2   JOHN R. COLEMAN (Va. Bar # 70908)
    Trial Attorney, U.S. Department of Justice
3   Civil Division, Federal Programs Branch
    20 Massachusetts Ave., N.W., Room 6118
4   Washington, D.C. 20530
    Telephone: (202) 514-4505
5   Facsimile: (202) 616-8460
    Email: john.coleman3@usdoj.gov
6
7   *Counsel for Defendants*

8
                    UNITED STATES DISTRICT COURT
9               FOR THE NORTHERN DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION
10

11  CENTER FOR FOOD SAFETY, ORGANIC      )
    SEED ALLIANCE, SIERRA CLUB, and       )    Case No.:  3:08-cv-0484-JSW
12  HIGH MOWING ORGANIC SEEDS,            )
                                          )
13                                        )    JOINT CASE MANAGEMENT
                  Plaintiffs,             )    STATEMENT
14                                        )
                                          )    and
15             vs.                        )
                                          )    [PROPOSED] ORDER
16  EDWARD T. SCHAFER,[1] in his official )
    capacity as Secretary of the United States )
17  Department of Agriculture; and CINDY  )
    SMITH, in her official capacity as    )
18  Administrator of the Animal and Plant Health )
    Inspection Service,                   )
19                                        )
                                          )
20                Defendants.             )
                                          )
21                                        )
                                          )
22  _____ )

23              JOINT CASE MANAGEMENT STATEMENT AND
                    PROPOSED CASE MANAGEMENT ORDER
24

25          Pursuant to this Court's Order of January 23, 2008 (Doc. #2), the parties submit their Joint

26  Case Management Statement in this matter.

27

28  _____
    [1] Secretary Schafer has been substituted as a party defendant in his official capacity pursuant to Fed.
    R. Civ. P. 25(d)(1).

    Joint Case Management Statement              2
    No. 3:08-cv-0484-JSW

1

2    1. Subject-matter jurisdiction, personal jurisdiction & venue.

3    Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

4    (federal question), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 2201-02 (declaratory

5    relief), 5 U.S.C. § 702 (Administrative Procedure Act), and 28 U.S.C. § 2201 (declaratory

6    judgments).  Plaintiffs further allege that this Court has personal jurisdiction over the defendant

7    officers of federal agencies under 28 U.S.C. § 1391(e).

8    Venue in this Court is proper, 28 U.S.C. § 1391(e).  All parties have been served.

9    2. Brief description of case, defenses, and related proceedings.

10    This lawsuit challenges a decision by defendants to deregulate a variety of sugar beet, known

11    as "Roundup Ready" sugar beets, that has been genetically engineered by Monsanto Company to

12    resist glyphosate, the active ingredient in the herbicide Roundup.  Plaintiffs allege that defendants'

13    deregulation determination is unsupported by the evidence in the record and is arbitrary and

14    capricious, an abuse of discretion and otherwise not in accordance with law, and without observance

15    of procedures required by law, in violation of the Plant Protection Act and the Administrative

16    Procedure Act.  Plaintiffs also allege that defendants violated the National Environmental Policy Act

17    ("NEPA") in connection with the deregulation determination, in that defendants arbitrarily and

18    capriciously failed to conclude that their determination may have significant environmental impacts,

19    requiring preparation of an Environmental Impact Statement.  Plaintiffs also allege that defendants

20    violated NEPA by issuing an Environmental Assessment that inadequately evaluates the

21    determination's environmental impacts.

22    Defendants assert that they have not taken any actions that violate NEPA, the Plant

23    Protection Act or the Administrative Procedure Act.

24

25

26

27

28

Joint Case Management Statement                3
No. 3:08-cv-0484-JSW

3. <u>Disputed legal issues</u>.

The principal issues include:

a. Whether defendants violated NEPA by issuing an inadequate Environment Assessment and/or by failing to prepare an Environmental Impact Statement; and

b. Whether defendants violated the Plant Protection Act by arbitrarily and capriciously deregulating the Roundup Ready sugar beets.

4. <u>Motions</u>.

Plaintiffs' Complaint was filed on January 23, 2008.  Defendants answered the Complaint on March 24, 2008.  No motions have been filed by either party.  Plaintiffs anticipate filing a motion for summary judgment.  Defendants anticipate filing a cross-motion for summary judgment.  *See* Section 16, *infra*.

5. <u>Amendment of Pleadings</u>.

The parties at this time do not anticipate amending their pleadings, and propose a deadline of June 1, 2008 to do so.

6. <u>Evidence Preservation</u>.

See item 8.

7. <u>Disclosures</u>.

The parties agree that the claims in this case are exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1) by Rule 26(a)(1)(E)(i), in that the claims alleged are to be determined on review of an administrative record, as supplemented if appropriate.

8. <u>Discovery</u>.

Defendants' view is that Plaintiffs are not entitled to discovery or to submit extra-record evidence because this case is governed by the provisions of the Administrative Procedure Act, with

certain limited judicially recognized exceptions. Defendants' position is that the merits issues should be resolved based on the administrative record Defendants will lodge with the Court and briefing on summary judgment. Defendants will produce the administrative record to plaintiffs on or before April 18, 2008 and lodge it with the Court. Plaintiffs will review the record and determine as soon as practicable whether they believe discovery or supplementation of the record is appropriate. If they do, or if they determine there are other issues concerning the completeness of the record, plaintiffs will meet and confer with defendants in a good faith effort to resolve any such issues before seeking relief from the Court.

9. <u>Class Actions</u>.

The parties do not seek certification as a class action.

10. <u>Related Cases</u>.

Plaintiffs believe <u>Geertson Seed Farms, et al. v. Johanns, et al</u>., No. C 06-1075 CRB (N.D. Cal.), decided by the Hon. Charles R. Breyer and currently on appeal to the Ninth Circuit Court of Appeals, is related, in that two of the four plaintiffs challenged a determination by the same defendants to deregulate a variety of alfalfa that, like the sugar beets in this case, Monsanto had genetically engineered to be resistant to glyphosate. In that case as here, plaintiffs alleged defendants had violated NEPA and the Plant Protection Act, based on similar concerns. Judge Breyer granted summary judgment in the plaintiffs' favor and issued a permanent injunction. <u>See Geertson Seed Farms v. Johanns</u>, 2007 WL 518624 (N.D. Cal. Feb. 13, 2007). Defendants' appeal of the permanent injunction is pending. Plaintiffs moved for consideration of related case status, which motion Judge Breyer denied by order filed February 1, 2008.

Defendants' position is that, because Judge Breyer denied plaintiffs' motion to relate the cases, the cases are not, and should not be considered related.

11. <u>Relief Sought</u>.

Plaintiffs seek declaratory and prospective injunctive relief vacating defendants' determination to deregulate Roundup Ready sugar beets, requiring defendants to prepare an EIS in connection with any determination to deregulate Roundup Ready sugar beets, and protecting the environment until such time as defendants have complied with these requirements.  Plaintiffs also seek costs, fees and other appropriate relief.  Defendants seek dismissal of plaintiffs' Complaint and any other relief the Court may deem proper.

12. <u>Settlement and ADR</u>.

The parties believe that the nature of plaintiffs' claims and requested relief are such that settlement is unlikely, and that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources consumed by its use.

13. <u>Consent to Magistrate Judge For All Purposes</u>.

The parties respectfully do not consent to assignment to a magistrate judge.

14. <u>Other References</u>.

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>.

The parties believe that the issues will appropriately be resolved on motions for summary judgment.  Plaintiffs believe it may be appropriate to bifurcate consideration of the merits from consideration of appropriate relief.  Defendants' view is that plaintiffs are not entitled to any relief whatsoever, but agree that bifurcation of the merits from the question of relief is appropriate.

//

//

Joint Case Management Statement                    6
No. 3:08-cv-0484-JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     16. <u>Scheduling</u>.

     Plaintiffs do not anticipate that trial will be necessary.  Defendants' position is that trial is inappropriate in this case because, as described in item 8, this challenge is before the Court based on the limited waiver of sovereign immunity contained in the Administrative Procedure Act, which requires that review of agency administrative action be based on the administrative record.  In the event trial is to be scheduled, plaintiffs propose that experts be designated on January 2, 2009; that any discovery be completed by February 2, 2009; and that a bench trial be set as soon thereafter as the Court's schedule will allow.

     The parties have agreed that defendants will lodge the certified administrative record in electronic format with the Court and serve a copy on each of plaintiffs' counsels of record on April 18, 2008.  In the event plaintiffs have concerns regarding the content or completeness of the administrative record, they will raise those concerns to defendants prior to summary judgment briefing and attempt to resolve those concerns in good faith.  In the event those concerns cannot be adequately resolved, plaintiffs may seek relief from this Court by motion.  Plaintiffs reserve the right subsequently to raise concerns regarding the content or completeness of the record.

     In the event there is no pending dispute over the content of the administrative record, the parties propose the following schedule for summary judgment motions, responses and replies:

     (a) Plaintiffs' motion for summary judgment to be filed on June 2, 2008;

     (b) Defendants' opposition to Plaintiffs' motion for summary judgment and defendants' cross-motions for summary judgment to be filed on July 2, 2008;

     (c) Plaintiffs' opposition to defendants' cross-motions for summary judgment and reply in support of plaintiffs' motion for summary judgment to be filed on August 1, 2008;

(d) Defendants' replies in support of cross-motions for summary judgment to be filed on August 27, 2008.

Plaintiffs will not file any motion for emergency injunctive relief prior to August 27, 2008.

The parties request that the Court set their motions for summary judgment for hearing on September 19, 2008, or as soon thereafter as the Court's schedule will allow.

17. <u>Disclosure of Non-Party Interested Entities or Persons</u>.

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 with the Complaint.

Plaintiffs are not aware of any persons, firms, partnerships, corporations (including parent corporations) or other entities having either  (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

The provisions of Civil Local Rule 3-16 do not apply to any governmental entity or its agencies.

Respectfully submitted,

Dated: April 9, 2008

/s/ John R. Coleman (authorized 4/9/08)
JOHN R. COLEMAN (Va. Bar # 70908)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8460
Email: john.coleman3@usdoj.gov

Dated: April 9, 2008

/s/ Lori Caramanian (authorized 4/9/08)
LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Denver, Colorado   80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
Email: lori.caramanian@usdoj.gov

Attorneys for Defendants


KEVIN GOLDEN, State Bar No. 233378
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Email:  kgolden@icta.org

Dated: April 9, 2008            /s/ Gregory C. Loarie
                                GREGORY C. LOARIE, State Bar No. 215859
                                Earthjustice
                                426 17th Street, 5th Floor
                                Oakland, CA 94612
                                T: (510) 550-6725 / F: (510) 550-6749
                                Email: gloarie@earthjustice.org


PAUL H. ACHITOFF (admitted *pro hac vice*)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawaiʻi 96813
T: (808) 599-2436
F: (808) 521-6841
Email: achitoff@earthjustice.org

Attorneys for Plaintiffs


IT IS SO ORDERED.


Dated: _____.

                                _____
                                Jeffrey Steven White
                                United States District Judge