United States District Court
For the Northern District of California

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9    CENTER FOR FOOD SAFETY, et al.
10           Plaintiffs,                    No. C 08-00484 JSW
11      v.
12   CHARLES CONNOR, et al.                 **ORDER GRANTING IN PART
                                            AND DENYING IN PART
13           Defendants.                    MOTIONS TO INTERVENE**
                                    /
14
15        Now before the Court are the motions to intervene filed by American Sugarbeet
16   Growers Association, Ervin Schlemmer, Mark Wettstein, John Synder, and Duane Grant
17   ("Growers"), American Crystal Sugar Company, the Amalgamated Sugar Company, Western
18   Sugar Cooperative, Wyoming Sugar Company, LLC, United States Beet Sugar Association
19   ("Processors"), Betaseed, Inc. ("Betaseed"), Monsanto Company ("Monsanto"), and Syngenta
20   Seeds, Inc. ("Syngenta") (collectively, "Proposed Intervenors") pursuant to Federal Rule of
21   Civil Procedure 24(a) and (b).  Having considered the parties' arguments, relevant legal
22   authority, and having had the benefit of oral argument, the Court hereby grants in part and
23   denies in part the motions to intervene.
24                              **BACKGROUND**
25        Plaintiffs filed this action challenging the decision by the United States Department of
26   Agriculture ("USDA") and its Animal and Plant Health Inspection Service ("APHIS") to
27   deregulate a variety of genetically engineered sugar beets.  Plaintiff contend that Defendants
28   failed to comply with the environmental and agricultural review requirements of the National

**United States District Court**
For the Northern District of California

1  Environmental Policy Act, 42 U.S.C. §§ 4321-4335 ("NEPA") ("NEPA") and the Plant

2  Protection Act ("PPA") in making that decision.  Plaintiffs bring claims against Defendants

3  under NEPA, the PPA, and the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.* ("APA").

4      The Growers are farmers who grow sugarbeets.  The Processors produce refined sugar

5  from sugarbeets.  Monsanto owns intellectual property rights in the technology used to produce

6  Roundup Ready sugarbeets.  Betaseed is a supplier of sugar beet seed.  Betaseed's parent

7  company, KWS SAAT AG ("KSW"), pursuant to a licensing agreement with Monsanto,

8  inserted the gene for glyphosate tolerance into sugar beets to produce a type of Roundup Ready

9  sugar beets known as Event H7-1.  (Declaration of Joe Dahmer, ¶¶ 3, 8.)  KSW and Monsanto

10  submitted a petition to the USDA seeking to deregulate Event H7-1, which the USDA granted

11  on March 4, 2005.  Betaseed then began producing Roundup Ready sugar beet seeds.  (*Id.*, ¶ 9.)

12  Syngenta asserts intellectual property rights related to and an economic interest in the

13  development, cultivation, and distribution of Roundup Ready sugar beet seeds.

14      Plaintiffs and Defendants have agreed to bifurcate this action into a merits phase and a

15  remedy phase.  Proposed Intervenors are seeking to intervene in both phases.  Plaintiffs only

16  oppose their intervention in the merits phase.

17                                **ANALYSIS**

18  **A.    Intervention as of Right in the Merits Phase.**

19      Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a

20  pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest

21  relating to the property or transaction that is the subject matter of the action; (2) the disposition

22  of the action may, as a practical matter, impair or impede the applicant's ability to protect its

23  interest; (3) the application is timely; and (4) the existing parties may not adequately represent

24  the applicant's interest."  *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir.

25  2002) (internal citations omitted).  An applicant must satisfy all four of these requirements.

26  *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

27      In the merits phase of this action, the only issues before the Court are whether

28  Defendants' actions in deregulating a variety of genetically engineered sugar beets were

2

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and whether they failed to prepare an environmental impact study ("EIS") or an adequate environmental review required by NEPA.

A private party may not intervene in the merits of an action to compel compliance with NEPA. *Wetlands Action Network v. United States Army Corps of Engineers*, 222 F.3d 1105, 1114-15 (9th Cir. 2000). The Ninth Circuit has repeatedly held that, because only the federal government can comply with NEPA, private parties cannot intervene as defendants in the merits phase of this type of action. *Id.*; see also *Churchill County v. Babbitt*, 150 F.3d 1072, 1082, *as amended by* 158 F.3d 491 (9th Cir. 1998), *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1499 (1995); *Portland Audubon Society v. Hodel*, 866 F.2d 302, 309 (9th Cir. 1989).

Courts have applied this rule to claims under other environmental statutes where the plaintiff is seeking the federal government's compliance with its legal obligations under such statutes. *See e.g.*, *Forest Conservation*, 66 F.3d at 1499 (denying intervention with respect to a federal agency's liability under the National Forest Management Act ("NFMA") as well as NEPA); *Southwest Center for Biological Diversity v. U.S. Forest Service,* 82 F. Supp. 2d 1070, 1074 (D.Ariz. 2000) (denying intervention as of right by private parties with respect to Endangered Species Act ("ESA") claim challenging federal agencies' compliance); *Sequoia Forestkeeper v. United States Forest Service*, 2008 WL 324013, *3-4 (E.D. Cal. Feb. 5, 2008) (same re NFMA); *Protect Lake Pleasant, LLC v. Johnson*, 2007 WL 1108916, *2 (D.Ariz. April 13, 2007) (same re the Federal Property and Administrative Services Act and the Clean Water Act); *Center for Tribal Water Advocacy v. Gutierrez*, 2007 WL 527932, *2-3 (D.Or. Feb. 12, 2007) (same re ESA); *Oregon Natural Desert Ass'n v. Lohn*, 2006 WL 3762119, *2 (D.Or. Dec. 20, 2006) (same re ESA); *Sierra Nevada Forest Protection Campaign v. Tippin*, 2006 WL 1319397, *5 (E.D. Cal. May 15, 2006) (same re NFMA); *Oregon Natural Desert Ass'n v. Shuford*, 2006 WL 2601073, *3 (D.Or. Sept. 8, 2006) (same re Federal Land Policy and Management Act, the Public Rangelands Improvement Act, and the Taylor Grazing Act of 1934).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    The Court finds that the Proposed Intervenors reliance on *Sierra Club v. Environmental*

2    *Protection Agency*, 995 F.2d 1478 (9th Cir. 1993) and *Southwest Center for Biological*

3    *Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) for the proposition that the Ninth Circuit's

4    restriction on intervention as of right is limited to NEPA is misplaced.  Two years after *Sierra*

5    *Club* was decided, the Ninth Circuit applied its restriction on intervention as of right to

6    environmental statutes other than NEPA.  *See Forest Conservation*, 66 F.3d at 1499.  The court

7    in *Forest Conservation* clarified that while private parties could intervene in the portion of the

8    case addressing remedies, private parties could not intervene on the issue of the federal

9    government's liability under environmental statutes.  *Id.*  In *Southwest Center*, the plaintiffs

10   sued the City of San Diego as well as a federal agency.  *Southwest Center*, 268 F.3d at 814.

11   Therefore, the case in which the private parties sought to intervene was not limited to the

12   compliance of the federal government.

13         The Court finds that the rationale underlying the denial of intervention as of right with

14   respect to Plaintiffs' NEPA claim applies equally to Plaintiffs' PPA claim.  Because only the

15   government can comply with the PPA, the Proposed Intervenors do not have a significant

16   protectable interest in the merits phase of this environmental compliance claim.  Accordingly,

17   the Court DENIES the Proposed Intervenors' motions to intervene as of right in the merits

18   phase of this case.

19   **B.    Permissive Intervention in the Merits Phase.**

20         Pursuant to Federal Rule of Civil Procedure 24(b), "[a]n applicant who seeks permissive

21   intervention must prove that it meets three threshold requirements: (1) it shares a common

22   question of law or fact with the main action; (2) its motion is timely; and (3) the court has an

23   independent basis for jurisdiction over the applicant's claims."  *Donnelly*, 159 F.3d at 412; *see*

24   *also Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005) ("Permissive intervention to

25   litigate a claim on the merits under Rule 24(b) requires ... an independent ground for

26   jurisdiction.") (citation omitted).

27         In *Center for Tribal Water Advocacy v. Gutierrez*, 2007 WL 527932, *4 (D.Or. Feb. 12,

28   2007), the court denied permissive intervention in the environmental action raising claims under

4

**United States District Court**
For the Northern District of California

1   NEPA and the ESA. The court reasoned that there was no common issue of law or fact because

2   the only issue during the liability phase was whether the federal defendants complied with the

3   environmental statutes. *Id.* The Court finds the reasoning of *Center for Tribal Water Advocacy*

4   persuasive. The Court finds that no common issues of law or fact exist during the merits phase

5   of this action because the only issue in this phase is whether the federal government complied

6   with NEPA and the PPA. The Proposed Intervenors seek to assert defenses to Plaintiffs'

7   claims, but they cannot be defendants in this case. Only the federal defendants can be held

8   liable under NEPA and the PPA.

9       Therefore, the Court DENIES the Proposed Intervenors' motions to intervene

10  permissively in the merits phase of this case.

11                                      **CONCLUSION**

12      For the foregoing reasons, the Court DENIES the motions to intervene, either as of right

13  or permissively, in the merits phase of this case. However, the Court GRANTS intervention in

14  the remedies phase. Moreover, the Court advises the Proposed Intervenors that while the Court

15  does not find intervention in the merits phase appropriate, the Court would be amenable to the

16  Proposed Intervenors seeking to appear as *amicus curiae*, provided that all of the Proposed

17  Intervenors demonstrate a willingness coordinate in order to reduce duplication of arguments

18  and, to the extent feasible, submit joint briefs. Before filing any motions to appear as *amicus*

19  *curiae*, the parties and the Proposed Intervenors shall meet and confer in order to determine

20  whether all parties and entities can stipulate regarding the Proposed Intervenors' appearance.

21  Any stipulation or motion to appear as *amicus curiae* shall be filed by no later than September

22  5, 2008. The Court will set a case management conference in this action after any stipulation or

23  motions to appear as *amicus curiae* are resolved, or if no such stipulation or motions are filed,

24  after the deadline of September 5, 2008 has passed.

25      **IT IS SO ORDERED.**

26

27  Dated: August 15, 2008                          _____

28                                                  JEFFREY S. WHITE
                                                    UNITED STATES DISTRICT JUDGE