IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR FOOD SAFETY, et al.

Plaintiffs,

v.

CHARLES CONNOR, et al.

Defendants.

No. C 08-00484 JSW

**ORDER GRANTING SESVANDERHAVE'S MOTION TO INTERVENE**

Now before the Court is the motion to intervene filed by SESVanderHave USA, Inc. ("SESVanderHave"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 4, 2009 is HEREBY VACATED. Having considered the parties' arguments and relevant legal authority, the Court hereby grants SESVanderHave's motion to intervene.

**BACKGROUND**

Plaintiffs filed this action challenging the decision by the United States Department of Agriculture ("USDA") and its Animal and Plant Health Inspection Service ("APHIS") to deregulate a variety of genetically engineered sugar beets. Plaintiff contend that Defendants failed to comply with the environmental and agricultural review requirements of the National Environmental Policy Act, 42 U.S.C. §§ 4321-4335 ("NEPA") ("NEPA") and the Plant Protection Act ("PPA") in making that decision. Plaintiffs bring claims against Defendants under NEPA, the PPA, and the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq*. ("APA").

This action has been bifurcated into a merits phase and a remedies phase. The Court granted motions filed by American Sugarbeet Growers Association, Ervin Schlemmer, Mark Wettstein, John Synder, and Duane Grant ("Growers"), American Crystal Sugar Company, the Amalgamated Sugar Company, Western Sugar Cooperative, Wyoming Sugar Company, LLC, United States Beet Sugar Association ("Processors"), Betaseed, Inc. ("Betaseed"), Monsanto Company ("Monsanto"), and Syngenta Seeds, Inc. ("Syngenta") (collectively, "Defendant-Intervenors") to intervene in the remedies portion.

On September 21, 2009, in the merits portion, the Court granted Plaintiff's motion for summary judgment and found that the APHIS violated NEPA and was required to prepare an environmental impact statement regarding the decision to deregulate the genetically engineered sugar beets. On October 16, 2009, SESVanderHave, a sugar beet seed supplier, filed its motion to intervene in the remedies portion of this action.

**ANALYSIS**

**A.   Intervention as of Right in the Remedies Phase.**

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal citations omitted). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts generally construe conflicts in favor of intervention. *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its

2

views before the court." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citation omitted).

Plaintiffs oppose SESVanderHave's motion to intervene on the grounds of timeliness and whether the existing parties represent the applicant's interest. The Court finds that SESVanderHave has made a sufficient showing that is had a significant protectable interest and that disposition of this action may, as a practical matter, impair or impede SESVanderHave's ability to protect its interest. Therefore, the Court will address whether SESVanderHave has satisfied the remaining two requirements.

**B.     Timeliness.**

The Court must consider three factors in determining the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (quoting *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)). Although SESVanderHave could have moved earlier to intervene in the remedies portion, the remedies portion has not yet begun. Moreover, as SESVanderHave argues, until the Court ruled on the parties cross-motions for summary judgment in the merits phase and determined that APHIS violated NEPA, it was not clear that there was going to be a remedies phase. SESVanderHave filed their motion to intervene less than one month after the Court ruled on the parties' cross-motions for summary judgment. Although the Court delayed the further case management conference for five weeks in order to adjudicate SESVanderHave's motion to intervene, the Court finds that this brief delay did not cause sufficient prejudice to Plaintiffs to warrant denying SESVanderHave's motion. Therefore, the Court finds that SESVanderHave's motion is not untimely.

**C.     Existing Parties Do Not Adequately Represent SESVanderHave's Interests.**

The Ninth Circuit has identified three factors to consider when determining whether existing parties adequately represent an intervenor applicant's interest: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2)

3

1 whether the present party is capable and willing to make such arguments; and (3) whether the
2 would-be intervenor would offer any necessary elements to the proceedings that other parties
3 would neglect." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002)
4 (citations omitted). The requirement "is satisfied if the applicant shows that representation of
5 his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10
6 (1972). The burden of making this showing is minimal. *Id*. However, "[w]hen an application
7 for intervention and an existing party have the same ultimate objective, a presumption of
8 adequacy of representation arises. If the applicant's interest is identical to that of one of the
9 present parties, a compelling showing should be required to demonstrate inadequate
10 representation." *Arakaki*, 324 F.3d at 1086.

11  SESVanderHave and Plaintiffs dispute whether the Intervenor-Defendants, whom the
12 Court previously held could intervene in the remedies phase, qualify as existing parties. The
13 Court need not determine this issue though, because even if the Intervenor-Defendants are
14 considered existing parties, SESVanderHave has shown that its interests sufficiently differ from
15 the Intervenor-Defendants' interest. At issue in there remedies portion of this action will be
16 whether an injunction should be issued, and if so, what the scope of that injunction should be.
17 As SESVanderHave explains in their reply brief and supporting declarations, its production
18 methods differ in a significant manner from Syngenta's and Betaseed's, the other primary
19 producers of sugar beets in the United States. SESVanderHave utilizes a "female side"
20 production practice that will be relevant to whether any injunction issued will be narrowly
21 tailored. According to Bruce J. Hovland, the North American Director of SESVanderHave:

22 > Pollination occurs when the pollen from the male or pollinator plant is emitted by the anthers, released and transferred by wind, or in some cases by insects, to
23 > the male sterile or female plant. The male sterile or female plant DOES NOT produce any pollen and fully relies upon the pollen from the male pollinator
24 > parent for fertilization.

25 (Second Declaration of Bruce J. Hovland, ¶ 8.) SESVanderHave produces the sugar
26 beet seed to be glyphosate tolerant by using sterile female plants with the genetically
27 modified trait and pollen from conventional, non-genetically modified, male pollinator
28 plant. (*Id*., ¶¶ 8-12.) Therefore, the pollen does not carry any risk of contaminating

4

other, non-genetically modified sugar beets or the related crops of Swiss chard and table beet. (*Id*., ¶ 11, 13.) If true, the risks from continued use and production of genetically modified glyphosate tollerant sugar beets pending further environmental review by APHIS may differ between Syngenta, Betaseed, and SESVanderHave. Thus, the scope of any injunction issued against Intervenor-Defendants and SESVanderHave may differ. Accordingly, the Court finds that SESVanderHave has met its burden to show that the existing parties, even if that includes Intervenor-Defendants, do not adequately represent its interests. Therefore, the Court grants SESVanderHave's motion to intervene as of right in the remedies phase.[1]

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS SESVanderHave's motion to intervene as of right in the remedies phase of this action. The Court FURTHER ORDERS that SESVanderHave shall meet and confer with all Defendants, including the Intervenor-Defendnats, to avoid duplicative briefing on overlapping issues, where possible.

**IT IS SO ORDERED.**

Dated: December 1, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds that intervention as of right is warranted, the Court will not address permissive intervention pursuant to Rule 24(b).

5