1  Joanne Lichtman (SBN 137300)
   HOWREY LLP
2  550 South Hope Street, Suite 1100
   Los Angeles, California 90071-2627
3  Telephone: (213) 892-1800
   Facsimile: (213) 892-2300
4  Email: lichtmanj@howrey.com

5  Gilbert S. Keltas  (*Pro Hac Vice*)
   John F. Bruce (*Pro Hac Vice*)
6  Christopher H. Marraro (*Pro Hac Vice*)
   HOWREY LLP
7  1299 Pennsylvania Avenue, N.W.
   Washington, DC 20004-2402
8  Telephone:  (202) 783-0800
   Facsimile:  (202) 383-6610

9

   *Attorneys for Defendant-Intervenors*
10

11                **UNITED STATES DISTRICT COURT**

12               **NORTHERN DISTRICT OF CALIFORNIA**

13                  **SAN FRANCISCO DIVISION**

14

15  CENTER FOR FOOD SAFETY, *et al.*,        ) Case No. 3:08-cv-00484-JSW
                                             )
16          Plaintiffs,                      ) **STIPULATED PROTECTIVE ORDER**
                                             )
17      vs.                                  )
                                             ) Dept:  Courtroom 11, 19th Floor
18  TOM VILSACK, *et al.*,,                  ) Judge: Hon. Jeffrey S. White
                                             )
19          Defendants;                      )
                                             )
20  AMERICAN SUGARBEET GROWERS               )
    ASSOCIATION; ERVIN SCHLEMMER;            )
21  MARK WETTSTEIN; DUANE GRANT; JOHN        )
    SNYDER; UNITED STATES BEET SUGAR         )
22  ASSOCIATION; AMERICAN CRYSTAL            )
    SUGAR COMPANY; THE AMALGAMATED           )
23  SUGAR COMPANY LLC; WESTERN SUGAR         )
    COOPERATIVE; and WYOMING SUGAR           )
24  COMPANY, LLC,                            )
                                             )
25          Defendant-Intervenors            )
    _____ )

26

27

28

1    <u>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF**</u>
     <u>**DOCUMENTS AND OTHER INFORMATION PRODUCED IN DISCOVERY**</u>

2

3        In accordance with Federal Rule of Civil Procedure 26(c), the parties to this action, by their

4    undersigned counsel, stipulate and agree as follows:

5        **1.       Use of Litigation Materials.**  All materials designated pursuant to the provisions

6    below, shall be utilized by the receiving party only for the prosecution or defense of this case.

7        **2.       Designation of Confidential Material.**  Any party to this action and any non-party

8    producing confidential information in response to a discovery demand (collectively, a "Producing

9    Party") shall be entitled to designate a document confidential by stamping "CONFIDENTIAL" on the

10   face of each page thereof or by stamping "CONFIDENTIAL" on the media upon which the data

11   resides and by explicitly notifying the opposing party, in writing, that the data has been designated as

12   "Confidential."  Such a designation shall constitute a representation by the party or person and its

13   counsel that they, in good faith, believe that the material so designated ("Confidential Material")

14   contains or constitutes at the time of the designation information that is subject to protection under

15   Rule 26(c) of the Federal Rules of Civil Procedure, including but not limited to (a) trade secrets or

16   other information of a non-public nature considered by the producing party or person to be

17   commercially or personally sensitive, confidential and/or proprietary, including but not limited to

18   information concerning the breeding, planting, developing, producing, marketing, and selling of

19   sugarbeets and sugarbeet seeds; or (b) other competitively sensitive or proprietary research, analysis,

20   development, marketing, financial or commercial information, including information likely to be

21   deemed sensitive by a non-party.

22       In the event either party opposes a confidential designation, and if the parties are unable to

23   resolve such dispute informally, the party opposing the designation may seek intervention of the Court

24   to determine whether such documents are entitled to protection.  The information shall be treated as

25   confidential pending a ruling by the Court.  A party that fails to challenge the propriety of the

26   designation of documents, or deposition testimony or exhibits, as Confidential Material prior to the

27   entry of judgment in this matter shall preclude any subsequent challenge to such designation.

28

The inadvertent failure to designate material as "Confidential" shall not be deemed a waiver of the right to assert confidentiality and does not preclude a Producing Party from subsequently making such a designation, and, if such subsequent designation is made, the material so designated will be treated as confidential after being properly designated through the provision of a revised, marked copy. Upon receipt of a marked copy, the receiving party shall return or destroy any and all un-marked copies of the data.  If a document is designated as "Confidential Material" and the original or one or more copies are also produced but not so marked, the non-marked original or copies shall also be treated as Confidential Material if the recipient is actually aware of the designation.

**3.     Non-Disclosure of Confidential Documents.**  Except with the prior written consent of the party that produced the Confidential Material, or as hereinafter provided under paragraph 4 below or otherwise, no Confidential Material may be disclosed to any person.  "Confidential Material" includes any document (including data compilations in electronically readable form) which is identified as set forth herein by the Producing Party as subject to this confidentiality order.  Included in this definition is (i) any data which is furnished on a computer disk or in other electronic form which the Producing Party designates at the time of production as confidential and (ii) any paper document which is marked with the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" on each page to signify that it contains information believed to be subject to protection under this Order.  For purposes of this order the term "document" means all written, recorded, electronically readable or graphic material, whether produced or created by a party or another person, whether produced pursuant to a document request, subpoena, by agreement, or otherwise.  Deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection shall be accorded status as a confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is  submitted separately from that not entitled to protection.

**4.     Permissible Disclosures of Documents.**  Notwithstanding paragraph 2, Confidential Material may be disclosed to the parties in this action (or their officers, directors, in-house counsel and employees), but only to the extent that such disclosure is reasonably deemed necessary by such party's

counsel for the conduct of this litigation, and provided that such persons may retain Confidential

Material only as long as necessary for the conduct of this litigation; to outside counsel of record  for

the parties in this action who are actively engaged in the conduct or monitoring of this litigation and

their partners, counsel, associates, secretaries, paralegal assistants, legal assistants, law clerks and

employees to the extent reasonably deemed necessary by such counsel for the conduct of this litigation

and to Daniel C. Mott, Fredrikson & Bryon and Robert Sims, Law Offices of Robert Sims, outside

counsel for intervenor defendants American Crystal and SES Vanderhave, respectively as determined

necessary by counsel of record for American Crystal and SES Vanderhave; to in-house litigating

counsel for the Center for Food Safety; and to the Court in this action and Court personnel involved in

this litigation (including court reporters, persons operating video recording equipment at depositions,

and any special master appointed by the court, but provided that such persons may retain Confidential

material only as long as it is necessary for such engagement) and shall be returned or destroyed

pursuant to Paragraph 12.  Such documents may also be disclosed to the following individuals,

provided, however, that such documents are only disclosed to the extent reasonably deemed necessary

by counsel for the purpose of such persons' assistance in this litigation and provided that such persons

may retain Confidential Material only as long as is necessary for them to render such assistance, and

subject to the terms of Paragraph 5 of this protective order:

    (a)    to any person designated by the Court in the interest of  justice, upon such terms as the

Court may deem proper; and

    (b)    to a party or non-party witness and counsel for such witness in the course of his or her

examination at deposition in this action, to the extent counsel has a good faith belief that the document

reasonably relates to the potential testimony of such witness;

    (c)    to outside consultants or experts retained for the purpose of assisting counsel in the

litigation;

    (d)    to mediators, arbitrators, or similar outside parties and their staffs enlisted by the parties

to assist in the resolution of this matter;

STIPULATED PROTECTIVE ORDER

Case No. 3:08-cv-00484-JSW

HOWREY LLP

DM_US:23095176_1

(e)     to employees or contractors of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and

(f)     to employees of third-party contractors performing one or more of these functions.

**5.     Confidentiality Agreement.**  Before disclosing Confidential Material to any persons identified in Paragraph 4 above (other than the producing party and the producing party's officers, directors, in-house counsel, employees, experts, and the Court and Court personnel), receiving counsel contemplating disclosure of a producing party's Confidential Material shall require such persons to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient:  (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction, or the jurisdiction of any other court of competent jurisdiction, for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain each such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Material, or received certification of its destruction, from the recipient pursuant to Paragraph 12 below.

**6.     Confidential Information in Depositions.**

(a)     A deponent may during the deposition be shown, and examined about, Confidential Material if the deponent already knows the confidential information contained therein or if the provisions of Paragraph 5 are complied with.  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Exhibit A hereto.  A deponent who is not a party or representative or employee of a party shall be furnished a copy of this order and sign the attached confidentiality agreement before being examined about, or asked to produce, potentially confidential documents.

(b)    Parties (and deponents) may, within 14 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by written notification to the opposing party of the pages that are designated confidential.  Until expiration of the 14-day period, the entire deposition will be treated as subject to protection against disclosure under this order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, or if any exhibits have been designated confidential, the confidential portions and any confidential exhibits shall be filed under seal separate from the portions and exhibits not so marked.

**7.     Confidential Information at Hearings/Trial.**  Subject to the Federal Rules Evidence, confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable notice to counsel for the party that designated the information as confidential and the Court.  Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

**8.     Subpoena by Other Courts or Agencies.**  If another Court or an administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this order, such party shall promptly notify the person who designated the data as Confidential of the pendency of such subpoena or order.

**9.     Filing.**  Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material.  A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.  Any party may introduce relevant and admissible Confidential Material in court filings, at trial or at a hearing before the Court in this action provided that the party that produced

HOWREY LLP

DM_US:23095176_1

1    the Confidential Material is given reasonable notice and an opportunity to seek relief from the Court.

2    Where possible, only confidential portions of filings with the Court shall be filed under seal.

3        **10.     Designation of "Confidential Restricted Attorneys' Eyes Only" Documents.**  In

4    addition to designating documents as "Confidential," any party producing documents or providing

5    discovery in this case may designate information as "Confidential Restricted Attorneys' Eyes Only"

6    (in the same manner as designating CONFIDENTIAL information) if the party in good faith believes

7    such information could cause damage to the parties' business interests if disclosed to a party in this

8    case.  "Confidential Restricted Attorneys' Eyes Only" information shall be treated as Confidential

9    Material under this Order in all respects *except that such information shall <u>not</u> be revealed, disclosed*

10   *or communicated in any way to the parties* (including the parties' officers, directors, in-house counsel

11   and managers) except as provided below.

12       The only persons to whom documents designated as "Confidential Restricted Attorneys' Eyes

13   Only" may be disclosed are the following:

14       (a)     counsel who have either (i) made an appearance of record for the parties in this action,

15   or (ii) Daniel C. Mott, Fredrikson & Bryon and Robert Sims, Law Offices of Robert Sims, outside

16   counsel for intervenor defendants American Crystal and SES Vanderhave, respectively as determined

17   necessary by counsel of record for American Crystal and SES Vanderhave, or other counsel for a

18   intervenor defendant who are actively engaged in the conduct or monitoring of this litigation and agree

19   to sign the attached confidentiality agreement, and each case their respective partners, counsel,

20   associates, secretaries, paralegals, and employees and contractors to the extent reasonably necessary to

21   render professional services in connection with the litigation;

22       (b)     persons with prior knowledge of the documents or the confidential information

23   contained therein;

24       (c)     experts, consultants, and other persons, who are especially retained by attorneys for one

25   of the parties to assist in the preparation of the case for trial or to provide testimony who are not

26   regular employees of the parties to this litigation, and only if such persons have a need to use some or

27

28

STIPULATED PROTECTIVE ORDER

Case No. 3:08-cv-00484-JSW

HOWREY LLP

DM_US:23095176_1

1   all of the documents, testimony, information, or other materials designated as "Confidential Restricted

2   Attorneys' Eyes Only;"

3       (d)    an officer, director, employee, or proposed expert witness of the party that produced the

4   "Confidential Restricted Attorneys' Eyes Only" material in the course of his or her examination at

5   deposition in this action, and counsel for such witness, to the extent deemed necessary by counsel for a

6   named party in order to examine such witness;

7       (e)    persons who have prepared or assisted in the preparation of the "Confidential Restricted

8   Attorneys' Eyes Only" material or to whom the" Confidential Restricted Attorneys' Eyes Only"

9   materials or copies thereof were addressed, delivered, or relate but only the extent that such disclosure

10   is necessary for the conduct of this litigation; and

11       (f)    Court officials involved in this litigation (including court reporters, and persons

12   operating video recording equipment at depositions).

13       Information designated as "Confidential Restricted Attorneys' Eyes Only" shall not be

14   disclosed to clients or any other person not specifically mentioned in this paragraph above without

15   specific court order or upon agreement of the producing party in writing.  Before disclosing

16   "Confidential Restricted Attorneys' Eyes Only" material to any persons permitted by this paragraph

17   (other than the producing party and its officers, directors, in-house counsel, employees, experts, and

18   the Court and Court personnel), counsel contemplating disclosure shall require such persons to read a

19   copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as

20   Exhibit A, pursuant to Paragraph 5 above.

21       **11.**    **Designation of "Highly Confidential" Documents.**  In addition to designating

22   documents as "Confidential," and "Confidential Restricted Attorneys' Eyes Only" any party producing

23   documents or providing discovery in this case may designate information as "Highly Confidential" if

24   the party in good faith believes such information could cause damage to the parties' business interests

25   if disclosed to business competitors in this case.  Access to "Highly Confidential" information shall be

26   limited to the same individuals who may receive "Confidential Restricted Attorneys' Eyes Only"

27   information subject to the following limitation.  Only the party submitting a discovery request

28

HOWREY LLP
DM_US:23095176_1

("Requesting Party") and other parties that are not business competitors of the designating party with respect to the issues in this case may be provided with "Highly Confidential" information. Upon disclosure of "Highly Confidential" information, the designating party will provide written notice to all other parties. The notice shall state the date of the production and the basis for disclosure (i.e., "Highly Confidential documents were provided in response to Request for Production 5"). If counsel for non-requesting business competitor believes that it has a legitimate, litigation-based need to receive a copy of "Highly Confidential" information, it may request a copy in writing. If, after meeting and conferring in accordance with the Court's Discovery Plan, the parties are unable to come to agreement regarding the disclosure of "Highly Confidential" information, the party seeking a copy of the information may move the Court for an order compelling production. If a request by a business competitor would require production of "Highly Confidential" information, the designating party and requesting business competitor shall meet and confer in accordance with the Court's Discovery Plan in an effort to reach agreement on disclosure. If those parties are unable to reach agreement, the designating party may move the Court for a protective order regarding the "Highly Confidential" information.

"Highly Confidential" information shall only be produced to the requesting party in hard copy. A producing party shall provide the Requesting Party with two (2) hard copies of each document designated as "Highly Confidential." The information shall be produced in a re-sealable envelope or file, with the case number, date and "HIGHLY CONFIDENTIAL INFORMATION OF [INSERT PARTY NAME]" on the outside. A Receiving Party shall maintain the "Highly Confidential" information within the provided envelope. The Receiving Party shall keep a log identifying each time the "Highly Confidential" information is accessed, which shall include the date and name of the individual accessing the "Highly Confidential" information. The Receiving Party shall maintain possession of this log but shall provide the log to the designating party at the conclusion of the case upon request, or by order of the Court upon showing of good cause.

If the Receiving Party wishes to use any "Highly Confidential" information at a deposition, its counsel shall give the designating party 48 hours written notice, including notice of any copies that

HOWREY LLP

DM_US:23095176_1

will be made for the deposition.  If a designating party objects to use of the "Highly Confidential" information within the presence of non-requesting defendant-intervenors who are business competitors, the designating party shall notify all parties and the defendant-intervenors who are business competitors shall confer and resolve, or if unable to resolve, move the Court for a protective order governing the use of the "Highly Confidential" information during the deposition. No party will seek to recover any sanctions, fees or costs associated with deposition delays that may result from good-faith disputes regarding the use of "Highly Confidential" information during depositions.

A Receiving Party shall not make any additional copies of "Highly Confidential" information unless requesting and receiving written permission from the designating party.  Access shall at all times be limited to the Receiving Party's outside litigation counsel and/or in-house litigating counsel for the Center for Food Safety in this action and its approved experts or non-party consultants.

**12. Non-Termination.**  The provisions of this order shall not terminate at the conclusion of these actions.  Within 60 days after final conclusion of all aspects of this litigation, documents designated as "Confidential" and all copies of same (other than a copy of court filings, exhibits of record and documents that may be on backup tapes or any disaster recovery databases), documents designated "Confidential Restricted Attorneys' Eyes Only" and documents designated as "Highly Confidential" shall be returned to the producing party or destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to the producing party not more than 90 days after final termination of this litigation.

**13.    Modification Permitted.**  Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.  Nothing in this order shall be construed as a concession by any party that any category of documents is discoverable, admissible in evidence, or entitled to confidential treatment.

**14.    Inadvertent Production.**  In the event that a party inadvertently produces material that is protected by the attorney-client privilege, work product doctrine, or any other privilege, within ten (10) business days after the producing party actually discovers that such production was made, the producing party may make a written request that the other parties return the inadvertently produced

1 privilege document along with any copies made thereof.  The parties who received the inadvertently

2 produced document will either return the document to the producing party or destroy the document

3 immediately upon receipt of the written request, as directed by the producing party.  By returning or

4 destroying the document, the receiving party is not conceding that the document is privileged and is

5 not waiving its right to later challenge the substantive privilege claim, provided that it may not

6 challenge the privilege claim by arguing that the inadvertent production waived the privilege.  Pursuant

7 to Federal Rule of Evidence 502, disclosure of material in connection with this litigation shall not

8 effect a waiver of the attorney-client privilege or work product protection in this litigation, nor in other

9 federal or state proceedings.

10      If a party inadvertently discloses any document or thing containing information that it deems

11 Protected Material without designating it as CONFIDENTIAL, CONFIDENTIAL RESTRICTED

12 ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL, or if party inadvertently applies an

13 incorrect designation to any document or thing, the disclosing party shall promptly, upon discovery of

14 such inadvertent disclosure or erroneous designation, inform the receiving party in writing of the

15 correct designation of the material, and the receiving party shall thereafter treat the information as

16 "Confidential," "Confidential Restricted Attorneys' Eyes Only," or "Highly Confidential"  as the case

17 may be.  To the extent such information may have been disclosed to persons other than persons

18 authorized to receive such Protected Material in this Order, the receiving party shall promptly inform

19 the designating party in writing of the disclosure and circumstances surrounding the disclosure,

20 immediately retrieve the information, and avoid any further disclosure to non-authorized persons.

21      **15.    Responsibility of Attorneys.**  The attorneys of record are responsible for employing

22 reasonable measures to control, consistent with this order, duplication of, access to, and distribution of

23 copies of confidential documents.  Parties shall not duplicate any confidential document except

24 working copies and for filing in court under seal.

25

26

27

28

STIPULATED PROTECTIVE ORDER

HOWREY LLP

DM_US:23095176_1

1    Dated: February 8, 2010                    Respectfully submitted,

2                                               By: /s/ Joanne Lichtman
                                                _____
3                                               Joanne Lichtman (CA Bar No. 137300)
                                                HOWREY LLP
                                                550 South Hope Street, Suite 1100
4                                               Los Angeles, California 90071-2627
                                                Telephone: (213) 892-1800
5                                               Facsimile: (213) 892-2300
                                                Email: lichtmanj@howrey.com
6
                                                Gilbert S. Keltelas (admitted pro hac vice)
7                                               John F. Bruce (admitted pro hac vice)
                                                Christopher H. Marraro (admitted pro hac vice)
8                                               HOWREY LLP
                                                1299 Pennsylvania Avenue, N.W.
9                                               Washington, DC 20004-2402
                                                Telephone: (202) 783-0800
10                                              Facsimile: (202) 383-6610

11                                              *Attorneys for American Sugarbeet Growers
                                                Association, Ervin Schlemmer, Mark Wettstein, Duane
12                                              Grant, John Snyder, Jr., United States Beet Sugar
                                                Association, American Crystal Sugar Company, The
13                                              Amalgamated Sugar Company LLC, Western Sugar
                                                Cooperative and Wyoming Sugar Company LLC*
14

15
                                                By: /s Paul H. Achitoff
16                                              _____
                                                PAUL H. ACHITOFF (admitted pro hac vice)
17                                              Earthjustice
                                                223 South King Street, Suite 400
18                                              Honolulu, Hawai'i 96813
                                                Telephone: (808) 599-2436
19                                              Facsimile: (808) 521-6841
                                                Email: achitoff@earthjustice.org
20
                                                KEVIN GOLDEN (CA Bar No. 233378)
21                                              Center for Food Safety
                                                2601 Mission St., Suite 803
22                                              San Francisco, CA 94110
                                                Telephone: (415) 826-2770
23                                              Facsimile: (415) 826-0507
                                                Email: kgolden@icta.org
24
                                                GREGORY C. LOARIE, (CA Bar No. 215859)
25                                              Earthjustice
                                                426 17th Street, 5th Floor
26                                              Oakland, CA 94612
                                                Telephone: (510) 550-6725
27                                              Facsimile: (510) 550-6749
                                                Email: gloarie@earthjustice.org
28

STIPULATED PROTECTIVE ORDER                    Case No. 3:08-cv-00484-JSW

HOWREY LLP

1

Counsel for Plaintiffs
IGNACIA S. MORENO

2

Assistant Attorney General

3

By: /s Beverly F. Li

4

BEVERLY F. LI (WSBA No. 33267)
Trial Attorney
U.S. Department of Justice

5

Environment and Natural Resources Division
Natural Resources Section

6

P.O. Box 663
Washington, D.C. 20044-0663

7

Tel.: (202) 353-9213
Facsimile: (202) 305-0506

8

Email: Beverly.Li@usdoj.gov

9

LORI CARAMANIAN
Environment & Natural Resources Division

10

U.S. Department of Justice
1961 Stout Street, 8th Floor

11

Denver, Colorado 80294
Telephone: (303) 844-1499

12

Facsimile: (303) 844-1350
Email: lori.caramanian@usdoj.gov

13

TONY WEST

14

Assistant Attorney General
JOHN R. GRIFFITHS

15

Assistant Director, Federal Programs Branch
JOHN R. COLEMAN (VA Bar No. 70908)

16

Civil Division, Federal Programs Branch
U.S. Department of Justice

17

20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530

18

Telephone: (202) 514-4505
Facsimile: (202) 616-8460

19

Email: john.coleman3@usdoj.gov

20

Counsel for Federal Defendants

21

22

23

24

25

26

27

28

-12-
STIPULATED PROTECTIVE ORDER

HOWREY LLP

Case No. 3:08-cv-00484-JSW

DM_US:23095176_1

By: */s Holly J. Tate*
HOLLY J. TATE (CA Bar No. 237561)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 1900
San Francisco, California  94111-2562
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
Email: holly.tate@lw.com

PHILIP J. PERRY (CA Bar No. 148696)
JANICE M. SCHNEIDER (D.C. Bar No. 472037)
(admitted pro hac vice)
LATHAM & WATKINS LLP
555 11th Street, N.W. Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email:  phil.perry@lw.com
Email:  janice.schneider@lw.com

STANLEY H. ABRAMSON (D.C. Bar No. 217281)
(admitted pro hac vice)
RACHEL G. LATTIMORE (D.C. Bar No. 450975)
(admitted pro hac vice)
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Telephone: (202) 857-6000
Facsimile:  (202) 857-6395
Email: abramson.stanley@arentfox.com
Email: lattimore.rachel@arentfox.com

*Attorneys for Monsanto Company*

-13-
STIPULATED PROTECTIVE ORDER
Case No. 3:08-cv-00484-JSW

HOWREY LLP

DM_US:23095176_1

1

By: */s Nancy Bryson*
NANCY BRYSON (admitted pro hac vice)
2      THE BRYSON GROUP, PLLC
575 7th Street N.W.
3      Washington, D.C. 20004-1601
Telephone: 202.344.4731
4      Facsimile: 202.344.4028
nbryson@agfoodlaw.com

5

TIMOTHY J. GORRY (CA Bar No. 143797)
6      CHRISTOPHER T. WILLIAMS (CA Bar No.
171907)
7      VENABLE LLP
2049 Century Park East, Suite 2100
8      Los Angeles, CA 90067
Telephone:310.229.9922; Facsimile: 310.229.9901
9      tjgorry@venable.com

10     LOWELL M. ROTHSCHILD
VENABLE LLP
11     575 7th Street N.W.
Washington, D.C. 20004-1601
12     Phone: 202.344.4065; Fax: 202.344.8300
lmrothschild@venable.com

13

14     DAVID J. LAZERWITZ (CA Bar No. 221349)
(admitted pro hac vice)
15     FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
16     San Francisco, CA  94014
Telephone: (415) 954-4400
17     Facsimile: (415) 954-4480
Email: dlazerwitz@fbm.com

18

19     *Attorneys for Syngenta Seeds, Inc.*

20

21

22

23

24

25

26

27

28

-14-
STIPULATED PROTECTIVE ORDER

Case No. 3:08-cv-00484-JSW

DM_US:23095176_1

1      By: /s Daniel G. Murphy
       DANIEL G. MURPHY (CA Bar No. 141006)
2      W. ALLAN EDMISTON (CA Bar No. 228246)
       LOEB & LOEB LLP
3      10100 Santa Monica Boulevard, Suite 2200
       Los Angeles, CA 90067-4120
4      Telephone: (310) 282-2000
       Facsimile: (310) 282-2200
5      Email: dmurphy@loeb.com
       Email: aedminston@loeb.com
6
       DANIEL M. ABUHOFF (NY Bar No. 1227057)
7      (admitted pro hac vice)
       HARRY ZIRLIN (NY Bar No. 2315737)
8      (admitted pro hac vice)
       DEBEVOISE & PLIMPTON LLP
9      919 Third Avenue
       New York, NY 10022
10     Telephone: (212) 909-6381
       Facsimile: (212) 909-6836
11     Email: dabuhoff@debevoise.com
       Email: hzirlin@debevoise.com
12
       *Attorneys for Betaseed, Inc.*
13

14
       By: /s Daniel Bukovac
15     DANIEL BUKOVAC (Mo. Bar No. 33456)
       (admitted pro hac vice)
16     STINSON MORRISON HECKER LLP
       1201 Walnut Street, Suite 2900
17     Kansas City, MO 64106
       Telephone: (816) 842-8600
18     Facsimile: (816) 412-1051
       Email:  dbukovac@stinson.com
19
       SARAH G. FLANAGAN (CA Bar No. 70845)
20     PILLSBURY WINTHROP SHAW PITTMAN LLP
       50 Fremont Street
21     P.O. Box 7880
       San Francisco, CA  94120-7880
22     Telephone: (415) 983-1000
       Facsimile: (415) 983-1200
23     Email: sarah.flanagan@pillsburylaw.com

24     *Attorneys for SESVanderHave USA, Inc.*

25

26

27

28

-15-
STIPULATED PROTECTIVE ORDER
Case No. 3:08-cv-00484-JSW

HOWREY LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-16-
STIPULATED PROTECTIVE ORDER    Case No. 3:08-cv-00484-JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ORDER</u>**

**IT IS SO ORDERED.**

Dated:  <u>February 9</u>         , 2010

_____
United States District Judge

-17-
STIPULATED PROTECTIVE ORDER                 Case No. 3:08-cv-00484-JSW

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT**

I, _____, hereby acknowledge, agree and certify under penalty of perjury that:

1.      I have read the Stipulation and Protective Order Regarding Confidentiality of Documents and Other Information Produced in Discovery ("Order"), entered in the civil action captioned *Center for Food Safety et al. v. Thomas J. Vilsack et al*., Civil Action No. 3:08-cv-00484-JSW, in the United States District Court for the Northern District of California.

2.      I understand the terms of the Order.

3.      I hereby agree to be bound by the terms of the Order and understand that a violation thereof may subject me to contempt proceedings and to legal and equitable remedies, including damages.

4.      I understand and agree that money damages would not be a sufficient remedy for breach of this Undertaking and that a party that asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach.  I agree to waive any requirement for the securing or posting of any bond in connection with such remedy.  Such remedy shall not be deemed to be the exclusive remedy for breach of this Undertaking but shall be in addition to all remedies available at law or equity.

5.      I hereby irrevocably submit to the jurisdiction of the United States District Court for the Northern District of California, or any other court of competent jurisdiction, for purposes of ensuring

//

//

-1-
CONFIDENTIALITY AGREEMENT
Case No. 3:08-cv-00484-JSW

1   compliance with the terms and conditions of the Order and for civil remedies in the form of legal and

2   equitable relief, including damages, for any breach thereof.

3          Executed on _____.

4

5

6                                        _____

7                                        Print Name

8                                        _____

9                                        Signature

10

11                                       _____

12                                       Title

13

14                                       _____

15                                       Company

16

17

18

19

20

21

22

23

24

25

26

27

28