Joanne Lichtman (SBN 137300)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071-2627
Telephone: (213) 892-1800
Facsimile: (213) 892-2300
Email: lichtmanj@howrey.com

Gilbert S. Keteltas (*Pro Hac Vice*)
John F. Bruce (*Pro Hac Vice*)
Christopher H. Marraro (*Pro Hac Vice*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

*Attorneys for Grower and Processor Defendant-Intervenors*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Center for Food Safety, *et al.*,

    Plaintiffs,

v.

Thomas J. Vilsack, *et al.*,

    Defendants.

CASE NO. C-08-0484 JSW

**DEFENDANT-INTERVENORS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF COUNSEL AND TO SHORTEN TIME**

HOWREY LLP

DEFENDANT-INTERVENORS' CONSOLIDATED OPPOSITION TO
PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL
DECLARATION OF COUNSEL AND TO SHORTEN TIME
CASE NO. 08-0484 JSW

Neither plaintiffs' initial brief, nor their Reply Memorandum in Support of their Motion for a Preliminary Injunction, established any immediate irreparable harm that could justify the preliminary injunctive relief plaintiffs seek. Indeed, plaintiffs' Reply Memorandum focused largely on the balance of harms, attempting to knit together a series of newspaper articles and other unauthenticated hearsay exhibits to give the impression that this nation's eight sugarbeet processors, and the thousands of family farms that own the processors, actually have sufficient conventional non-Roundup Ready seed for 2010 planting. This is untrue.[1]

Plaintiffs' most recent submission contains similar materials attempting to deflect attention from their burden to establish immediate irreparable harm. Again, plaintiffs' proposed supplemental material is supported only by an attorney affidavit without any sponsoring witness or authentication. *And these hearsay materials relate to only one of the eight sugarbeet processors, and do not call into question the fundamental truth that, without planting Roundup Ready sugarbeet seed in 2010-11, massive harm will occur throughout this industry and with widespread consequences in other economic sectors.*

Plaintiffs' selective approach to the identification and presentation of "evidence" for a long-delayed preliminary injunction request that effectively seeks permanent relief would circumvent the process the Court put in place to develop and illuminate the record leading up to a June remedies hearing. Plaintiffs' request should be denied. If, however, the Court grants plaintiffs' motion, intervenors ask that the Court also accept the proposed Supplemental Declaration of David Berg, submitted herewith, which places the submitted documents in their proper context.

**1. The proposed documents submitted are of marginal relevance and should not be considered without an evidentiary hearing.**

Plaintiffs submit a select few documents that discuss some of the contingency planning of a single sugarbeet processor, American Crystal. American Crystal is unique among the processors because it has its own seed division. Incomplete hearsay statements relating to this

---

[1] See Declaration of Susan Henley Manning (Dkt. #254) at ¶¶ 12-17; Declaration of Richard J. Sexton (Dkt #262) at ¶¶ 16-17; Declaration of Daniel Colacicco (Dkt. #272) at ¶¶ 15-33.

HOWREY LLP

1

DEFENDANT-INTERVENORS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF COUNSEL AND TO SHORTEN TIME
CASE NO. 08-0484 JSW

1 sugarbeet processor with its own seed division have no bearing on whether the seven other
2 sugarbeet processors, or the industry as a whole, has conventional seed sufficient for 2010
3 sugarbeet root crop planting.  *Compare* Pls.' Reply Mem. Supp. Mot. Prelim. Inj. at 5-11 *with*
4 Exs. 55-69 to Achitoff Decl. (all relating exclusively to American Crystal Sugar Company—and
5 not to the seven other major processors that constitute the largest part of the market).  Indeed, the
6 proposed documents do not support plaintiffs' assertion that American Crystal has the
7 conventional seed it needs for 2010 and could survive without Roundup Ready seed in 2011.
8 Nor do they even purport to address whether it was reasonable to expect American Crystal to
9 commit $15 to $25 million of its growers' money to a contingency plan with uncertain outcomes
10 based solely on the possibility that plaintiffs might do what they had not done in the years this
11 case was pending—file a preliminary injunction motion and attempt to assert irreparable harm.
12 In contrast to the speculation of counsel based on a small subset of unauthenticated documents,
13 an evidentiary hearing would allow the Court to actually assess these issues on a full record.

14        Like the attorney declaration and exhibits that are the subject of intervenors' February
15 24th evidentiary objections, the latest declaration and collected attachments are insufficient to
16 support injunctive relief, as they are vague, speculative, lack foundation, mischaracterize the
17 evidence, rely on hearsay, and contain inadmissible lay opinions.[2]

18        If this Court determines that the facts concerning a single uniquely situated processor are
19 relevant to the case, it should have access to facts rather than attorney declarations submitted
20 after intervenors' response.  And because these issues are thoroughly disputed and plaintiffs'
21 proposed relief would have unambiguously permanent effects across this nation, that relief
22 cannot be granted without an evidentiary hearing.  *Charlton v. Estate of* Charlton, 841 F.2d 988,
23 989 (9th Cir. 1988).

24        **2.    The parties are in the midst of discovery, and plaintiffs' claims of late**
25              **production are misleading at best.**

26        Plaintiffs' suggestion that they are the victims of late production is incorrect as all parties

---

[2] *See generally* Intervenor-Defendants' Objections to Plaintiffs' Declarations and Exhibits (Dkt. #292) (Feb. 24, 2010).

HOWREY LLP

2

DEFENDANT-INTERVENORS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF COUNSEL AND TO SHORTEN TIME
CASE NO. 08-0484 JSW

1 are in the midst of discovery. Indeed, to put plaintiffs' request in context, the Court should
2 understand that just yesterday *plaintiffs* indicated for the first time that they had 36 megabytes of
3 additional electronically stored information to produce to defendants and intervenors.[3] Those
4 documents were produced this afternoon. This would, of course, be no problem if we remained
5 focused on the June remedies hearing and briefing that begins on March 12. But if plaintiffs'
6 motion for leave is granted it will open the door to additional submissions by defendants and
7 intervenors if and when plaintiffs complete their production (as well as even more piecemeal
8 submissions by plaintiffs should defendants or intervenors produce any more materials). And
9 this scattered approach to the presentation of "evidence" raises questions about the completeness
10 of the record being presented to the Court on preliminary injunction.

11 Moreover, plaintiffs give an incomplete picture of the discovery process. Although
12 plaintiffs argue that this is not a discovery dispute (to avoid the meet and confer requirements
13 that a discovery dispute would present), it sure sounds like one. Plaintiffs essentially claim that
14 documents needed for their preliminary injunction motion were not supplied in a timely fashion.
15 Individual intervenors began production of documents prior to the date plaintiffs identify, in
16 some cases as early as January. And plaintiffs did not even ask intervenors to prioritize
17 documents relating to their preliminary injunction reply until close of business on February 12.
18 Intervenors responded to that new request with productions beginning two business days later
19 (and concluding in time for plaintiffs' filing – indeed, plaintiffs attached many American Crystal
20 documents to its reply).[4]

21 //
22 //
23

---

[3] *See* Email from Paige Thomaselli to Gilbert Keteltas, March 1, 2010, attached as Exhibit A to Declaration of Gilbert S. Keteltas ("Plaintiffs would like to produce additional documents today, including some of the documents you requested during the meet and confer last week. In total, the supplemental production is about 36 MB.").

[4] Many of the documents produced, including nearly all the documents plaintiffs attach to their motion, required confidentiality designations. The parties did not reach consensus on a confidentiality agreement and file that agreement with the Court until February 8th.

28

HOWREY LLP

3

DEFENDANT-INTERVENORS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF COUNSEL AND TO SHORTEN TIME
CASE NO. 08-0484 JSW

1  By his signature below, counsel for grower and processor defendant-intervenors attests
2  under penalty of perjury that he has authority to submit this response on behalf of all defendant-
3  intervenors.

4  Dated: March 2, 2010                    Respectfully submitted,

By: */s Gilbert S. Keteltas*
Gilbert S. Keteltas (admitted pro hac vice)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

*Attorneys for American Sugarbeet Growers Association, Ervin Schlemmer, Mark Wettstein, Duane Grant, John Snyder, Jr., United States Beet Sugar Association, American Crystal Sugar Company, The Amalgamated Sugar Company LLC, Western Sugar Cooperative and Wyoming Sugar Company LLC*

HOWREY LLP

4

DEFENDANT-INTERVENORS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF COUNSEL AND TO SHORTEN TIME
CASE NO. 08-0484 JSW