UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE JUDGE

CENTER FOR FOOD SAFETY, et al.,  )
        Plaintiffs,  )
        v.  ) NO. C08-00484 JSW
CHARLES CONNOR, et al.,  )
        Defendants.  )

San Francisco, California
Thursday, April 29, 2010

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES BY TELEPHONE:**

| | |
|---|---|
| For Plaintiff | Earthjustice<br>223 South King Street, Suite 400<br>Honolulu, HI 96813-4501<br>**BY: PAUL HENRY ACHITOFF, ESQ.** |
| For Plaintiff | Center for Food Safety<br>2601 Mission Street, Suite 803<br>San Francisco, CA 94110<br>**BY: PAIGE MICHELE TOMASELLI, ESQ.** |

APPEARANCES CONTINUED ON THE NEXT PAGE

Reported By:    CHRISTINE TRISKA, CSR 12826
                   Pro-Tem Reporter

CONTINUED:

| | |
|---|---|
| Intervenor Defendant<br>Betaseed | Debevoise & Plimpton, LLP<br>919 Third Avenue<br>New York, NY 10022<br>**BY: WILLIAM C. WEEKS, ESQ.** |
| Intervenor Defendant<br>SESVanderHave USA | Stinson Morrison Hecker, LLP<br>1201 Walnut Street, Suite 2900<br>Kansas City, MO 64106-2150<br>**BY: DANIEL BUKOVAC, ESQ.** |
| Intervenor Defendant<br>Syngenta Seeds | Holland & Hart, LLP<br>975 F Street, N.W., Suite 900<br>Washington, D.C. 20004<br>**BY: NANCY SOUTHARD BRYSON, ESQ.** |
| Intervenor Defendant<br>Monsanto Company | Latham & Watkins<br>555 Eleventh Street, N.W.<br>Suite 1000<br>Washington, D.C. 20004<br>**BY: JANICE M. SCHNEIDER, ESQ.** |

Thursday, April 29, 2010

2:03 p.m.

**P R O C E E D I N G S**

**THE CLERK:** Calling case number C08-0484, Center for Food Safety versus Charles Connor. Counsel, please state your appearances.

**MR. ACHITOFF:** This is Paul Achitoff for the plaintiff. Appearing with me is Paige Tomaselli, also for the plaintiffs.

**MR. BUKOVAC:** This is Daniel Bukovac representing defendant intervenor SESVanderHave, USA, Inc.

**MR. WEEKS:** This is William Weeks representing defendant intervenor Betaseed, Inc.

**MS. BRYSON:** This is Nancy Bryson representing defendant intervenor Syngenta Seeds.

**MS. SCHNEIDER:** This is Janice Schneider representing defendant intervenor Monsanto Company.

**THE COURT:** You are all going to have to speak up somewhat. I could barely hear Ms. Schneider when she made her appearance for defendant intervenor Monsanto.

But this matter affect certain requests made by the plaintiff to the intervenor seed companies. And the first thing I wanted to ask is, there seem to be some ambiguity in the joint letter of April 21, 2010, which I thank you for. It's an excellent letter and lays out the issue for both

4

sides very well.

At some point Betaseed had suggested a compromise where it or maybe other seed companies would waive the work-product claim for contingency planning up through March 16, 2010, the date that Judge White denied the preliminary injunction, in exchange for an agreement by the plaintiffs not to pursue like documents created after that date, and there was some ambiguity about who would or would not agree to that. And I just wanted to see if that was still a viable option.

So let me start with the plaintiff.

**MR. ACHITOFF:** This is Paul Achitoff. Judge Spero, are you addressing that question to any party in particular?

**THE COURT:** Everyone. Will you agree to that still?

**MR. ACHITOFF:** Well, just speaking for plaintiffs, frankly, you know, at the time that it was withdrawn -- taken off the table by Betaseed the plaintiffs were still debating it internally and frankly had not reached a conclusion about whether they would have -- plaintiffs would have accepted that. So we never actually completed those discussions.

**THE COURT:** Good.

**MR. ACHITOFF:** We were of two minds about it.

**THE COURT:** Well, it seems to make sense to me. Will you agree to it now?

**MR. ACHITOFF:** Well, if the Court were to order it, of course, we would -- that would be that.

1     If it were proposed now and everybody were willing
2 to do it I think that plaintiff's position is that -- well,
3 let me explain, Judge, why we have difficulty with the
4 proposal.
5     **THE COURT:**  Listen, I'm not actually inviting a
6 negotiation here.  There was an ambiguity, and it seemed to make
7 sense.  If people don't want to agree to it they don't have to.
8 I just wanted to know, will you agree to it?  And I thought
9 there might be a simple way through this.  If there turns out
10 not to be we will move on to the next step.  That's perfectly --
11 you can say "yes" or you can say "no."
12     **MR. ACHITOFF:**  I understand, and I'll limit myself to
13 that.  But there's an ambiguity in what is being put on the
14 table that I would appreciate clarification from somebody on
15 before I can say "yes" or "no" to it.
16     **THE COURT:**  What's that?
17     **MR. ACHITOFF:**  Okay.  Our assumption is that if
18 a -- if Betaseed or anybody else were to subsequently have an
19 expert testify based upon such information post -- sounds like
20 my hotel alarm is going off for some reason.  Sorry about that.
21 Maybe it stopped.  Sorry.
22     If Betaseed -- I'm sorry.  There's an announcement
23 being made.  There's a fire alarm in my hotel.
24         (Pause in proceedings.)
25     **THE COURT:**  I guess you have to leave us.

```
 1                MR. ACHITOFF:  Can everybody hear that?
 2                THE COURT:  Is Ms. Tomaselli still on the phone?
 3                So do you have a cell phone number?  You have to
 4   leave.
 5                MR. ACHITOFF:  What would you like to do?
 6                THE COURT:  Give me your cell phone number and go exit
 7   the building.
 8                MR. ACHITOFF:  I'm sorry.  I can't hear.
 9                THE COURT:  Tell me your cell phone.
10                MR. ACHITOFF:  (808)262-8283.
11                THE COURT:  Okay.  And while -- and I'm just going to
12   see if the other sides are willing to go along with that while
13   you are exiting the building, and then we will call you back.
14                MR. ACHITOFF:  I'm going to hang up now then.  Thanks.
15                THE COURT:  Bye.  That's fantastic.
16                MS. BRYSON:  Your Honor --
17                THE COURT:  Ma'am, here's the question -- and you are
18   going to have to speak up because the court reporter can't hear
19   you.
20                Going through each of the intervenor seed companies
21   will they agree to it?  You are one of them, so go ahead.
22                MS. BRYSON:  Our answer is yes.
23                THE COURT:  So that's Syngenta.
24                MS. BRYSON:  Yes.
25                THE COURT:  So Syngenta, yes.  And that's Ms. Bryson.
```

1  **MS. BRYSON:** Yes.

2  **THE COURT:** Okay. And what about Betaseed?

3  **MR. WEEKS:** This is William Weeks for Betaseed. Unfortunately I'm not the person who spoke with Betaseed and Mr. Achitoff about this proposal. Depending upon Mr. Bukovac's answer I would think it would be likely that Betaseed would also agree, but I am not in a position to bind them right now.

8  **THE COURT:** Oh, that's not acceptable. You are the person on the phone. You are the person at the hearing. You have to have the power to bind.

11  **MR. WEEKS:** Sorry, Judge.

12  **THE COURT:** Sorry? I appreciate the apology, but actually not doing what you are supposed to do, which is put somebody who can bind the client in front of the Court, is not something one can apologize for. So -- but maybe we'll see what happens.

17  Mr. Bukovac, will SESVanderHave go along with this?

18  **MR. BUKOVAC:** Judge, SESVanderHave will not go along with it today. What we told Mr. Achitoff on the phone when this proposal was made -- when Betaseed made the proposal was that before -- I report to a management team of three people -- that before we start analyzing this issue we wanted to know whether plaintiffs would agree to it in the first place and then -- the next we heard was that the offer had been withdrawn, so we didn't pursue the matter.

1  So I don't have -- so I can't agree to it today.

2  **THE COURT:** Great. Well, let me just say, for future
3  references whenever there's a compromise proposal put on the
4  table I want you to run it to ground and have a position on it,
5  because the way I do these things is I go for the compromise
6  proposals if I possibly can, because I think these things are
7  much better negotiated by the lawyers then they are decided by
8  the judge. So for future reference I expect everyone to
9  actually have a position on any compromise proposal put forward
10 by anyone.

11  What do you want to do? My guess is that in the end
12 everybody will go for this proposal, and it makes a certain
13 amount of sense.

14  Do you think we ought to -- what do you think we
15 ought to do from the defendants' point of view? Maybe we
16 could start with you, Mr. Bukovac.

17  **MR. BUKOVAC:** This is Dan Bukovac representing
18 SESVanderHave. My client was not disagreeing with this proposal
19 on principle. It's just that after Betaseed withdrew the
20 proposal they just really didn't analyze it, and there was
21 enough going on in the lawsuit that my focus shifted.

22  So this might be a quick way to resolve this,
23 depending on what -- when Mr. Achitoff gets back on the
24 phone, if he tells us that this is something likely that he
25 would seriously consider, then we can probably get a decision

1  pretty quickly.
2          **THE COURT:** And Mr. Weeks, you are Betaseed counsel.
3  I understand that you weren't the person on the phone on these
4  matters, but what's the status with Betaseed?
5          **MR. WEEKS:** I would echo what Mr. Bukovac just said.
6  I would think that we could have a quick resolution, quick
7  answer if that were on the table.
8          **THE COURT:** Okay. Karen, would you please -- he
9  should be outside the building now -- get Mr. Achitoff back on
10 the phone?
11         **THE CLERK:** I need to put everybody on hold.
12         **THE COURT:** We are going to go off the record while we
13 do this.
14                 (Pause in proceedings.)
15         **THE COURT:** All right. Could we please go back on the
16 record?
17         Mr. Achitoff is with us now. Fortunately, the fire
18 alarm turned out to be a false alarm.
19         And so what we've been doing, Mr. Achitoff, while
20 you were trying to escape from the building was go through
21 each of the intervenor seed companies and get their position,
22 and Syngenta said that they would go along with the proposal
23 as they understood it.
24         Betaseed and SESVanderHave USA, Inc. said that they
25 weren't in a position on the phone today to say "yes," but

1   that if you were willing to go along with it we might be able
2   to short-circuit this whole thing, which I took it as a
3   positive indication even if they couldn't bind the client
4   today.
5           Is that a fair, just, encapsulation of what's happened
6   while Mr. Achitoff was off the phone?  I don't think -- if I've
7   mischaracterized anybody's thoughts on this please speak up.
8           **MR. BUKOVAC:**  This is Dan Bukovac for SESVanderHave.
9   That's fair, Judge.
10          **MS. BRYSON:**  This is Nancy Bryson.  That's fair,
11  Judge.  I object to whatever Mr. Achitoff is going to say about
12  ambiguity.
13          **THE COURT:**  Oh, yeah.  Sure.
14          **MR. WEEKS:**  This is William Weeks.  Yes, that's fair.
15          **THE COURT:**  You were going to say there was an
16  ambiguity that you were concerned about, Mr. Achitoff.
17          **MR. ACHITOFF:**  Well, I just want to be clear that --
18  thank you -- that this proposal would mean that plaintiffs
19  are -- would be waiving any right they might otherwise have to
20  those documents post-March 16; in other words, even assuming for
21  the sake of discussion that plaintiffs were entitled to them
22  they are giving up that right by agreeing to this as a
23  compromise; is that correct?
24          **THE COURT:**  That's the way I understood the proposal
25  in exchange for getting documents that pre-March 16th, 2010 with

a waiver of work product as to those documents, if plaintiffs were willing to give up their right, if they had one, to the same types of documents post-March 16, 2010.

**MR. ACHITOFF:** Thank you. All right. Well, in any event, if the intervenors are willing to do that then plaintiffs will as well.

**THE COURT:** Okay. So we may have a simple way through this. Here's my suggestion. Why don't -- we've gotten an answer from -- we need an answer from the other two companies.

So why don't you go and figure out an answer and contact Mr. Achitoff? If the parties have resolved the matter on that basis, fax me a letter. If the parties have not resolved it on that basis, fax me a letter, and it just can say, "It's resolved" or "It's not resolved."

If it's not resolved I'll get you all back on the phone and we'll proceed to the substance of the motion of the letter, and we could do that in short order.

**MS. BRYSON:** May I ask a question again, Judge?

**THE COURT:** Yes. Please identify yourself.

**MS. BRYSON:** As between Syngenta and plaintiffs it seems we have an agreement. If this agreement is sellable with respect to less than all parties is what I'm asking.

**THE COURT:** Well, it's up to you. Is that all right for the plaintiff?

**THE REPORTER:** Can you speak up? Ms. Bryce, is it?

1     **THE COURT:** Ms. Bryson.

2     **MS. BRYSON:** Ms. Bryson. I apologize.

3     As we seem to have agreement between plaintiff and
4 my client, Syngenta Seed, it seems that regardless of what
5 happens with other counsel we can fax a letter that the
6 defendant-intervenor dispute as between the two of us is
7 resolved on this basis. That's what I was asking for
8 clarification on.

9     **MR. ACHITOFF:** I see. This is Paul Achitoff for
10 plaintiffs. I agree. We would prefer to just have the matter
11 resolved among all parties in one way or the other way. So I
12 suggest you hold off on that until we hear from the other
13 parties.

14    **THE COURT:** Well, you are the master of your own
15 agreements, so for the moment that's fine.

16    What about -- how quickly could we get -- could we
17 get an answer tomorrow from Betaseed and SESVanderHave?

18    **MR. BUKOVAC:** This is Dan Bukovac speaking for
19 SESVanderHave, Judge. I did find out today that the CEO of the
20 company went into the hospital, but, I mean, he's not in a coma
21 or anything, and I think there's maybe some way to communicate
22 with him. So we will do my best, but I just did want to mention
23 that to the Court that that might somewhat complicate matters.
24 I'm not sure whether a surgery is expected or what. I'll try my
25 best to start on that this afternoon because I don't think he

```
 1  was in surgery today.
 2          THE COURT:  All right, and -- but what about from
 3  Betaseed?  Do you think you could get an answer by tomorrow?
 4          MR. WEEKS:  I will start trying right away, although
 5  I -- multiple people who are going to be involved are out of
 6  town today and tomorrow, so if it were possible to say Monday
 7  that would make it easier.
 8          THE COURT:  What's my calendar for Tuesday, Karen?
 9          THE CLERK:  We just have the criminal calendar at
10  9:30.  I can't remember how many defendants on Tuesday.  I think
11  we have four defendants.  I forgot to log out from upstairs, but
12  we can look up here.
13          THE COURT:  Well, here's what we will do.  By noon on
14  Monday I'd like a letter saying it's happened or it hasn't
15  happened on -- if it has happened, great; if it hasn't happened
16  then we will have a telephonic hearing on Tuesday.  I will tell
17  you the time after I --
18          THE CLERK:  We have six criminal matters right now at
19  9:30 on Tuesday.
20          THE COURT:  All right.  If we don't have a
21  resolution -- if the answer is "no" on Monday then I propose to
22  have a telephonic hearing of this type on Tuesday at 11 a.m.,
23  if that works with everyone's calendars.
24          Anyone have a problem with that time if we have to
25  have a hearing?
```

1  **MR. BUKOVAC:** Judge, this is Dan Bukovac speaking. If
2  at all possible I may have to do that on a cell phone on Monday
3  as opposed to a land line, but if the Court can agree to -- if
4  the Court is willing to let me use a cell phone. I'm going to
5  be traveling, but I think I can make myself available.
6  **THE COURT:** Okay. Is everyone else okay with that
7  time?
8  **MS. SCHNEIDER:** Your Honor, this is Janice Schneider.
9  I will be on a flight. But the Monsanto Company will have
10 another attorney representing them at that time.
11 **MS. BRYSON:** Your Honor, this is Nancy Bryson. I will
12 also be on a flight. I can have someone else represent
13 Syngenta.
14 **THE COURT:** Okay.
15 **MR. ACHITOFF:** Paul Achitoff. I'm sure that I can be
16 available, but I'm not at all sure I can be near a land line at
17 that time. So if the Court would allow me to use my cell phone,
18 then that's not a problem at all.
19 **THE COURT:** Okay. Anyone else?
20 **MR. WEEKS:** William Weeks for Betaseed. Just to
21 clarify, we are talking about Tuesday at 11 a.m.?
22 **MS. BRYSON:** Pacific time.
23 **THE COURT:** Yeah. Pacific time.
24 **MR. WEEKS:** That should be fine for Betaseed.
25 **THE COURT:** Okay. So we will try it with cell phones.

1If it turns out to be unworkable we will figure something else
out, but let's do it if we have to.

There will be a hearing at 11 a.m. on Tuesday, but I would like a letter by noon Pacific time on Monday as to whether the matter has been resolved.

Okay?  All right.  I don't think there's anything else we need to discuss right now, is there?

**THE CLERK:** They will just tell me who is appearing -- all those people that aren't here today --

**THE COURT:** You are going to have various telephone numbers and people who are appearing on this thing on Tuesday. If you do, would you E-file a letter with the name and telephone number of whoever you want us to get on the phone for that hearing?

**MR. BUKOVAC:** And we E-file a letter telling you "yes" or "no" on the compromise; correct?

**THE COURT:** Yes; that's correct.  I'm stuck in the dark ages when I said "fax."  I mean E-file.  Okay.  Thank you all.

**MS. BRYSON:** Thank you.

**MR. WEEKS:** Thank you, Judge.

**THE CLERK:** The Court stands in recess.

(The proceedings concluded at 2:25 p.m.)

Christine A. Triska, CSR 12826
Pro-Tem Reporter -- U.S. District Court
(650) 743-8425

## CERTIFICATE OF REPORTER

I, CHRISTINE TRISKA, Pro-Tem Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in Case No. C08-0484, Center for Food Safety versus Charles Connor, et al. were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____/S/ Christine Triska_____

Christine Triska, CSR 12826, RPR

Monday, May 24, 2010