PAGES 1 - 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JOSEPH C. SPERO

CENTER FOR FOOD SAFETY, ET AL., PLAINTIFFS,

VS.

CHARLES CONNOR, ET AL., DEFENDANTS.

NO. C 08-00484 JSW

SAN FRANCISCO, CALIFORNIA
TUESDAY
MAY 4, 2010

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES (VIA TELEPHONE):**

**FOR PLAINTIFFS**
EARTHJUSTICE
223 SOUTH KING STREET, SUITE 400
HONOLULU, HAWAII 96813-4501
**BY: PAUL HENRY ACHITOFF, ESQUIRE**

CENTER FOR FOOD SAFETY
2601 MISSION STREET, SUITE 603
SAN FRANCISCO, CALIFORNIA 94110
**BY: PAIGE MICHELE TOMASELLI, ESQUIRE**

**FOR DEFENDANT INTERVENOR BETASEED**
DEBEVOISE & PLIMPTON, LLP
919 THIRD AVENUE
NEW YORK, NEW YORK 10022
**BY: HARRY ZIRLIN, ESQUIRE**
**WILLIAM C. WEEKS, ESQUIRE**

(FURTHER APPEARANCES ON FOLLOWING PAGE)

***REPORTED BY: JOAN MARIE COLUMBINI, CSR #5435, RPR***
***OFFICIAL COURT REPORTER, U.S. DISTRICT COURT***

**APPEARANCES (VIA TELEPHONE CONTINUED):**

| | |
|---|---|
| **FOR DEFENDANT INTERVENOR SESVANDERHAVE USA** | STINSON, MORRISON, HECKER, LLP<br>1201 WALNUT STREET, SUITE 2900<br>KANSAS CITY, MISSOURI 64106 |
| **BY:** | **DANIEL BUKOVAC, ESQUIRE** |
| **FOR DEFENDANT INTERVENOR SYGENTA SEEDS** | HOLLAND & HART, LLP<br>975 F STREET, N.W., SUITE 900<br>WASHINGTON, D.C. 20004 |
| **BY:** | **NANCY SOUTHARD BRYSON, ESQUIRE** |

**PROCEEDINGS; TUESDAY, MAY 4, 2010**

**THE CLERK:** CALLING CASE C 08-0484, CENTER FOR FOOD SAFETY VERSUS CHARLES CONNOR.

COUNSEL, PLEASE STATE YOUR APPEARANCES.

**MR. ACHITOFF:** PAUL ACHITOFF AND PAIGE TOMASELLI APPEARING FOR THE PLAINTIFF.

**MR. ZIRLIN:** HARRY ZIRLIN AND WILLIAM WEEKS APPEARING FOR DEFENDANT INTERVENOR BETASEED, INC.

**MR. BUKOVAC:** DANIEL BUKOVAC APPEARING FOR DEFENDANT INTERVENOR SESVANDERHAVE.

**MS. BRYSON:** NANCY BRYSON APPEARING FOR DEFENDANT INTERVENOR SYNGENTA SEED.

**THE COURT:** IS THAT IT? OKAY. THANK YOU.

SO AS I UNDERSTAND THE STATE OF PLAY, THE PLAINTIFFS AND THE DEFENDANTS SESVANDERHAVE AND SYNGENTA HAVE REACHED AN AGREEMENT TO RESOLVE THIS PARTICULAR DISCOVERY DISPUTE, AND THAT THE PLAINTIFFS AND BETASEED HAVE NOT?

**MR. ZIRLIN:** HARRY ZIRLIN FOR DEFENDANT INTERVENOR BETASEED.

THAT'S CORRECT, YOUR HONOR. BETASEED HAS NOT REACHED A COMPROMISE WITH THE PLAINTIFFS.

**THE COURT:** AND AS I UNDERSTAND IT, THE COMPROMISE BETWEEN THE PLAINTIFFS AND THE OTHER TWO INTERVENORS, IF I CAN CALL THEM THAT, IS NOT CONTINGENT ON -- THAT'S A RESOLUTION OF

THAT DISPUTE, AND THEN THE COURT WILL GO ON TO RULE ON THE BETASEED MATTER, BUT IT'S NOT CONTINGENT ON THE RESOLUTION OF THE BETASEED; IS THAT CORRECT?

**MR. ACHITOFF:** THAT IS CORRECT, YOUR HONOR. THIS IS PAUL ACHITOFF.

**THE COURT:** OKAY. AND AS I UNDERSTAND IT, THE RESOLUTION OF THAT DISPUTE IS THAT SYNGENTA AND SESVANDERHAVE HAVE WAIVED WORK PRODUCT CLAIMS WITH RESPECT TO CONTINGENCY PLANS AND RELATED DOCUMENTS THAT WERE DATED BEFORE JUDGE WHITE'S MARCH 16, 2010 ORDER, AND THAT THOSE WILL BE PRODUCED; IS THAT CORRECT?

**MR. BUKOVAC:** YOUR HONOR, THIS IS DANIEL BUKOVAC FOR SESVANDERHAVE.

ONE ADDITIONAL PROVISO, THAT THE WAIVER GOES TO CONTINGENCY PLANNING DOCUMENTS RESPONSIVE TO REQUEST 18 AND THAT ARE PROTECTED BY THE WORK PRODUCT DOCTRINE.

**THE COURT:** WITH THAT MODIFICATION, IS THAT THE AGREEMENT AS PLAINTIFFS UNDERSTAND IT?

**MR. ACHITOFF:** THIS IS PAUL ACHITOFF.

YES, YOUR HONOR.

**THE COURT:** AND DOES SYNGENTA AGREE?

**MS. BRYSON:** YES, YOUR HONOR, WITH ONE ADDITIONAL CAVEAT, THAT IS, THE PLAINTIFFS' AGREEMENT THAT THEY WILL NOT SEEK SUCH DOCUMENTS THAT WERE CREATED AFTER MARCH 16.

**THE COURT:** I THINK THAT -- FROM THESE TWO

INTERVENORS, I THINK THAT WAS PART OF THE UNDERSTANDING. IS THAT CORRECT, FROM THE PLAINTIFFS' PERSPECTIVE?

**MR. ACHITOFF:** THIS IS PAUL ACHITOFF.

YES, YOUR HONOR.

**THE COURT:** ALL RIGHT. SO THAT RESOLVES THAT ISSUE. YOU ARE WELCOME TO STAY ON THE LINE FOR THE NEXT PART AND SEE WHETHER THE AGREEMENT YOU MADE LOOKS AS GOOD, OR WORSE, OR BETTER AFTER THE RULING.

MY THOUGHT ON THE RULING IS THAT IT'S PREMATURE TO RULE. THE NUANCES OF -- THERE'S NOT AN ISSUE ABOUT WHETHER OR NOT THIS WORK PRODUCT IS WORK PRODUCT. THE ISSUE IS WHETHER OR NOT THERE'S A SUFFICIENT SHOWING TO JUSTIFY ITS PRODUCTION NONETHELESS, AND THAT IS A NUANCED DECISION THAT I THINK REQUIRES MORE THAN SOME OVERALL DESCRIPTION OF A CATEGORY OF INFORMATION.

SO WHAT I WOULD INTEND TO DO -- AND I'M HAPPY TO TAKE YOUR ARGUMENT ON THIS -- IS DENY THE MOTION TO COMPEL WITHOUT PREJUDICE TO RENEWING IT AFTER THE PRIVILEGE LOG HAS BEEN PRODUCED SO I CAN KNOW WHAT WE'RE ACTUALLY TALKING ABOUT.

WOULD ANYONE FROM PLAINTIFF OR BETASEED LIKE TO SPEAK TO THAT TENTATIVE?

**MR. ACHITOFF:** THIS IS PAUL ACHITOFF. A FEW WORDS, YOUR HONOR.

THE MAJOR ISSUE THAT PLAINTIFFS HAVE WITH THAT TYPE OF RESOLUTION IS ONE OF TIMING. THE PLAINTIFF WILL HAVE TO BE

FILING THEIR FINAL BRIEF IN THIS MATTER BY -- I BELIEVE IT'S JUNE 4TH. AND SO WE, OBVIOUSLY, WOULD NEED TO RECEIVE ANY RECORD IN TIME TO BE ABLE TO INCORPORATE THEM, IF NEED BE, INTO THAT BRIEF.

THE PRIVILEGE LOG BY AGREEMENT OF THE PARTIES, IF I'M NOT MISTAKEN -- SOMEONE PLEASE CORRECT ME IF I'M WRONG HERE, BUT I BELIEVE THEY ARE NOT DUE TO BE EXCHANGED UNTIL MAY 15TH.

IF WE DON'T HAVE A RESOLUTION SOONER, MY CONCERN IS THAT THE PRIVILEGE LOG GETS PRODUCED. THE COURT THEN VIEWS THEM. IF THE COURT WERE DISPOSED TO REQUIRE THE PRODUCTION OF RECORDS FROM BETASEED AT THAT POINT, THEN BETASEED WOULD, PRESUMABLY, YOU KNOW, REQUIRE SOME PERIOD OF TIME TO PRODUCE THEM, AND WE'RE LOOKING AT A SITUATION WHERE PLAINTIFFS WILL BE LUCKY TO GET ANY RECORDS A COUPLE OF DAYS BEFORE OUR BRIEF HAS TO BE FILED. AND THAT'S, FRANKLY, NOT A PROSPECT THAT IS VERY APPEALING WHEN PLAINTIFFS ACTUALLY HAVE BEEN DISCUSSING THIS ISSUE WITH THESE PARTIES FOR A MONTH NOW.

**THE COURT:** YOU KNOW, HOW DO I DO IT? I DON'T KNOW WHAT THE DOCUMENTS ARE. I JUST DON'T UNDERSTAND HOW I CAN DECIDE AN ISSUE OF THE DEGREE TO WHICH YOU MUST HAVE THESE PARTICULAR DOCUMENTS WITHOUT SEEING THE DOCUMENTS.

**MR. ZIRLIN:** YOUR HONOR, THIS IS HARRY ZIRLIN REPRESENTING BETASEED.

WE CAN -- MR. ACHITOFF IS ABSOLUTELY CORRECT THAT THE PRIVILEGE LOGS ARE DUE, BY AGREEMENT OF THE PARTIES, MAY 15TH.

TODAY IS MAY 4TH, RIGHT? WE CAN HAVE THE PRIVILEGE LOG TO MR. ACHITOFF EITHER LATER TODAY -- MR. WEEKS IS TELLING ME -- I MEAN, WE WILL GIVE HIM A PRIVILEGE LOG OF THE DOCUMENTS WE ARE WITHHOLDING PURSUANT TO THIS WORK PRODUCT, IN OTHER WORDS, THE DOCUMENT AT ISSUE -- TODAY IS TUESDAY? THURSDAY.

**THE COURT:** THAT WOULD BE MAY 6TH.

**MR. ACHITOFF:** I APPRECIATE THAT. AND THIS IS PAUL ACHITOFF. I APPRECIATE THAT, AND, CLEARLY, THAT CAN ONLY BE HELPFUL.

THEN THE ISSUE BECOMES WHETHER THE PRIVILEGE LOG CONTAINS SUFFICIENT INFORMATION THAT IT MAKES A MEANINGFUL DIFFERENCE TO THE COURT. YOU KNOW, IF THE COURT IS ABLE TO, AND PLAINTIFFS FOR THAT MATTER, ARE ABLE TO DISCERN FROM THE PRIVILEGE LOG THE RELEVANCE OF THE PARTICULAR DOCUMENTS BEING WITHHELD TO THE ISSUES THAT WE'RE ARGUING, THAT'S FINE. I'VE SEEN MANY PRIVILEGE LOGS WHICH SAY -- YOU KNOW, THE DESCRIPTIONS ARE SO SKELETAL THAT, WITHOUT AN IN CAMERA REVIEW, THE COURT REALLY HAS NO MEANINGFUL WAY TO DETERMINE VERY MUCH.

**THE COURT:** HOW MANY DOCUMENTS --

**MR. ACHITOFF:** PLAINTIFFS ARE ESSENTIALLY GROPING IN THE DARK AS WELL.

I UNDERSTAND THE COURT'S INCLINATION HERE IS WE HAVE A PRIVILEGE LOG IN TWO DAYS, WE CAN REVISIT IT. BUT THAT'S MY CONCERN AT THE MOMENT.

**THE COURT:** I UNDERSTAND THAT.

HOW MANY DOCUMENTS ARE WE TALKING ABOUT?

**MR. ZIRLIN:** MY UNDERSTANDING FROM BOTH REVIEWING THE DOCUMENTS MYSELF AND DISCUSSIONS WITH MR. WEEKS, WHO'S A YOUNGER ASSOCIATE WHO HAS BEEN DOING THE LION'S SHARE OF THE DOCUMENT REVIEW, IT'S ABOUT 70, 75 DOCUMENTS.

**THE COURT:** OKAY.

**MR. ZIRLIN:** AND, YOU KNOW, OBVIOUSLY, THE PRIVILEGE LOG WILL CONTAIN THE REQUIRED INFORMATION, BUT WITH THE ADDED HELPFUL FACT HERE THAT WE ARE TELLING YOU THAT, FOR THE MOST PART, THESE DOCUMENTS ARE BEING WITHHELD BECAUSE THEY ARE RESPONSIVE TO REQUEST 18. AND, THEREFORE -- THEREFORE, THEY ARE, YOU KNOW -- YOU KNOW, THEY ARE DOCUMENTS THAT CONTAIN DISCUSSIONS OF OPTIONS, ALTERNATIVES, IF YOU WANT TO CALL IT CONTINGENCIES, THAT BETASEED HAS BEEN HAVING INTERNALLY SINCE THE LAWSUIT WAS FIRST BROUGHT IN 2008.

**THE COURT:** ALL RIGHT.

**MR. ZIRLIN:** SO THEY'RE CLEARLY RESPONSIVE. WHATEVER DESCRIPTION THE DOCUMENTS HAVE, I THINK THEY ALL -- THEY BASICALLY HAVE THE SAME DESCRIPTION, WHICH IS, YOU KNOW, DOCUMENT DISCUSSING, YOU KNOW, SALES PRODUCTION PLANS OR THINGS OF THAT NATURE. AND -- BUT THEY'RE RESPONSIVE, SO THEY ARE THE DOCUMENTS THAT HE'S SEEKING.

SO, YOU KNOW, WHETHER IT ADVANCES THE BALL MATERIALLY ONCE MR. ACHITOFF HAS HAD A CHANCE TO LOOK AT THE DOCUMENTS OR WHETHER IT WOULD ADVANCE THE BALL FURTHER IF YOUR HONOR CHOOSES

TO LOOK AT ALL OR SOME SUBSET OF THE DOCUMENTS IN CAMERA, I MEAN, THE POINT BETASEED WOULD MAKE HERE, YOUR HONOR, IS THAT MR. ACHITOFF IS NOT REALLY CHALLENGING THE FACT -- OR THE PLAINTIFFS ARE NOT CHALLENGING THE FACT THAT THESE ARE, INDEED, WORK PRODUCT.

WHAT HE'S SAYING, AS I UNDERSTAND IT, OR WHAT PLAINTIFFS ARE SAYING, IS THEY HAVE -- THEY CAN MAKE THE APPROPRIATE SHOWING OF SUBSTANTIAL NEED AND UNDUE HARDSHIP TO GET THE DOCUMENTS, AND I DON'T THINK THEY HAVE MADE THAT SHOWING, OR BETASEED DOESN'T THINK THEY'VE MADE THAT SHOWING.

**THE COURT:** WELL, WHY DON'T WE DO IT THIS WAY, WHY DON'T WE DO IT THIS WAY: WHY DON'T YOU JUST SEND ME THE DOCUMENTS.

**MR. ZIRLIN:** OKAY.

**THE COURT:** AND I'LL LOOK AT THEM IN CAMERA, AND THEN WE'LL HAVE ARGUMENT.

**MR. ZIRLIN:** OKIE DOKE.

**THE COURT:** I THINK YOU TALKED ME OUT OF THE UTILITY OF MY SUGGESTION.

AND I'LL LOOK AT IT. YOU KNOW, IT MAY BE THAT SOME OF THEM ACTUALLY PROVIDE INFORMATION THAT'S MORE USEFUL THAN OTHERS, AND THEN I'LL KNOW THAT. BUT THEN I'LL BE IN A POSITION TO HAVE THE ARGUMENT ON THE SUBSTANTIVE MOTION, AND WE CAN DO THAT EARLY NEXT WEEK, IF YOU CAN GET ME THE DOCUMENTS.

**MR. ZIRLIN:** THAT'S FINE WITH US. WE'LL GET YOU

THESE DOCUMENTS AS SOON AS WE CAN.

HOW LONG -- I'M LOOKING AT MR. WEEKS. WE GOT TO DO IT FAST.

WE'LL GET THEM TO YOU AS SOON AS POSSIBLE, YOUR HONOR.

THEY, OBVIOUSLY -- AREN'T THEY ALL BATES STAMPED AND READY TO GO? WHY NOT? BECAUSE THEY WEREN'T PRODUCED.

YOUR HONOR, BECAUSE THEY WEREN'T PRODUCED BUT WERE WITHHELD, THEY WEREN'T BATES STAMPED.

YOU KNOW, THIS IS A BIG LAW FIRM, AND WE'LL GET IT DONE RAPIDLY. IF WE CAN GET THEM TO YOU LATER TODAY OR TOMORROW, WE WILL.

**THE COURT:** THAT'S FINE. LET'S --

**MR. ZIRLIN:** IF NOT, WE'LL GET THEM TO YOU AS SOON AS HUMANLY POSSIBLE.

**THE COURT:** LET'S SET A TIME FOR THE CONTINUATION OF THIS HEARING THEN FOR ARGUMENT NEXT WEEK. AND I'M HAPPY TO DO IT -- HAVE I GOT ANYTHING OTHER THAN CRIMINAL CALENDARS NEXT WEEK?

**THE CLERK:** LET'S STAY AWAY FROM TUESDAY. THAT'S A PRETTY LONG CALENDAR. IF YOU WANT, WE COULD DO -- HOW MUCH TIME ARE YOU GOING TO NEED TO REVIEW --

**THE COURT:** HOW ABOUT -- WE COULD DO IT WEDNESDAY.

**UNIDENTIFIED SPEAKER:** A WEEK FROM TOMORROW, YOUR HONOR?

**THE COURT:** YEAH, A WEEK FROM TOMORROW.

**MR. ACHITOFF:** I'M AVAILABLE.

**THE COURT:** THE SAME TIME, LIKE, 11:00 O'CLOCK IN THE MORNING ASSUMING THE CRIMINAL CALENDAR COOPERATES?

**MR. ZIRLIN:** THIS IS HARRY ZIRLIN.

THAT WORKS FOR BETASEED'S COUNSEL, YOUR HONOR.

**THE COURT:** OKAY. SEND ME THE DOCUMENTS, AND WE'LL HAVE ARGUMENT AT 11:00 A.M. ON THE 12TH.

**MR. ZIRLIN:** SO IT IS PERFECTLY CLEAR -- AGAIN, THIS IS HARRY ZIRLIN FOR BETASEED -- WE ARE ONLY SENDING YOU THE DOCUMENTS THAT ARE AT ISSUE. WE ARE NOT SENDING MR. ACHITOFF THE PARTIAL PRIVILEGE LOG WE DISCUSSED EARLIER.

**THE COURT:** I DON'T THINK IT'S USEFUL. I THINK THAT'S FINE. I WILL LOOK AT THEM, AND THEN THEY'LL GIVE ME WHATEVER INFORMATION I NEED.

**MR. ZIRLIN:** OKAY.

**THE COURT:** OKAY. THANK YOU.

**MR. ZIRLIN:** THANK YOU SO MUCH.

**THE CLERK:** THANK YOU. COURT STANDS IN RECESS.

(PROCEEDINGS ADJOURNED.)

**CERTIFICATE OF REPORTER**

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 08-0484 JSW, CENTER FOR FOOD SAFETY, ET AL. V. CHARLES CONNOR, ET AL., WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

S/B JOAN MARIE COLUMBINI

________________________________________

JOAN MARIE COLUMBINI, CSR 5435, RPR

WEDNESDAY, JUNE 2, 2010