PAIGE M. TOMASELLI State Bar No. 237737
KATERYNA L. RAKOWSKY State Bar. No. 246248
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Emails: ptomaselli@icta.org
         kateryna@icta.org

PAUL H. ACHITOFF (Pro Hac Vice)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, *et al.*, | ) Case No.: 3:08-cv-0484-JSW |
| | ) |
| Plaintiffs, | ) **PLAINTIFFS' EVIDENTIARY** |
| | ) **OBJECTIONS** |
| vs. | ) |
| | ) |
| THOMAS J. VILSACK, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

Plaintiffs object to the evidence submitted by Defendant-Intervenors in support of their Reply in Opposition to Plaintiffs' Motion for Permanent Relief.  Pursuant to the Federal Rules of Evidence ("FRE"), evidence submitted by the below-named Intervenor declarants is inadmissible for the following reasons:

**A.    Plaintiffs' Objections to the Declarations of Duane Grant, John Snyder, Jr., Russel Mauch, Rick Gerstenberger, and Joseph J. Talley in Support of Defendant-Intervenors' Reply Memorandum.**

Declarants' testimony regarding replant rates across various growing regions, found in paragraph 2 in each of the above mentioned declarations, is vague and lacks foundation.  FRE 602.  Declarants fail to define "replants" and the manner in which replant rates are measured, nor do they establish the source of data cited or their personal knowledge on the topic.

**B.    Plaintiffs' Objections to the Declaration of Michael Hofer in Support of Defendant-Intervenors' Reply Memorandum.**

Plaintiffs object to Hofer's declaration regarding replant rates across various growing regions on the grounds that it is vague and lacks foundation.  FRE 602.  His testimony fails to define replants and the manner in which replant rates are measured, nor does it establish the source of data cited or his personal knowledge on the topic.

Paragraph 2 of the declaration also contradicts replant data attributed to Hofer in Intervenors' Reply. While he testifies that the replant rate is 16% in his declaration, Intervenors' Reply indicates that he stated that the rate was an average of 5.5%.  Intervenors' Reply at 13.

**C.    Plaintiffs' Objections to the Declaration of Michael Petersen in Support of Defendant-Intervenors' Reply Memorandum.**

Plaintiffs object to Petersen's declaration regarding replant rates across various growing regions on the grounds that it is vague and lacks foundation.  FRE 602.  His testimony fails to define replants and the manner in which replant rates are measured, nor does it establish the source of data cited or his personal knowledge on the topic.

1

2          Paragraph 2 of the declaration additionally constitutes speculation and inadmissible lay

3   opinion as to Petersen's assumption that the replant rate of seed 1-2 years old is double that of

4   fresh seed. FRE 602, 701, 702. Petersen provides no basis for this belief, nor does he claim any

5   expertise on the topic.

6   **D.      Plaintiffs' Objections to the Declaration of Steve Fritz in Support of Defendant-
           Intervenors' Reply Memorandum.**

7          The Fritz declaration lacks any foundation for his bald statement about the amount of loss

8   SESVanderHave will suffer if it sells conventional seed rather than RR seed. FRE 602, 701.

9   Fritz fails to provide information detailing how he arrived at his figure. Additionally, Fritz's

10  declaration contradicts deposition testimony made by another of Intervenors' declarants, Mark

11  Anfinrud (also of SESVanderHave). Although in his previous declaration Fritz said his (now

12  revised) damages estimate was based on the deterioration rate of SVH's RR seed inventory (First

13  Fritz Decl., ¶ 6 (Dkt. No. 366)), SESVanderHave's Mark Anfinrud testified that

14  SESVanderHave does not yet know the viability of its RR seed inventory. Tomaselli Decl. Ex.

15  N at 23:10-24:22 (Dkt. No. 461).

16  **E.      Plaintiffs' Objections to the Declaration of Peter Bretting in Support of Defendant-
           Intervenors' Reply Memorandum.**

17         Plaintiffs object to Bretting's claim that "[c]ontrary to what Plaintiffs argue, farmers,

18  educators, and researchers may request research quantities of seed from NPGS germplasm

19  banks" as irrelevant and a mischaracterization of Plaintiffs' argument. FRE 401, 402. Plaintiffs

20  did not claim that limited "research" amounts were not available. Rather, they argue that

21  research amounts do not provide "meaningful access" to conventional seeds for farmers, that is,

22  in amounts sufficient for a commercial sugar beet farmer to grow a conventional variety. Pls'

23  Reply at 12.

24
25  **F.      Plaintiffs' Objections to the Declaration of Sidney Abel in Support of Defendant-
           Intervenors' Reply Memorandum.**

26         Plaintiffs object to the Declaration of Sidney Abel on the ground that virtually every

27  statement in the declaration is without any foundation, and discusses matters of which he plainly

28

has no personal knowledge. FRE 602. Abel states he has worked for APHIS for only three years, and prior to that time had no connection with APHIS or USDA or any matter relevant to this case, yet he discusses matters that predate his tenure.

He first describes the 2005 Office of Inspector General's report that strongly criticized APHIS's lack of oversight of its field testing program for genetically engineered crops. Abel did not join APHIS until several years after the report was issued. His characterizations of what the report concluded are inadmissible; the report speaks for itself. FRE 401, 402. He has no personal knowledge of how APHIS responded to the report, and at best can only repeat hearsay, which he does not identify, about how APHIS supposedly has addressed the failings described in the report.

Similarly, Abel characterizes the Government Accountability Office's report criticizing APHIS's poor record over regulating genetically engineered crops. Again, the document speaks for itself. FRE 401, 402. Abel was not involved in the preparation of the report, and there is no evidence he has any personal knowledge, or relied on any admissible evidence, for any statement he makes concerning the GAO report or APHIS's response to it. FRE 602.

Regarding the third document he describes, the 2008 Farm Bill, again Abel offers no basis for any of his vague assurances that APHIS has addressed the criticisms of its program that the Farm Bill sought to remedy. FRE 602.

**G. Plaintiffs' Objections to the Second Declaration of John Cordts in Support of Defendant-Intervenors' Reply Memorandum.**

Plaintiffs object to paragraphs 7-9 of the Cordts declaration as lacking any foundation. FRE 602. Cordts in these paragraphs describes a highly subjective version of the controversial Hawai'i papaya industry without offering any evidence that he has any personal knowledge about it, or providing any other basis for his characterizations of it, other than he is employed by APHIS.

**H. Plaintiffs' Objections to the Declaration of Carol Mallory-Smith in Support of Defendant-Intervenors' Reply Memorandum.**

Plaintiffs object to the declaration of Dr. Mallory-Smith in that, while she is a weed

scientist, her declaration opines on topics completely unrelated to her expertise.  FRE  701, 702.
These topics include alleged economic and financial hardships to the Intervenors from any halt to
planting, and the efficacy of APHIS' proposed measures with regard to preventing
contamination.  Her declaration concedes that her statements are based not on her academic
research but instead her own subjective view of what is "fair."  ("My statements are based on the
fact that I consider all Beta seed production, organic, conventional, and Roundup Ready, to be
important segments of agriculture in the Willamette Valley of Oregon.  I am not supporting one
segment over another but am interested in having all of them remain viable.")   This is
inadmissible (and irrelevant) lay opinion without any meaningful foundation.  Her declaration is
also vague, speculative, and draws improper legal conclusions about the impact of transgenic
contamination, the adequacy of APHIS's proposed measures, and where the equities lie in this
case.  *See generally* FRE 401, 402, 602, 701, 702.

**I.     Plaintiffs' Objections to the Supplemental Declaration of Jackson R. Mauney in Support of Defendant-Intervenors' Reply Memorandum**

Plaintiffs object to Dr. Mauney's statement in paragraph 12 that it is "recognized by all"
the tank mixture of Mn and glyphosate renders glyphosate to be ineffective as an herbicide as
vague, speculative, lacking in foundation and containing inadmissible hearsay as to the beliefs of
others.  FRE 401, 801.

**J.     Plaintiffs' Objections to the Supplemental Declaration of Shea W. Murdock in Support of Defendant-Intervenors' Reply Memorandum.**

Plaintiffs object to Dr. Murdock's statement in paragraph 6 regarding the thorough
testing of the Roundup Ready trait as it lacks foundation and is vague and highly speculative.
FRE 401, 402, 602, 801. Dr. Murdock does not specifically provide data refuting Dr. Hubers's
claims, and instead provides inadmissible hearsay regarding what researchers would recommend
if Dr. Huber's conclusions prove true.

**K.     Plaintiffs' Objections to the Declaration of John R. (J.R.) Stander, Ph.D. in Support of Defendant-Intervenors' Reply Memorandum.**

Plaintiffs object to Dr. Stander's testimony regarding the practices, understanding and

knowledge of "seedmen" at paragraphs 4 and 23 as it lacks foundation, constitutes speculation, and is inadmissible lay opinion. FRE 602, 701, 702.  Additionally, his unsupported assertion that he "know[s] that [strip] tests are regularly used on quantities of seed" lacks foundation and constitutes speculation.  FRE 602.

**L.     Plaintiffs' Objections to the Declaration of Robert G. Wilson in Support of Defendant-Intervenors' Reply Memorandum.**

Plaintiffs object to Dr. Wilson's testimony regarding increased herbicide costs in paragraph 23 as it lacks foundation, is speculative, and is inadmissible lay opinion.  FRE 401, 602.  Dr. Wilson is an agronomist, not an economist, and he fails to provide any basis for his assertion that "[a]bsent glyphosate-resistant sugarbeets, herbicide costs will increase $180 per acre."

Respectfully submitted this 23rd day of June, 2010.


_____/s/_____
PAIGE M. TOMASELLI, State Bar No. 237737
KATERYNA L. RAKOWSKY, State Bar. No. 246248
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Emails: ptomaselli@icta.org
           kateryna@icta.org


PAUL H. ACHITOFF (*Pro Hac Vice*)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

*Counsel for Plaintiffs*