IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>THOMAS J. VILSACK, et al.,<br><br>  Defendants. | No. C 08-00484 JSW<br><br>**NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 13, 2010 AT 9:00 A.M.:

**The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings, or address any questions not specifically raised in this notice.** If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court The parties shall each have 15 minutes to address the following questions:

1. In the proposed order submitted by Plaintiffs on June 4, 2010, Plaintiffs propose the following language be included in the Court's order granting permanent relief: "For the purposes of this order, RRSB planted before the date of this Order will not be considered an introduction." Does that mean that Plaintiffs do not object to the harvesting and/or processing of the genetically engineered sugar beets that have already been planted? If Plaintiffs do object, how does that not conflict with their proposed language?

2. The Supreme Court stated in *Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2761 (2010) that recourse to the "additional and extraordinary relief of an injunction" was not warranted if a less drastic remedy, such as a vacatur of APHIS's deregulation decision, was sufficient to redress the plaintiff's injury. Here, Plaintiffs' only argument that a vacatur would not be sufficient to redress their injury is that Defendant-Intervenors or other third parties might violate the vacatur and APHIS might not be able to enforce the reinstated regulated status of genetically engineered sugar beets. Why is any injury from such conduct not speculative and dependant on future conduct?

**IT IS SO ORDERED.**

Dated: August 11, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE