GEORGE A. KIMBRELL (Pro Hac Vice)
PAIGE M. TOMASELLI State Bar No. 237737
KATERYNA L. RAKOWSKY State Bar. No. 246248
Center for Food Safety
2601 Mission St., Suite 803
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Emails: gkimbrell@icta.org
         ptomaselli@icta.org
         kateryna@icta.org

PAUL H. ACHITOFF (Pro Hac Vice)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, *et al.*, | Case No.: 3:08-cv-0484-JSW |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT RELIEF** |
| vs. | |
| THOMAS J. VILSACK, *et al.*, | |
| Defendants. | |

Upon consideration of Plaintiffs' Motion for Permanent Relief and the parties' submissions in support of or in opposition thereto, and after having heard oral argument, the Court hereby ORDERS as follows:

The Court now holds that Plaintiffs have shown that they have prevailed on the merits of their legal claim, and they are likely to be irreparably harmed if equitable relief does not issue.

The Court further holds that the deregulation of Roundup Ready sugar beets (RRSB) must be vacated and remanded. 5 U.S.C. § 706(2)(A); *Camp v. Pitts,* 411 U.S. 138, 143 (1973). Federal Defendants and Intervenors (jointly "Defendants") have not shown that the deregulation should not be vacated, nor that vacatur should be stayed. *Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009). A stay would also injure Plaintiffs and is not in the public interest. *Id*.

The balance of the equities and the public interest weigh in favor of affording Plaintiffs equitable relief, as follows:

1. Plaintiffs' Motion for Permanent Relief is GRANTED.

2. Federal Defendants' March 17, 2005 Determination of Nonregulated Status for Event H7-1, Sugar Beets Genetically Engineered for Tolerance to the Herbicide Glyphosate (RRSB), is hereby VACATED. The Court declares that Roundup Ready Sugar Beets (RRSB) are once again REGULATED ARTICLES pursuant to the Plant Protection Act ("PPA"), 7 U.S.C. § 7701 *et seq*., and its regulations, 7 C.F.R. Part 340.

3. Without prejudice to Federal Defendants proposing interim measures compliant with the PPA, NEPA and the APA and applicable regulations, and in order to reduce the likelihood of contamination of non-GE *beta* crops, further use of RRSB shall be limited to the following:

(a) The 2009 – 2010 RRSB seed crop may be harvested and transported from the fields to the processing plants. RRSB seed producers shall follow protocols to ensure that mechanical mixing of material containing the RRSB trait and non-GE beta seeds does not occur. Those protocols shall consist of measures specified in the Second Cindy Smith Declaration (Docket No. 395), including:

> *i.* A visual identification system for all harvested RRSB seed and accompanying material;
>
> *ii.* A companion seed-lot based tracking and tracing system that is fully auditable;
>
> *iii.* Requirements for physical separation of RRSB material during seed harvesting and processing;

    *iv*. Requirements for monitoring, treating, and cleaning of all harvesting equipment to prevent RRSB seed from being physically transferred out of production areas by inadvertent means;

    *v*. Requirements for contained seed transport from field to cleaning facility, vehicle cleaning after transport of RRSB seed before use for other purposes, and devitalization of RRSB material derived from cleaning vehicles or processing materials;

    *vi*. Prohibition on use of RRSB seed harvesting equipment in non-GE beta seed harvesting in the same growing year;

    *vii*. Provisions to force same-year sprouting of any RRSB seed left behind in production field for removal and destruction plus three-year monitoring of fields thereafter, along with removal and destruction of any beet plants.

    *viii*. Employee training in all aspects of *i* through *vii*, above;

    *ix*. No RRSB seed shall be cleaned or processed in any processing facility that also cleans and processes red beet or Swiss chard seed;

    *x*. Recordkeeping to document compliance of protocols i through ix; and

    *xi*. USDA shall require a third-party auditor to ensure that RRSB seed producers comply with the above requirements.

  (b) The 2010 RRSB root crop may be harvested, transported from the fields to the processing plants, and processed into sugar and sold subject to the following, as specified by the Second Cindy Smith Declaration:

    *i*. All RRSB root crop growers shall survey, identify, and eliminate any bolters in their root crop fields before they produce pollen or seed; and

    *ii*. All sugar beet processors or cooperatives that use RRSB shall survey, identify and eliminate any bolters in outdoor storage before they produce pollen or seed.

  4. Federal Defendants are required to provide notice to the public, all affected farmers, and other parties that RRSB is once again a regulated article under the PPA, 7 U.S.C. § 7701 *et*

[PROPOSED] Order Granting Plaintiffs' Motion for Permanent Relief
No. 3:08-cv-00484-JSW

3

*seq.*, and its regulations 7 C.F.R. Part 340, and that the introduction or use of RRSB, other than as provided herein, is illegal.

5. Intervenors are required to assist Federal Defendants in providing timely notice to all relevant parties of RRSB's new re-regulated status and provide such assistance as may be necessary to implement this Order.

6. Federal Defendants' request for a stay of the vacatur is DENIED.

7. This Court retains jurisdiction to enforce the terms of this Order.

8. This matter is REMANDED to APHIS for further actions consistent with this Order.

**IT IS SO ORDERED.**

Dated this __th day of _____, 2010.          _____

Hon. Jeffrey S. White