Sarah G. Flanagan (70845)
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
P.O. Box 7880
San Francisco, CA 94120-7880
Telephone: 415-983-1190
Facsimile: 415-983-1200
E-mail: sarah.flanagan@pillsburylaw.com

Daniel Bukovac *(Appearance Pro Hac Vice)*
STINSON MORRISON HECKER LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone: 816-842-8600
Facsimile: 816-691-3495
E-mail: dbukovac@stinson.com

Attorneys for Defendant-Intervenor
SESVanderHave USA, Inc.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS J. VILSACK, et al., <br><br> Defendants. | Case No: 3:08-cv-00484-JSW <br><br> **DEFENDANT-INTERVENOR SESVANDERHAVE USA, INC.'S NOTICE OF MOTION AND MOTION FOR IN CAMERA TREATMENT; MEMORANDUM IN SUPPORT THEREOF** <br><br> Date: November 2, 2010 <br> Time: 7:30 a.m. <br> Place: 17th Floor, Courtroom 2 <br> Judge: Hon. Jeffrey S. White |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that on November 2, 2010, at 7:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 2 of the United States District Court for the Northern

District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, before the Honorable Jeffrey S. White, Defendant-Intervenor SESVanderHave USA, Inc. ("SESVanderHave") will move for an order that certain confidential documents and confidential information in deposition testimony sought to be introduced in evidence at a hearing scheduled to commence on November 2, 2010, in *Center for Food Safety, et al. v. Thomas J. Vilsack, et al.*, Case No: 3:10-cv-04038-JSW, another action pending in this Court ("*Sugar Beets II*"), be protected from unnecessary disclosure as contemplated in the Stipulated Protective Order (Doc. 230, filed February 9, 2010) ("Protective Order") in this action.

SESVanderHave seeks an order that SESVanderHave's confidential documents and excerpts, containing SESVanderHave's confidential information, from the transcript of the deposition of Mark Anfinrud taken on May 27, 2010 ("Anfinrud Transcript"), which Plaintiffs seek to be introduced in evidence in *Sugar Beets II,* be submitted and remain under seal in *Sugar Beets II*, and otherwise be given the same protection that both the documents and the Anfinrud Transcript were afforded in this action under the Protective Order.  Alternatively, if the Court were to require or permit excerpts of the Anfinrud Transcript to be read at the hearing in *Sugar Beets II*, then SESVanderHave requests that the Court have all persons, except counsel of record and court personnel, removed from the courtroom prior to any reading of excerpts from the Anfinrud Transcript.  Similarly, if the Court were to require or permit SESVanderHave's confidential documents, or excerpts from SESVanderHave's confidential documents, to be read or the contents described at the hearing in *Sugar Beets II*, then SESVanderHave requests that the Court have all persons, except counsel of record and court personnel, removed from the courtroom prior to any reading from or description of SESVanderHave's confidential documents.

This motion is and will be based upon the attached memorandum, the Declaration of

**CASE NO. 3:08-cv-00484-JSW**
**SESVANDERHAVE USA, INC.'S NOTICE OF MOTION,**
**MOTION FOR IN CAMERA TREATMENT AND MEMORANDUM**

- 2 -

Daniel Bukovac ("Bukovac Declaration"), and on such other evidence and argument as the Court may consider.

**MEMORANDUM IN SUPPORT OF MOTION FOR IN CAMERA TREATMENT**

Defendant-Intervenor SESVanderHave submits this memorandum in support of its motion that SESVanderHave's confidential documents and excerpts, containing SESVanderHave's confidential information, from the transcript of the deposition of Mark Anfinrud taken on May 27, 2010 ("Anfinrud Transcript") be received in camera or under other conditions to prevent unnecessary disclosure.

1.  This Court entered a Stipulated Protective Order in this action ("Protective Order") (Doc. 230, filed February 9, 2010).  Bukovac Declaration ¶ 3.

2.  SESVanderHave produced documents in this action, making confidentiality designations for its documents under the provisions of the Protective Order (¶¶ 2, 10, 11). Bukovac Declaration ¶ 4.

3.  The deposition of Mark Anfinrud was taken on May 27, 2010 in this action.  On June 11, 2010, SESVanderHave served its Notice of Protective Order Designations of Information in Transcript of Deposition of Mark Anfinrud and Exhibits, make confidentiality designations for certain parts of the Anfinrud Transcript under the Protective Order (¶ 6(b)). Bukovac Declaration ¶ 5.

4.  On November 1, 2010, plaintiffs filed their Notice Regarding Intention to Introduce Confidential Documents in *Sugar Beets II* (Doc. 165) ("Notice").  Also, on November 1, 2010, plaintiffs sent by e-mail a copy of the Notice to the undersigned counsel for SESVanderHave, providing a one-day notice of their intention to introduce "into evidence during the evidentiary hearing scheduled to begin November 2, 2010" excerpts from the Anfinrud

**CASE NO. 3:08-cv-00484-JSW**
**SESVANDERHAVE USA, INC.'S NOTICE OF MOTION,**
**MOTION FOR IN CAMERA TREATMENT AND MEMORANDUM**

- 3 -

1 Transcript designated for confidential treatment and SESVanderHave documents designated for such treatment. Bukovac Declaration ¶ 6.

5. In their Notice (at p.2), Plaintiffs acknowledge that SESVanderHave made confidentiality designations for SESVanderHave's documents as well as for excerpts from the Anfinrud Transcript. Bukovac Declaration ¶ 7.

6. The Protective Order (¶ 7) provides in pertinent part: "Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at trial." By this motion, SESVanderHave is seeking the continued protection of information and documents previously designated for confidential treatment in this action. Bukovac Declaration ¶ 8.

7. SESVanderHave is an intervenor is this action in which the Protective Order was entered but is not an intervenor in *Sugar Beets II*, nor has SESVanderHave or its counsel appeared in *Sugar Beets II*. Bukovac Declaration ¶ 9.

8. The Protective Order in this action, however, has not terminated but remains in effect while *Sugar Beet II* is pending. Order Granting Motion to Modify Protective Order (¶ 2, modifying ¶ 12 of the Protective Order) (Doc. 597, filed September 17, 2010). Bukovac Declaration ¶ 10.

9. SESVanderHave's confidentiality designations for the Anfinrud Transcript are specific and focused on confidential information that SESVanderHave needs to protect from disclosure to its competitors. Consequently, SESVanderHave has made confidentiality

**CASE NO. 3:08-cv-00484-JSW**
**SESVANDERHAVE USA, INC.'S NOTICE OF MOTION,**
**MOTION FOR IN CAMERA TREATMENT AND MEMORANDUM**

- 4 -

DB04/812024.0004/1963843.1 PF06
DB04/812024.0004/1984112.1 PF06

1  designations for its growers and other potential sources of supply and its inventory numbers.
Bukovac Declaration ¶ 11.

10. In their Notice (at p.2), Plaintiffs acknowledge that SESVanderHave made confidentiality designations for SESVanderHave's documents that resulted in those documents being filed under seal. Bukovac Declaration ¶ 12.

11. Plaintiffs would suffer no disadvantage if they were to submit the excerpts from the Anfinrud Transcript under seal and if SESVanderHave's documents already under seal in this action be submitted under seal in *Sugar Beets II*. Bukovac Declaration ¶ 13.

12. The only potential dispute that plaintiffs' counsel has raised with the relief requested in this motion is that Plaintiffs do not want to be precluded from using SESVanderHave's documents in questioning witnesses at the hearing in *Sugar Beets II*. As noted above, SESVanderHave is not an intervenor in *Sugar Beets II* so Plaintiffs will not be questioning any employees of SESVanderHave about SESVanderHave's documents. SESVanderHave's primary concern is that Plaintiffs should not be permitted to show SESVanderHave's confidential documents to witnesses employed by SESVanderHave's competitors. The potential harm to SESVanderHave outweighs any potential usefulness of questions directed to a competitor's witness about documents which the witness has never seen before and justifies restrictions on the disclosure of SESVanderHave's documents at the hearing in *Sugar Beets II*. Bukovac Declaration ¶ 14.

## Conclusion

For these reasons, SESVanderHave seeks an order that SESVanderHave's confidential documents and confidential excerpts from the transcript of the deposition of Mark Anfinrud taken on May 27, 2010 ("Anfinrud Transcript"), which Plaintiffs seek to be introduced in

**CASE NO. 3:08-cv-00484-JSW**
**SESVANDERHAVE USA, INC.'S NOTICE OF MOTION,**
**MOTION FOR IN CAMERA TREATMENT AND MEMORANDUM**

- 5 -

evidence in *Sugar Beets II,* be submitted and remain under seal in *Sugar Beets II*, and otherwise be given the same protection that both the documents and the Anfinrud Transcript were afforded in this action under the Protective Order.  Alternatively, if the Court were to require or permit excerpts of the Anfinrud Transcript to be read at the hearing in *Sugar Beets II*, then SESVanderHave requests that the Court have all persons, except counsel of record and court personnel, removed from the courtroom prior to any reading of excerpts from the Anfinrud Transcript.  Similarly, if the Court were to require or permit SESVanderHave's confidential documents, or excerpts from SESVanderHave's confidential documents, to be read or the contents described at the hearing in *Sugar Beets II*, then SESVanderHave requests that the Court have all persons, except counsel of record and court personnel, removed from the courtroom prior to any reading from or description of SESVanderHave's confidential documents

Dated:  November 2, 2010            Respectfully submitted,

By_____/s/ *Daniel Bukovac*_____
Daniel Bukovac *(Appearance Pro Hac Vice)*
STINSON MORRISON HECKER LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106

Sarah G. Flanagan
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
P.O. Box 7880
San Francisco, CA  94120-7880

Attorneys for Defendant-Intervenor
SESVanderHave USA, Inc.

**CASE NO. 3:08-cv-00484-JSW**
**SESVANDERHAVE USA, INC.'S NOTICE OF MOTION,**
**MOTION FOR IN CAMERA TREATMENT AND MEMORANDUM**

- 6 -

DB04/812024.0004/1963843.1 PF06
DB04/812024.0004/1984112.1 PF06