1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   CENTER FOR FOOD SAFETY, et al.

10                Plaintiffs,                          No. C 08-00484 JSW

11        v.

12   THOMAS J. VILSACK, et al.                  **ORDER RE PLAINTIFFS'
                                                 MOTION TO MODIFY**
13                Defendants.                    **PROTECTIVE ORDER**
                                        /

14

15          Now before the Court is the motion to modify protective order filed by plaintiffs Center

16   for Food Safety, Organic Seed Alliance, Sierra Club, and High Mowing Organic Seeds

17   (collectively, "Plaintiffs"). No opposition has been filed. Pursuant to Local Rule 7-1(b), the

18   Court finds these matters suitable for resolution without oral argument, and the hearing on

19   Plaintiff's motion to modify set for April 15, 2011, is VACATED.

20          Plaintiffs seek modification of the protective order entered in the above-captioned action

21   (doc. no. 230) to allow access to the discovery materials produced in this action by the parties

22   and the court in an action originally filed in this Court that has been transferred to the District

23   Court for the District of Columbia. *See Center for Food Safety v. Vilsack*, C11-831 JSW, Doc.

24   no. 44. Plaintiffs contend that modification of the protective order "will eliminate the

25   substantial burden of duplicating time, costs, and judicial resource." Doc. no. 620-1. In a

26   Request for Clarification, Plaintiffs represent that "[t]he transferred action is proceeding

27   expeditiously . . ., and modifying this Court's protective order would enable Plaintiffs to present

28   relevant evidence in that case in a judicially efficient manner." Doc. no. 621.

For good cause shown, the Court GRANTS Plaintiffs' unopposed request to modify the stipulated protective order pursuant to Paragraph 13 of the protective order as follows:

a.      Paragraph 1 of the stipulated protective order is hereby modified to provide as follows:

> **Use of Litigation Materials.**  All materials designated pursuant to the provisions below, shall be utilized by the receiving party only for the prosecution or defense of this case, and/or the prosecution or defense of *Center for Food Safety v. Vilsack,* No. 11-cv-00586 JDB (D. D.C.).

b.      Paragraph 12 of the stipulated protective order is hereby modified to provide as follows:

> **Non Termination.**  The provisions of this order shall not terminate at the conclusion of this action. Within 60 days after final conclusion of all aspects of this litigation or the litigation in *Center for Food Safety v. Vilsack,* Case No. 11-cv-00586 JDB (D. D.C.), whichever is later, documents designated as "Confidential" and all copies of same (other than a copy of court filings, exhibits of record and documents that may be on backup tapes or any disaster recovery databases), documents designated "Confidential Restricted Attorneys' Eyes Only" and documents designated as "Highly Confidential" shall be returned to the producing party or destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to the producing party not more than 90 days after final termination of this litigation.

(Doc. no. 230.)  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003).

In modifying the protective order, the Court "does not decide whether the collateral litigants will ultimately obtain the discovery materials." *Foltz*, 331 F.3d at 1133.  The Ninth

1    Circuit has recognized that "once the district court has modified its protective order, it must

2    refrain from embroiling itself in the specific discovery disputes applicable only to the collateral

3    suits." *Id.* The Court further notes that the modification of the protective order binds only the

4    parties to the stipulated protective order entered in the above-captioned action.

5

6        **IT IS SO ORDERED.**

7

8    Dated: April 8, 2011

                                         JEFFREY S. WHITE

9                                           UNITED STATES DISTRICT JUDGE