IGNACIA S. MORENO
Assistant Attorney General
BEVERLY F. LI
LUTHER L. HAJEK
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 353-9213 (Li)/ (202) 305-0492 (Hajek)
Fax: (202) 305-0506
Beverly.Li@usdoj.gov
Luke.Hajek@usdoj.gov

TONY WEST
Assistant Attorney General
JOHN R. GRIFFITHS
Assistant Director, Federal Programs Branch
ERIC WOMACK
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7140
Washington, D.C. 20001
Tel.: (202) 514-4020
Fax: (202) 616-8470
Eric.Womack@usdoj.gov

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Center for Food Safety, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas J. Vilsack, *et al.*,<br><br>Defendants. | CASE NO. C-08-0484 JSW (EDL)<br><br>**FEDERAL DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Hearing Date:　　　TBD<br>Time:　　　　　　　TBD<br>Courtroom:<br><br>Hon. Jeffrey S. White |

**TABLE OF CONTENTS**

INTRODUCTION ..............................................................................................1

STANDARD OF REVIEW ..............................................................................1

ARGUMENT ...................................................................................................1

I.   Plaintiffs' EAJA Award Should Be Reduced Due to Their Limited Degree
     of Success.................................................................................................2

     A.   Plaintiffs' award should be reduced because of their unsuccessful
          Plant Protection Act ("PPA") claim..................................................2

     B.   Plaintiffs' award should be reduced due to limited success in the
          remedies phase .................................................................................3

II.  Plaintiffs Should Not Be Awarded Compensation for Time Spent on Issues
     Involving Intervenors, Vague Time Entries, and Other Non-Compensable Time ...........5

     A.   Fees should not be awarded for work spent on issues involving only
          Intervenors .......................................................................................5

     B.   Fees Should Not Be Awarded for Time Entries that Lack Sufficient
          Specificity .........................................................................................6

          1.   Vague or Unsupported Billing Entries.......................................6

          2.   Block Billing .............................................................................7

     C.   The Court should not award all of Plaintiffs' requested fees for other
          non-compensable hours .....................................................................8

III. Plaintiffs' Claimed Hourly Rates Should Be Reduced ...............................9

     A.   Plaintiffs' Attorneys Are Not All Entitled to Enhanced Rates for Their
          Work in This Case ...........................................................................10

          1.   Isaac Moriwake.......................................................................10

          2.   Kateryna Rakowsky ................................................................11

     B.   The Excessive Hourly Rates Requested for Plaintiffs' Attorneys Should
          Be Reduced ......................................................................................12

          1.   Paul Achitoff..........................................................................12

          2.   Andrew Kimbrell ....................................................................13

          3.   Will Rostov .............................................................................13

4. Paige Tomaselli, Greg Loarie, George Kimbrell, Kevin Golden ..............14

5. Law Clerks ...........................................................................................15

CONCLUSION.......................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*Animal Lovers Volunteer Ass'n, Inc. v. Carlucci,*
    867 F.2d 1224 (9th Cir. 1989) ...................................................................................11

*Baker v. Bowen,*
    839 F.2d 1075 (5th Cir. 1988) ...............................................................................1, 12

*Cabrales v. Cnty. of Los Angeles,*
    935 F.2d 1050 (9th Cir. 1991) ....................................................................................4

*Californians for Alts. to Toxics v. Troyer,*
    No. Civ. S-05-1633 FCD KJM, 2006 WL 2346324 (E.D. Cal. Aug. 11, 2006).................3

*Californians for Alts. to Toxics v. U.S. Forest Serv.,*
    No. CIV S-05-1502 LKK/JFM, 2007 WL 2993132 (E.D. Cal. Oct. 11, 2007)................10

*Ctr. for Food Safety v. Johanns,*
    No. 03-00621 JMS/BMK, 2007 WL 3072860 (D. Haw. Oct. 18, 2007)..........................4

*Citizens for Better Forestry v. U.S. Dep't of Agric.,*
    No. 08-1927, 2010 WL 3222183 (N.D. Cal. Aug. 13, 2010) ..........................10, 11, 13, 14

*Citizens for Better Forestry v. U.S. Dep't of Agric.,*
    Nos. C 05-1144 PJH, C 04-4512 PJH, 2008 WL 5210945 (N.D. Cal. Dec. 11,
    2008) ...............................................................................................................11, 13, 15

*Ctr. for Food Safety v. Johanns,*
    No. 03-00621, 2007 U.S. Dist. LEXIS 77438 (D. Haw. Oct. 18, 2007) ..........................12

*Hells Canyon Pres. Council v. U.S. Forest Serv.,*
    No. CV-00-755-HU, 2004 WL 1853134 (D. Or. Aug. 18, 2004) ..............................3, 5, 7

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983)...................................................................................................2, 3

*In re Hunt,*
    238 F.3d 1098 (9th Cir. 2001) ...................................................................................15

*Lands Council v. Swick,*
    No. CV03-344-N-EJL, 2005 WL 3241184 (D. Idaho Nov. 23, 2005) ........................ 3 - 5

*Love v. Reilly,*
    924 F.2d 1492 (9th Cir. 1991) ...............................................................................5, 6, 9

*McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.,*
    656 F.2d 1309 (9th Cir. 1981) ....................................................................................1

*Monsanto Co. v. Geertson Seed Farms,*
    130 S. Ct. 2743 (2010)...............................................................................................8

*Nadarajah v. Holder,*

569 F.3d 906 (9th Cir. 2009) ........................................................................15

*Natural Res. Def. Council v. Winter*,
    543 F.3d 1152 (9th Cir. 2008) ............................................9, 10, 11

*Oberdorfer v. Glickman*,
    No. CV-98-1588-HU, 2001 WL 34045732 (D. Or. Sept. 14, 2001) ................................7

*People Who Care v. Rockford Bd. of Educ.*,
    90 F.3d 1307 (7th Cir. 1996) ........................................................................12

*Pierce v. Underwood*,
    487 U.S. 552 (1988)................................................................................10, 11

*Save S.F. Bay Ass'n v. U.S. Dep't of Interior*,
    No. Civ.-F-97-6140 OWW/DLB, 2006 WL 1581882 (E.D. Cal. June 6, 2006) ...............3

*Sierra Club v. U.S. Dep't of Transp.*,
    No. C-86-3384, 1998 WL 289315 (N.D. Cal. April 6, 1998)............................3

*Sorenson v. Mink*,
    239 F.3d 1140 (9th Cir. 2001) ........................................................................2

*Stewart v. Gates*,
    987 F.2d 1450 (9th Cir. 1993) ........................................................................9

*Sw. Ctr. for Biological Diversity v. Bartel*,
    No. 98-CV-2234-B(JMA), 2007 WL 2506605 (S.D. Cal. Aug. 30, 2007) ...................5, 6

**STATUTES**

28 U.S.C. § 636(b) ........................................................................................1

28 U.S.C. § 636(b)(1) ....................................................................................1

28 U.S.C. § 2412 (d)(2)(A)...........................................................................1, 9
28 U.S.C. § 2412(d)(2)(A)(ii) .......................................................................1, 9

# INTRODUCTION

On October 13, 2011, Magistrate Judge Laporte issued a Report and Recommendation ("R&R") (ECF No. 648) regarding Plaintiffs' request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The amount Plaintiffs request, which totals $2,880,609.59, is extraordinarily high, and the reductions in the R&R amount to only a 7 percent reduction of the requested amount. The government's liability for such an enormous EAJA award would ultimately be borne by the nation's taxpayers in the midst of difficult economic circumstances. In determining whether an attorney is entitled to enhanced rates and what constitutes a reasonable hourly rate, courts should keep in mind that EAJA was passed with the recognition that adequate representation be provided at a minimum cost to the taxpayer. *See Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988). The Court should reject the R&R's findings regarding Plaintiffs' entitlement to fees for claims that were not adjudicated, Plaintiffs' entitlement to their requested enhanced hourly rates, and Plaintiffs' entitlement to compensation for all of their requested hours in light of their vague entries, noncompensable time, and work related only to Intervenors. For the reasons below, and the reasons in Federal Defendants' Response to Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 642), the Court should not adopt the entirety of the R&R and should further reduce Plaintiffs' fees award.

# STANDARD OF REVIEW

When either party objects to any portion of a magistrate judge's findings and recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *McDonnell Douglas*, 656 F.2d at 1313 (citing 28 U.S.C. § 636(b)). The Court may also receive further evidence or remand the matter to the magistrate judge with instructions. *Id.*

# ARGUMENT

Defendants object to the R&R on several grounds. The Court should reduce Plaintiffs' award because they did not prevail on the merits of all of their claims, lost their preliminary

injunction motion, and did not obtain a permanent injunction. Moreover, Plaintiffs should not receive compensation for time they expended on portions of the litigation related wholly to addressing Intervenors' issues rather than Federal Defendants'. The reductions for Plaintiffs' vague entries and noncompensable time should be greater than the 5% and 10% respectively contained in the R&R. Finally, the enhanced hourly rates Plaintiffs seek and which the Magistrate Judge awarded are not warranted and should be substantially reduced.[1]

I.      **Plaintiffs' EAJA Award Should Be Reduced Due to Their Limited Degree of Success**

A prevailing party's fee award may be adjusted based upon the degree of success obtained in the lawsuit, such as when a plaintiff succeeded on only some claims for relief. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In analyzing the degree of success, a court should ask whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded" and whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id*.; *see also Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001).

A.      Plaintiffs' award should be reduced because of their unsuccessful Plant Protection Act ("PPA") claim

Defendants object to the R&R's recommendation regarding Plaintiffs' entitlement to fees for work on their PPA claim. R&R at 6-7. Plaintiffs' fee award should be reduced to account for Plaintiffs' lack of success on the PPA claim. Plaintiffs cannot show that they are a prevailing party with respect to their PPA claim, because the Court did not grant them relief under this claim. Additionally, Plaintiffs cannot show that this claim was related to their National Environmental Policy Act ("NEPA") claim, because the two claims are clearly distinct. The PPA claim involved a challenge to APHIS's determination that Roundup Ready sugar beets ("RRSB") did not pose a plant pest risk, based on the agency's scientific analysis in its Plant Pest Risk Assessment. The factual and legal issues raised in the PPA claim are substantive in nature, while the NEPA claims are procedural in nature. Courts have excluded time on unsuccessful

---

[1] Defendants also continue to believe that the position of the United States in the remedies phase was substantially justified for the reasons set forth in Defendants' Response to Plaintiffs' Motion at 2-3. However, that issue will not be separately addressed in these Objections.

claims under other statutes when plaintiffs succeeded only on their NEPA claims. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, No. CV-00-755-HU, 2004 WL 1853134, at *5 (D. Or. Aug. 18, 2004) (excluding time spent on an unsuccessful Endangered Species Act ("ESA") claim when plaintiff prevailed on its NEPA claims and reducing remaining fee award by 50% to account for lack of success on 4 out of 6 claims). Indeed, this Court has found that fees should not be awarded for unsuccessful claims even if the plaintiffs succeeded on other claims under the same statute. *Sierra Club v. U.S. Dep't of Transp.*, No. C-86-3384, 1998 WL 289315, at *6 (N.D. Cal. April 6, 1998). Thus, the Court should reject the R&R's conclusions regarding Plaintiffs' entitlement to all of the time spent on their PPA claim, and instead should apply a reasonable 10% discount to the hours Plaintiffs expended.[2]

  B.  <u>Plaintiffs' award should be reduced due to limited success in the remedies phase</u>

  Defendants further object to the R&R's conclusion that Plaintiffs should be compensated for all work performed in the remedies phase on the basis that Plaintiffs did not obtain *any* of their requested injunctive relief. R&R at 7-8. A party is not entitled to fees where, as here, they "achieved only partial or limited success" in this phase. *See Hensley*, 461 U.S. at 436. Plaintiffs were not successful on several issues litigated during the remedies phase, and thus substantial reductions based upon the actual results obtained are warranted.[3]

  Plaintiffs were unsuccessful on the preliminary injunction motion and the Court denied various other motions Plaintiffs filed. As a result, Plaintiffs should not recover fees related to these portions of the lawsuit. *See, e.g., Californians for Alternatives to Toxics v. Troyer*, No. Civ. S-05-1633 FCD KJM, 2006 WL 2346324, at *7 (E.D. Cal. Aug. 11, 2006) (denying fees for

---

[2] The 10% figure takes into account the facts that the PPA claim was one of three claims in Plaintiffs' complaint, that PPA issues occupied approximately 20% of Plaintiffs' merits briefing, and that Plaintiffs did not receive an adverse ruling on the undecided PPA claim.

[3] Courts have upheld the approach of segregating a lawsuit into separate phases and analyzing the fee award based upon the success obtained during each distinct phase of the lawsuit. *See Save S.F. Bay Ass'n v. U.S. Dep't of Interior*, No. Civ.-F-97-6140 OWW/DLB, 2006 WL 1581882, at *6-*7, *9-*10 (E.D. Cal. June 6, 2006) (reducing fee award for lack of success at different phases of the lawsuit and awarding 29% of original amount); *Lands Council v. Swick*, No. CV03-344-N-EJL, 2005 WL 3241184, at *8-*9 (D. Idaho Nov. 23, 2005) (limiting fees to those hours spent prior to the entry of order remanding to the agency, except for a minor amount awarded for litigating the remedy phase).

time spent unsuccessfully opposing motion to dismiss); *Swick*, 2005 WL 3241184, at *8 (denying fees for time spent opposing motion for remand because unsuccessful effort "did not significantly enhance the result obtained by Plaintiffs"). Unlike *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991), the preliminary injunction in this case was not "a stage of litigation that was a necessary step" to Plaintiffs' later success in obtaining a vacatur. Plaintiffs' preliminary injunction motion was filed months after the merits decision and nearly three years after the filing of the complaint. If the parties had not been in the posture of preparing briefs and declarations on an emergency basis because of the filing of Plaintiffs' preliminary injunction motion, the same evidence would have likely still been before the Court by the time of the permanent remedies briefing, but all of the parties would have saved the expenditure of substantial resources. Thus, Plaintiffs should not be compensated for 623.6 hours spent on these unsuccessful motions.

In addition, this Court denied Plaintiffs' request for permanent injunctive relief and granted only a vacatur, while allowing already-planted RRSB plants to remain in the ground. While this Court found that vacatur would sufficiently redress Plaintiffs' alleged injury, Plaintiffs argued throughout the lawsuit that a vacatur-only remedy was not adequate. *See* ECF No. 551 at 6-7 n.2. Therefore, Plaintiffs did not achieve the outcome that they sought, and their requested fees should be reduced based on a comparison of the relief sought versus what was actually obtained. This was the result in *Center for Food Safety v. Johanns*, Civ. No. 03-00621 JMS/BMK, 2007 WL 3072860 (D. Haw. Oct. 18, 2007). In that case, the court concluded that:

> Because Plaintiffs were not successful on their related claims for nationwide relief, they cannot be said to have achieved 'excellent results' overall. Plaintiffs sought but failed to obtain relief with respect to nationwide permitting and environmental impacts under NEPA and the ESA. Plaintiffs obtained much of the relief sought overall, but a reduction is merited with respect to the related nationwide claims.

*Id.* at *9; *see also Swick*, 2005 WL 3241184, at *7-*8. This Court should decline to adopt this portion of the R&R and should apply a reasonable 30% discount to the compensable hours Plaintiffs expended related to the remedy phase of this case.

**II.    Plaintiffs Should Not Be Awarded Compensation for Time Spent on Issues Involving Intervenors, Vague Time Entries, and Other Non-Compensable Time**

Defendants object to the R&R's conclusions as to Plaintiffs' entitlement for fees related to work on tasks involving only Intervenors and work on activities that are not compensable under EAJA. The Court should therefore substantially reduce the claimed time.

A.    Fees should not be awarded for work spent on issues involving only Intervenors

The R&R erred by concluding that Plaintiffs should be compensated for the work expended on matters involving only Intervenors and not the government. R&R at 9-10. Time spent on motions or issues raised by parties other than the government is not compensable under EAJA. *Love v. Reilly*, 924 F.2d 1492, 1495-96 (9th Cir. 1991) (fees attributable to opposing motion of intervenors were not recoverable when the government took no position on intervenors' motion); *Sw. Ctr. for Biological Diversity v. Bartel*, No. 98-CV-2234-B(JMA), 2007 WL 2506605, at *9-10 (S.D. Cal. Aug. 30, 2007) (eliminating recovery of fees for portions of litigation related wholly to intervenors); *Swick*, 2005 WL 3241184, at *8 (plaintiffs not entitled to fees for time spent arguing against a motion to intervene filed by a third party); *Hells Canyon*, 2004 WL 1853134, at *7 (excluding time spent on opposing motion to intervene and other tasks unrelated to defendants).

First, although the R&R stated that "Plaintiffs note that they do not seek fees relating to the intervention motions themselves," R&R at 8 n.2, the R&R then erred by not eliminating Plaintiffs' time entries that *do relate* to the industry groups' intervention motions on which the government took no position, as well as the industry groups' amicus status in the merits phase, which total 35 hours. *See, e.g.*, Defs.' Ex. 4 (Golden time entry of 04/29/08 stating "Re-organize Opp. to Intervene; research case law re protectable interest; revise section on significantly protectable interest"); *id.* (Golden time entry of 05/09/08 stating "Review Reply briefs re: Intervention"). Plaintiffs should not be compensated for any hours related to the intervention motions.

Second, Plaintiffs should not be compensated for work expended on discovery disputes in which the government did not participate. In particular, Plaintiffs and Intervenors had discovery disputes that resulted in three discovery hearings before Magistrate Judge Spero (ECF Nos. 347,

350, 402).  The disputes did not involve the government, and the government was not even present at those hearings.  Furthermore, the bulk of the document review in this case concerned Intervenors' document production and not the government's.  Plaintiffs also expended time on evidentiary objections brought by Intervenors (ECF Nos. 271, 292, 518), but not brought by the government.  Plaintiffs' EAJA award should not include compensation for time expended on discovery matters that pertained to Intervenors alone.

Although the R&R relied on a portion of *Southwest Center*, 2007 WL 2506605, at *10, the hours identified in Defendants' Exhibit 4 that related only to Intervenors are distinguishable from the hours at issue in the cited portion of that case.  The language from *Southwest Center* that the R&R quotes concerned "overlapping expenses during the preparation of the summary judgment motions."  *Id.*  Here, Defendants have not sought to reduce Plaintiffs' compensation for hours spent on Intervenors' litigation activities that arguably overlapped with the government's, such as the time Plaintiffs' attorneys spent preparing their opposition to the industry groups' amicus brief in the merits phase.  Rather, the time entries identified in Defendants' Exhibit 4 were clearly attributable to Intervenors alone, and thus did not overlap with tasks that related to the government.  The Ninth Circuit is clear that a plaintiff should not be awarded EAJA fees for time expended on an intervenor's litigation activities in which the government took no part.  *Love*, 924 F.2d at 1495-96.  "A plaintiff's recoverable fees must be attributable to fighting an issue 'opposing government resistance.'"  *Sw. Center*, 2007 WL 2506605, at *8 (quoting *Love*, 924 F.2d at 1496.  The 1,085.5 hours set forth in Defendants' Exhibit 4 are those hours for which there was no government involvement, and which should not be compensable.

B.    Fees Should Not Be Awarded for Time Entries that Lack Sufficient Specificity

1.  *Vague or Unsupported Billing Entries*

Defendants object to the R&R's finding that, of the 268.39 hours Defendants had identified as vague, only 5% of those hours should be excluded.  R&R at 11.  The Magistrate Judge apparently misunderstood Defendants' calculations.  The R&R properly recognized that entries such as "t/c from W. Rostov; t/c to D. Reames; emails to/from G. Loarie" were

impermissibly vague and failed to indicate that such time was attributable to this case. R&R at 11 (citing Defs.' Ex. 6 at 1 (Achitoff entry dated 12/05/07). But the R&R then found that another entry that Defendants identified, "emails to/from P. Goldman; t/c to G. Loarie; t/c to W. Rostov' emails to/from B. Smith; research facts re herbicide tolerant crops," was an example of a time entry that could be linked to this case. R&R at 11 (citing Defs.' Ex. 6 at 1 (Achitoff entry dated 12/14/07). In using this 12/14/07 entry as an example of a sufficient description, the R&R failed to recognize that Defendants' Exhibit 6 already took into account that only the portion of this 12/14/07 entry regarding emails and telephone conferences was too vague. In arriving at the 268.39 hours that were impermissibly vague, Defendants did not include the 7.5 hours allegedly expended on 12/14/07 for "research facts re herbicide tolerant crops." In Defendants' Exhibit 6, only the time entries spent on the underlined vague tasks were added together to reach the sum of 268.39 hours. Thus, the R&R's arbitrary selection of only a 5% reduction for vague time entries does not comport with the Magistrate Judge's analysis. Instead, given the R&R's analysis of the vagueness issue, 55% of Defendants' earlier identified hours should be eliminated (which results in the exclusion of 148.8 hours).[4] Thus, Plaintiffs should not be compensated for these hours.

### 2. Block Billing

Defendants also object to the R&R's application of only a 25% discount to Ms. Rakowsky's block-billed hours. R&R at 11-12. Courts have disallowed the recovery of fees where the use of block billing prevents the court from assessing the reasonable number of hours spent on a given task. *See Oberdorfer v. Glickman*, No. CV-98-1588-HU, 2001 WL 34045732, at *4-*5 (D. Or. Sept. 14, 2001); *Hells Canyon*, 2004 WL 1853134, at *8 (disallowing block billing entries of three or more hours that contained multiple tasks when the court cannot assess how long was spent on each task). Ms. Rakowsky's block-billed hours in this case are especially egregious, as they combine an entire week's worth of work into a single entry. Thus, the Court should delete all of Ms. Rakowsky's 114.37 block-billed hours.

---

[4] Defendants' Exhibit 12 (attached hereto) is a revised version of Defendants' Exhibit 6 regarding vague time entries that has been modified to reflect the analysis of the R&R regarding vague entries.

C.    <u>The Court should not award all of Plaintiffs' requested fees for other non-compensable hours</u>

Defendants object to the R&R's arbitrary application of only a 10% reduction to Plaintiffs' other non-compensable hours. R&R at 12-13. As the R&R correctly recognized, Plaintiffs' billing records reveal numerous instances of billing for certain tasks—including clerical tasks, public relations, and soliciting clients—that are not compensable under EAJA and properly recommended a deduction for the time spent by Plaintiffs on these categories of tasks. R&R at 12. However, it appears that the R&R did not reduce Plaintiffs' hours for 6.6 hours spent on ESA claims that were not raised in this litigation, and provided no explanation as to why such time should be compensable. In doing so, the R&R erred. It is undisputed that there is no ESA claim in this case, and thus, there is no reason why the 6.6 hours spent on ESA matters should be compensable.

As for Defendants' arguments regarding time entries related to *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2760 (2010), Defendants are not seeking to exclude all of the time Plaintiffs spent on this litigation that related to *Geertson*. Rather, the *Geertson*–related entries Defendants sought to exclude and identified in Exhibit 2 were those that were insufficiently described. For example, Mr. Achitoff's 11/16/09 entry, "review cert. petition in Geertson Seed Farms case; draft memo re same; conference with DHenkin re same," does not indicate any connection to this litigation. It may be that theentry was work for which Plaintiffs should have sought compensation in the *Geertson* litigation, rather than in this case. The entry simply does not provide a basis to determine if compensation is appropriate here. Thus, the R&R erred by allowing compensation for the entries Defendants identified that related to *Geertson* but were not sufficiently connected to this case.

Finally, even if the Court adopts the R&R's rationale as to the categories of entries that should not be compensable, the R&R's recommended 10% reduction is not justified. Instead, in light of the R&R's analysis, 21% of Defendants' earlier identified non-compensable time entries should be eliminated (which results in the exclusion of 189.2 hours).[5] Thus, Plaintiffs should not

---

[5] Defendants' Exhibit 13 (attached hereto) is a revised version of Defendants' Exhibit 2 regarding non-compensable time entries that has been modified to reflect the R&R's analysis

be compensated for this time.

**III.   Plaintiffs' Claimed Hourly Rates Should Be Reduced**

Not only does the R&R err in recommending compensation for various hours as set forth above, but Defendants also object to the R&R's conclusions regarding Plaintiffs' requested enhanced hourly rates.  R&R at 14-22.  The rates the Magistrate Judge applied are unreasonably high—even when compared with cases decided by this Court that have awarded high hourly rates.  As a result, Defendants object to the R&R's recommendation that all of Plaintiffs' attorneys are entitled to enhanced rates for their work in this case, and further object to the rates the R&R applied.

Except in limited circumstances, EAJA sets a maximum hourly rate of $125.  See 28 U.S.C. § 2412(d)(2)(A).  In adjusting for the cost of living, the R&R correctly used the EAJA maximum rates that are made available by the Ninth Circuit, which set the following rates: $172.85 in 2008, $172.24 in 2009, and $175.06 in 2010.  A court may award a rate in excess of the statutory maximum only when a court determines that either "an increase in the cost of living" or "a special factor, such as the limited availability of qualified attorneys for the proceedings involved" justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A)(ii).  To be entitled to an enhanced rate, a plaintiff must demonstrate that: (1) the plaintiff's attorney possesses distinctive knowledge and skills developed through a practice specialty; (2) those skills were needed in the litigation; *and* (3) those skills were not available elsewhere at the statutory rate.  *Love*, 924 F.2d at 1496; *see also Natural Res. Def. Council v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008).  Plaintiffs must show not only that their attorneys possess distinctive knowledge or skill, but also showing that those skills and knowledge were "needful for the litigation in question."  *Love*, 924 F.2d 1496; *Winter*, 543 F.3d at 1161.  Courts are reluctant to award an enhanced rate because there is a "strong presumption that the basic fee is reasonable."  *Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir. 1993).

---

regarding non-compensable entries.  Thus, for example, the calculations in Exhibit 13 do not include any deductions for time spent on *Geertson*.  Exhibit 13 also corrects an inadvertent omission in Exhibit 2 regarding Mr. Golden's time which was not carried forward into the summary table.

A.    Plaintiffs' Attorneys Are Not All Entitled to Enhanced Rates for Their Work in This Case

Defendants focus their objections regarding the issue of Plaintiffs' entitlement to any enhancement of the EAJA rates on the conclusions the R&R reached as to Mr. Moriwake and Ms. Rakowsky, who will be discussed in turn.

1.  Isaac Moriwake

With respect to Mr. Moriwake, the R&R erred in concluding that his alleged skill and knowledge in environmental law were necessary to this case.  Mr. Moriwake did not work on any substantive environmental matters in this case.  Mr. Moriwake worked solely on matters pertaining to the admissibility of testimony of an economic expert and an administrative motion. *See* Achitoff Decl., Ex. A at 15.  The expertise required to perform "legal research re hearsay and expert testimony . . . [and] draft [a] motion to exclude [a] declaration," Achitoff Decl., Ex. A at 15, is not eligible for an enhanced rate under EAJA, as it requires merely "general lawyerly knowledge and ability useful in all litigation."  *Pierce v. Underwood*, 487 U.S. 552, 572 (1988); *see also Winter*, 543 F.3d at 1158.  Courts have disallowed requests for enhanced rates for attorneys in environmental cases when the tasks those attorneys performed did not involve environmental expertise.  *See, e.g.*, *Californians for Alternatives to Toxics v. U.S. Forest Serv.*, No. CIV S-05-1502 LKK/JFM, 2007 WL 2993132, at *9 (E.D. Cal. Oct. 11, 2007) (declining to award enhanced rates for attorneys who submitted declarations in support of plaintiff's fees motion).  The tasks Mr. Moriwake performed did not require any particular specialization in environmental law.  Accordingly, the Court should reject the Magistrate Judge's conclusion that Mr. Moriwake's work in this case warranted an enhanced rate even though he did not work on any environmental issues.  Alternatively, in the event the Court does find that Mr. Moriwake should be awarded an enhanced rate for his work in this case, the Court should award him a rate of no more than $350 per hour.  This rate is comparable to the hourly rate the Court awarded for an attorney with three more years of experience than Mr. Moriwake for work performed in 2008 and 2009.  *See Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-1927 CW, 2010 WL 3222183, at *6 (N.D. Cal. Aug. 13, 2010) (discussing rates for attorney Marc Fink, who

graduated from law school in 1995); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, Nos. C
05-1144 PJH, C 04-4512 PJH, 2008 WL 5210945, at *10 (N.D. Cal. Dec. 11, 2008) (same).[6]

### 2. Kateryna Rakowsky

To possess distinctive knowledge and skills developed through a practice specialty,
attorneys must be qualified "in some specialized sense, rather than just in their general legal
competence." *Pierce*, 487 U.S. at 572; *see also Winter*, 543 F.3d at 1158; *Animal Lovers
Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224, 1226 (9th Cir. 1989) (finding attorney not
entitled to an enhanced rate because "appellants [had] not established that their appellate counsel,
undoubtedly an able attorney, [had] specialized in environmental work").   In determining
whether an attorney possesses distinctive knowledge in a specialized field, a court will focus on
whether such attorney has developed a practice specialty by authoring journal articles, speaking
at national fora, and serving on committees addressing the distinct issue, as opposed to merely
having prior experience with a similar case.  *Winter*, 543 F.3d at 1161.

The R&R erroneously recommended that Ms. Rakowsky be awarded her requested
hourly rate of $350 per hour.  R&R at 17-18, 21.  Ms. Rakowsky is not entitled to an enhanced
rate because, as the Magistrate Judge noted, "Rakowsky's experience in environmental law
began in 2010 when she joined Center for Food Safety."  R&R at 17-18.  Ms. Rakowsky thus
had at most *five weeks* of experience in environmental law before her first time entry in this case.
Five weeks is undoubtedly an insufficient amount of time for development of expertise in
environmental law.  Indeed, Ms. Rakowsky's experience is even less than that of the junior Irell
associates in *Winter*, who had worked on an earlier companion case, but otherwise did not have
any other prior experience in environmental litigation, and thus were not entitled to enhanced
rates.  *Id.* at 1157, 1159.  Accordingly, the Court should not award Ms. Rakowsky an enhanced
rate because she does not possess the necessary special knowledge and skills.  The Court should
reject the R&R's findings on this issue and should compensate Plaintiffs for Ms. Rakowsky's

---

[6]  Although Defendants cite *Citizens for Better Forestry*, 2010 WL 3222183, and  *Citizens for
Better Forestry*, 2008 WL 5210945, as points of reference to show how unreasonable the R&R's
recommended rates are, Defendants note that the government believes the rates awarded in those
cases were unreasonably high.

time at the maximum statutory EAJA rate.

B. <u>The Excessive Hourly Rates Requested for Plaintiffs' Attorneys Should Be Reduced</u>

Defendants object to the Magistrate Judge's conclusion that Mr. Achitoff's normal rate of $250 per hour should be disregarded in this litigation. R&R at 18. When an attorney's actual billing rate is known, such a rate should be the presumptive ceiling. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate."). In assessing a reasonable hourly rate, courts should be mindful that EAJA was passed with the recognition that adequate representation should be provided at a *minimum* cost to the taxpayer. *See Baker*, 839 F.2d at 1082 (EAJA "serves a dual purpose: to ensure adequate representation for those who need it and to minimize the costs of this representation to taxpayers"). Rates in excess of an attorney's actual billing rate cannot meet this congressional intent.

*1. Paul Achitoff*

Plaintiffs' hourly rates should be based on the known rate of their most experienced lead counsel. Plaintiffs' request to compensate Mr. Achitoff for his work in this case at $650 per hour is excessive because it is 260% more than his normal known rate. Mr. Achitoff himself declared under oath that his normal hourly rate is $250 per hour. *See Ocean Mammal Inst. v. Gates*, Case 1:07-cv-00254-DAE-LEK (D. Haw.), ECF No. 183-3 (filed 2/13/2009) ("My normal hourly rate is $250.00") (Defs. Ex. 7); *see Ctr. for Food Safety v. Johanns*, Civ. No. 03-00621, 2007 U.S. Dist. LEXIS 77438, at *42-*43 (D. Haw. Oct. 18, 2007) (awarding Mr. Achitoff $250 per hour for work related to the ESA and awarding him the EAJA statutory rate for work related to NEPA). This rate should be the presumptive ceiling in this case. *People Who Care*, 90 F.3d at 1310. Plaintiffs, however, seek an award for Mr. Achitoff at $650 per hour, without justifying the requested increase from his normal hourly rate. Compensating Plaintiffs at this hourly rate is unjust and does not take into account fairness to taxpayers and the public fisc. Thus, the Court should reduce the requested hourly rate for Mr. Achitoff. Based on Mr. Achitoff's known hourly rate of $250 per hour, Mr. Achitoff should be awarded no more than $300 per hour, which is a reasonable 20% increase in the rate he received in 2007, particularly in light of declining rates

due to the economic downturn.[7] *See, e.g.*, *Citizens for Better Forestry*, 2010 WL 3222183, at *5 (holding that plaintiffs' requested $25 increase in hourly rates between 2008 and 2009 was not warranted, noting that Ninth Circuit's schedule of maximum EAJA rates lists a 2009 rate that is less than the 2008 rate, and stating that applicable consumer price index fell in that time period).

### 2. Andrew Kimbrell

Defendants continue to assert that Mr. A. Kimbrell's skill and knowledge were not needed in this litigation. *See* Defs.' Fees Response at 11. Even if the Court agrees with the R&R's conclusion that Mr. A. Kimbrell's alleged skill and knowledge were needed in this action such that he should be awarded an enhanced rate, Mr. A. Kimbrell's requested hourly rate of $650 per hour is excessive and should be substantially reduced. Plaintiffs requested that Mr. A. Kimbrell and Mr. Achitoff be awarded the same hourly rate. Thus, in light of Mr. Achitoff's known hourly rate, Mr. A. Kimbrell should also be awarded no more than $300 per hour. In the alternative, if the Court rejects Defendants' arguments based on Mr. Achitoff's known hourly rate but looks to this Court's past fees decisions, a reasonable hourly rate for Mr. A. Kimbrell, who graduated from law school in 1986, is no more than $475 per hour.[8] In short, Mr. A. Kimbrell's requested hourly rate should be reduced significantly.

### 3. Will Rostov

Defendants maintain that Mr. Rostov's skill and knowledge were not needed in this

---

[7] Even if the Court rejects Defendants' argument that Mr. Achitoff's hourly rate should not exceed $300 per hour based on his known hourly rate, in the alternative, Mr. Achitoff's requested hourly rate should be no more than $475 based on this Court's precedent. Mr. Achitoff graduated from law school in 1983, and the rate of $475 per hour is a calculated increase from the rate of $425 that this Court found appropriate for work performed in 2008-2009 by an attorney having seven years less experience than Mr. Achitoff in *Citizens for Better Forestry*, 2010 WL 3222183, at *6 (discussing hourly rate for attorney Pete Frost). The rate of $475 per hour is also on par with the rate of $500 per hour that was awarded to an attorney with six more years of experience than Mr. Achitoff for work performed between 2004 and 2007 in *Citizens for Better Forestry*, 2008 WL 5210945, at *5, 11 (discussing rate for attorney Trent Orr). Thus, even in a light most favorable to Plaintiffs, the Court should compensate Plaintiffs for work performed by Mr. Achitoff at no more than $475 per hour.

[8] The rate of $475 per hour is a calculated increase from the rate of $425 that this Court found appropriate for work performed in 2008-2009 by an attorney having four years less experience than Mr. A. Kimbrell in *Citizens for Better Forestry*, 2010 WL 3222183, at *6 (discussing hourly rate for attorney Pete Frost).

litigation.  *See* Defs.' Fees Response at 12.  Even if the Court adopts the R&R with respect to the Magistrate Judge's conclusion that Mr. Rostov's alleged skill and knowledge were needed in this action such that he should be awarded an enhanced rate, his requested hourly rate of $575 per hour is excessive and should be reduced.  In light of Mr. Achitoff's known hourly rate, a reasonable rate for Mr. Rostov would be $285 per hour.  In the alternative, if the Court rejects Defendants' arguments based on Mr. Achitoff's known hourly rate, based on this Court's prior fees decisions, a more reasonable hourly rate for Mr. Rostov, who graduated from law school in 1996 and did not work on this case after 2008, is $350 per hour.  The rate of $350 per hour is the rate this Court found appropriate for work performed in 2008 by an attorney having one more year of experience than Mr. Rostov (i.e.., Marc Fink) in *Citizens for Better Forestry*, 2010 WL 3222183, at *6.  Thus, the Court should compensate Plaintiffs for work performed by Mr. Rostov at much less than his requested rate.

### 4.  Paige Tomaselli, Greg Loarie, George Kimbrell, Kevin Golden

The Court should reject the R&R's findings regarding the rates for Plaintiffs' remaining attorneys.  Because Plaintiffs' lead attorney should be entitled to no more than $300 per hour in light of his known hourly rate, the other attorneys' rates should be reduced accordingly.  Thus, as discussed in Defendants' Response to Plaintiffs' Motion at 14-15, the Court should award a rate no higher than $275 per hour for Mr. Loarie; a rate no higher than $250 per hour for Messrs. Kimbrell and Golden; and a rate no higher than $200 per hour for Ms. Tomaselli.

Even if the Court were to reject Defendants' arguments based on Mr. Achitoff's normal hourly rate, the claimed rates for Ms. Tomaselli and Messrs. Loarie, G. Kimbrell, and Golden should nonetheless be greatly reduced in light of this Court's precedent.  Mr. Loarie, who graduated from law school in 2001, should be awarded no more than $325 per hour, which is generous in light of the rate of $350 per hour that this Court awarded in *Citizens for Better Forestry*, 2010 WL 3222183, at *6, for an attorney who graduated in 1995.  Likewise, Messrs. G. Kimbrell and Golden who graduated from law school in 2004, should receive an hourly rate of no more than $310.  Plaintiffs have recognized that Ms. Tomaselli should receive an hourly rate lower than that of Messrs. G. Kimbrell and Golden.  *See* G. Kimbrell Decl. ¶¶ 10, 15, 26

(ECF No. 625). Thus, in light of this Court's prior decisions, Ms. Tomaselli's hourly rate should not exceed $285 per hour.

### 5. Law Clerks

Finally, Defendants object to the R&R's conclusion that $145 per hour is an appropriate rate for law clerks. R&R at 21-22. To the contrary, an award of $145 per hour for work performed by law clerks is excessive and nearly equal to the EAJA rate for an attorney. Presumably, these law clerks would have been unpaid, and clients would not have been billed for their time. *See* Second G. Kimbrell Decl. ¶ 3 (ECF No. 644). The Court should award only $75 per hour for the law clerks' work. The Ninth Circuit has held that $75 per hour is a reasonable hourly rate for work performed by law clerks. *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (awarding $75 per hour for law students); *see also In re Hunt*, 238 F.3d 1098, 1105 (9th Cir. 2001) (affirming bankruptcy court's award of fees for third-year law student at $75 per hour). Alternatively, if the Court believes that the hourly rate for work performed by law clerks in this forum should be more than $75 per hour, the Court should award no more than $115 per hour. *See Citizens for Better Forestry*, 2008 WL 5210945, at *5. Unlike attorneys who would be expected to develop additional experience over time, a law clerk's expertise would not be expected to exceed that of a third year law student. Therefore, the hourly rate for a law clerk should not increase year to year in a dramatic manner. Plaintiffs' requested hourly rate for law clerks is inappropriately high and should be reduced.

Thus, the Court greatly reduce the requested rates for Plaintiffs' attorneys and law clerks.

### CONCLUSION

For the foregoing reasons, the R&R's conclusions are in error and should be modified. Federal Defendants respectfully request an opportunity to provide the Court with further aggregate calculations regarding Plaintiffs' reduced EAJA award in light of the conclusions the Court may reach on the issues discussed above.[9]

---

[9] Consistent with the Magistrate Judge's direction, R&R at 24, Defendants will stipulate to an amount of fees that would be recoverable by Plaintiffs consistent with the findings in the R&R. However, as discussed in these Objections, the R&R is incorrect on certain issues and further reductions are warranted beyond what the Magistrate Judge recommended.

Respectfully submitted this 27th day of October, 2011.

IGNACIA S. MORENO
Assistant Attorney General

/s/ Beverly F. Li
BEVERLY F. LI
LUTHER L. HAJEK
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 353-9213 (Li)/ (202) 305-0492 (Hajek)
Facsimile: (202) 305-0506
Email: Beverly.Li@usdoj.gov
Email: Luke.Hajek@usdoj.gov

TONY WEST
Assistant Attorney General
JOHN R. GRIFFITHS
Assistant Director, Federal Programs Branch
ERIC WOMACK
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7140
Washington, D.C. 20001
Tel.: (202) 514-4020
Facsimile: (202) 616-8470
Email: Eric.Womack@usdoj.gov

Attorneys for Federal Defendants

## **TABLE OF EXHIBITS**

| Exh. No. | Description |
|----------|-------------|
| 12 | Revised time entries that are vague or block billed (i.e., Defs.' Exh. 6 as modified to reflect the analysis of the R&R) |
| 13 | Revised time entries that are noncompensable (i.e., Defs.' Exh. 2 as modified to reflect the analysis of the R&R) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2011, I electronically filed the foregoing FEDERAL DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the following attorneys of record:

Paul H. Achitoff
Gregory C. Loarie
Paige Tomaselli
Kateryna Rakowsky
George Kimbrell

Attorneys for Plaintiffs

Philip J. Perry
Christopher H. Marraro
Gilbert S. Keteltas
Janice M. Schneider
John F. Bruce
Rachel G. Lattimore
David J. Lazerwitz
Nancy Bryson
Alison Suthers
Harry Zirlin
William Weeks
Walter Edmiston
Joanne Lichtman
Daniel Bukovac
Sarah Flanagan

Attorneys for Intervenor-Defendants

**Served by First Class Mail:**
J. Thomas Carrato
Monsanto Company
Mail Zone EINH
800 N. Lindbergh Blvd.
St. Louis, MO 63167-0001
Stanley H. Abramson
1050 Connecticut Avenue NW
Washington, DC 20036

Attorneys for Intervenor-Defendants

/s/ Beverly F. Li
Counsel for Federal Defendants