GEORGE A. KIMBRELL (*Pro Hac Vice*)
PAIGE M. TOMASELLI State Bar No. 237737
KATERYNA L. RAKOWSKY State Bar. No. 246248
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Emails: gkimbrell@icta.org
       ptomaselli@icta.org
       kateryna@icta.org

PAUL H. ACHITOFF (*Pro Hac Vice*)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS J. VILSACK, *et al.*, <br><br> Defendants. | Case No.: 3:08-cv-0484-JSW <br><br> **PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Date: <br> Time: <br> Judge: Hon. Jeffrey S. White <br> Place: Courtroom 11 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    I. PLAINTIFFS FEE AWARD SHOULD NOT BE REDUCED FOR TIME SPENT ON THE PLAINT PROTECTION ACT CLAIM ................................................... 1

    II. PLAINTIFFS' OBTAINED "EXCELLENT RESULTS" IN THE REMEDIES PHASE AND ARE ENTITLED TO A "FULLY COMPENSIBLE FEE" ........................ 3

    III. PLAINTIFFS' FEE AWARD SHOULD NOT BE REDUCED FOR TIME SPENT ON MATTERS INVOLVING BOTH INTERVENORS AND DEFENDANTS .............. 4

    IV. THE COURT SHOULD ADOPT THE R&R'S PERCENTAGE REDUCTIONS FOR ALLEGED VAGUE BILLING ENTRIES, BLOCK BILLING, AND TIME SPENT ON NON-COMPENSABLE TASKS ................................................................ 6

        A. Defendants' Proposed Deduction for "Vague" Time Entries Is Unfounded. ............... 6

        B. The R&R's Reduction for Block-Billed Hours Is Reasonable. ................................... 7

        C. The R&R's Reduction of Billing Entries Defendants Challenged as Non Compensable Is Adequate ............................................................................................ 7

    V. DEFENDANTS FAIL TO SHOW JUDGE LAPORTE ERRED IN FINDING THAT MARKET RATES ARE APPROPRIATE FOR WORK PERFORMED BY PLAINTIFFS' ATTORNEYS, EACH OF WHOM POSSESSED KNOWLEDGE AND SKILLS "NEEDFUL TO THE LITIGATION" .......................................................... 9

        A. Plaintiffs' Attorneys' Specialized Skill and the Work They Performed in This Case Merit Market Rates. ........................................................................................... 10

        B. The Market Rates Plaintiffs Requested Are "Reasonable" and Supported By Multiple Sources, Including Both Industry Data and Case Law. ............................... 12

            1. Mr. Achitoff's Rates in the District of Hawai'i Several Years Ago Are Irrelevant Here. .................................................................................................. 13

            2. Defendants' Reliance on the *Citizens* Cases for Their Objections to the Rates Requested for Attorneys William Rostov, Paige Tomaselli, Greg Loarie, George Kimbrell, Kevin Golden and Plaintiffs' Law Clerks Is Misplaced. ............... 14

        C. Plaintiffs' Attorneys' Specialized Skill and Knowledge Was Necessary to This Litigation. .................................................................................................................. 14

CONCLUSION ........................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Blum v. Stenson*,
    465 U.S. 886 (1984) ..................................................................................................... 13

*Cabrales v. County of Los Angeles*,
    935 F.2d 1050 (9th Cir. 1991) ........................................................................................ 3

*Californians for Alternatives to Toxics v. U.S. Forest Service*,
    No. CIV. S-05-1502 ..................................................................................................... 10

*Davis v. City of San Francisco*,
    976 F.2d 1536 (9th Cir. 1992) ........................................................................................ 8

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) ............................................................................... 6, 7, 8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ....................................................................................................... 3

*Love v. Reilly*,
    924 F.2d 1492 (9th Cir. 1991) ................................................................................. 5, 10

*Monsanto v. Geertson Seed Farms*,
    130 S.Ct. 2743 (2010) ............................................................................................ passim

*Natural Res. Def. Council v. Locke*,
    771 F. Supp. 2d 1203 (N.D. Cal. 2011) ......................................................................... 5

*Natural Res. Def. Council v. Winter*,
    543 F.3d 1152 (9th Cir. 2008) ...................................................................................... 10

*O'Neal v. City of Seattle*,
    66 F.3d 1064 (9th Cir. 1995) ......................................................................................... 2

*People Who Care v. Rockford Bd. of Educ.*,
    90 F.3d 1307 (7th Cir. 1996) ................................................................................. 11, 13

*Pierce v.Underwood*,
    487 U.S. 558 (1988) ..................................................................................................... 10

*Prison Legal News v. Schwarzenegger*,
    608 F.3d 446 (9th Cir. 2010) ....................................................................................... 13

*Webb v. Sloan*,
    330 F.3d 1158 (9th Cir. 2003) ..................................................................................................2

*Welch v. Metropolitan Life Ins. Co.*,
    480 F.3d 942 (9th Cir. 2007) ....................................................................................................7

**UNPUBLISHED FEDERAL CASES**

*Citizens for Better Forestry v. U.s. Dep't of Agric. (Citizen I)*,
    No. C 05-1144-PJH, 2008 WL 5210945 (N.d. Cal. Dec. 11, 2008) ..............................2, 11, 14

*Citizens for Better Forestry v. U.S. Dep't of Agric. (Citizens II)*,
    No. C 08-1927-CW, 2010 WL 3222183 (N.D. Cal. Aug. 13, 2010) ..................................11, 14

*Geerston Seed Farms v. Johanns*,
    No. C 06-01075-CRB (N.D. Cal. Nov. 8, 2011) ............................................................. passim

*Hells Canyon Preservation Council v. U.S.
    Forest Service*, No. C 00-755-HU, 2004 WL 1853134 ........................................................2, 8

*Sierra Club v. U.S. Department of Transportation*,
    No. C 86–3384-DLJ, 1998 WL 289315 (N.D. Cal. Apr. 6, 1998) .............................................2

*Sw. Ctr. for Biological Diversity v. Bartel*,
    No. C 98-2234-B-JMA, 2007 WL 2506605 (S.D. Cal. Aug. 30, 2007) ....................................6

**STATE CASES**

*Environmental Law Foundation v. Atlantic Express of LA,
    (*Los Angeles Superior Case No. CGC-06-451832) ...............................................................14

*Environmental Law Foundation v. Laidlaw Transit Inc.,*
    (San Francisco Superior Court No. CGC-06-451832) ............................................................14

**LOCAL RULES**

Civil L. R. 72-3 ................................................................................................................................5

**INTRODUCTION**

On October 13, 2011, Magistrate Judge Laporte issued a Report and Recommendation on Plaintiffs' Motion for Attorneys' Fees and Costs (R&R), recommending the Court grant Plaintiffs' motion with certain reductions. Dkt. No. 648. Defendants object to the R&R, claiming Plaintiffs' fee award should be dramatically reduced. Defs.' Objections to Report and Recommendation on Pls.' Mot. for Attorneys' Fees and Costs (Defs.' Obj.). Defendants' position is unfounded. The R&R is well supported by Ninth Circuit case law.

The R&R is further supported by a recent decision in a similar case. On November 8, 2011, the court in *Geertson Seed Farms v. Johanns*—involving the unlawful deregulation of a genetically engineered crop—issued its Order Awarding Attorneys' Fees. *Geerston Seed Farms v. Johanns*, No. C06-01075 (N.D. Cal. Nov. 8, 2011) (*Geertson* Fees Order) (attached as **Exhibit A** to the Tomaselli Declaration (filed concurrently)). The *Geertson* Fees Order granted plaintiffs' motion for attorneys' fees, nominally reducing the overall award by 10% for plaintiffs' "limited success" in the litigation's remedies phase. The *Geertson* Fees Order is not only directly on point, but substantially relies on the analysis by Judge Laporte and the conclusions of the R&R. Accordingly, Plaintiffs file the following Response to Defendants Objections.

**ARGUMENT**

**I. PLAINTIFFS FEE AWARD SHOULD NOT BE REDUCED FOR TIME SPENT ON THE PLAINT PROTECTION ACT CLAIM.**

Plaintiffs agree with Section 2(A)(i) of the R&R, where Judge Laporte finds the fee award should not be reduced to account for time spent on the Plaint Protection Act (PPA) claim. Defendant's object, arguing that a fee award should be reduced when—due to success on a plaintiff's other claims—a court fails to reach the merits of a certain claim. Defendants improperly frame the PPA claim as "unsuccessful." Defs.' Obj. at 2. The PPA claim was not "unsuccessful"; the Court simply "found it unnecessary to reach the PPA claim because [it] had

already held that Defendants violated [the National Environmental Policy Act (NEPA)]." R&R at 6.

Defendants cite *Sierra Club v. U.S. Department of Transportation*, No. C–86–3384-DLJ, 1998 WL 289315 (N.D. Cal. Apr. 6, 1998) and *Hells Canyon Preservation Council v. U.S. Forest Service*, No. CV-00-755-HU, 2004 WL 1853134 (D. Or. Aug. 18, 2004, to support their objection. Plaintiffs agree with the R&R that these cases are inapposite. R&R at 6. In both cases, the court declined to award fees because the claims or legal theories lacked merit and were therefore "unsuccessful," not because the court declined to reach those claims. *See* R&R at 6.

Defendants also incorrectly argue Plaintiffs' PPA and NEPA claims are not related, because the scientific and legal analysis in the PPA's Plant Pest Risk Assessment is "substantive in nature while the NEPA claims are procedural in nature." Defs.' Obj. at 2. For purposes of attorneys' fees, claims are closely related when they "involve a common core of facts <u>or</u> are based on related legal theories." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (emphasis in original). The Ninth Circuit applies a "course of conduct" test to determine whether claims are related: whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised. *Citizens for Better Forestry v. U.s. Dep't of Agric. (Citizen I)*, No. C-05-1144-PJH, 2008 WL 5210945, at *4 (N.d. Cal. Dec. 11, 2008) (citing *Thorne*, 802 F.2d at 1141). Here, the PPA claim and the NEPA claim addressed the same course of conduct: the unlawful deregulation of Roundup Ready Sugar Beets (RRSB). The course of conduct that gave rise to the deregulation is undeniably related, not distinct and separate. *See O'Neal v. City of Seattle*, 66 F.3d 1064, 1069 (9th Cir. 1995). Therefore, even if the PPA claim had been unsuccessful—which it was not—Plaintiffs would still be entitled to recover fees expended on it.

These Defendants made the same argument in *Geertson* and that court rejected it, holding the PPA claim the court did not reach was sufficiently related to the successful NEPA claim to support a fee award. *Geerston* Fees Order at 6. The Court should not reduce Plaintiffs' fee award for the PPA claims.

## II. PLAINTIFFS' OBTAINED "EXCELLENT RESULTS" IN THE REMEDIES PHASE AND ARE ENTITLED TO A "FULLY COMPENSIBLE FEE."

Section 2(A)(ii) of the R&R states, "Plaintiffs have argued persuasively that they obtained 'excellent results' despite the denial of permanent injunctive relief and are therefore entitled to a 'fully compensable fee.'" R&R at 8 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Plaintiffs agree. Defendants argue that because Plaintiffs did not obtain injunctive relief, the Court should apply a 30% discount to the compensable hours Plaintiffs' expended related to the remedies phase. Defs.' Obj. at 3-4. This argument—rejected in *Geertson* —is contrary to law. Where, as here, "a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorneys' fee reduced simply because the district court did not adopt every contention raised." *Hensley*, 461 U.S. at 440.

First, contrary to Defendants' assertions, the preliminary injunction motion contributed to Plaintiffs' ultimate victory. *See Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052-53 (9th Cir. 1991)). The Ninth Circuit's holding in *Cabrales* is clear: "Even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Id.* at 1052 (emphasis added). The R&R goes a step further, finding that the preliminary injunction motion was a "necessary step to Plaintiffs' ultimate victory." R&R at 7 (quoting *Cabrales*, 935 F.2d at 1053). The R&R's reasoning is well-supported. This Court's findings of irreparable harm and the inequity of continuing the status quo were later used by the Court in support of its vacatur order: "In light of Plaintiffs' showing of irreparable harm to the environment, the Court informed Defendants and Defendant-Intervenors that it was troubled by maintaining the status quo" while environmental review was pending. Order Regarding Remedies at 2 (Dkt. No. 570); *see Cabrales*, 935 F.2d at 1052 ("Even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims.")

Defendants' argument that Plaintiffs did not receive the outcome they sought in the permanent relief phase also fail. "Plaintiffs ultimately obtained the relief they sought, that is, an

order requiring preparation of an EIS, and a halt to further production of [RRSB] absent a new agency action." R&R at 7-8. Plaintiffs' motion for permanent injunction was one of several theories of relief presented. The Court ultimately chose the relief "sufficient to redress Plaintiff's [sic] injury." Order Regarding Remedies at 8-9 (quoting *Monsanto v. Geertson Seed Farms*, 130 S.Ct. 2743, 2761 (2010)). Moreover, the halt to further planting was ordered without prejudice to further relief should the vacatur be violated. R&R at 8.

The *Geertson* court also was persuaded by the R&R. After finding that Defendants' deregulation violated NEPA, the court ordered both injunctive relief and vacatur. Ultimately, the injunction (but not the vacatur) was overturned. *Geerston* Fees Order at 2-3. Plaintiffs proposed a 20% overall reduction to reflect the loss of the injunction after two rounds of appeals. *Id*. at 10. Relying on the R&R, the *Geerston* court found a 10% reduction adequate because the difference between the remedies sought and obtained was minimal. *Id*. at 12.

Unlike *Geertson*, where the validity of the injunction was litigated in the both the Ninth Circuit Court of Appeals and the Supreme Court and ultimately was overturned, this Court declined to issue an injunction because the "less drastic remedy" of vacatur "was sufficient to redress plaintiffs' injury." Order Regarding Remedies at 8-9. Indeed, compared to the broad injunctive relief sought in *Geertson*, the injunction Plaintiffs sought here was narrowly tailored to ensure that the vacatur of APHIS's deregulation of RRSB would be enforced. Order Regarding Remedies at 8-9. Therefore, the R&R correctly concluded that no reduction in fees is warranted because "excellent results" were obtained despite the denial without prejudice of additional, but unnecessary, relief. R&R at 8.

### III. PLAINTIFFS' FEE AWARD SHOULD NOT BE REDUCED FOR TIME SPENT ON MATTERS INVOLVING BOTH INTERVENORS AND DEFENDANTS.

Plaintiffs agree with Judge LaPorte's finding in R&R Section 2(B) that Plaintiffs should be compensated in full for the time spent working on issues Intervenors raised because "the positions of Defendants and Intervenors were intertwined in the relief phase and not readily compartmentalized." *Id.* at 10. Defendants' argument to the contrary overstates the law. In

*Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991), the Ninth Circuit explained that "an award is not appropriate for a <u>phase of the litigation</u> in which the party seeking an award was opposed only by other, non-governmental parties," but held that fees awarded for time spent on opposing "governmental resistance to their rightful demands," regardless of the involvement of non-government parties, was proper. *Id*. at 1496 (citation omitted) (emphasis added). *Love* and the cases Defendants cite exclude EAJA fees for litigation activities attributable solely to private parties; the cases do not preclude compensation for time spent litigating arguments raised by both non-governmental parties and the government.

The Ninth Circuit disallows compensation for work on issues on which the government took no position—here, the motions to intervene. Plaintiffs deleted all such hours prior to submitting their motion for attorney's fees and costs. Achitoff Decl. ¶ 22 (Dkt. No. 627). Although Defendants repeatedly claim Plaintiffs did not delete all such time entries (referencing Defendants' Exhibit 4), they failed to meet their burden of identifying any improper time entries. *Natural Res. Def. Council v. Locke*, 771 F. Supp. 2d 1203, 1213 (N.D. Cal. 2011). Defendants' Exhibit 4's thirty pages of time entries include all entries on issues in which Intervenors had any substantial involvement, including those where Defendants also opposed Plaintiffs. This does not meet Defendants' burden. In their Objections to the R&R, Defendants for the first time state that they are challenging Plaintiffs' time entries on "industry groups' intervention motions" and "industry groups' amicus status" totaling 35 hours, but again fail to specify the challenged time entries. *See* Local Rule 72-3 ("the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) shall be upon the record of the proceedings before the Magistrate Judge").

Other than opposing intervention, Plaintiffs' attorneys responded to arguments that Defendants either made or relied upon, directly or indirectly. Plaintiffs are entitled to compensation for time spent responding to Intervenors' amicus briefs in the merits phase because the arguments made by Intervenors as Amici were directly in support of Defendants' "resistance" to Plaintiffs' "rightful demands." *Love*, 924 F.2d at 1496. As the R&R points out, "Defendants were <u>heavily involved</u> in the motion practice and litigation, and often <u>aligned with</u>

Intervenors" during the remedies phase. R&R at 9 (emphasis added); *see Sw. Ctr. for Biological Diversity v. Bartel*, No. C98-2234-B-JMA, 2007 WL 2506605, at *10 (S.D. Cal. Aug. 30, 2007) (no reduction in fee award where "the issues raised by … [i]ntervenors were variations of the positions of the [defendants]" such that the "briefs necessarily intertwined essential issues and thus cannot be easily compartmentalized."). After this Court granted summary judgment in Plaintiffs' favor, Defendants actively opposed halting interim planting of RRSB, to benefit Intervenors. Plaintiffs responded to Defendants' and Intervenors' respective arguments in single briefs. Plaintiffs should be fully compensated for time spent on matters involving both Intervenors and Defendants. R&R at 10.

## IV. THE COURT SHOULD ADOPT THE R&R'S PERCENTAGE REDUCTIONS FOR ALLEGED VAGUE BILLING ENTRIES, BLOCK BILLING, AND TIME SPENT ON NON-COMPENSABLE TASKS

Judge Laporte applied three separate percentage reductions to three categories of hours challenged by Defendants as vague, block-billed or noncompensable: 5% of vague time entries; 25% of block-billed hours; and 10% of time spent on non-compensable tasks. R&R at 11-13. A court has discretion to apply percentage reductions in the number of hours to a fee application so long as the amount of the fee award is accompanied by "a concise but clear explanation of [the court's] reasons for the fee award." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). Judge Laporte's percentage reductions are all well-supported; this Court should uphold them.

### A. Defendants' Proposed Deduction for "Vague" Time Entries Is Unfounded.

Judge LaPorte found only a few of the allegedly vague billing entries actually neglect to specify information connecting them to work done in this case, and therefore applied a modest reduction. R&R at 11. The R&R found that many of the entries Defendants challenged "are not unduly vague because they contain additional information in the entry that could connect the entry to work done in the case." *Id.* Defendants mischaracterize the R&R's reasoning and urge this Court to apply a 55% reduction. Referencing the same time entry that the R&R found

adequately described, Defendants urge this Court to deduct time attributable to all entries regarding communications as impermissibly "vague" unless the subject matters of each telephone call are listed directly after each noted telephone call, rather than at the end of the entry. *Compare* Defs.' Ex. 6 *with* Defs.' Ex. 12.

Defendants' argument is arbitrary and contrary to law, which does not require that the subject of every telephone call be described, or that the court "set forth an hour-by-hour analysis of the fee request." *Gates*, 987 F.2d at 1399. The 5% reduction is adequate.

### B. The R&R's Reduction for Block-Billed Hours Is Reasonable.

The R&R deducted 25% of attorney Kateryna Rakowsky's blocked-billed hours during her first months on the case. R&R at 11. As the R&R recognized, the Ninth Circuit allows a modest percentage reduction to, rather than complete exclusion of, block-billed hours. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (reversing as clear error a 20% across-the-board reduction for block billing and finding that a 40% discount of only the block-billed hours was excessive); *id.* at 12. The R&R arrived at a 25% discount for the block-billed hours, a total of 92.79 hours[1], citing *Welch*. This was reasonable and legally supported.

### C. The R&R's Reduction of Billing Entries Defendants Challenged as Non Compensable Is Adequate.

The R&R reduced by 10% the hours spent on tasks allegedly non-compensable under EAJA. Defendants once again challenge Judge Laporte's discretion to apply a percentage reduction, rather than an hourly deduction. Specifically, Defendants separately identify Plaintiffs' hours on discrete issues (including Plaintiffs' time entries that relate to *Monsanto* and

---

[1] Defendants' statement that Ms. Rakowsky block-billed 114.37 hours is erroneous. The R&R found, and Defendants do not challenge, that Ms. Rakowsky had a total of 92.79 block-billed hours. R&R at 11. *See* Stipulation Re: Report & Recommendation on Pls.' Mot. for Fees and Costs (Joint Stipulation on R&R)(Dkt. No. 650) at 1 (stating that the parties stipulate to a $8,119.13 reduction to account for a 25% reduction for Ms. Rakowsky's block-billed time). The $8,119.13 figure is based on 92.79 block-billed hours.

work related to the Endangered Species Act) as non-compensable. The Court should reject Defendants' insistence that the Court conduct "an hour-by-hour analysis of the fee request," and uphold the 10% reduction for non-compensable tasks. *Gates*, 987 F.2d at 1399.

The cases Defendants cited in their response to Plaintiffs' fee motion support denying compensation for "time spent on clerical tasks, public relations, soliciting clients and matters unrelated to the litigation." R&R at 12; *see, e.g., Davis v. City of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992) (denying attorney's fees for non-attorney tasks); *Hells Canyon*, 2004 WL 1853134, at *9 (excluding attorney hours spent on clerical tasks). Yet, Defendants challenge Plaintiffs' time on related matters , including Plaintiffs' work on *Monsanto* and on issues related to sugar exports and sugar beet production in other parts of the country. *See* Defs.' Ex. 2. Judge LaPorte properly found that most of the billing entries Defendants challenge do relate to the present case. R&R at 13 ("Plaintiffs provide many more examples that are persuasive that many of the time entries challenged by Defendants as unrelated to this litigation are actually related to this case.").

Defendants argue they seek to exclude only time related to *Monsanto* that Defendants deemed to be "[in]sufficiently related to this case," Defs.' Obj. at 8, rather than all of Plaintiffs' *Monsanto*-related time. The R&R correctly found that *Monsanto* "was a relatively recent case involving similar issues to this case and therefore is not unrelated." R&R at 13. In fact, during the remedies phase of this case, the Court ordered supplemental briefing regarding the significance of the *Monsanto* decision from the Supreme Court. *See* Dkt. No. 523.

Judge LaPorte examined these entries and factored them into her analysis of the extent to which Plaintiffs' time is compensable. Defendants do not show that Judge LaPorte erred in exercising her discretion to apply a 10% reduction to the allegedly non-compensable billing entries. *See Gates*, 987 F.2d 1399 ("when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure…."). Although the R&R did not identify an exact number of non-compensable hours to be reduced, as stated in the Joint Stipulation on R&R, the 10% reduction

applies only to the total hours Defendants listed on the first page of their Exhibit 2 (Dkt. No. 642-2) under the column heading "Non-Compensable," and excludes hours listed under the column heading "Unsuccessful Motions" on the same page.[2] *See* R&R at 12 (non-compensable time described as "time spent on clerical tasks, public relations, soliciting clients, and matters unrelated to the litigation."); Defs.' Ex. 2 at 1(Dkt. No. 642-2) (also describing non-compensable hours as time spent on "clerical/administrative tasks" or "media/public relations.")  The Court should uphold the finding in Section F of the R&R, and apply a 10% reduction only to hours listed under the "Non-Compensable" category in Defendants' Exhibit 2.

V. **DEFENDANTS FAIL TO SHOW JUDGE LAPORTE ERRED IN FINDING THAT MARKET RATES ARE APPROPRIATE FOR WORK PERFORMED BY PLAINTIFFS' ATTORNEYS, EACH OF WHOM POSSESSED KNOWLEDGE AND SKILLS "NEEDFUL TO THE LITIGATION."**

Judge Laporte found that (1) Plaintiffs' attorneys possessed specialized skills and enhanced rates are appropriate for their work, R&R at 16-17; (2) the market rates Plaintiffs requested are reasonable, *id.* at 18-22; and (3) Plaintiffs' attorneys' skills were necessary in this litigation, *id.* at 24.  Judge Breyer agreed, in full, with this holding in the *Geertson* Fees Order, concluding that the rates Plaintiffs requested—identical to the rates requested here—are reasonable, that Plaintiffs' attorneys' specialized skills were necessary, and that Plaintiffs' enhanced rates were properly applied. *id.* at 12-15.  Defendants' arguments to the contrary are unsupported by case law and based on bald assertions lacking any evidentiary support.

---

[2] Defendants argue that the 10% reduction should apply to the combined total for hours under both the "Non-Compensable" and "Unsuccessful Motions" categories in Exhibit 2.  *See* Defs.' Ex. 2 at 1.  As stated s*upra* Section I, the R&R unequivocally found that "the denial of the preliminary injunction motion was [not] such a separate phase of this case that the fee award should be reduced … " *R&R* at 7;  *id.* (finding that "[t]he Ninth Circuit … has rejected Defendants' argument" that Plaintiffs should not be awarded fees for work on the preliminary injunction motion).

### A. Plaintiffs' Attorneys' Specialized Skill and the Work They Performed in This Case Merit Market Rates.

Judge Laporte relied on Ninth Circuit case law and extensive evidence in finding that Plaintiffs' attorneys possessed specialized skills that were properly utilized in this matter. *Id,* at 16-24. Defendants object, stating that attorney Isaac Moriwake's skill and knowledge were not necessary because he did not work on substantive environmental matters, Defs.' Obj. at 10, and that Kateryna Rakowsky did "not possess the necessary special knowledge and skills" to merit market rates, *id*. at 11. Defendants' challenge fails on multiple grounds.

**Isaac Moriwake**

Defendants attempt to resurrect the government's failed argument in *Geertson* that "attorneys seeking fees above the EAJA statutory amount must utilize their special skills for each and every task performed during the litigation." *See Geertson* Fees Order at 15. (joining Judge Laporte in rejecting Defendants' argument). Not only is this theory unworkable as a practical matter, but it is contrary to Ninth Circuit case law, which focuses on "whether an attorney has specialized knowledge that was 'needful for the litigation,' even if some tasks within the case did not require that specific knowledge." *Love*, 924 F.2d at 1496; *Natural Res. Def. Council v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008).[3]

Judge Laporte's critique of this argument, that Defendants "have cited no authority, and the Court could find none, that requires the Court to examine each specific task to determine whether specialized knowledge was required for each specific task," remains valid. R&R at 22. Defendants cite only two cases in support of their theory, one of which, *Californians for Alternatives to Toxics v. U.S. Forest Service*, No. CIV. S-05-1502 LKK/JFM, 2007 WL 2993132, *9 (E.D. Cal. 2007), they misapply.[4] *Californians* merely denied market-rate fees for

---

[3] Awarding enhanced fees for certain tasks that did not require specific expertise differs from excluding non-compensable time, such as press work and clerical tasks. Plaintiffs do not challenge Judge Laporte's finding that those tasks do not merit fees.

[4] The second case cited by Defendants, *Pierce v. Underwood*, 487 U.S. 558 (1988), stands for the uncontested principle that general legal ability alone does not merit enhanced rates. *Id.* at 572.

attorneys' work on <u>their own declarations in support of the plaintiffs' fee motion</u>. *Id*. The case says nothing about the type of work done by Mr. Moriwake, which involved legal research and review of complex expert testimony, nor did it state or imply that such work should be exempt from enhanced rates. Judge Laporte accurately noted that "even though Moriwake worked on more general aspects of this case, his lengthy experience in environmental law and genetic engineering was needed in this litigation in general, and the ruling on the motion on which Moriwake worked was important to Plaintiff's success and was cited by Judge White in his vacatur opinion." R&R at 23.

Defendants' argument that, should this Court award enhanced rates, Mr. Moriwake is due no more than $350 / hour, Defs.' Obj. at 10, relies entirely on two cases, *Citizens for Better Forestry v. U.S. Dep't of Agric. (Citizens II)*, No. C 08-1927-CW, 2010 WL 3222183, at *6 (N.D. Cal. Aug. 13, 2010) and its companion litigation, *Citizens I*, 2008 WL 5210945, at *10. These cases addressed work done during 2004-2009, while Mr. Moriwake's time was billed entirely in 2010. Furthermore, there is no evidence that the courts in those cases considered the evidence presented here, consisting of current information on billing rates specific to the Bay Area and case law supporting the rates requested for Plaintiffs' attorneys. *See, infra* at 13. Defendants submitted <u>no evidence</u> concerning market billing rates to counter Plaintiffs' evidence.

**Kateryna Rakowsky**

Plaintiffs submitted three types of evidence supporting their request for Ms. Rakowsky's hourly rates: expert testimony, specialized skill, and educational background. Defendants fail to address any of this evidence in their Objections. Additionally, the *Geertson* Fees Order agreed with Judge Laporte's finding that $350/hour is an appropriate rate given Ms. Rakowsky's level of specialized knowledge and skill. *Geertson* Fees Order at 12-14. This establishes a known billing rate for Ms. Rakowsky, a rate which is "presumptively appropriate" here. *See* Defs.' Obj. at 12 (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)).

Defendants fail to rebut Richard Drury's expert declaration in support of Ms. Rakowsky's rate. *See* Drury Decl. ¶ 27 (Dkt. No. 630). Mr. Drury's considerable expertise on the issue of environmental litigation and attorneys' fees is not in dispute. He drew on this expertise in evaluating Ms. Rakowsky's resume and her experience in *Monsanto*, concluding that her reasonable market rate was "at least" $350/hour. *Id*. at ¶¶ 23, 27. His findings are further supported by three additional expert declarations in *Geertson*. *See Geertson* Fees Order at 13 (finding Drury declaration, along with three other expert declarations in support of Ms. Rakowsky's rate, persuasive). Defendants offer no expert testimony on this issue. Therefore, the Court should uphold Ms. Rakowsky's hourly rates.

### B. The Market Rates Plaintiffs Requested Are "Reasonable" and Supported By Multiple Sources, Including Both Industry Data and Case Law.

Judge Laporte devoted ten pages of her twenty-four-page Fees Report examining Plaintiffs' evidence for their requested market rates. The court scrutinized each attorney in turn, considering their professional qualifications and Plaintiffs' relevant expert testimony, which included industry data and applicable judicial findings. Judge Laporte also evaluated Defendants' objections to the requested rates. The court's ultimate findings unequivocally support Plaintiffs' requested market rates as follows: (1) Paul Achitoff, $650; (2) Andrew Kimbrell, $650; (3) Will Rostov, $575; (4) Isaac Moriwake, $525; (5) Greg Loarie, $450; (6) George Kimbrell, $410; (7) Kevin Golden, $410; (8) Paige Tomaselli, $385; (9) Kateryna Rakowsky, $350; and (10) law clerks, $145. R&R at 18-22 (concluding requested rates are reasonable). This holding is further supported by *Geertson*. *Geertson* Fees Order at 12-14.

In their Objections, Defendants make two main arguments: (1) that Paul Achitoff's rate from an earlier case in another district should be both controlling and used as a yardstick for the remainder of Plaintiffs' attorneys' rates; and (2) that this is further supported for attorneys William Rostov, Paige Tomaselli, Greg Loarie, George Kimbrell, and Kevin Golden by the rates awarded by another court in *Citizens*.

### 1. Mr. Achitoff's Rates in the District of Hawai'i Several Years Ago Are Irrelevant Here.

Defendants' objections to Plaintiffs' hourly rates erroneously rely on fees requests made for hours billed prior to 2009 in two cases that took place in the District Court of Hawai'i. *See, e.g.* Defs.' Obj. at 12 (asserting that prior cases from different district set "presumptive" rate for Mr. Achitoff); 13-14 (relying on that rate to argue for reduced fees for Plaintiffs' other attorneys). As Plaintiffs have shown, and as Judge Laporte held, this is not the standard by which this Court should determine appropriate market rates. *See* Pls.' Reply in Supp. Attorney's Fees Mot. at 7 (Dkt. No. 643); and R&R at 18-19.

Defendants' argument disregards cases such as *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454-55 (9th Cir. 2010) and *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)), both of which held that market rates are to be determined by the rates charged by others in "the forum in which the district court sits" for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *See also* R&R at 18-19. This is settled Ninth Circuit precedent. Instead Defendants' cite, once again, the extra-circuit case of *People Who Care* , 90 F.3d 1307, which does not account for counsel having different rates based on the market in the forum where a motion for a fee award is pending, or that pro bono counsel like Mr. Achitoff do not have fixed billing rates but seek fee awards based on the forum.

As Judge Laporte noted, Mr Achitoff's "enhanced hourly rate of $650 is supported by the declaration of Richard Drury, who has extensive specific experience in attorney's fees matters, particularly in the environmental law area." *See* Drury Decl. ¶¶ 7-19. Defendants provide no evidence or expert testimony to rebut this declaration or the data on which it is based. Further, Defendants' corresponding arguments that the remainder of Plaintiffs' market rates should also be based on these unrelated Hawai'i rates, must fail.

### 2. Defendants' Reliance on the *Citizens* Cases for Their Objections to the Rates Requested for Attorneys William Rostov, Paige Tomaselli, Greg Loarie, George Kimbrell, Kevin Golden and Plaintiffs' Law Clerks Is Misplaced.

Defendants' sole remaining objection to the market rates recommended by Judge Laporte is based entirely on the rate awarded for one attorney in *Citizens (II)*, 2010 WL 3222183 and for law clerks in *Citizens(I)* , 2008 WL 5210945. *See* Defs.' Obj. at 12-15. As Plaintiffs noted above, these cases addressed work done during an earlier time period, and do not appear to consider data on current billing rates specific to the Bay Area and case law supporting the rates requested for Plaintiffs' attorneys.

Plaintiffs' expert, Mr. Drury, relied on data culled from three years of *National Law Journal* billing rate surveys. Drury Decl. ¶¶ 11-16. Mr. Drury also relied on his personal experience with fees awards in two Bay Area cases, *Environmental Law Foundation v. Atlantic Express of LA,* (Los Angeles Superior Case No. CGC-06-451832) and *Environmental Law Foundation v. Laidlaw Transit Inc.*, (San Francisco Superior Court No. CGC-06-451832) (Ernest Goldsmith, J.). Defendants' reliance on the two *Citizens* cases does not rebut these findings, nor can it negate Judge Breyer's 2010 Fees Order further supporting Plaintiffs' requested rates.

### C. Plaintiffs' Attorneys' Specialized Skill and Knowledge Was Necessary to This Litigation.

Lastly, Defendants assert that the specialized skills and knowledge of Andrew Kimbrell and Will Rostov were "not needed in this litigation." Defs.' Obj. at 13-14 (citing to Defendants' Response to Plaintiffs' Motion for Attorneys Fees and Costs (Defs.' Fees Response) at 11-12). Defendants rely on their earlier argument that Mr. Kimbrell's skill was not necessary because he did not draft substantive portions of Plaintiffs' legal brief, ignoring the value of having an experienced environmental litigator supervise and review litigation. Defs.' Fees Response at 11. Their arguments concerning Mr. Rostov's contribution are similar. *See id*. at 12 (arguing Mr. Rostov's skill and knowledge not necessary because his work consisted primarily of securing representation and drafting the complaint). Defendants provide no basis for their assertions that

these attorneys' expertise was not need for this work. Judge Laporte properly rejected the arguments, holding that Mr. Kimbrell "was heavily involved in settlement discussions and legal strategy, for which his extensive experience in environmental law and genetic engineering would have been necessary," while Mr. Rostov's work on drafting the complaint was "a task for which his specialized skill and knowledge were necessary." R&R at 23.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Attorneys' Fees and Costs, pursuant to the modifications in the R&R and detailed in the Stipulation Regarding Report and Recommendation on Plaintiffs' Motion for Fees and Costs. (Dkt. No. 650).

Respectfully submitted this 10th day of November, 2011.

_/s/_ _____
GEORGE A. KIMBRELL (*Pro Hac Vice*)
PAIGE M. TOMASELLI State Bar No. 237737
KATERYNA L. RAKOWSKY State Bar. No. 246248
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Emails: gkimbrell@icta.org
            ptomaselli@icta.org
            kateryna@icta.org

PAUL H. ACHITOFF (*Pro Hac Vice*)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

*Counsel for Plaintiffs*