United States District Court
For the Northern District of California

1
2
3
4
5
6                     IN THE UNITED STATES DISTRICT COURT
7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   CENTER FOR FOOD SAFETY, et al.,              No. C-08-00484 JSW (EDL)
10              Plaintiffs,                       **SECOND REPORT AND
                                                  RECOMMENDATION RE: PLAINTIFFS'
11     v.                                         MOTION FOR ATTORNEYS' FEES**
12  THOMAS VILSACK, et al.,
13              Defendants.
                                        /
14
15          Plaintiffs Center for Food Safety, Organic Seed Alliance, High Mowing Organic Seeds and
16  Sierra Club brought this action in January 2008, challenging Defendants' deregulation of a variety of
17  sugar beet known as Event H7-1, genetically engineered by Monsanto Company to be resistant to
    Monsanto's Roundup herbicide ("Roundup Ready sugar beets").  Plaintiffs alleged that the
18  deregulation decision violated the National Environmental Protection Act (NEPA), 42 U.S.C. §§
19  4321-4335, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Plant Protection Act
20  (PPA), 7 U.S.C. § 7711, et seq.
21          On June 16, 2011, Plaintiffs filed a motion for attorneys' fees pursuant to the Equal Access
22  to Justice Act (EAJA), 28 U.S.C. § 2412.  On October 13, 2011, the Court issued a Report and
23  Recommendation regarding Plaintiffs' motion.  The Court ordered the parties to meet and confer and
24  file a stipulation reflecting the revised amount of fees recoverable by Plaintiffs in light of the Court's
25  Report and Recommendation.  On October 28, 2011, the parties filed a Stipulation Regarding Report
26  and Recommendation on Plaintiffs' Motion for Fees and Costs.  Although the parties stipulated to
27  many of the reductions in the amount of fees, they disagreed regarding the appropriate reduction to
28  account for non-compensable time entries.  This Second Report and Recommendation addresses the
    parties' dispute over the issue of non-compensable time entries.

**Discussion**

In the October 13, 2011 Report and Recommendation, the Court recommended reducing the time spent on non-compensable time entries as follows:

> Defendants argue that Plaintiffs should not be compensated for time spent on clerical tasks, public relations, soliciting clients, and matters unrelated to the litigation. See, e.g., Davis v. City and County of San Francisco, 976 F.2d 1536, 1542 (9th Cir. 1992) ("It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost."); League for Coastal Protection v. Kempthorne, 2006 WL 3797911, at *8 (N.D. Cal. Dec. 22, 2006) (denying fee award for public relations because the " Plaintiffs have not shown the required direct, intimate relationship between their press activities and success on the merits of the case."). For example, Defendants argue that time spent on press releases is non-compensable. See Defs.' Ex. 2 at 3, 9. Defendants also argue to clerical tasks, such as "filed opening brief" and "discovery log, exporting, Bates stamping," are non-compensable. See Defs.' Ex. 2 at 9, 15. The attorney time spent on clerical tasks and press releases is non-compensable because these tasks were not required to be handled by an attorney.
>
> Defendants also argue that the Court should deduct time spent on matters not relevant to this case, including work related to ESA, which was not at issue in this case. See Defs.' Ex. 2 at 3. In addition, Defendants seek to exclude time spent related to Geertson Seed Farms as unrelated to this case. Id. at 3. Geertson, however, was a relatively recent case involving similar issues to this case and therefore is not unrelated. Defendants also challenge time spent on research on sugar exports and sugar beets in Colorado as unrelated to this case (id. Ex. 6 at 13-14), but as Plaintiffs point out, Defendants argued in this case that granting Plaintiffs' relief would adversely affect sugar prices, so research on sugar beets in other parts of the country was relevant. Defendants challenge an entry that Plaintiffs argue was time spent to obtain a declaration from an organization on the effect denying relief would have on consumers. See id. Ex. 6 at 14 ("Catholic healthcare west dec discussion, consumer choice issue."). Plaintiffs also argue that the entry "West Coast Beta Seed RR bolters in potting soil" (id. at 14) is related to this litigation because it was related to a critical issue in the case. Plaintiffs provided many more examples that are persuasive that many of the time entries challenged by Defendants as unrelated to this litigation are actually related to this case.
>
> The number and scope of the billing entries challenged by Defendants in this category are many, and Defendants have made a showing that at least some of the time is non-compensable. Thus, the hours in this category should be reduced by ten percent.

Oct. 13, 2011 Report and Recommendation at 12-13. Defendants' Exhibit 2, which the Court relied on in its Report and Recommendation, contained two categories of time entries, one labeled "non-compensable" and one labeled "unsuccessful motions."

Plaintiffs argue that the ten percent reduction in hours in this category should be $7,681.50, which reflects a reduction of the time spent on clerical and administrative tasks only, not time spent on unsuccessful motions as contained in Exhibit 2. The vast majority of the time entries in the

2

"unsuccessful motions" category are related to Plaintiffs' motion for preliminary injunction, which Defendants separately challenged on the ground that because Judge White denied Plaintiffs' preliminary injunction motion, filed after his ruling on the merits, Plaintiffs were not entitled to recover any fees related to that component of the case. The Court rejected that argument. <u>See</u> Oct. 13, 2011 Report and Recommendation at 7 ("Defendants have not shown that the denial of the preliminary injunction motion was such a separate phase of this case that the fee award should be reduced by the amount attributable to that motion."); <u>see</u> <u>Cabrales v. County of Los Angeles</u>, 935 F.2d 1050, 1053 (9th Cir. 1991) ("Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning. The County would have us scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimate disposition of the case. This makes little sense. We hold, instead, that a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."). Thus, Plaintiffs argue that time spent on "unsuccessful motions" should not be reduced as non-compensable time because the Court found that Plaintiffs should be compensated for the time spent on the motion for preliminary injunction.

By contrast, Defendants argue that the deduction in the category of hours for non-compensable time should be $48,322.05, which reflects a ten percent reduction of all of the hours in Exhibit 2, including "non-compensable" time and time spent on "unsuccessful motions." In arguing that the deduction should apply to all hours in Exhibit 2, Defendants rely on the Court's statement that: "The number and scope of the billing entries challenged by Defendants in this category are many, and Defendants have made a showing that at least some of the time is non-compensable." However, in reaching that conclusion, the Court was focused on the clerical and administrative tasks from Exhibit 2 that were non-compensable, not on the compensable hours related to the preliminary injunction motion (or unsuccessful motions more generally).

**Conclusion**

Thus, the Court clarifies in this Second Report and Recommendation that the ten percent

1   reduction for non-compensable time should only apply to the time reflected in the "non-

2   compensable" category in Exhibit 2, not to the time reflected in the "unsuccessful motions" category

3   in that Exhibit.  See Oct. 13, 2011 Report and Recommendation at 12 (describing non-compensable

4   time as time spent on: "clerical tasks, public relations, soliciting clients, and matters unrelated to the

5   litigation.").  Accordingly, the Court recommends that $7,681.50 be subtracted from the Plaintiffs'

6   requested fee amount in this category.

7           Any party may serve and file specific written objections to this recommendation within

8   fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

9   72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the

10  right to appeal the District Court's order.

11

12  Dated: November 15, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California