IGNACIA S. MORENO
Assistant Attorney General
BEVERLY F. LI
LUTHER L. HAJEK
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 353-9213 (Li)/ (202) 305-0492 (Hajek)
Fax: (202) 305-0506
Beverly.Li@usdoj.gov
Luke.Hajek@usdoj.gov

TONY WEST
Assistant Attorney General
JOHN R. GRIFFITHS
Assistant Director, Federal Programs Branch
ERIC WOMACK
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7140
Washington, D.C. 20001
Tel.: (202) 514-4020
Fax: (202) 616-8470
Eric.Womack@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Center for Food Safety, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>Thomas J. Vilsack, *et al.,*<br><br>      Defendants. | CASE NO. C-08-0484 JSW (EDL)<br><br>**FEDERAL DEFENDANTS' OBJECTIONS TO SECOND REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Hearing Date:    TBD<br>Time:               TBD<br>Courtroom:<br><br>Hon. Jeffrey S. White |

## INTRODUCTION

On November 15, 2011, Magistrate Judge Laporte issued a Second Report and Recommendation ("Second R&R") (ECF No. 653) regarding Plaintiffs' request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Second R&R clarified that the recommended ten percent reduction for non-compensable time should apply only to the time reflected in the "non-compensable category" in Defendants' Exhibit 2, not to the time reflected in the "unsuccessful motions" category of the same exhibit. *See* Second R&R at 3-4. Defendants object to this conclusion on the grounds that Plaintiffs should not be awarded compensation for time spent on unsuccessful motions that did not contribute to their limited success in obtaining only a vacatur in the remedy phase. For the reasons below, the Court should not adopt the Second R&R.

## STANDARD OF REVIEW

When either party objects to any portion of a magistrate judge's findings and recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *McDonnell Douglas*, 656 F.2d at 1313 (citing 28 U.S.C. § 636(b)). The Court may also receive further evidence or remand the matter to the magistrate judge with instructions. *Id.*

## ARGUMENT

Defendants object to the Second R&R because the reductions for Plaintiffs' non-compensable time should include reductions for unsuccessful motions. The Court denied the preliminary injunction motion that Plaintiffs filed after the issuance of the merits decision. Plaintiffs therefore should not be allowed to recover any EAJA fees related to this component of the lawsuit. *See, e.g.*, *Californians for Alts. to Toxics v. Troyer*, No. Civ. S-05-1633 FCD KJM, 2006 WL 2346324, *7 (E.D. Cal. Aug. 11, 2006) (denying fees for time spent unsuccessfully opposing motion to dismiss); *Lands Council v. Swick*, No. CV03-344-N-EJL, 2005 WL 3241184, at *8 (D. Idaho Nov. 23, 2005) (denying fees for time spent opposing motion for

Fed. Defs.' Obj. to Second R&R re: Fees 1

remand because unsuccessful effort "did not significantly enhance the result obtained by Plaintiffs"). Although the Magistrate Judge relies on *Cabrales v. County of Los Angeles*, 935 F.2d 1050 (9th Cir. 1991), that case is distinguishable. Here, the preliminary injunction motion was not "a stage of litigation that was a necessary step," *id.* at 1053, to Plaintiffs' later success in obtaining a vacatur while their request for permanent injunctive relief was denied. As discussed in Defendants' objections to the first R&R at 3-4 (ECF No. 649), Plaintiffs' preliminary injunction motion was filed months *after* the merits decision and nearly three years after the filing of the complaint. The preliminary injunction motion thus did not contribute to any determinations on the merits of Plaintiffs' claims. Further, if the parties had not been in the posture of preparing briefs and declarations on an emergency basis because of the filing of Plaintiffs' preliminary injunction motion, the same evidence would have likely still been before the Court by the time of the permanent remedies briefing several months later--but all of the parties would have saved the expenditure of substantial resources. Moreover, to the extent the proceedings at the preliminary injunction stage related to the propriety of injunctive relief, the emergency motion did not contribute to any later success because the Court never granted Plaintiffs any injunctive relief.

Accordingly, the Court should reduce Plaintiffs' EAJA fees request by disallowing compensation for the time spent on unsuccessful motions that were not a necessary step in the litigation, which are outlined in Defendants' Exhibit 2.

**CONCLUSION**

For the foregoing reasons, the Second R&R's conclusions are in error and should not be adopted by the Court.

Respectfully submitted this 29th day of November, 2011.

          IGNACIA S. MORENO
          Assistant Attorney General

          /s/ Beverly F. Li
          BEVERLY F. LI
          LUTHER L. HAJEK
          Trial Attorneys
          U.S. Department of Justice

Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 353-9213 (Li)/ (202) 305-0492 (Hajek)
Facsimile: (202) 305-0506
Email: Beverly.Li@usdoj.gov
Email: Luke.Hajek@usdoj.gov

TONY WEST
Assistant Attorney General
JOHN R. GRIFFITHS
Assistant Director, Federal Programs Branch
ERIC WOMACK
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7140
Washington, D.C. 20001
Tel.: (202) 514-4020
Facsimile: (202) 616-8470
Email: Eric.Womack@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2011, I electronically filed the foregoing FEDERAL DEFENDANTS' OBJECTIONS TO SECOND REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the following attorneys of record:

Paul H. Achitoff
Gregory C. Loarie
Paige Tomaselli
Kateryna Rakowsky
George Kimbrell

Attorneys for Plaintiffs

Philip J. Perry
Christopher H. Marraro
Gilbert S. Keteltas
Janice M. Schneider
John F. Bruce
Rachel G. Lattimore
David J. Lazerwitz
Nancy Bryson
Alison Suthers
Harry Zirlin
William Weeks
Walter Edmiston
Joanne Lichtman
Daniel Bukovac
Sarah Flanagan

Attorneys for Intervenor-Defendants

**Served by First Class Mail:**
J. Thomas Carrato
Monsanto Company
Mail Zone EINH
800 N. Lindbergh Blvd.
St. Louis, MO 63167-0001
Stanley H. Abramson
1050 Connecticut Avenue NW
Washington, DC 20036

Attorneys for Intervenor-Defendants

/s/ Beverly F. Li
Counsel for Federal Defendants

Fed. Defs.' Obj. to Second R&R re: Fees     4