GEORGE A. KIMBRELL (*Pro Hac Vice*)
PAIGE M. TOMASELLI State Bar No. 237737
KATERYNA L. RAKOWSKY State Bar No. 246248
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Emails: gkimbrell@icta.org
      ptomaselli@icta.org
      kateryna@icta.org

PAUL H. ACHITOFF (*Pro Hac Vice*)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS J. VILSACK, *et al.*, <br><br> Defendants. | Case No.: 3:08-cv-0484-JSW <br><br> **PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' OBJECTIONS TO SECOND REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> (Hon. Jeffrey S. White) |

No. 3:08-cv-0484-JSW
PLS.' RESP. TO FED. DEFS.' OBJECTIONS TO
SECOND REPORT & RECOMMENDATION RE: PLS.' MOT. FOR ATTORNEYS' FEES

**INTRODUCTION**

Pursuant to Magistrate Judge Laporte's Report and Recommendation on Plaintiffs' Motion for Attorneys' Fees and Costs (First R&R), Dkt. No. 648, the parties jointly filed a stipulation regarding the First R&R on October 28, 2011, Dkt. No. 650. However, in the stipulation the parties disagreed on one point: whether the ten percent reduction to "non-compensable time," as recommended by the First R&R, should only be applied to the total number of hours listed as "non-compensable time" by Defendants. Stipulation Regarding Report and Recommendation on Pls.' Mot. for Fees and Costs (Dkt. No. 650) at 2-3; *see* Ex. 2 to Fed. Defs.' Resp. to Pls.' Mot. for Attorneys' Fees (Dkt. No. 642-2) (Defendants' Exhibit 2). Contrary to the First R&R and Defendants' previous characterization of Plaintiffs' billing entries in Defendants' Exhibit 2, in the Stipulation Defendants insisted that the ten percent reduction should also apply to Plaintiffs' time entries on so-called "unsuccessful motions," the majority of which included time spent on the preliminary injunction motion during the remedies phase of this case.

In response, on November 15, 2011, Judge Laporte issued *sua sponte* a Second Report and Recommendation Regarding Plaintiffs' Motion for Attorney's Fees (Second R&R), Dkt. No. 653, to clarify what constitutes "non-compensable time" as described in the First R&R. The Second R&R made no additional findings of facts or law. Second R&R at 3 ("[T]he [c]ourt clarifies in this [Second R&R] that the ten percent reduction for non-compensable time should only apply to the time reflected in the 'non-compensable' category in Exhibit 2, not to the time reflected in the 'unsuccessful motions' category in that Exhibit.").

Defendants have filed objections to aspects of Judge Laporte's First R&R, including objections to the court's recommendation that Plaintiffs are entitled to reasonable fees for their work on the related claim for injunctive relief. *See* Dkt. No. 649 at 3-4. Plaintiffs have responded to these objections. *See* Dkt. No. 651 at 3-4. Nonetheless, after the clarifying Second R&R, Defendants filed yet another objection, claiming that the ten percent reduction should be applied to all the hours in Defendants' Exhibit 2, including both the "non-compensable time"

No. 3:08-cv-0484-JSW
PLS.' RESP. TO FED. DEFS.' OBJECTIONS TO
SECOND REPORT & RECOMMENDATION RE: PLS.' MOT. FOR ATTORNEYS' FEES

1

category and the "unsuccessful motions" category. Fed. Defs.' Objections to Second R&R (Dkt. No. 652) (Defendants' Second Objections); *see also* Second R&R at 2-3.

To be clear, Defendants' Second Objections is merely an attempt to continue litigating this issue *ad nauseam*. Defendants previously made this argument to Judge Laporte in their briefing for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and the court rejected their argument. First R&R at 7-8. Defendants then filed objections to the First R&R, including on this specific point, to which Plaintiffs responded. Judge LaPorte's Second R&R did not make any new recommendations: it simply corrected Defendants' misunderstanding about one point of the First R&R, a clerical point that became apparent with the parties' joint stipulation. Regarding the underlying legal issue—whether the Plaintiffs are entitled to their reasonable fees expended on the related claim for injunctive relief, and in particular on the preliminary injunction motion—Defendants' have already had and taken their opportunity to object to this issue, in their objections to the First R&R.

In short, Defendants again raise the same arguments that have been twice rejected by Judge Laporte. First R&R at 7; Second R&R at 3 ("Defendants separately challenged on the ground that because Judge White denied Plaintiffs' preliminary injunction motion, filed after his ruling on the merits, Plaintiffs were not entitled to recover any fees related to that component of the case. The [c]ourt rejected that argument.") (citing First R&R at 7). Defendants should not now be allowed a second (or third) bite at the apple.

In any event, Defendants' argument has no more merit now than when they raised it previously. Plaintiffs' vacatur and injunctive claims are related and therefore both compensable. Plaintiffs work on the preliminary injunction contributed to their ultimate success in the Court's vacatur order. The Court should adopt the Second R&R's recommendation and apply the ten percent reduction only to hours labeled under the "non-compensable time" category in Defendants' Exhibit 2.

**ARGUMENT**

Although the Second R&R plainly explained the ten percent discount recommended in the First R&R should only be applied to Plaintiffs' time spent on clerical and administrative tasks, Defendants once again argue that the ten percent discount should apply to Plaintiffs' time spent on the preliminary injunction motion.  Defs.' Second Obj. at 2; Second R&R at 3 ("However, in [reaching the ten percent reduction], the [c]ourt was focused on the clerical and administrative tasks from Exhibit 2 that were non-compensable, not on the compensable hours related to the preliminary injunction motion (or unsuccessful motions more generally).").

Defendants' insistence that the preliminary injunction is a separate "component" of the case is still contrary to basic EAJA jurisprudence.  Defs.' Second Obj. at 1.  "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *INS v. Jean*, 110 U.S. 154, 161-62 (1990) ("EAJA … favors treating cases as an inclusive whole, rather than as atomized line-items."). Judge Laporte, quoting *Hensley* and the Ninth Circuit's holding in *Cabrales v. County of Los Angeles*, 935 F.2d 1050 (9th Cir. 1991), concluded that Plaintiffs should be fully compensated despite losing the preliminary injunction.  First R&R at 3 & 7.  Thus, the First R&R is well-supported, following and applying controlling authority.[1]

*Plaintiffs Achieved "Excellent Results" and Should Be Fully Compensated.*

As an initial matter, contrary to Defendants' characterization, Plaintiffs' success was not "limited" by any means.  The First R&R recommended that no reduction in fees for Plaintiffs'

---

[1] Defendants once again cite to *Californian for Alternatives to Toxics v. Troyer,* No. Civ S-05-1633 FDC KJM, 2006 WL 2346324 (E.D. Cal. Aug. 11, 2006) and *Lands Council v. Swick*, No. CV03-344-N-EJL, 2005 WL 3241184 (D. Idaho Nov. 23, 2005).  The cases are distinguishable from the case at bar: the district court in *Californian* concluded that the claims were unrelated, 2006 WL 2346324, at *7-8, while the district court in *Lands Council* found that the unsuccessful motion "did not significantly enhance the result obtained by [p]laintiffs", 2005 WL 3241184, at *8.

work during the remedies phase is warranted because Plaintiffs obtained "excellent results" despite the denial of their preliminary injunction motion. *See* First R&R at 8. The Fist R&R found that "Plaintiffs ultimately obtained the relief they sought—an order requiring preparation of an EIS, and a halt to further production of Roundup Ready sugar beets absent a new agency action." *Id.* at 7. As this Court has acknowledged and the First R&R recognized, the Court issued a vacatur without further injunctive relief because such relief was "sufficient to redress" Plaintiffs' injury. Order Regarding Remedies (Dkt. No. 570) at 8-9 (quoting *Monsanto v. Geertson Seed Farms*, 130 S. Ct. 2743, 2761 (2010)). Moreover, the Court ordered the halt to further planting without prejudice to additional relief should Defendants violate the vacatur. Order Regarding Remedies at 9; *see* First R&R at 8.

***Plaintiffs' Motion for Preliminary Injunction Contributed to Plaintiffs' Ultimate Victory.***

The First R&R also concluded, based on *Cabrales*, 935 F.2d at 1052-53, that Plaintiffs should be fully compensated for time spent on the preliminary injunction because the motion contributed to Plaintiffs' ultimate success. First R&R at 7. The Ninth Circuit in *Cabrales* unequivocally held that time spent on a failed claim "may be compensable, in full or in part, <u>if it contributed to the success of other claims</u>." 935 F.2d at 1052 (emphasis added); *see also Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."). Defendants' argument that Plaintiffs' fee award should be reduced because the preliminary injunction motion was not "a necessary step" of litigation overstates the holding in *Cabrales*. Defs.' Second Obj. at 2. *Cabrales* simply applied the principle of related claims explained by the *Hensley* Court to "stages" of litigation:

> We read *Hensley* as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims. *See id.* at 435, 103 S.Ct. at 1940. We analogize from *Hensley*'s discussion of different claims to the different stages of litigation at issue here. Just as time spent on losing claims can contribute to the success of

No. 3:08-cv-0484-JSW
PLS.' RESP. TO FED. DEFS.' OBJECTIONS TO
SECOND REPORT & RECOMMENDATION RE: PLS.' MOT. FOR ATTORNEYS' FEES      4

other claims, time spent on a losing stage of litigation contributes to success
   because it constitutes a step toward victory.

*Cabrales*, 935 F.2d at 1052. Accordingly, under *Cabrales*, Plaintiffs should be compensated for time spent on the preliminary injunction because the motion contributed to Plaintiffs' ultimate success in obtaining a vacatur. First R&R at 7 ("Plaintiffs persuasively argue that even though the [preliminary injunction] motion was denied, Judge White made findings of irreparable harm and the inequity of continuing the status quo at that time that he later cited in support of the order of vacatur.").

Even under Defendants' reading of *Cabrales*, Plaintiffs should be fully compensated for their hours expended on litigating the preliminary injunction because the First R&R properly concluded that the preliminary injunction motion was a "necessary step to Plaintiffs' ultimate victory." First R&R at 7 (quoting *Cabrales*, 935 F.2d at 1053) (internal quotation marks omitted). Vacatur and injunctions are both equitable forms of relief, and this Court's preliminary analysis of equitable issues informed the Court's final remedy decision in numerous important ways. Thus the First R&R's conclusion is supported by this Court's vacatur order, which expressly relied on findings made by the Court in the earlier denial of preliminary injunction. First R&R at 7; Order Regarding Remedies at 2 (stating that although the Court did not issue a preliminary injunction, the Court had found Plaintiffs had made "a showing of irreparable harm to the environment" and "was troubled by maintaining the status quo ..."); *see* Pls.' Resp. to Fed. Defs' Objections to First R&R (Dkt. No. 651) at 3.

Finally, the Court should reject Defendants' other arguments, raised after the issuance of the Fist R&R, that Plaintiffs' hours spent on the preliminary injunction should be discounted. *See* Local Rule 72-3 ("the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) shall be upon the record of the proceedings before the Magistrate Judge"). Defendants cite to no case in support of their claim that the preliminary injunction did not contribute to Plaintiffs' ultimate success because of the mere passage of time between the merits phase and remedies phase of this case. Defs.' Second Obj. at 3. Their claim that the same

No. 3:08-cv-0484-JSW
PLS.' RESP. TO FED. DEFS.' OBJECTIONS TO
SECOND REPORT & RECOMMENDATION RE: PLS.' MOT. FOR ATTORNEYS' FEES     5

arguments and evidence would "likely" be subsequently presented to this Court during briefing for permanent injunction also disregards established law in this Circuit. *See Cabrales*, 935 F.2d at 1053 (rejecting reduction of fees because "lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough … ").

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Attorneys' Fees and Costs, pursuant to the recommendations in the First and Second R&Rs, Dkt. Nos. 648 and 653, and detailed in the Stipulation Regarding Report and Recommendation on Plaintiffs' Motion for Fees and Costs, Dkt. No. 650. The Court should subtract a total of $7,681.50 from Plaintiffs' requested fee amount to account for the ten percent reduction on non-compensable time.

Respectfully submitted this 13th day of December, 2011.

/s/
GEORGE A. KIMBRELL (*Pro Hac Vice*)
PAIGE M. TOMASELLI State Bar No. 237737
KATERYNA L. RAKOWSKY State Bar No. 246248
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94110
T: (415) 826-2770 / F: (415) 826-0507
Emails: gkimbrell@icta.org
ptomaselli@icta.org
kateryna@icta.org

PAUL H. ACHITOFF (*Pro Hac Vice*)
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436 / F: (808) 521-6841
Email: achitoff@earthjustice.org

*Counsel for Plaintiffs*

No. 3:08-cv-0484-JSW
PLS.' RESP. TO FED. DEFS.' OBJECTIONS TO
SECOND REPORT & RECOMMENDATION RE: PLS.' MOT. FOR ATTORNEYS' FEES

6